XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 269-6249
  Fax: (916) 731-2124
  E-mail: John.Echeverria@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER, an individual; PATRICK RUSS, an individual; RYAN PETERSON, an individual; and SAN DIEGO COUNTY GUN OWNERS POLITICAL ACTION COMMITTEE, a membership organization,**<br><br>                Plaintiffs,<br><br>**v.**<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of California; and MARTIN HORAN, in his official capacity as Chief of the Department of Justice Bureau of Firearms,**<br><br>                Defendants. | 19-cv-1537-BEN-JLB<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:     Hon. Roger T. Benitez<br>Courtroom:  5A<br>Action Filed: August 15, 2019 |

Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms[1] (together, "Defendants") submit their answer in response to Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") (Dkt. No. 1). Defendants hereby answer the Complaint, in paragraphs that correspond to the Complaint's paragraphs, as follows:

## INTRODUCTION[2]

1. The allegations in paragraph 1 characterize Plaintiffs' claims and requested relief and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2. Defendants admit that the District Court in *Duncan v. Becerra*, Case No. 17-cv-1017-BEN-JLB (S.D. Cal.), issued a preliminary injunction on June 29, 2017, enjoining enforcement of California Penal Code § 32310(c) and (d), *Duncan v. Becerra*, 265 F. Supp. 3d 1106 (S.D. Cal. 2017); that the District Court entered a final judgment on March 29, 2019, enjoining California Penal Code § 32310 in its entirety, *Duncan v. Becerra*, 366 F. Supp. 3d 1131 (S.D. Cal. 2019); that the District Court issued an order on April 4, 2019, staying the final judgment pending resolution of the appeal, *Duncan v. Becerra*, 2019 WL 1510340 (S.D. Cal. Apr. 4, 2019); that the District Court's final judgment and orders in *Duncan v. Becerra* speak for themselves; and that the judgment in *Duncan v. Becerra* is currently pending appeal before the Ninth Circuit Court of Appeals, Case No. 19-55376. Otherwise, the allegations in paragraph 2 characterize Plaintiffs' claims and legal

---

[1] Brent E. Orick has replaced Marin Horan, former Director of the Department of Justice Bureau of Firearms. Under Federal Rule of Civil Procedure 25(d), Brent E. Orick is automatically substituted for Martin Horan as a defendant in this action.

[2] For the convenience of the Court and the parties, Defendants utilize certain headings set forth in the Complaint. In doing so, Defendants neither admit nor deny any allegations that may be suggested by the Complaint's headings.

conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 2.

## THE PARTIES

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, and eighth sentences of paragraph 3, and on that basis, deny each and every allegation therein. The allegations in the sixth and seventh sentences of paragraph 3 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the sixth and seventh sentences of paragraph 3.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, and eighth sentences of paragraph 4, and on that basis, deny each and every allegation therein. The allegations in the sixth and seventh sentences of paragraph 4 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the sixth and seventh sentences of paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, and eighth sentences of paragraph 5, and on that basis, deny each and every allegation therein. The allegations in the sixth and seventh sentences of paragraph 5 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the sixth and seventh sentences of paragraph 5.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of paragraph 6, and on that basis, deny each and every allegation therein. The allegations in the third

sentence of paragraph 6 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the third sentence of paragraph 6.

7. Defendants admit that Xavier Becerra is the Attorney General of the State of California, that the Complaint names the Attorney General as a defendant in his official capacity, that the Attorney General is the chief law officer of the State of California, and that the Attorney General and the Department of Justice maintain an office in San Diego, California. Defendants also admit that article V, section 13, of the California Constitution speaks for itself. Otherwise, the allegations contained in paragraph 7 are conclusions of law and not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 7.

8. Defendants admit that Brent E. Orick is the Interim Director of the Department of Justice Bureau of Firearms and that the Complaint names him as a defendant in his official capacity. Otherwise, the allegations contained in paragraph 8 are conclusions of law and not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 8.

**JURISDICTION AND VENUE**

9. Defendants admit that this Court has jurisdiction over this action. Except as specifically admitted, Defendants deny the allegations in paragraph 9.

10. Defendants admit that venue is proper in this Court. Except as specifically admitted, Defendants deny the allegations in paragraph 10.

**CONSTITUTIONAL AND STATUTORY BACKGROUND**

11. Defendants admit that the Second Amendment to the United States Constitution and the judicial opinion referenced in paragraph 11 speak for

1 themselves.  Except as specifically admitted, Defendants deny the allegations in paragraph 11.

12. Defendants admit that the judicial opinion referenced in paragraph 12 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in paragraph 12.

13. Defendants admit that the judicial opinion referenced in paragraph 13 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in paragraph 13.

14. Defendants admit that the judicial opinions referenced in paragraph 14 speak for themselves.  Otherwise, the allegations in paragraph 14 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15, including the allegations in footnote 1.

16. The allegations in paragraph 16 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 16.

17. Defendants admit that the judicial opinion referenced in paragraph 17 speaks for itself.  Otherwise, the allegations in paragraph 17 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 17.

