XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6249
  Fax:  (916) 731-2124
  E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in*
*his official capacity as Attorney General of*
*the State of California, and Brent E. Orick,*
*in his official capacity as Interim Director of*
*the Department of Justice Bureau of*
*Firearms*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER; PATRICK RUSS; WENDY HAUFFEN; NEIL RUTHERFORD; ADRIAN SEVILLA; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA; and DOJ BUREAU OF FIREARMS DIRECTOR BRENT ORICK,**<br><br>Defendants. | 19-cv-1537 BEN-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS IN FIRST AMENDED COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]**<br><br>Date:         December 16, 2019<br>Time:         10:30 a.m.<br>Courtroom:  5A<br>Judge:        Hon. Roger T. Benitez<br>Trial Date:   None Set<br>Action Filed: August 15, 2019 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................... 1

BACKGROUND ........................................................................................................ 2

    I.       Overview of California's Restrictions on Assault Weapons ................ 2

    II.     Procedural History ................................................................................. 4

LEGAL STANDARD ................................................................................................ 6

ARGUMENT .............................................................................................................. 8

    I.       Plaintiffs Lack Standing to Challenge Certain Provisions of California's Assault Weapons Control Act Under the Second Amendment ............................................................................................. 8

          A.     The Individual and Entity Plaintiffs Lack Standing ................. 8

          B.     The Organizational Plaintiffs Lack Standing ......................... 12

    II.     The First Amended Complaint Fails to State a Claim that Certain Provisions of the Assault Weapons Control Act Violate the Second Amendment ................................................................... 14

CONCLUSION ........................................................................................................ 16

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................. 7, 15

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ...................................................................... 7

*Benton v. Maryland*
    395 U.S. 784 (1969) ...................................................................... 8

*Cetacean Cmty. v. Bush*
    386 F.3d 1169 (9th Cir. 2004) ....................................................... 6

*Chandler v. State Farm Mut. Auto. Ins. Co.*
    598 F.3d 1115 (9th Cir. 2010) ....................................................... 6

*Duncan v. Becerra*
    366 F. Supp. 3d 1131 (S.D. Cal. 2019) ......................................... 2

*Hill v. Opus Corp.*
    841 F. Supp. 2d 1070 (C.D. Cal. 2011) ......................................... 7

*Jackson v. Carey*
    353 F.3d 750 (9th Cir. 2003) ......................................................... 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375 (1994) ...................................................................... 6

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ................................................................... 8, 9

*Perez v. Alta-Dena Certified Dairy, LLC*
    647 Fed. App'x 682 (9th Cir. 2016) ............................................... 7

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v.
    U.S. Dep't of Agric.*
    415 F.3d 1078 (9th Cir. 2005) ..................................................... 13

*Rupp v. Becerra*
    2019 WL 4742298 (C.D. Cal. July 22, 2019) ................................ 5

ii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) .................................................................. 6

*Sec. & Exchange Comm'n v. Med. Comm. for Human Rights*
404 U.S. 403 (1972) ................................................................................ 8

*Silveira v. Lockyer*
312 F.3d 1052 (9th Cir. 2002) .................................................................. 2

*Silvester v. Harris*
843 F.3d 816 (9th Cir. 2016) ............................................................ 15, 16

*Valle del Sol Inc. v. Whiting*
732 F.3d 1006 (9th Cir. 2013) .......................................................... 13, 14

*Watison v. Carter*
668 F.3d 1108 (9th Cir. 2012) .................................................................. 7

*White v. Lee*
227 F.3d 1214 (9th Cir. 2000) .................................................................. 6

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

California Penal Code

§ 18005(c) .................................................................................. 9
§ 30510 ................................................................................... 2, 6
§ 30510(a) ................................................................................ 5
§ 30515(a) .............................................................................. 3, 5
§ 30515(a)(2) ........................................................................ 3, 4, 5
§ 30515(a)(4)(A) .................................................................. 3
§ 30515(a)(5) ........................................................................ 3, 4, 5
§ 30515(a)(6)(A)-(B) .......................................................... 4
§ 30515(b) ............................................................................ 3, 5, 8
§ 30600 ............................................................................... *passim*
§ 30605 ............................................................................... *passim*
§ 30680 ............................................................................... 4
§ 30800 ............................................................................... *passim*
§ 30900 ............................................................................... 4
§ 30910 ............................................................................... *passim*
§ 30915 ............................................................................... *passim*
§ 30925 ............................................................................... 10, 13
§ 30945 ............................................................................... *passim*
§ 30950 ............................................................................... *passim*
§ 31000 ............................................................................... *passim*
§ 31005 ............................................................................... *passim*
§ 32310(a) ........................................................................... 2

