George M. Lee (SBN 172982)
**Seiler Epstein LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511
Email: gml@seilerepstein.com

John W. Dillon (SBN 296788)
**Gatzke Dillon & Ballance LLP**
2762 Gateway Road
Carlsbad, California 92009
Phone: (760) 431-9501
Fax: (760) 541-9512
Email: jdillon@gdandb.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California, et al.,<br><br>Defendants. | Case No. 3:19-cv-01537-BEN-JLB<br><br>Hon. Roger T. Benitez<br>Magistrate Hon. Jill L. Burkhardt<br><br>**DECLARATION OF PLAINTIFF JAMES MILLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint filed: August 15, 2019<br>Amended Complaint filed:<br>September 27, 2019<br><br>Hearing Date: January 16, 2020 Time: 10:00 a.m.<br>Courtroom: 5A, 5th Floor |

## DECLARATION OF JAMES MILLER

I, James Miller, declare as follows:

1. I am an adult resident of the County of San Diego, California, and am a named plaintiff in the above matter. I have personal knowledge of the facts stated herein, and if called as a witness, I could competently testify to these facts.

2. This declaration is executed in support of plaintiffs' motion for a preliminary injunction.

3. I am not prohibited from owning firearms under federal or state law. For many years, in fact, I have held a license to carry a concealed weapon (CCW), issued by my local county sheriff, that requires a background check and good moral character. Under state law, this CCW must be renewed every two years.

4. I am the lawful owner of a semi-automatic, centerfire rifle that is specifically described as an AR-15 pattern rifle, which has one or more of the characteristics listed in Penal Code § 30515(a)(1), to wit: a pistol grip (§ 30515(a)(1)(A)), a telescoping stock (§ 30515(a)(1)(C)), and a flash suppressor (§ 30515(a)(1)(E)). However, this rifle is <u>not</u> considered to be an "assault weapon" under section 30515(a)(1) because it has a "fixed magazine," that is, it contains an ammunition feeding device that cannot be removed from the firearm without disassembly of the firearm action." *See*, Pen. Code § 30515(b) and 11 CCR § 5471(m).

5. I rendered this firearm with a fixed magazine in order to preserve the other salient features listed above, without having to destroy, deface or otherwise alter these characteristics of the firearm, and to avoid having to register the firearm as an "assault weapon" pursuant to Pen. Code § 30900(b). If registered as an "assault weapon," I would be effectively prohibited from transferring or passing along the firearm to my heirs, or selling it to anyone else.

- 1 -

DECLARATION OF PLAINTIFF JAMES MILLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(CASE NO. 3:19-CV-01537-BEN-JLB)

6. I am also in lawful possession of a so-called "large capacity magazine" (as that term is defined in Pen. Code § 16740) that would be used in this firearm.

7. The only thing that prevents me from inserting or using the large capacity magazine, which would then allow it to be in ordinary configuration as an ordinary AR-15 rifle with a standard, 30-round magazine ("Standard Capacity Magazine"), is by operation of Pen. Code § 30515(a)(2), which further defines as an assault weapon "[a] semiautomatic, centerfire rifle that has a fixed magazine with the capacity to accept more than 10 rounds." However, it is my understanding that this Court has already found that the state's prohibition on large-capacity magazines was unconstitutional, and enjoined enforcement of those provisions of the Penal Code that would have prohibited their possession. It would be my understanding that along with the right to possess large-capacity magazines, for the reasons expressed in this Court's judgment, would be the right to <u>use</u> such magazines in an otherwise legally-owned firearm.

8. I wish to continue to possess my firearm, together with a Standard Capacity Magazine inserted therein, without being subject to arrest and/or prosecution under Pen. Code §§ 30600 (for manufacturing, transporting, or transferring an "assault weapon"), or 30605 (for possessing an "assault weapon").

9. It is also my desire to obtain and acquire additional AR-15 pattern firearms that either have some or all of the features listed in Pen. Code § 30515(a)(1) and which do <u>not</u> have a fixed magazine, or to obtain and acquire a semiautomatic, centerfire rifle that has a fixed magazine with the capacity to accept more than 10 rounds.

10. Accordingly, and for these reasons, I respectfully ask that the Court grant preliminary injunctive relief, enjoining enforcement or application of Penal Code §§ 30515(a) and (b), 30600, 30605, 30800, 30910, 30915, 30945, 30950, 31000, and 31005, as well as Title 11, California Code of Regulations §§ 5460 and 5471, to the

- 2 -

DECLARATION OF PLAINTIFF JAMES MILLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(CASE NO. 3:19-CV-01537-BEN-JLB)

extent that the definition of "assault weapon" is based upon the characteristics of Pen. Code § 30515(a)(1) and (2), against Plaintiffs on an as-applied basis, and against all similarly situated persons.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 5, 2019.

_____
James Miller

- 3 -

DECLARATION OF PLAINTIFF JAMES MILLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(CASE NO. 3:19-CV-01537-BEN-JLB)