George M. Lee (SBN 172982)
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511
Email: gml@seilerepstein.com

John W. Dillon (SBN 296788)
**GATZKE DILLON & BALLANCE LLP**
2762 Gateway Road
Carlsbad, California 92009
Phone: (760) 431-9501
Fax: (760) 541-9512
Email: jdillon@gdandb.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California, et al.,<br><br>　　　　　Defendants. | Case No. 3:19-cv-01537-BEN-JLB<br><br>Hon. Roger T. Benitez<br>Magistrate Hon. Jill L. Burkhardt<br><br>**DECLARATION OF PLAINTIFF RYAN PETERSON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint filed: August 15, 2019<br>Amended Complaint filed:<br>September 27, 2019<br><br>Hearing Date: January 16, 2020<br>Time: 10:00 a.m.<br>Courtroom: 5A, 5th Floor |

**DECLARATION OF RYAN PETERSON**

I, Ryan Peterson, declare as follows:

1. I am an adult resident of the County of San Diego, California, and am a named plaintiff in the above matter. I have personal knowledge of the facts stated herein, and if called as a witness, I could competently testify to these facts.

2. This declaration is executed in support of plaintiffs' motion for a preliminary injunction. I am a member of the organizational plaintiffs, San Diego County Gun Owners PAC, California Gun Rights Foundation, Second Amendment Foundation and Firearms Policy Coalition, Inc. I make this declaration on my own behalf, and as the owner-manager of Plaintiff Gunfighter Tactical.

3. I am not prohibited from owning firearms under federal or state law. For many years, in fact, I have held a license to carry a concealed weapon (CCW), issued by my local county sheriff, that requires a background check and good moral character. Under state law, this CCW must be renewed every two years.

4. I am the lawful owner of a semi-automatic pistol that has a "fixed magazine," that is, it contains an ammunition feeding device that cannot be removed from the firearm without disassembly of the firearm action." *See*, Pen. Code § 30515(b) and 11 CCR § 5471(m).

5. I am also in lawful possession of a so-called "large capacity magazine" (as that term is defined in Pen. Code § 16740) that is compatible with, and could be used in my semiautomatic fixed magazine pistol referenced above.

6. However, California Penal Code section 30515(a)(5) prevents me from inserting or using my large capacity magazine in my fixed magazine pistol. Specifically, under Penal Code 30515(a)(5), an "assault weapon" is also defined as "[a] semiautomatic pistol with a fixed magazine with the capacity to accept more than 10

- 1 -

rounds." However, it is my understanding that this Court has already found that the state's prohibition on large-capacity magazines was unconstitutional, and enjoined enforcement of those provisions of the Penal Code that would have prohibited their possession.  It is my understanding that along with the right to possess large-capacity magazines, for the reasons expressed in this Court's judgment, I would also have the right to *use* such magazines in an otherwise legally-owned firearm.

7. I wish to continue to lawfully possess my firearm, and use my firearm with my lawfully possessed large capacity magazine inserted therein, without being subject to arrest and/or prosecution for possessing or transporting an "assault weapon."

8. It is also my desire to obtain and acquire additional semiautomatic, centerfire firearms, including AR-15 pattern firearms, that either have some or all of the features listed in Pen. Code § 30515(a)(1) and which do not have a fixed magazine, and/or to obtain and acquire a semiautomatic, centerfire rifle that has a fixed magazine with the capacity to accept more than 10 rounds.

9. I am also the owner/manager of Plaintiff Gunfighter Tactical, a Federal Firearms Licensee ("FFL") and firearms dealer in the California Department of Justice's Centralized List of Firearms Dealers.  As a licensed firearms retailer, I would like to have the business purchase, sell, and transfer firearms in common use for lawful purposes—and which are commonly sold for lawful purposes in other parts of the country—hat contain some or all of the features described by Penal Code § 30515(a) to ordinary, non-prohibited adults through my FFL dealership. I would engage in this business but for the State's laws, and Defendants' policies, practices, customs, and enforcement of same which prevent me from doing so.

10. On information and belief, I cannot acquire a permit under Penal Code § 31005 in order to sell such firearms to ordinary, law-abiding people who are not otherwise

- 2 -

exempt (such as law enforcement officers, government agencies, military agencies, or governments) due to the State's laws and Defendants' policies, practices, and customs. Otherwise, I would, through my licensed dealership, acquire and sell firearms described under Penal Code § 30515 to ordinary, non-prohibited citizens. However, I am prevented from doing so due to Defendants' enforcement of the State's laws and Defendants' policies and practices which place me in fear of prosecution and loss of license and livelihood if I were to take part in such action.

11. Thus, California's assault weapon ban has violated my Second Amendment rights, both as an individual, and as the owner/operator of federally licensed firearms dealer, as I am prohibited from acquiring and using common semiautomatic, centerfire firearms with listed features for personal use and I am prohibited from acquiring and selling these firearms to ordinary lawful citizens in California as a part of my business.

12. Accordingly, and for these reasons, we are respectfully requesting that the Court grant preliminary injunctive relief, enjoining enforcement or application of Penal Code §§ 30515(a) and (b), 30600, 30605, 30800, 30910, 30915, 30945, 30950, 31000, and 31005, as well as Title 11, California Code of Regulations §§ 5460 and 5471, to the extent that the definition of "assault weapon" is based upon the characteristics of Pen. Code § 30515(a), against Plaintiffs on an as-applied basis, and against all similarly situated persons.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 5, 2019.

*Ryan Peterson*

- 3 -

DECLARATION OF PLAINTIFF RYAN PETERSON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(CASE NO. 3:19-CV-01537-BEN-JLB)