George M. Lee (SBN 172982)
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511
Email: gml@seilerepstein.com

John W. Dillon (SBN 296788)
**GATZKE DILLON & BALLANCE LLP**
2762 Gateway Road
Carlsbad, California 92009
Phone: (760) 431-9501
Fax: (760) 541-9512
Email: jdillon@gdandb.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of California, et al., <br><br> Defendants. | Case No. 3:19-cv-01537-BEN-JLB <br><br> Hon. Roger T. Benitez <br> Magistrate Hon. Jill L. Burkhardt <br><br> **DECLARATION OF ALAN GOTTLIEB IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Complaint filed: August 15, 2019 <br> Amended Complaint filed: September 27, 2019 <br><br> Hearing Date: January 16, 2020 <br> Time: 10:00 a.m. <br> Courtroom: 5A, 5th Floor |

## DECLARATION OF ALAN GOTTLIEB

I, Alan Gottlieb, declare as follows:

1. I have personal knowledge of the facts stated herein, and if called as a witness, I could competently testify to these facts. This declaration is executed in support of plaintiffs' motion for a preliminary injunction.

2. I am the founder of the Second Amendment Foundation (SAF). Acting in this role within the organization, I am familiar with SAF's membership.

3. The SAF is a non-profit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness of the Second Amendment through educational and legal action programs. SAF has over 650,000 members and supporters nationwide, including thousands of members in California. The SAF's purpose includes education, research, publishing, and legal action focusing on the constitutional right to own and possess firearms under the Second Amendment, and the consequences of gun control.

4. The Court's interpretation of the Second Amendment directly impacts SAF's organizational interests, as well as SAF's members and supporters in California, who enjoy exercising their Second Amendment rights. SAF's membership and donors consist of Second Amendment supporters, people who own guns for self-defense and sport, firearms dealers, shooting ranges, and elected officials who want to restore and protect the right to keep and bear arms in California. The relief that SAF seeks in this lawsuit is germane and directly related to our organization's purposes, and we are therefore suing on SAF's own behalf, and on behalf of our members, including all of the individual Plaintiffs herein.

5. Plaintiffs Miller, Hauffen, Rutherford, Sevilla, Peterson, Gunfighter Tactical, Phillips, and PWG are members of SAF.

- 1 -

DECLARATION OF ALAN GOTTLIEB IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(CASE NO. 3:19-CV-01537-BEN-JLB)

6. By and through communications and discussions with SAF members, I am aware that most if not all of our members wish to exercise their fundamental constitutional rights and have for lawful purposes including self-defense, proficiency training, hunting, and sport, common semiautomatic firearms with various common characteristics that when used together in various configurations, are defined as "assault weapons" and are thus banned under California law. These characteristics include: removable ammunition feeding devices ("detachable magazine" 11 C.C.R. § 5471(m), or, with respect to a semiautomatic shotgun, the "[a]bility to accept a detachable magazine" means it does not have a fixed magazine, 11 C.C.R. § 5471(a)), magazines that can hold more than ten rounds of ammunition (so-called "large-capacity" magazines), ergonomic grips (e.g., pistol-style grips and thumbhole stocks), adjustable stocks (including "collapsible" or "folding" stocks), muzzle devices that reduce flash ("flash suppressors"), forward grips; and, as to rifles, an overall length of less than 30 inches (California) but at least federally compliant so as to not trigger National Firearms Act restrictions, 26 U.S.C. § 5801, et seq., or California's "short-barreled rifle" or "short-barreled shotgun" definitions at Cal. Penal Code §§ 17170, 17180, respectively.

7. Firearms that meet California's definitions of "assault weapon" include but are not limited to standard, AR-15 platform firearms that are commonly sold in most other jurisdictions in the country.

8. SAF has also, itself, had to divert time and resources, including financial resources to advance the causes set forth in this lawsuit, and to devote staff time and attention to the matters that are being challenged in the lawsuit. Failure to obtain the relief requested in the lawsuit would result in severe frustration of the purpose and mission of our organization.

9. Our law-abiding adult members who are, like me, typical citizens without any

special government exemptions to the laws, have been injured in the same manner described in the lawsuit and motion, including as asserted by the Individual Plaintiffs. This lawsuit is brought to vindicate our California members' right to lawfully purchase, own, transport, use, and transfer these banned arms, and also brought in a representative capacity to advance the rights of similarly-situated California residents and visitors who knowingly or unknowingly are subject to California's "assault weapon" statutes and Defendants' policies, practices, customs, regulations, and enforcement thereof.

10. Accordingly, and for the reasons set forth in the motion and supporting memorandum, we are respectfully requesting that the Court grant preliminary injunctive relief, so that Plaintiffs and Plaintiffs' members, and others similarly situated to them can exercise their fundamental constitutional rights.

I declare under penalty of perjury that the foregoing is true and correct. Executed on ~~November~~ DECEMBER 6, 2019.

_____
Alan Gottlieb

- 3 -

DECLARATION OF ALAN GOTTLIEB IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(CASE NO. 3:19-CV-01537-BEN-JLB)