XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6249
  Fax:  (916) 731-2124
  E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in*
*his official capacity as Attorney General of*
*the State of California, and Brent E. Orick,*
*in his official capacity as Interim Director of*
*the Department of Justice Bureau of*
*Firearms*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER; PATRICK RUSS; WENDY HAUFFEN; NEIL RUTHERFORD; ADRIAN SEVILLA; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,** | 19-cv-1537 BEN-JLB |
| | |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED APPEALS** |
| **v.** | Date:           January 27, 2020<br>Time:           10:30 a.m.<br>Courtroom:   5A<br>Judge:         Hon. Roger T. Benitez<br>Trial Date:    None Set<br>Action Filed: August 15, 2019 |
| **CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA; and DOJ BUREAU OF FIREARMS DIRECTOR BRENT ORICK,** | |
| Defendants. | |

---

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................... 1

BACKGROUND ...................................................................................................... 1

    I.      The Assault Weapons Control Act ...................................................... 1

    II.    *Duncan v. Becerra* ........................................................................... 2

    III.   *Rupp v. Becerra* ............................................................................... 3

    IV.   The Instant Litigation ......................................................................... 4

ARGUMENT ........................................................................................................... 5

    I.      The Court Should Stay All Proceedings Pending Resolution of the *Rupp* and *Duncan* Appeals .............................................................. 5

          A.    The *Rupp* and *Duncan* Appeals Bear Directly on the Constitutional Issues Raised in this Action. .............................. 5

          B.    All of the Factors that the Court Considers in Issuing a Stay Weigh Heavily in Favor of a Stay. ................................... 7

                1.    No Prejudice Will Result from a Stay. ............................ 7

                2.    Defendants Will Suffer Considerable Hardship and Inequity Absent a Stay. ................................................. 10

                3.    A Stay Will Promote the Orderly Course of Justice. ..... 11

                4.    The *Rupp* and *Duncan* Appeals Are Proceeding Expeditiously. ................................................................ 12

CONCLUSION ....................................................................................................... 13

i

Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Proceedings
Pending Resolution of Related Appeals (19-cv-1537 BEN-JLB)

# TABLE OF AUTHORITIES

**Page**

C ASES

*Cal. Ass'n for Health Servs. at Home v. Sebelius*
   2012 WL 893782 (C.D. Cal. Mar. 13, 2012) ........................................ 17

*Duncan v. Becerra*
   265 F. Supp. 3d 1106 (S.D. Cal. 2017) ............................................ 8, 15

*Duncan v. Becerra*
   366 F. Supp. 3d 1131 (S.D. Cal. 2019) ..................................... *passim*

*Duncan v. Becerra*
   2019 WL 1510340 (S.D. Cal. Apr. 4, 2019) ..................................... 9, 14

*Fed. Home Loan Mortg. Corp. v. Kama*
   2016 WL 922780 (D. Haw. Mar. 8, 2016) .......................................... 17

*Gustavson v. Mars, Inc.*
   2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) .................................... 16

*Hawai'i v. Trump*
   233 F. Supp. 3d 850 (D. Haw. 2017) .............................................. 17

*In re Lorazepam & Clorazepate Antitrust Litig.*
   208 F.R.D. 1 (D.D.C. 2002) ........................................................ 17

*Landis v. N. Am. Co.*
   299 U.S. 248 (1936) ............................................................. 11, 18

*Levya v. Certified Grocers of Cal., Ltd.*
   593 F.2d 857 (9th Cir. 1979) .............................................. 11, 13, 18

*Lockyer v. Mirant Corp.*
   398 F.3d 1098 (9th Cir. 2005) .................................................... 13

*McDonald v. City of Chicago*
   561 U.S. 742 (2010) .............................................................. 14

*Mediterranean Enters., Inc. v. Ssangyong Corp.*
   708 F.2d 1458 (9th Cir. 1983) .................................................... 11

ii

Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Proceedings
Pending Resolution of Related Appeals (19-cv-1537 BEN-JLB)

