XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6249
  Fax:  (916) 731-2124
  E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in
his official capacity as Attorney General of
the State of California, and Brent E. Orick,
in his official capacity as Interim Director of
the Department of Justice Bureau of
Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER; PATRICK RUSS; WENDY HAUFFEN; NEIL RUTHERFORD; ADRIAN SEVILLA; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA; and DOJ BUREAU OF FIREARMS DIRECTOR BRENT ORICK,**<br><br>Defendants. | 19-cv-1537 BEN-JLB<br><br>**DEFENDANTS' EX PARTE APPLICATION TO TEMPORARILY STAY THE HEARING AND BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION [22] AND MOTION TO DISMISS [16] PENDING RULING ON DEFENDANTS' MOTION TO STAY [25]**<br><br>Judge:          Hon. Roger T. Benitez<br>Courtroom:    5A<br>Action Filed:  August 15, 2019 |

1

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms (together, "Defendants"), hereby apply to this Court for an order, under Federal Rule of Civil Procedure 6(b)(1), to temporarily stay the hearing and briefing on Plaintiffs' Motion for Preliminary Injunction, Dkt. 22, and Defendants' Motion to Dismiss Certain Claims in First Amended Complaint, Dkt. 16, both currently set for January 16, 2020, until the Court has ruled on Defendants' Motion to Stay Proceedings Pending Resolution of Related Appeals, Dkt. 25, currently set for hearing on January 27, 2020. Plaintiffs oppose Defendants' motion to stay and oppose the instant ex parte request for a temporary stay pending the Court's ruling on the broader motion to stay the proceedings.

## REASONS FOR THE REQUESTED TEMPORARY STAY

As discussed in Defendants' motion to stay, Dkt. 25-1, the Court has the inherent power to stay proceedings, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In connection with the pending motion to stay this action, Defendants request a temporary stay of the hearing and briefing schedule on Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss until the Court has ruled on the propriety of staying the action pending resolution of the Ninth Circuit appeals in *Rupp v. Becerra*, No. 19-56004 (9th Cir.), and *Duncan v. Becerra*, No. 19-55376 (9th Cir.).

Separate from this application, on December 18, 2020, the parties filed a Joint Motion and Stipulation to Continue Hearing on Motion for Preliminary Injunction and Motion to Dismiss, requesting a continuance of the January 16, 2020 hearing to January 30, 2020. Dkt. 26. Defendants requested that Plaintiffs stipulate to a

continuance because—despite repeated requests by counsel to meet and confer on a hearing date that would be convenient for all parties, *see* Echeverria Decl. ¶¶ 6-9—Plaintiffs noticed the motion for preliminary injunction for January 16, 2020, a date that would make Defendants' opposition due the day after the New Years' holiday, January 2, 2020, leaving Defendants insufficient time to adequately respond to a voluminous and complex motion.

The only continuance that Plaintiffs would agree to was a two-week continuance of the hearing to January 30, 2020.  Defendants agreed to stipulate to that continuance due to their urgent need for relief from the burdensome briefing schedule imposed by Plaintiffs' motion for preliminary injunction.  The joint motion was made without prejudice to the instant application for a stay of the hearing and briefing schedule on the motions until the Court has ruled on Defendants' motion to stay.  *See* Dkt. 26 at 4:1-4.

Concurrent with the parties' discussions concerning the joint motion for a two-week continuance, Defendants proposed that the parties stipulate to extend the hearing and briefing on these motions until after the Court rules on Defendants' motion to stay the action.  Plaintiffs declined to stipulate to that relief.  But that leaves two motions on calendar, subject to further briefing and hearing, in a case in which the Court has been presented with a stay motion.  Defendants submit that the following makes the most practical sense for the Court and the parties:  (1) the Court should *temporarily* stay the hearing and briefing schedule on Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss until the Court has ruled on Defendants' broader motion to stay the action, currently set for hearing on January 27, 2020; and (2) if the Court declines to stay the action, the Court should set a new hearing date and briefing schedule on Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss.

