XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6249
  Fax:  (916) 731-2124
  E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER; PATRICK RUSS; WENDY HAUFFEN; NEIL RUTHERFORD; ADRIAN SEVILLA; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,**<br><br>       Plaintiffs,<br><br>  v.<br><br>**CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA; and DOJ BUREAU OF FIREARMS DIRECTOR BRENT ORICK,**<br><br>       Defendants. | 19-cv-1537 BEN-JLB<br><br>**DECLARATION OF JOHN D. ECHEVERRIA IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO TEMPORARILY STAY THE HEARING AND BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION [22] AND MOTION TO DISMISS [16] PENDING RULING ON DEFENDANTS' MOTION TO STAY [25]**<br><br>Judge:   Hon. Roger T. Benitez<br>Courtroom: 5A<br>Action Filed: August 15, 2019 |

# DECLARATION OF JOHN D. ECHEVERRIA

I, John D. Echeverria, declare:

1. I am a Deputy Attorney General with the California Department of Justice and represent Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms (together, "Defendants"), in the above-captioned matter.

2. Except as otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness I could testify competently as to those facts. I make this declaration in support of Defendant's Ex Parte Application to Temporarily Stay the Hearing and Briefing Schedule on Motion for Preliminary Injunction and Motion to Dismiss Pending Ruling on Motion to Stay, filed concurrently herewith.

3. On August 15, 2019, Plaintiffs James Miller, Patrick Russ, Ryan Peterson, and San Diego County Gun Owners Political Action Committee filed a complaint, asserting a Second Amendment challenge the Assault Weapons Control Act's (the "AWCA") restrictions on semiautomatic, centerfire rifles and semiautomatic pistols that qualify as "assault weapons" due to the presence of a fixed large-capacity magazine ("LCM"), Cal. Penal Code §§ 30515(a)(2), (a)(5). Dkt. 1.

4. On September 27, 2019, Plaintiffs filed the operative First Amended Complaint for Declaratory and Injunctive Relief, challenging the AWCA's restrictions on all firearms that qualify as "assault weapons" under the Second Amendment, Cal. Penal Code §§ 30515(a), (b). Dkt. 9.

5. On October 25, 2019, Defendants filed a motion to dismiss certain claims asserted in the First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 16. Defendants noticed the motion to

dismiss for hearing on December 16, 2019, and Plaintiffs filed an opposition on December 4, 2019.  Dkt. 21.

6. Nearly two months after the filing of the First Amended Complaint, on November 19, 2019, I was informed by Plaintiffs' counsel by telephone that Plaintiffs intended to file a motion for a preliminary injunction.  Counsel requested Defendants' stipulation to a seven-page extension to the page limitation for the memorandum of points and authorities that would be filed in support of the motion.  I agreed to the request.  In light of the forthcoming Thanksgiving, Christmas, and New Year's holidays, I also asked that Plaintiffs meet and confer with me in advance of the filing of the preliminary injunction motion so that the parties could agree to a hearing date and briefing schedule that would be convenient for all parties and the Court.

7. Later on November 19, 2019, Plaintiffs' counsel sent me an email with a draft joint motion to exceed the page limitations.  I responded with revisions to the joint motion, authorizing counsel to add my electronic signature to the joint motion and to file it on my behalf if the changes were acceptable to them.  In that email, I asked counsel to inform me when they will be available to discuss the hearing date and briefing schedule on the proposed motion for a preliminary injunction.  Thereafter, counsel filed the joint motion, Dkt. 17, but did not respond to my email.

8. In the evening of Friday, December 6, 2019, Plaintiffs filed the motion for a preliminary injunction, seeking to enjoin enforcement of the Assault Weapons Control Act.  Dkt. 22.  Plaintiffs noticed the motion for hearing on January 16, 2020, resulting in a deadline for Defendants' opposition of January 2, 2019.  L.R. 7.1(e)(2).

9. Plaintiffs' counsel did not meet and confer with me or anyone at the California Attorney General's Office regarding the hearing date prior to filing the motion for a preliminary injunction.

10. On Monday morning, December 9, 2019, I contacted Plaintiffs' counsel by telephone to request a continuance of the hearing on the preliminary injunction motion. I explained that Defendants needed additional time to review Plaintiffs' motion and supporting materials, which span more than 1,800 pages, and to gather evidence and expert witnesses to oppose the motion. I also explained that the current schedule—with a January 2, 2020 deadline for opposition papers—is particularly difficult for Defendants and our expert witnesses due to the Christmas and New Year's holidays. Plaintiffs' counsel responded that he would need to consult with his co-counsel and that the parties could schedule a conference call to discuss the scheduling for the motion.

11. Later on December 9, 2019, I sent an email to Plaintiffs' counsel asking if counsel were available for a telephone call to discuss the hearing date and briefing schedule for the preliminary injunction motion. I reiterated in the email, as I explained during the telephone call, that the current January 16, 2020 hearing date will cause significant scheduling issues for our office and our expert witnesses.

12. Several hours after sending my email, Plaintiffs' counsel responded by email stating that Plaintiffs would stipulate to extending the briefing and hearing schedule for the preliminary injunction by two weeks, resulting in a hearing date of January 30, 2020, a deadline for Defendants' opposition of January 16, 2020, and a deadline for Plaintiffs' reply of January 23, 2020. Plaintiffs' offer was conditioned on Defendants' agreement not to argue undue delay relating to the two-week extension.