18. Defendants admit that the judicial opinions referenced in paragraph 18 speak for themselves.  Otherwise, the allegations in paragraph 18 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which

Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 18.

19. The allegations in paragraph 19 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 19.

20. Defendants admit that the statutes, regulation, and judicial opinion referenced in paragraph 20 speak for themselves.  Otherwise, the allegations in paragraph 20 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 20.

21. Defendants admit that the statute and legislation referenced in paragraph 21 speak for themselves.  Otherwise, the allegations in paragraph 21 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 21.

22. Defendants admit that the statute and legislation referenced in paragraph 22 speak for themselves.  Otherwise, the allegations in paragraph 22 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 22.

23. Defendants admit that the legislation and Legislative Counsel's digest referenced in paragraph 23 speak for themselves.  Otherwise, the allegations in paragraph 23 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a

response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 23.

24. Defendants admit that the statutes referenced in paragraph 24 speak for themselves. Otherwise, the allegations in paragraph 24 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 24.

25. The allegations in paragraph 25 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and on that basis, deny the allegations in paragraph 25.

## CLAIMS FOR RELIEF

## COUNT I

### Challenge to Pen. Code §§ 30515(a)(2), 30515(a)(5) Against All Defendants

26. Defendants incorporate by reference herein their responses contained in paragraphs 1 through 25, inclusive.

27. Defendants admit that the statute and regulation referenced in paragraph 27 speak for themselves. Otherwise, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 27, and on that basis, and except as specifically admitted, deny each and every allegation in the first sentence of paragraph 27. Additionally, the allegations in paragraph 27 are legal conclusions and not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 27.

28. Defendants admit that the statute and regulation referenced in the first and second sentences of paragraph 28 speak for themselves. Otherwise, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of paragraph 28, and on that basis, and except as specifically admitted, deny each and every allegation therein. The allegation in the third sentence of paragraph 28 is a legal conclusion and not an averment of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegation in the third sentence of paragraph 28.

29. Defendants admit that the statute referenced in paragraph 29 speaks for itself. Otherwise, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and on that basis, and except as specifically admitted, deny each and every allegation in paragraph 29.

30. Defendants admit that the Penal Code and the specific sections of the Penal Code referenced in paragraph 30 speak for themselves. Otherwise, the allegations in paragraph 30 are legal conclusions and not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 30.

31. Defendants admit that the judicial opinion referenced in paragraph 31 speaks for itself. Otherwise, the allegations in paragraph 31 are legal conclusions and not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 31.

32. Defendants admit that the statutes referenced in paragraph 32 speak for themselves. Otherwise, the allegations in paragraph 32 characterize Plaintiffs' claims and requested relief and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 32.

7
Defendants' Answer to Complaint for Declaratory and Injunctive Relief (19-cv-1537-BEN-JLB)

33. Defendants admit that the statutes referenced in paragraph 33 speak for themselves. Otherwise, the allegations in paragraph 33 characterize Plaintiffs' claims and requested relief and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 33.

34. Defendants admit that the statutes referenced in paragraph 34 speak for themselves. Otherwise, the allegations in paragraph 34 characterize Plaintiffs' claims and requested relief and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 34.

## PRAYER FOR RELIEF

35. Defendants deny that Plaintiffs are entitled to the requested relief set forth in line 19 on page 18 of the Complaint through line 15 on page 19 of the Complaint, or to any relief whatsoever. To the extent the Prayer for Relief contains any allegations to which a response is required, Defendants deny them.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the Complaint, and without admitting any allegations contained therein, Defendants assert the following affirmative defenses based on information and belief:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred because Plaintiffs lack standing to bring them.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief alleged therein, is improper because Plaintiffs have an adequate remedy at law.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim for relief alleged therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Defendants have undertaken any conduct with respect to the subjects and events underlying the Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants have not knowingly or intentionally waived any applicable affirmative defense. Defendants reserve the right to assert and rely upon additional affirmative defenses to the extent they are applicable.

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by reason of their Complaint;
2. Judgment be entered in favor of Defendants and adverse to Plaintiffs;
3. Defendants be awarded costs incurred in defending this action; and
4. Defendants be awarded such further relief that the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: September 6, 2019 | | Respectfully Submitted, |

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


/s/ John D. Echeverria
JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms*

10

Defendants' Answer to Complaint for Declaratory and Injunctive Relief (19-cv-1537-BEN-JLB)

Dated: September 6, 2019                    Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


/s/ John D. Echeverria
JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms*

# CERTIFICATE OF SERVICE

| | |
|---|---|
| Case Name: **James Miller, et al. v. Xavier Becerra, et al.** | Case No. **19-cv-1537 BEN-JLB** |

I hereby certify that on <u>September 6, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>September 6, 2019</u>, at Los Angeles, California.

| | |
|---|---|
| Colby Luong | /s/ Colby Luong |
| Declarant | Signature |

SA2019104420
53721954.docx