**CONSTITUTIONAL PROVISIONS**

United States Constitution

Article III .............................................................................. 6, 8
Second Amendment ............................................................. *passim*

**COURT RULES**

Federal Rules of Civil Procedure

Rule 8(a) ............................................................................... 15
Rule 12(b)(1) ....................................................................... 2, 6, 8
Rule 12(b)(6) ....................................................................... 2, 6, 15

# TABLE OF AUTHORITIES
## (continued)

**Page**

**OTHER AUTHORITIES**

California Code of Regulations, Title 11
    § 5460 ....................................................................................................... 5
    § 5471 ....................................................................................................... 5
    § 5499 ....................................................................................................... 2
    § 5499 ....................................................................................................... 6

Senate Bill 23 ............................................................................................ 2

v

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Certain
Claims in First Amended Complaint (19-cv-1537 BEN-JLB)

**INTRODUCTION**

In addition to challenging the State's definitions of an "assault weapon" under the Second Amendment, Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (the "FAC") (Dkt. 9) includes Second Amendment challenges to an array of other statutes touching on the regulation of assault weapons. The FAC, however, fails to demonstrate that Plaintiffs may challenge many of those statutes in this case. The Court should therefore dismiss Plaintiffs' Second Amendment claim to the extent it challenges those statutes and require Plaintiffs to re-plead their claims without reference to statutes that are not properly at issue in this action.

The FAC fails to allege facts showing that any of the Plaintiffs has standing to challenge California Penal Code sections 30800 (deeming certain assault weapons a public nuisance), 30915 (regulating assault weapons obtained by bequest or inheritance), 30925 (restricting importation of assault weapons by new residents), 30945 (restricting use of registered assault weapons), 30950 (prohibiting possession of assault weapons by minors and prohibited persons), 31000 (authorizing additional uses of registered assault weapons with permit), and 31005 (authorizing sale of assault weapons to exempt recipients with permit). The Court therefore lacks subject matter jurisdiction over Plaintiffs' Second Amendment claim to the extent Plaintiffs seek to declare these seven statutes as unconstitutional and to enjoin their enforcement.

Additionally, even if Plaintiffs have standing to challenge these statutes, the FAC lacks *any* factual allegations concerning them and thus fails to state a claim that any of them violates the Second Amendment. For example, the FAC fails to state a plausible claim that California Penal Code section 30950—which prohibits the possession of assault weapons by anyone under the age of 18 and anyone prohibited by law from possessing a firearm—is unconstitutional under the Second Amendment. Contrary to the FAC's legal conclusions and boilerplate allegations,

California can, consistent with the Second Amendment, prohibit the possession of assault weapons by minors and prohibited persons.

For these reasons, under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Court should dismiss the FAC to the extent it challenges California Penal Code sections 30800, 30915, 30925, 30945, 30950, 31000, and 31005.  The Court should require Plaintiffs to file an amended complaint that is limited to claims that they have standing to assert and that are supported by well-pleaded, factual allegations.

BACKGROUND

## I.  OVERVIEW OF CALIFORNIA'S RESTRICTIONS ON ASSAULT WEAPONS

California has long regulated the manufacture, importation, sale, and possession of assault weapons.  Since enacting the Assault Weapons Control Act (the "AWCA") in 1989—the first legislative restriction on assault weapons in the nation, *see Silveira v. Lockyer*, 312 F.3d 1052, 1057 (9th Cir. 2002), *abrogated on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008)—California has strengthened its restrictions over time.  While the original AWCA restricted particular assault weapons identified by make and model, *see* Cal. Penal Code § 30510; Cal. Code Regs. tit. 11, § 5499, the Legislature enacted Senate Bill 23 in 1999 to provide an alternative definition of an "assault weapon" "to broaden [the AWCA's] coverage and to render it more flexible in response to technological developments in the manufacture of semi-automatic weapons."  *Silveira*, 312 F.3d at 1058.[1]

---

[1] Senate Bill 23 also added restrictions on the manufacture, importation, and sale of large-capacity magazines ("LCMs") capable of holding more than ten rounds of ammunition, presently codified at California Penal Code section 32310(a).  This Court has held that California's LCM restrictions violate the Second Amendment.  *See Duncan v. Becerra*, 366 F. Supp. 3d 1131, 1185-86 (S.D. Cal. 2019), *appeal docketed*, No. 19-55376 (Apr. 4, 2019).  The case is pending appeal before the Ninth Circuit Court of Appeals.