1
2

# TABLE OF AUTHORITIES
## (continued)

3
4
*Minor v. FedEx*
    2009 WL 1955816 (N.D. Cal. July 6, 2009) ........................................ 13

5
6
*Rupp v. Becerra*
    401 F. Supp. 3d 978 (C.D. Cal. 2019)............................................*passim*

7
8
*Silvester v. Harris*
    843 F.3d 816 (9th Cir. 2016) ............................................................. 16

9
10
*Stanley v. Univ. of S. Cal.*
    13 F.3d 1313 (9th Cir. 1994) ............................................................. 15

11
12
*Tanner Motor Livery, Ltd. v. Avis, Inc.*
    316 F.2d 804 (9th Cir. 1963) ............................................................. 15

13
*Washington v. Trump*
    2017 WL 2172020 (W.D. Wash. May 17, 2017)................................. 17

14
STATUTES

15
California Assault Weapons Control Act .........................................*passim*

16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
## (continued)

**Page**

California Penal Code

§ 16740 ............................................................................................. 8
§ 12020(a)(2) ...................................................................................... 8
§ 12020(c)(25) .................................................................................... 8
§ 12276.1(a) ....................................................................................... 8
§ 12285(d) .......................................................................................... 8
§ 30510(a) ...................................................................................... 9, 12
§ 30515(a) ...................................................................................... 8, 10
§ 30515(a)(1) ...................................................................................... 12
§ 30515(a)(1)(A)-(C) ........................................................................... 9
§ 30515(a)(1)(E)-(F) ........................................................................... 9
§ 30515(a)(2) ................................................................................. 8, 10
§ 30515(a)(3) ............................................................................... 9, 12
§ 30515(a)(5) ...................................................................................... 10
§ 30520 ................................................................................................ 9
§ 30600 ................................................................................. 8, 9, 10, 12
§ 30605 ................................................................................. 8, 9, 10, 12
§ 30800 .......................................................................................... 10, 11
§ 30910 ............................................................................................... 10
§ 30915 .......................................................................................... 10, 11
§ 30925 ..................................................................................... 9, 11, 12
§ 30945 ................................................................................. 9, 10, 11, 12
§ 30950 .......................................................................................... 8, 11
§ 31000 .......................................................................................... 10, 11
§ 31005 ............................................................................................... 11
§ 32310 ........................................................................................... 7, 8
§ 32310(c) ............................................................................................ 8
§ 32310(d) ........................................................................................... 8

**CONSTITUTIONAL PROVISIONS**

Second Amendment ....................................................................... *passim*

Fourteenth Amendment ................................................................ 14, 18

# TABLE OF AUTHORITIES
**(continued)**

**Page**

OTHER AUTHORITIES

California Code of Regulations, Title 11
   § 5499 ................................................................................................................ 12

**INTRODUCTION**

This case concerns a Second Amendment challenge to the California Assault Weapons Control Act (the "AWCA"), including provisions defining firearms as "assault weapons" based solely on the presence of a fixed large-capacity magazine ("LCM"). The constitutionality of the AWCA and the State's restrictions on LCMs is under consideration in two appeals currently before the Ninth Circuit Court of Appeals. This case should be stayed until those appeals are resolved, sparing the Court and the parties substantial time and effort addressing questions that will almost certainly be decided by the Ninth Circuit.

In the cases on appeal, the issues decided by the district courts bear directly on the constitutional questions presented by the plaintiffs in this case. First, earlier this year, in *Rupp v. Becerra*, 401 F. Supp. 3d 978 (C.D. Cal. 2019), *appeal docketed*, No. 19-56004 (9th Cir. Aug. 28, 2019), the United States District Court for the Central District of California, hearing a challenge brought under the Second Amendment, upheld provisions of the AWCA that apply to semiautomatic, centerfire rifles. Second, in *Duncan v. Becerra*, 366 F. Supp. 3d 1131 (S.D. Cal. 2019), *appeal docketed*, No. 19-55376 (9th Cir. Apr. 4, 2019), this Court held that the State's restrictions on the acquisition and possession of LCMs under California Penal Code section 32310 violated the Second Amendment.