As discussed in Defendants' motion to stay, Dkt. 25-1, the appeals in *Rupp v. Becerra*, No. 19-56004 (9th Cir.), and *Duncan v. Becerra*, No. 19-55376 (9th Cir.),

3

1  currently pending before the Ninth Circuit Court of Appeals, bear directly on the

2  core constitutional question presented in this case: whether the Assault Weapons

3  Control Act ("AWCA") comports with the Second Amendment.  In evaluating the

4  constitutionality of the AWCA and California's restrictions on large-capacity

5  magazines ("LCMs"), the Ninth Circuit will have to determine whether California's

6  restrictions on assault weapons and LCMs burden the Second Amendment, what

7  level of scrutiny applies to those restrictions, and what evidentiary showing is

8  required to satisfy that level of scrutiny, including the sufficiency of the State's

9  evidence in those cases.  There is no need to rush the briefing and hearing on

10  Plaintiffs' motion for a preliminary injunction while this Court considers the

11  propriety of a stay pending resolution of the related *Rupp* and *Duncan* appeals.[1]

12  ## GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

13       As discussed in the accompanying declaration of counsel, Defendants bring

14  this ex parte application for good cause to avoid the unnecessary expenditure of

15  time and resources in litigating the motion for preliminary injunction and motion to

16  dismiss while the Court rules on the motion to stay.  *See* Echeverria Decl. ¶¶ 19-22.

17  Plaintiffs will not be prejudiced by temporary stay of the hearing and briefing on

18  the motions pending the ruling on the motion to stay, which is set to be heard by the

19  Court on January 27, 2020.  The provisions of the AWCA challenged in this action

20  have been in effect for nearly two decades, and Plaintiffs waited until August 15,

21  2019 to file suit and an additional four months to seek a preliminary injunction of

22  the law.  An additional, limited delay of the hearing on Plaintiffs' motion for

23  preliminary injunction will in no way prejudice them.

24

25

26       [1] In fact, Plaintiffs acknowledge that their motion for a preliminary injunction "is a logical result of *Duncan's* analysis," Dkt. 22-1 at 2, and they rely heavily on

27  this Court's order in that case, *see id.* at 1, 2, 11, 12, 13, 14, 16, 22, 23, 26. Plaintiffs also challenge the district court's order in *Rupp*, which upheld the AWCA

28  under the Second Amendment.  *See id.* at 22, 23, 25.  Given the undeniable overlap between those appeals and this action, this action should be stayed.

1    Defendants acted diligently in seeking a stay of the case and in seeking the
2    temporary stay requested herein.  The case is still in the pleadings stage, and
3    Defendants filed a motion to dismiss to clarify the scope of Plaintiffs' claims.  Once
4    Plaintiffs filed a motion for preliminary injunction, seeking to enjoin the AWCA
5    before Defendants answered the First Amended Complaint, Defendants proceeded
6    expeditiously in seeking a stay of the action, filing the motion to stay one week
7    after Plaintiffs filed their motion for preliminary injunction.  The instant application
8    was filed shortly after the filing of the joint motion for a continuance and after
9    Plaintiffs represented that they would not agree to any additional extension of time
10   on the hearing and briefing schedule on their motion for preliminary injunction.

11       To prevent undue hardship to Defendants and to promote the interest of
12   judicial economy, Defendants respectfully request that the Court temporarily stay
13   the briefing and hearing date on the motion for preliminary injunction and the
14   motion to dismiss until the Court rules on the pending motion to stay the action.

15       This application is based on the instant notice, the concurrently filed
16   declaration of counsel, and the papers and pleadings on file in this action.

17   Dated:  December 19, 2019                    Respectfully Submitted,

18                                                XAVIER BECERRA
                                                  Attorney General of California
19                                                MARK R. BECKINGTON
20                                                Supervising Deputy Attorney General

21
22                                                /s/ John D. Echeverria

23                                                JOHN D. ECHEVERRIA
                                                  Deputy Attorney General
24                                                *Attorneys for Defendants Xavier*
                                                  *Becerra, in his official capacity as*
25                                                *Attorney General of the State of*
                                                  *California, and Brent E. Orick, in his*
26                                                *official capacity as Interim Director*
                                                  *of the Department of Justice Bureau*
27                                                *of Firearms*

28

Defendants' Ex Parte Application (19-cv-1537 BEN-JLB)