13. On the morning of December 10, 2019, I telephoned Plaintiffs' counsel to discuss Plaintiffs' proposed two-week extension. During the call, I explained that a longer extension would be preferable, but given the current compressed briefing schedule, Defendants would need to agree, at a minimum, to the proposed two-week extension. I also explained that Defendants were planning to file a motion to stay the action pending resolution of *Rupp v. Becerra*,

4

No. 19-56004 (9th Cir.), and *Duncan v. Becerra*, No. 19-55376 (9th Cir.), which are currently pending before the Ninth Circuit Court of Appeals. I asked whether Plaintiffs would agree to a stay of the action or, alternatively, a continuance of the hearing and briefing schedule on the preliminary injunction motion until the Court rules on the motion to stay. Counsel indicated that Plaintiffs would not agree to a stay of the action or to a further continuance of the hearing and briefing schedule on their preliminary injunction motion beyond their two-week proposal.

14. On December 10, 2019, the Court changed the hearing date on Defendants' pending Motion to Dismiss Certain Claims in First Amended Complaint, Dkt. 16, to January 16, 2020, the same date for the hearing on Plaintiffs' motion for a preliminary injunction. Dkt. 23.

15. To seek a two-week continuance as soon as possible, on December 11, 2019, I emailed Plaintiffs' counsel a draft joint motion to continue the hearing on motion for preliminary injunction and motion to dismiss to January 30, 2020 as stipulated. I received revisions to the joint motion from Plaintiffs' counsel on December 13, 2019.

16. Later on December 13, 2019, Defendants filed the motion to stay proceedings pending resolution of the *Rupp* and *Duncan* appeals. Dkt. 25. Soon thereafter, I emailed Plaintiffs' counsel a revised joint motion, incorporating counsel's revisions to the prior draft and accounting for the motion to stay that had just been filed.

17. After Plaintiffs' counsel failed to respond, on December 18, 2019, I emailed Plaintiffs' counsel requesting a response by 5:00 p.m. that day, either authorizing me to file the joint motion or providing additional revisions to the joint motion. This email provided notice that, if Plaintiffs did not respond by 5:00 p.m. on December 18, 2019, Defendants would be applying ex parte the following day with a request to continue the hearing on the motion for preliminary injunction and motion to dismiss, as previously agreed to by the parties, and as an alternative, the

5
Declaration of John D. Echeverria in Support of Defendants' Ex Parte Application
(19-cv-1537 BEN-JLB)

ex parte application would request that the Court vacate the hearing date on both motions pending the Court's ruling on Defendants' motion to stay. I also informed counsel that if the joint motion is filed that day, Defendants still intended to apply ex parte the following day, December 19, 2019, to request that the Court vacate the hearing date and briefing schedule on both motions pending the Court's ruling on the motion to stay. The email concluded with a request to confirm whether Plaintiffs will oppose the application to vacate the hearing and briefing schedule on the motion for preliminary injunction and the motion to dismiss.

18. Plaintiffs' counsel responded with revisions to the joint motion and a representation that they will oppose the ex parte application. The joint motion was filed on December 18, 2019. Dkt. 26.

19. Good cause exists for granting the ex parte application. A temporary stay of the hearing and briefing on the motion for preliminary injunction and motion to dismiss will avoid undue prejudice to Defendants and promote the interest of judicial economy. The current schedule on the motions—and the alternative January 30, 2020 hearing date requested in the parties' joint motion— would result in the unnecessary expenditure of time and resources while the Court considers the propriety of staying the action pending resolution of the *Rupp* and *Duncan* appeals, which bear directly on the constitutional claims raised in this case.

20. Defendants proceeded expeditiously in seeking a stay of the action. The case is still in the pleadings stage, and Defendants filed a motion to dismiss to clarify the scope of Plaintiffs' claims. Dkt. 16. Once Plaintiffs filed a motion for preliminary injunction, seeking to enjoin the AWCA before Defendants answered the First Amended Complaint, Defendants proceeded expeditiously in seeking a stay of the action, filing the motion to stay one week after Plaintiffs filed their motion for preliminary injunction.

21. Defendants also proceeded expeditiously in seeking the temporary stay requested in the instant ex parte application. Due to the urgent need to continue the

preliminary injunction hearing, Defendants prioritized the filing of the joint motion to continue that, despite the parties' agreement to continue the hearing by two weeks, took more than a week to finalize and file.  Defendants filed this instant ex parte application shortly after the joint motion was filed.

22. Plaintiffs will not be prejudiced by a temporary stay pending the Court's ruling on the stay motion.  Although the assault-weapon restrictions challenged in this action have been in effect for nearly twenty years, Plaintiffs waited until August 15, 2019 to file their initial complaint, September 27, 2019 to file the First Amended Complaint, and December 6, 2019—on the eve of the holiday schedule—to seek a preliminary injunction.  Plaintiffs will not be prejudiced by a temporary stay of the hearing and briefing on the hearing for a preliminary injunction while the Court considers the propriety of the stay motion.  Absent a temporary stay, Defendants will be significantly prejudiced if they are required to oppose the preliminary injunction motion before the Court decides whether to stay the action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 19, 2019, at Los Angeles, California.

                                        /s/ John D. Echeverria
                                          John D. Echeverria