Under California Penal Code section 30515(a), as presently codified, a rifle qualifies as an "assault weapon" if it is:

- a semiautomatic, centerfire rifle that does not have a fixed magazine,[2] but has one or more of the following features:  a pistol grip that protrudes conspicuously beneath the action of the rifle, a thumbhole stock, a folding or telescoping stock, a grenade or flare launcher, a flash suppressor, or a forward pistol grip, *id.* § 30515(a)(1)(A)-(F);

- a semiautomatic, centerfire rifle that has a fixed LCM, *id.* § 30515(a)(2); or

- a semiautomatic, centerfire rifle that has an overall length of less than 30 inches, *id.* § 30515(a)(3).

A pistol qualifies as an "assault weapon" if it is:

- a semiautomatic pistol that does not have a fixed magazine, but has a threaded barrel, capable of accepting a flash suppressor, a forward handgrip, or a silencer, Cal. Penal Code § 30515(a)(4)(A);

- a semiautomatic pistol that does not have a fixed magazine, but has a second handgrip, *id.* § 30515(a)(4)(B);

- a semiautomatic pistol that does not have a fixed magazine, but has a "shroud that is attached to, or partially or completely encircles, the barrel that allows the bearer to fire the weapon without burning the bearer's hand, except a slide that encloses the barrel," *id.* § 30515(a)(4)(C);

- a semiautomatic pistol that does not have a fixed magazine, but has the "capacity to accept a detachable magazine at some location outside of the pistol grip," *id.* § 30515(a)(4)(D); or

- a semiautomatic pistol with a fixed LCM, *id.* § 30515(a)(5).

---

[2] Section 30515(b) defines a "fixed magazine" as "an ammunition feeding device contained in, or permanently attached to, a firearm in such a manner that the device cannot be removed without disassembly of the firearm action."

3

A shotgun qualifies as an "assault weapon" if it is:

- a semiautomatic shotgun that has both of the following features: (1) a folding or telescoping stock and (2) a pistol grip that protrudes conspicuously beneath the action of the weapon, a thumbhole stock, or a vertical handgrip, Cal. Penal Code § 30515(a)(6)(A)-(B);

- a semiautomatic shotgun that has the ability to accept a detachable magazine, id. § 30515(a)(7); or

- a shotgun that has a revolving cylinder, *id.* § 30515(a)(8).

California Penal Code section 30600 provides that anyone who manufactures, distributes, transports, imports, keeps for sale, offers for sale, or lends an "assault weapon" in the State is guilty of a felony. Under California Penal Code section 30605, possession of an assault weapon in the State is a misdemeanor or a felony.[3]

## II.   PROCEDURAL HISTORY

On August 15, 2019, Plaintiffs James Miller, Patrick Russ, Ryan Peterson, and San Diego County Gun Owners Political Action Committee filed a complaint, asserting a facial Second Amendment challenge to California Penal Code sections 30515(a)(2) and 30515(a)(5), which define an "assault weapon" as a semiautomatic, centerfire rifle with a fixed LCM or a semiautomatic pistol with a fixed LCM. Dkt. 1. The initial complaint also challenged, on their face and as applied to Plaintiffs, California Penal Code sections 30600, 30605, 30800, 30910, 30915, 30945, and 31000 to the extent they regulate "assault weapons" as defined by sections 30515(a)(2) or 30515(a)(5). *See id.* ¶¶ 1, 32, 34.

After Defendants answered the complaint, Plaintiffs filed the FAC. Dkt. 9. The FAC adds nine new plaintiffs and challenges California's assault-weapon

---

[3] Under California Penal Code section 30680, assault weapons lawfully owned before January 1, 2017 are grandfathered and may be possessed in the State if the weapon was registered by July 1, 2018 under California Penal Code section 30900.