The *Rupp* and *Duncan* appeals are proceeding quickly. The briefing in *Rupp* is set to begin in early January 2020, and the Ninth Circuit is expected to hear oral argument in *Duncan* in April 2020. In the interests of judicial economy and the orderly administration of justice, this Court should stay this action until the Ninth Circuit has had an opportunity to resolve each appeal.

**BACKGROUND**

**I.   THE ASSAULT WEAPONS CONTROL ACT**

In 1999, the Legislature enacted Senate Bill 23 to, among other things, add a flexible, features-based definition of "assault weapons" to the AWCA, which is

1

1   now codified at California Penal Code section 30515(a) (formerly Cal. Penal Code

2   § 12276.1(a)).  Senate Bill 23 included several provisions regulating the possession,

3   sale, and use of assault weapons, including a prohibition on the registration or

4   possession of assault weapons by anyone under the age of 18 years and anyone who

5   is prohibited from possessing a firearm, restrictions which are now codified at

6   California Penal Code section 30950 (former Cal. Penal Code § 12285(d)).

7        Senate Bill 23 also imposed restrictions on the manufacture, importation, and

8   sale of LCMs capable of holding more than ten rounds of ammunition, now

9   codified at California Penal Code section 32310 (formerly Cal. Penal Code

10   § 12020(a)(2)).  *See also* Cal. Penal § 16740 (formerly Cal. Penal Code

11   § 12020(c)(25)) (defining LCMs).  In addition to restricting LCMs generally in that

12   separate section, Senate Bill 23 addressed LCMs in its assault-weapon restrictions

13   by including in its definition of an "assault weapon" semiautomatic, centerfire rifles

14   that have a fixed LCM and semiautomatic pistols that have a fixed LCM.  *See id.*

15   §§ 30515(a)(2), (a)(5).  For the past two decades, California has restricted the

16   manufacture, distribution, transportation, importation, sale, lending, and possession

17   of firearms that qualify as "assault weapons."  *Id.* §§ 30600(a), 30605(a).

18   **II.**   ***DUNCAN V. BECERRA***

19        On May 17, 2017, certain individual plaintiffs and the California Rifle and

20   Pistol Association, Inc., filed a complaint in this Court asserting, *inter alia*, a

21   Second Amendment challenge to the LCM restrictions in California Penal Code

22   section 32310, including newly enacted restrictions on LCM possession codified in

23   section 32310(c) and (d).  On June 29, 2017, this Court entered a preliminary

24   injunction, holding that the new possession restrictions violated the Second

25   Amendment and enjoining their enforcement.  *Duncan v. Becerra*, 265 F. Supp. 3d

26   1106, 1139-40 (S.D. Cal. 2017), *aff'd*, 742 Fed. App'x 218 (9th Cir. July 17, 2018).

27   Thereafter, on March 29, 2019, the Court held that Penal Code section 32310 in its

28   entirety violated the Second Amendment. *Duncan*, 366 F. Supp. 3d at 1182-83.

2

1  The Court entered judgment that same day, and the Attorney General noticed an

2  appeal on April 4, 2019.  To preserve the status quo pending appeal, the Court

3  stayed the final judgment and reinstated the preliminary injunction.  *Duncan v.*

4  *Becerra*, No. 17-cv-1017-BEN-JLB, 2019 WL 1510340, at *3 (S.D. Cal. Apr. 4,

5  2019).

6  **III.  *RUPP V. BECERRA***

7         On April 24, 2017, certain individual plaintiffs and the California Rifle and

8  Pistol Association, Inc., filed a complaint for declaratory and injunctive relief in the

9  United States District Court for the Central District of California against the

10  California Attorney General, challenging under the Second Amendment the

11  AWCA's restrictions applicable to semiautomatic rifles.  *Rupp v. Becerra*,

12  No. 17-cv-00746-JLS-JDE (C.D. Cal. Apr. 4, 2017).  In particular, the plaintiffs

13  challenged, *inter alia*, California Penal Code sections 30510(a), 30515(a)(1)(A)-(C)

14  and (E)-(F), 30515(a)(3), 30520, 30600, 30605, 30925, and 30945.  *Rupp*,

15  401 F. Supp. 3d at 983.