4

1   restrictions generally under the Second Amendment, and not just those pertaining to

2   semiautomatic rifles and pistols with fixed LCMs.  *Compare* Dkt. 1 ¶ 1, *with* FAC

3   ¶ 88.  The FAC asserts a single claim under the Second Amendment, challenging

4   the definition of an "assault weapon" under California Penal Code section

5   30515(a), including the features-based definition in section 30515(a)(1) and the

6   minimum-length requirement in section 30515(a)(3) for semiautomatic, centerfire

7   rifles.  *See* FAC ¶¶ 91-104.  The FAC challenges California's assault-weapon

8   restrictions that apply to rifles, pistols, and shotguns.[4]

9        The initial complaint sought a judicial declaration that the LCM-based

10   definitions of an "assault weapon" found in California Penal Code sections

11   30515(a)(2) and (a)(5) violate the Second Amendment and prayed for an injunction,

12   enjoining Defendants from enforcing certain additional statutes regulating assault

13   weapons, *see* Cal. Penal Code §§ 30600, 30605, 30800, 30910, 30915, 30945,

14   31000.  Dkt. 1 at 18-19 (Prayer for Relief).  The FAC, by contrast, prays for a

15   broader declaration that all of the definitions of an "assault weapon" violate the

16   Second Amendment, *see* Cal. Penal Code §§ 30515(a) (defining rifles, pistols, and

17   shotguns as assault weapons), 30515(b) (defining "fixed magazine"); Cal. Code

18   Regs. tit. 11, §§ 5460, 5471 (defining terms in California's assault-weapon

19   restrictions), and that the same statutes regulating assault weapons that were

20

21   _____

    [4] The District Court for the Central District of California recently held that certain assault-weapon restrictions that apply to semiautomatic, centerfire rifles do not violate the Second Amendment, including many of the statutory provisions

22   challenged in this action.  *See Rupp v. Becerra*, No. 17-cv-00746-JLS-JDE, __ F. Supp. 3d __, 2019 WL 4742298, at *7, *11 (C.D. Cal. July 22, 2019) (holding that

23   California's assault-weapon restrictions do not burden the Second Amendment and, alternatively, satisfy intermediate scrutiny), *appeal docketed* No. 19-56004

24   (Aug. 28, 2019).  That case concerned a Second Amendment challenge to, *inter alia*, California Penal Code sections 30510(a) (list of rifles that qualify as assault

25   weapons), 30515(a)(1)(A)-(C), (E)-(F) (list of features that qualify a semiautomatic, centerfire rifle as an assault weapon), 30515(a)(3) (minimum rifle length), 30600

26   (prohibiting the manufacture, importation, and sale of assault weapons), 30605 (prohibiting possession of assault weapons), 30925 (new resident requirements),

27   and 30945 (conditions for possessing registered assault weapons).  *Id.* at *3.  The case is currently pending appeal before the Ninth Circuit Court of Appeals.

28

5

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Certain
Claims in First Amended Complaint (19-cv-1537 BEN-JLB)

challenged in the initial complaint also violate the Second Amendment, *see* Cal. Penal Code §§ 30600, 30605, 30800, 30910, 30915, 30945, 31000.  FAC ¶ 87; *id.* at 41 (Prayer for Relief).  The FAC also prays for an injunction of those statutes and regulations, as well as an injunction of certain additional statutes that were not challenged in the initial complaint, *see* Cal. Penal Code §§ 30925, 30950, 31005. FAC ¶¶ 88-89; *id.* at 41-42 (Prayer for Relief).[5]

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may properly raise the issue of standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Under Article III of the United States Constitution, a suit brought by a plaintiff who lacks standing is not a "case or controversy" over which a federal court can have subject matter jurisdiction.  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a "factual attack," by contrast, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  "To survive a motion to dismiss, a complaint

---

[5] The FAC does not challenge the lists of prohibited assault weapons in California Penal Code section 30510 or section 5499 of title 11 of the California Code of Regulations.

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do," *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.* at 678 (citing *Twombly*, 550 U.S. at 555). Rather, a plaintiff's factual allegations must nudge the claims in the complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Where a single cause of action asserts multiple claims, the Court may dismiss some but not all of those claims. *See Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1081-82 (C.D. Cal. 2011) (dismissing certain claims that, though alleged together, were separable from claims not preempted by federal law); *Perez v. Alta-Dena Certified Dairy, LLC*, 647 Fed. App'x 682, 685 (9th Cir. 2016) (holding that district court erred in dismissing entire causes of action instead of specific claims).