16         On July 22, 2019, the district court granted the Attorney General's motion for

17  summary judgment, upholding the AWCA under the Second Amendment.  *Rupp*,

18  401 F. Supp. 3d at 988, 993-94.  The court applied the two-step framework for

19  adjudicating Second Amendment claims that has been adopted by the Ninth Circuit,

20  which requires the court to (1) ask "whether the challenged law burdens conduct

21  protected by the Second Amendment," and (2) if so, "what level of scrutiny should

22  be applied."  *Id.* at 984 (quoting *Fyock v. Sunnyvale*, 779 F.3d 991, 996 (9th

23  Cir. 2015)).  The court held that, at the first step of the inquiry, the AWCA does not

24  burden conduct protected by the Second Amendment because "semiautomatic rifles

25  within the AWCA's scope are virtually indistinguishable from M-16s and thus are

26  not protected by the Second Amendment."  *Id.* at 988; *see also id.* at 986-87 (citing

27  *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008), and *Kolbe v. Hogan*, 849

28  F.3d 114, 136 (4th Cir. 2017) (en banc)).  Alternatively, the court held that (1) the

3

1  AWCA is subject to intermediate scrutiny because it does not "severely burden the

2  core of the Second Amendment right," *id.* at 989 (noting "the chorus of circuits

3  applying intermediate scrutiny to assault weapon bans"), and (2) the "AWCA

4  withstands intermediate scrutiny," *id.* at 993.

5        On July 31, 2019, the district court entered judgment in the Attorney General's

6  favor. *Rupp v. Becerra*, No. 17-cv-00746-JLS-JDE (C.D. Cal. July 31, 2019)

7  (Dkt. 111). On August 27, 2019, the plaintiffs appealed the final judgment, *Rupp v.*

8  *Becerra*, No. 17-cv-00746-JLS-JDE (C.D. Cal. Aug. 27, 2019) (Dkt. 114), and the

9  appeal is currently pending before the Ninth Circuit. *Rupp v. Becerra*,

10  No. 19-56004 (9th Cir.).

11  **IV.  THE INSTANT LITIGATION**

12        Approximately two weeks after the district court entered the final judgment in

13  *Rupp*, on August 15, 2019, Plaintiffs James Miller, Patrick Russ, Ryan Peterson,

14  and San Diego County Gun Owners Political Action Committee filed a complaint

15  in this Court, asserting a Second Amendment challenge to two provisions of the

16  AWCA that were not directly addressed in *Rupp*—provisions that define an "assault

17  weapon" as any semiautomatic, centerfire rifle or semiautomatic pistol with a fixed

18  LCM, Cal. Penal Code §§ 30515(a)(2), (a)(5). Dkt. 1. The initial complaint also

19  challenged, on their face and as applied to Plaintiffs, California Penal Code sections

20  30600, 30605, 30800, 30910, 30915, 30945, and 31000 to the extent they regulate

21  "assault weapons" as defined by sections 30515(a)(2) or 30515(a)(5). *See id.* ¶¶ 1,

22  32, 34.

23        One month after the notice of appeal was filed in *Rupp*, on September 27,

24  2019, Plaintiffs filed a First Amended Complaint, expanding the scope of their

25  Second Amendment challenge to *all* of the definitions of an "assault weapon" in

26  California Penal Code section 30515(a), including those subject to the appeal in

27

28

<div align="center">4</div>

1  *Rupp*, and, in addition to the statutes challenged in the initial complaint, California

2  Penal Code section 30925, 30950, and 31005.[1]

3  <center>**ARGUMENT**</center>

4  **I.   THE COURT SHOULD STAY ALL PROCEEDINGS PENDING RESOLUTION**

5  **OF THE *RUPP* AND *DUNCAN* APPEALS.**

6       A district court has the discretion to stay proceedings in its own court.  *Landis*

7  *v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This power is "incidental to the power

8  inherent in every court to control the disposition of the causes on its docket with

9  economy of time and effort for itself, for counsel and for litigants."  *Id.*; *accord*

10  *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.