Dismissal without leave to amend is appropriate when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (dismissal with prejudice is appropriate if the district court "determines that the pleading could not possibly be cured by the allegation of other facts" (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))).

**ARGUMENT**

**I.   PLAINTIFFS LACK STANDING TO CHALLENGE CERTAIN PROVISIONS OF CALIFORNIA'S ASSAULT WEAPONS CONTROL ACT UNDER THE SECOND AMENDMENT**

"[F]ederal courts may act only in the context of a justiciable case or controversy." *Benton v. Maryland*, 395 U.S. 784, 788 (1969).  This limitation "derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Sec. & Exchange Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) (quotation marks and citation omitted).  Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

On this motion, Defendants do not contest Plaintiffs' standing to challenge California's restrictions on the manufacture, importation, sale, and possession of assault weapons, *see* Cal. Penal Code §§ 30515(a), (b) (defining assault weapons), 30600 (prohibiting manufacture, importation, transportation, keeping for sale, offering for sale, and lending of assault weapons), 30605 (prohibiting possession of assault weapons).  But Plaintiffs have failed to demonstrate that they have standing to challenge seven additional statutes regulating assault weapons:  California Penal Code sections 30800, 30915, 30925, 30945, 30950, 31000, and 31005.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims challenging these additional statutes, and should dismiss Plaintiffs' Second Amendment claim under Federal Rule of Civil Procedure 12(b)(1) to the extent Plaintiffs seek to declare as unconstitutional, and to enjoin, these particular statutes.

**A.   The Individual and Entity Plaintiffs Lack Standing**

Under Article III, a plaintiff must establish the following three elements: (1) an injury in fact; (2) a causal connection; and (3) redressability.  First, a plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual, or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560

8

(internal quotation marks and citation omitted).  Second, the injury in fact must be fairly traceable to the challenged action of the defendant.  *Id.*  Third, the relief that the plaintiff seeks must be likely to redress the injury.  *Id.* at 561.

Here, Plaintiffs James Miller, Patrick Russ, Wendy Hauffen, Neil Rutherford, Adrian Sevilla, Ryan Peterson, and John Phillips (collectively, the "Individual Plaintiffs") and Plaintiffs Gunfighter Tactical, LLC and PWGG, L.P. (together, the "Entity Plaintiffs") do not have standing to challenge the seven additional statutes challenged in the FAC (Penal Code sections 30800, 30915, 30925, 30945, 30950, 31000, and 31005).  The FAC fails to allege that any of the Individual Plaintiffs or Entity Plaintiffs have or will suffer any cognizable injury from the enforcement of these statutes.  The FAC's conclusory allegation that "Plaintiffs are presently and continuously injured" by enforcement of all of the statutes listed in the FAC is insufficient to allege that any of the Plaintiffs have suffered a concrete injury that is traceable to these statutes.  *See* FAC ¶ 88.

***First***, subject to exceptions, California Penal Code section 30800 provides that possession of an assault weapon or a .50 BMG rifle is a "public nuisance" solely for purposes of that section and California Penal Code section 18005(c). Section 30800(a) provides that any assault weapon illegally possessed in the State is a public nuisance, authorizing certain law enforcement authorities to bring a civil action to enjoin possession of the weapon, *id.* § 30800(b), or impose a civil fine for each weapon illegally possessed, *id.* § 30800(c).  Additionally, section 30800(d) deems as a public nuisance any illegally possessed assault weapon that is used in the commission of a crime, subjecting the weapon to the requirements of section 18005(c).  Section 18005 provides that weapons surrendered to law enforcement authorities under section 18000, which generally requires a defendant to surrender a weapon used in the commission of a crime, may be offered for sale at a public auction, unless the weapon cannot be sold to the public, in which case the weapon must be destroyed after reasonable notice is provided to the owner.  *Id.* § 18005(c),

9

(d); *see also id.* §§ 18000, 29300(a).  The FAC does not allege that any of the Individual Plaintiffs has been or will be injured by this statute.  *See* FAC ¶¶ 1-6, 8, 56-75, 79-82.