11  1983).  A district court may "find it is efficient for its own docket and the fairest

12  course for the parties to enter a stay of an action before it, pending resolution of

13  independent proceedings which bear upon the case," whether "the separate

14  proceedings are judicial, administrative, or arbitral in character" and whether or not

15  "the issues in such proceedings are necessarily controlling of the action before the

16  court."  *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th

17  Cir. 1979)

18       **A.   The *Rupp* and *Duncan* Appeals Bear Directly on the**

19       **Constitutional Issues Raised in this Action.**

20       This case is a Second Amendment challenge to the AWCA.  Plaintiffs claim

21  that "[t]he so-called 'assault weapons' and 'large-capacity' magazines at issue in

22  this case are categorically protected by the Second Amendment" and that the

23  State's assault-weapon "restrictions violate Plaintiffs' and Plaintiffs' members'

24  right to keep and bear arms protected by the Second Amendment."  Dkt. 9 ¶¶ 101,

25  104.  The constitutionality of California's restrictions on assault weapons, however,

26  was addressed by the district court in *Rupp*, and the constitutionality of California's

---

27  [1] Defendants have filed a motion to dismiss Plaintiffs' claims challenging
California Penal Code sections 30800, 30915, 30925, 30945, 30950, 31000, and
28  31005.  Dkt. 16.

<center>5</center>

1    restrictions on LCMs was addressed by this Court in *Duncan*. Both cases are

2    pending appellate review by the Ninth Circuit.

3         The appeal in *Rupp* squarely addresses the core constitutional question in this

4    action. As with this action, the *Rupp* plaintiffs brought a Second Amendment

5    challenge to, *inter alia*, the AWCA's definition of an "assault weapon" applicable

6    to rifles in California Penal Code section 30515(a)(1) and (a)(3), and also

7    challenged certain enforcement and registration provisions related to assault

8    weapons, *see* Cal. Penal Code §§ 30600, 30605, 30925, 30945.[2] *See Rupp*, 401 F.

9    Supp. 3d at 983. The district court in *Rupp* held that, *inter alia*, "the AWCA

10   withstands intermediate scrutiny" because "the Attorney General has more than met

11   his burden to show that there is a reasonable fit between the AWCA and protecting

12   public safety." *Id.* at 993. The judgment is now pending review before the Ninth

13   Circuit, and the eventual decision will resolve most of Plaintiff's constitutional

14   claims here, namely whether the AWCA's features-based definition of "assault

15   weapons" and restrictions of those weapons comport with the Second Amendment.

16   Even though *Rupp* did not involve a challenge to the AWCA's restrictions on

17   pistols and shotguns that qualify as "assault weapons," there is no reason to believe

18   that the Ninth Circuit's ruling would not apply equally to those restrictions, or at a

19   minimum, inform the Court's analysis of those restrictions.

20        The appeal in *Duncan* overlaps with the remaining issue in this action that was

21   not addressed in *Rupp*, namely whether the State can, consistent with the Second

22   Amendment, restrict semiautomatic, centerfire rifles and semiautomatic pistols with

23   fixed LCMs. The constitutionality of LCM restrictions will be addressed in the

24   *Duncan* appeal, including the sufficiency of the Attorney General's evidence in

25   _____

26   [2] The *Rupp* case is both broader and narrower than this case. While this case
     also challenges the AWCA's restrictions on semiautomatic pistols and shotguns,
     the *Rupp* litigation was broader than the instant case because the plaintiffs also
27   challenged the lists of semiautomatic rifles defined as "assault weapons" by make
     and model in California Penal Code section 30510(a) and section 5499 of title 11 of
28   the California Code of Regulations. *Rupp*, 401 F. Supp. 3d at 983.