*Second*, California Penal Code section 30915 provides that anyone who obtains title by bequest or intestate succession to an assault weapon that has been registered must, within 90 days, render the weapon permanently inoperable, sell the weapon to a licensed firearms dealer, obtain a permit to possess the weapon, or remove the weapon from the State.  The FAC fails to allege that any of the Individual Plaintiffs has or will obtain title to an assault weapon by bequest or intestate succession, or that any of the Individual Plaintiffs intends to pass title to an assault weapon by bequest or inheritance, or that any of the Plaintiffs would be harmed by the statute if they did.  *See* FAC ¶¶ 1-6, 8, 56-75, 79-82.

*Third*, California Penal Code section 30925 provides that anyone moving to the State who is in lawful possession of an assault weapon must, prior to bringing the weapon into the State, obtain a permit from the Department of Justice to retain possession of the weapon in the State and deliver the weapon to a licensed firearms dealer in the State to hold until a permit is issued or dispose of the weapon as authorized.  Each of the Individual Plaintiffs is alleged to be a resident of the State, *see* FAC ¶ 1-6, 8, and none of them have allegedly been, or will be, injured by this statute.  *See id.* ¶¶ 1-6, 8, 56-75, 79-82.

*Fourth*, California Penal Code section 30945 provides that anyone who possesses an assault weapon that has been registered with the Department of Justice may use the weapon only at certain designated places, including the owner's residence or at a licensed target range.  None of the Individual Plaintiffs allegedly owns an assault weapon that has been registered with the Department of Justice, *see* FAC ¶¶ 56, 60, 64, 67-75, 80,[6] and the FAC is devoid of any allegations as to how

---

[6] The FAC alleges that Plaintiffs Hauffen and Peterson own a "registered, semi-automatic, centerfire rifle," but specifies that these weapons do not qualify as

10

the restrictions imposed by section 30945 cause the Individual Plaintiffs injury or violate the Second Amendment.

*Fifth*, California Penal Code section 30950 provides that no person under the age of 18, and no adult who is prohibited by state or federal law from possessing a firearm, may register or possess an assault weapon or .50 BMG rifle. The FAC fails to allege that any of the Individual Plaintiffs are under the age of 18 or are acting in a representative capacity on behalf of a minor who wishes to possess an assault weapon. FAC ¶¶ 1-6, 8. The FAC also alleges that each of the Individual Plaintiffs is not prohibited by law from possessing a firearm, *id.* ¶¶ 1-6, 8, so they also lack standing to challenge section 30950 to the extent it bars prohibited persons from possessing assault weapons.

*Sixth*, California Penal Code section 31000 allows lawful owners of assault weapons acquired during certain periods to obtain a permit to use those weapons for purposes other than those authorized under California Penal Code section 30945. The FAC fails to allege that any of the Individual Plaintiffs has received or been denied such a permit, and the FAC is devoid of any allegations that this statute has injured or will injure the Individual Plaintiffs in any way.

*Seventh*, California Penal Code section 31005 authorizes the Department of Justice to issue permits, upon a finding of good cause, for the manufacture and sale of assault weapons and .50 BMG rifles for sale to, *inter alia*, law enforcement and military agencies. In effect, section 31005 operates as a limited exemption for permit holders from the prohibitions on the manufacturing, keeping or offering for sale, and sale of assault weapons set forth in sections 30600 and 30910. The FAC alleges that Plaintiff Ryan Peterson is unable to acquire a permit under section 31005 and that he "desires to acquire and sell firearms to normal, law-abiding people who are not exempt, such as law enforcement officers, government

assault weapons under California law. FAC ¶¶ 64, 72.

11

agencies, military agencies, or governments, under the laws of the State." FAC
¶ 70. But Plaintiff Peterson's alleged inability to obtain a permit under
section 31005 is not the reason why that plaintiff is unable to sell assault weapons
to "normal, law-abiding people"; Plaintiff Peterson is prohibited from engaging in
that activity under sections 30600 and 30910. The FAC also alleges that Plaintiffs
John Phillips and PWGG, L.P. hold a "special weapons permit" that allows them to
sell assault weapons to "select exempted recipients" (presumably a permit issued
under section 31005), but that those plaintiffs wish to sell assault weapons to
"non-exempt agencies or individuals, such as the other Individual Plaintiffs." *Id.*
¶ 81, 85. Section 31005 *allows* them to sell to exempt customers, but does not
expressly prohibit them from selling firearms to other, non-exempt customers. As
with Plaintiff Peterson, the alleged injury suffered by Plaintiffs Phillips and PWGG,
L.P. are traceable to sections 30600 and 30910, which expressly prohibit the sale of
assault weapons, rather than section 31005. None of the other Individual or Entity
Plaintiffs allege that they have been or will be injured by section 31005.