6

1  defense of those restrictions.  Accordingly, both the *Rupp* and *Duncan* appeals

2  address the constitutional issues raised in this case.

3       **B.    All of the Factors that the Court Considers in Issuing a Stay
             Weigh Heavily in Favor of a Stay.**

4

5       Given the substantial overlap of the constitutional and evidentiary issues

6  raised in this action and in *Rupp* and *Duncan*, this Court should issue a stay of

7  proceedings pending final resolution of the *Rupp* and *Duncan* appeals.  In

8  determining whether to stay a case pending resolution of independent proceedings,

9  the Court considers the competing interests at stake, including "[1] the possible

10 damage which may result from the granting of a stay, [2] the hardship or inequity

11 which a party may suffer in being required to go forward, and [3] the orderly course

12 of justice measured in terms of the simplifying or complicating of issues, proof, and

13 questions of law which could be expected to result from a stay."  *Lockyer v. Mirant

14 Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d

15 265, 268 (9th Cir. 1962)) (internal numbers added).  In addition, the Court

16 considers whether "the other proceedings will be concluded in a reasonable time in

17 relation to the urgency of the claims presented to the court."  *Levya*, 593 F.2d at

18 863.  All of these factors weigh heavily in favor of a stay of this action.

19            **1.    No Prejudice Will Result from a Stay.**

20       This action is still in the pleadings stage, and a stay pending resolution of the

21 related appeals will benefit Plaintiffs in the same way that it will benefit Defendants

22 and the Court—a stay will prevent the expenditure of resources on discovery and

23 motion practice that will in all likelihood become moot regardless of the outcomes

24 in the *Rupp* and *Duncan* appeals; at a minimum, those appeals will significantly

25 narrow the issues remaining in this case and would provide substantial guidance on

26 the standard of scrutiny applicable to the AWCA and the sufficiency of Defendants'

27 evidence defending it.  *See Minor v. FedEx*, No. C 09-1375, 2009 WL 1955816, at

28 *1 (N.D. Cal. July 6, 2009) (granting stay and determining that "[t]o the extent that

1   both [p]laintiffs and [d]efendants will be able to tailor discovery and avoid

2   duplicative or unnecessary tasks, this causes a benefit, rather than damage, to

3   accrue to both parties").  Moreover, the AWCA has been in effect for the past two

4   decades, and Plaintiffs did not file this action until nearly ten years after the United

5   States Supreme Court incorporated the Second Amendment right against the states

6   through the Fourteenth Amendment.  *See McDonald v. City of Chicago*, 561 U.S.

7   742, 790 (2010).  Plaintiffs cannot credibly argue that they would be unduly

8   prejudiced by a temporary stay, especially given the number of years the AWCA

9   has been in effect without being challenged by Plaintiffs.

10      A stay pending the *Rupp* and *Duncan* appeals will not prejudice Plaintiffs also

11   because Plaintiffs are unlikely to obtain permanent relief before the appeals are

12   complete.  The *Rupp* and *Duncan* appeals will most likely be resolved before this

13   case is resolved.[3]  And even in the unlikely event that Plaintiffs were to prevail in

14   this action and obtain a final judgment before resolution of the *Rupp* and *Duncan*

15   appeals, any such judgment would likely be stayed pending appeal.  *See Duncan*,

16   2019 WL 1510340, at *2 ("There is an immeasurable societal benefit of

17   maintaining the immediate status quo while the process of judicial review takes

18   place.").  The fact that Plaintiffs have filed a motion for a preliminary injunction to

19   enjoin the AWCA and related provisions in their entirety, Dkt. 22, does not change

20   the equation.  Even if Plaintiffs were to prevail on their motion for a preliminary

21   injunction, a stay of any such injunction would be appropriate to maintain the status

22   quo pending resolution of an interlocutory appeal, and thus the *Rupp* and *Duncan*

23   appeals would likely be resolved before any injunction of the AWCA would go into

24   effect.