Because none of the Individual or Entity Plaintiffs has allegedly suffered or
will suffer an injury from enforcement of California Penal Code sections 30800,
30915, 30925, 30945, 30950, 31000, and 31005, they lack standing to challenge
those statutes in this action.

**B.    The Organizational Plaintiffs Lack Standing**

Four of the Plaintiffs are organizations allegedly focused on the advancement
of Second Amendment rights: Plaintiffs San Diego County Gun Owners PAC,
California Gun Rights Foundation, Second Amendment Foundation, and Firearms
Policy Coalition, Inc. (collectively, the "Organizational Plaintiffs"). As with the
Individual and Entity Plaintiffs, the Organizational Plaintiffs lack standing to
challenge the seven additional statutes.

"An association has standing to bring suit on behalf of its members when its
members would otherwise have standing to sue in their own right, the interests at

12

stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1104 (9th Cir. 2005) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 181 (2000)).  Here, the FAC fails to allege that any of the Organizational Plaintiffs' members would have standing in their own right to challenge California Penal Code sections 30800, 30915, 30925, 30945, 30950, 31000, and 31005—*e.g.*, that certain members are under the age of 18 and desire to possess an assault weapon, Cal. Penal Code § 30950, or that certain non-resident members wish to move to the State and retain ownership of an assault weapon, *see id.* § 30925.  The FAC does not allege that any members of Plaintiffs San Diego County Gun Owners PAC or Second Amendment Foundation have been injured by any of these statutes.  *See* FAC ¶¶ 10, 13.  And the generalized allegations that the other two Organizational Plaintiffs' "members and supporters have been adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein," FAC ¶¶ 11-12, fails to demonstrate that any of their members have been injured by these particular statutes and thus would have standing to challenge them in their own right.

The Organizational Plaintiffs also fail to allege direct standing to challenge these statutes, as the FAC fails to allege that any of these statutes has caused a "drain on [their] resources from both a diversion of [their] resources and frustration of [their] mission." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013) (quoting *Fair Hous. Council of San Fernando Valley v. Roomate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012).  An organization "cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all," but must "instead show that it would have suffered some other injury if it had not diverted resources

13

1  to counteracting the problem." *Id.* (quoting *La Asociacion de Trabajadores de*

2  *Lake Forest v. Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010)).

3       The FAC fails to allege that Plaintiffs San Diego County Gun Owners PAC

4  has expended any resources due to any of the seven statutes, FAC ¶ 10, and

5  conclusory allegations that the remaining Organizational Plaintiffs have spent

6  resources due to the State's regulation of assault weapons fail to show that they

7  have suffered a drain on resources due to these particular statutes, *see id.* ¶¶ 11, 12

8  (alleging that Plaintiffs California Gun Rights Foundation and Firearms Policy

9  Coalition have "expended and diverted resources because of the State of

10  California's laws . . . on 'large-capacity' magazines and 'assault weapons'"); *id.*

11  ¶ 13 (alleging that Plaintiff Second Amendment Foundation has "dedicate[d]

12  resources—including for this action—that would otherwise be available for other

13  purposes" due to "[t]he laws, policies, practices, and customs challenged in this

14  case").

15       For these reasons, the Organization Plaintiffs lack representational and direct

16  standing to challenge California Penal Code sections 30800, 30915, 30925, 30945,

17  30950, 31000, and 31005.

18  **II.  THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM THAT
19  CERTAIN PROVISIONS OF THE ASSAULT WEAPONS CONTROL ACT
    VIOLATE THE SECOND AMENDMENT**

20       The FAC also fails to state a plausible claim that any of the additional seven

21  statutes violates the Second Amendment.  As a threshold matter, Plaintiffs purport

22  to assert a facial and an as-applied challenge to these statutes, but as discussed in

23  Section I.A, *supra*, the FAC fails to allege that any of the Individual or Entity

24  Plaintiffs have been injured or otherwise affected by any of these laws.  Thus,

25  Plaintiffs' as-applied challenge to these laws must be dismissed to the extent the

26  FAC fails to allege that they have been or will be applied to them.

27       In addition, the FAC fails to state a plausible claim that any of these statutes

28  are facially invalid under the Second Amendment.  As discussed in Section I.A,