25      Moreover, it should be noted that Plaintiffs are not entitled to a preliminary

26   injunction in this action and, thus, will not be prejudiced by a stay of the briefing

27

28   _____
    [3] *Duncan* is likely to be heard between April and June of 2020, and briefing
    in *Rupp* is likely to be completed by April of 2020.  *See*, *infra*, at 12.

8

Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Proceedings
Pending Resolution of Related Appeals (19-cv-1537 BEN-JLB)

and hearing on their motion.  In contrast to the plaintiffs in *Duncan*, who successfully obtained a "prohibitory" preliminary injunction to preserve the status quo, *see Duncan v. Becerra*, 265 F. Supp. 3d 1106, 1136 (2017) (issuing preliminary injunction of newly enacted LCM-possession restrictions "to maintain the *status quo*"), Plaintiffs are seeking a "mandatory" preliminary injunction of a law that has been in effect for nearly two decades, which would go "well beyond simply maintaining the status quo *pendente lite*."  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citation omitted).  Mandatory preliminary injunctions, like the one Plaintiffs are seeking, are "particularly disfavored" and should be denied "unless the facts and law *clearly* favor the moving party."  *Id.* (citation omitted and emphasis added).  As the Ninth Circuit has explained,

> It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.  The hearing is not to be transformed into a trial of the merits of the action upon affidavits, and it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial.  This is particularly true where the relief afforded, rather than preserving the status quo, completely changes it.

*Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808-09 (9th Cir. 1963).  As a matter of law, Plaintiffs cannot make the requisite "clear showing" that the facts and the law favor preliminary injunctive relief because, regardless of the ultimate merits of their claims, *every* federal circuit court that has reviewed the constitutionality of assault weapons bans under the Second Amendment (five thus far) has upheld them.  *See Rupp*, 401 F. Supp. 3d at 990 (noting "the 'unanimous weight of circuit authority analyzing [and rejecting] Second Amendment challenges to similar [assault-weapons] laws'" under intermediate scrutiny).  And the only district court within the Ninth Circuit to have evaluated the AWCA under the

9

Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Proceedings
Pending Resolution of Related Appeals (19-cv-1537 BEN-JLB)

Second Amendment has upheld it under both steps of the Ninth Circuit's two-step framework.  *See id.* at 988, 993.

Plaintiffs cannot claim that they would be prejudiced by a stay because they are not entitled to a preliminary injunction in this case and would not obtain injunctive relief before the Ninth Circuit issues the mandates in *Rupp* and *Duncan*. For these reasons, Plaintiffs will not be prejudiced from a stay.

### 2.   Defendants Will Suffer Considerable Hardship and Inequity Absent a Stay.

In the *Rupp* and *Duncan* appeals, the Ninth Circuit will be determining whether the AWCA and LCM restrictions burden the Second Amendment and, if so, what level of constitutional scrutiny should apply to those restrictions and whether the restrictions satisfy that level of scrutiny.  *See Silvester v. Harris*, 843 F.3d 816, 820-21 (9th Cir. 2016).  In connection with the proper application of the two-step approach to the AWCA and the State's LCM restrictions, the Ninth Circuit will have to determine whether assault weapons and LCMs are protected by the Second Amendment, whether there is historical precedent for the restrictions, what level of scrutiny applies to the restrictions, and what evidentiary showing is required to satisfy that level of scrutiny.  Each of these issues will also need to be litigated in this action.  If this action is not stayed, the Attorney General would be forced to litigate these issues simultaneously before this Court and the Ninth Circuit.  *See Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (noting that "guidance from the Ninth Circuit . . . will, in fact, be material" to the question at issue and that "Defendant would clearly suffer significant and potentially unnecessary hardship if compelled to proceed" (citing *Landis*, 299 U.S. at 255)).