*supra*, the additional seven statutes challenged in the FAC regulate a range of activities and impose different requirements concerning the possession, importation, sale, and use of assault weapons, but the FAC does not allege any facts concerning these activities and requirements or, critically, how those statutes violate the Second Amendment.  The only allegations about these Penal Code sections are Plaintiffs' repeated legal conclusion that they, along with the other statutes and regulations challenged in this action, violate the Second Amendment.  *See* FAC ¶¶ 31, 55, 87-89.  While the Court, in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), must assume the truth of Plaintiffs' factual allegations and draw all reasonable inferences in their favor, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  The FAC lacks any particularized *factual* allegations, required under Federal Rule of Civil Procedure 8(a), demonstrating that these statutes violate the Second Amendment.  Plaintiffs cannot state a valid claim merely by tacking half-a-dozen or more statutes onto their challenge to California's assault-weapon restrictions without any factual allegations.

The FAC's pleading deficiencies are particularly notable with respect to Plaintiffs' challenge to California Penal Code section 30950, which prohibits the possession of an assault weapon or .50 BMG rifle by anyone under the age of 18 or anyone prohibited from possessing a firearm under state or federal law.  Under the two-step approach adopted by the Ninth Circuit for adjudicating Second Amendment claims—which asks (1) "whether the challenged law burdens conduct protected by the Second Amendment" and, if so, (2) whether the challenged law satisfies the applicable level of constitutional scrutiny, *Silvester v. Harris*, 843 F.3d 816, 820-21 (9th Cir. 2016)—California Penal Code section 30950 is plainly constitutional.  The FAC contains no factual allegations to suggest that prohibiting

1    the possession of firearms, let alone assault weapons or .50 BMG rifles, by

2    juveniles or prohibited persons violates the Second Amendment.

3         To the contrary, California Penal Code section 30950 is constitutional on its

4    face.  The Supreme Court in *Heller* "identified a non-exhaustive list of

5    'longstanding prohibitions,' which can be considered 'presumptively lawful

6    regulatory measures' falling outside the scope of Second Amendment protection" at

7    the first step of the Court's analysis.  *Silvester*, 843 F.3d at 830 (Thomas, C.J.,

8    concurring) (quoting *Heller*, 554 U.S. at 626, 627 n.26).  California's prohibition on

9    juveniles possessing assault weapons and .50 BMG rifles—in addition to satisfying

10   any level of constitutional scrutiny at step two—is a presumptively lawful measure

11   at step one.  *See id.* at 830 n.3 (noting "the existence of a longstanding tradition of

12   prohibiting juveniles from both receiving and possessing *handguns*" (quoting

13   *United States v. Rene E.*, 583 F.3d 8, 12 (1st Cir. 2009)) (emphasis added)).  And

14   *Heller* included in its non-exhaustive list of presumptively lawful measures

15   "longstanding prohibitions on the possession of firearms by felons."  554 U.S. at

16   626.  Even if Plaintiffs were to prevail on their constitutional challenges to

17   California Penal Code sections 30600 and 30605, section 30950 would not violate

18   the Second Amendment.

19        Accordingly, the FAC fails to allege a plausible claim that the seven additional

20   statutes violate the Second Amendment.

21                                  **CONCLUSION**

22        For the foregoing reasons, Defendants respectfully request that the Court

23   dismiss the FAC for lack of standing and failure to state a claim to the extent the

24   FAC challenges California Penal Code sections 30800, 30915, 30925, 30945,

25

26

27

28

16

1   30950, 31000, and 31005, and require Plaintiffs to file an amended pleading that

2   does not assert claims against these statutes.

3   Dated:  October 25, 2019                    Respectfully Submitted,

4                                               XAVIER BECERRA
                                                Attorney General of California
5                                               MARK R. BECKINGTON
                                                Supervising Deputy Attorney General
6

7

8                                               /s/ John D. Echeverria
                                                JOHN D. ECHEVERRIA
9                                               Deputy Attorney General
                                                *Attorneys for Defendants Xavier*
10                                              *Becerra, in his official capacity as*
                                                *Attorney General of the State of*
11                                              *California, and Brent E. Orick, in his*
                                                *official capacity as Interim Director*
12                                              *of the Department of Justice Bureau*
                                                *of Firearms*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Certain
Claims in First Amended Complaint (19-cv-1537 BEN-JLB)