Absent a stay, the Attorney General (and Plaintiffs) would be required to engage in expensive and time-consuming fact and expert discovery and motion practice concerning issues that will in all likelihood be resolved by the Ninth

10

Circuit in reviewing the *Rupp* and *Duncan* appellate records.  *See, e.g.*, *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) (granting stay and noting that "because two significant issues are currently pending before the Court of Appeals, one of which could dispose of this litigation while the other could substantially reshape it," "proceeding headlong with discovery and other matters before this Court has the very real potential of unnecessarily wasting significant resources of all parties"); *Cal. Ass'n for Health Servs. at Home v. Sebelius*, No. CV 11-10618, 2012 WL 893782, at \*3 (C.D. Cal. Mar. 13, 2012) (granting stay where Ninth Circuit decisions "are likely to narrow issues" in the case).  Accordingly, the substantial burden on Defendants absent a stay strongly supports the issuance of a stay pending resolution of the related appeals.

### 3.    A Stay Will Promote the Orderly Course of Justice.

A stay will promote the interests of judicial economy, as it would relieve the Court from expending time and resources on decisions that will be resolved by the Ninth Circuit's rulings in *Rupp* and *Duncan*.  District courts routinely stay proceedings where resolution of an appeal will provide guidance in deciding issues before the court.  *See, e.g.*, *Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at \*2-3 (W.D. Wash. May 17, 2017) (granting stay of district court proceedings where appeal in a related case "will likely settle many" issues and "simplify others, such that a stay will facilitate the orderly course of justice and conserve resources for both the court and the parties" (internal citation and punctuation omitted)); *Fed. Home Loan Mortg. Corp. v. Kama*, No. 14-00137 ACK-KSC, 2016 WL 922780, at \*8-9 (D. Haw. Mar. 8, 2016) (granting stay where the Ninth Circuit's resolution of related cases "w[ould] likely involve an analysis of" issues that would "provide further guidance to the district court").

Allowing the Ninth Circuit to address the constitutional issues raised in this case will also "reduce[] the risk of inconsistent rulings" that might need to be "disentangle[d]" following resolution of the *Rupp* and *Duncan* appeals.  *Hawai'i v.*

11

*Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017).  A stay of this case simply makes practical sense.  For example, once *Duncan* was appealed to the Ninth Circuit, the United States District Court for the Eastern District of California stayed a similar case challenging California's LCM restrictions under Second Amendment pending resolution of the appeal.  *See Wiese v. Becerra*, No. 17-9036-WBS-KJN (E.D. Cal. May 8, 2019) (Dkt. 110).  Waiting for the Ninth Circuit to address the precise issues raised in this case before proceeding to discovery, motion practice, and trial will streamline the issues, proof, and questions of law for this Court and thus will serve the interests of judicial economy and efficiency.  *See Landis*, 299 U.S. at 254-55.

### 4. The *Rupp* and *Duncan* Appeals Are Proceeding Expeditiously.

The final factor that the Court considers is whether the related proceedings will be resolved in a reasonable amount of time relative to the urgency of Plaintiffs' claims.  *Levya*, 593 F.2d at 863.  Here, Plaintiffs are challenging a law that has been in effect for nearly 20 years, and their Second Amendment claims against it could have been asserted long ago—at least as early as 2010, when the Second Amendment was incorporated against the states through the Fourteenth Amendment.  There is no urgency to Plaintiffs' claims.  Moreover, the related appeals are proceeding expeditiously.  Merits briefing in the *Duncan* appeal is complete, and the Ninth Circuit has indicated that it will be scheduling oral argument at some point in April through June 2020.  And merits briefing in *Rupp* is set to begin on January 6, 2020 with the appellants' opening brief, followed by the Attorney General's answering brief on February 5, 2020.  *Rupp*, No. 19-56004 (9th Cir. Nov. 20, 2019) (Dkt. 17) (approving appellants' streamlined request for extension of time to file opening brief).  The lack of urgency of Plaintiffs' claims and the progress of the *Duncan* and *Rupp* appeals supports the issuance of a stay pending their resolution.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court stay all proceedings in this matter pending resolution of the Ninth Circuit appeals in *Rupp v. Becerra*, No. 19-56004 (9th Cir.), and *Duncan v. Becerra*, No. 19-55376 (9th Cir.).

Dated:  December 13, 2019           Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


/s/ John D. Echeverria
JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms*