MATTHEW E. SLOAN (SBN 165165)
matthew.sloan@probonolaw.com
MATTHEW J. TAKO (SBN 307013)
matthew.tako@probonolaw.com
RAZA RASHEED (SBN 306722)
raza.rasheed@probonolaw.com
AGNES N. ANIOL (SBN 324467)
agnes.aniol@probonolaw.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600

Attorneys for *Amicus Curiae*
Everytown for Gun Safety Support Fund

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, *et al.*,<br><br>                    Defendants. | CASE NO.: 3:19-cv-01537-BEN-JLB<br><br>UNOPPOSED MOTION BY EVERYTOWN FOR GUN SAFETY SUPPORT FUND FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>Hearing Date:    February 6, 2020<br>Hearing Time:    2:00 p.m.<br>Courtroom:       5A, 5th Floor<br>Judge:           Hon. Roger T. Benitez |

Everytown for Gun Safety Support Fund ("Everytown") respectfully moves for leave to file an *amicus curiae* brief in the above-captioned matter. Plaintiffs and Defendant have been notified of Everytown's request to file an *amicus curiae* brief, and all parties consent to Everytown's request, which is being filed one day after Defendants filed their Opposition to Plaintiffs' Motion for Preliminary Injunction and prior to the Plaintiffs' January 30, 2020 filing deadline for their Reply Brief to Defendant's Opposition.

Everytown is the education, research, and litigation arm of Everytown for Gun Safety, the nation's largest gun-violence-prevention organization. Everytown has nearly six million supporters across all fifty states, including tens of thousands in California. Everytown for Gun Safety was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after twenty children and six adults were murdered by a gunman with an AR-15 rifle—a weapon regulated by the law challenged here—in an elementary school in Newtown, Connecticut. The mayors of more than fifty California cities are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws.

The Ninth Circuit and California District Courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) *abrogated on other grounds by Rainwater v. McGinness*, 559 F. App'x 635, 635 (9th Cir. 2014); *see also Duronslet v. Cty. of Los Angeles*, No. 2:16-cv-08933-ODW(PLAx), 2017 WL 5643144, *1 (C.D. Cal. Jan. 23, 2017). Courts "frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Safari Club Int'l v. Harris*, No. 2:14-cv-01856-

GEB-AC, 2015 WL 1255491, at *1 (E.D. Cal. Jan. 14, 2015) (citation omitted). "Even when a party is very well represented, an amicus may provide important assistance to the court." *Duronslet*, at *1 (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002)). "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *Earth Island Inst. v. Nash.*, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019); *see Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("[T]here is no rule that amici must be totally disinterested," and it is "a perfectly permissible role for an amicus" to "take a legal position and present legal arguments in support of it.").

Over the past several years, Everytown has devoted substantial resources to researching historical firearms legislation that can provide this Court with important context directly relevant to the California statute at issue, the Assault Weapons Control Act ("AWCA"). Indeed, Everytown has drawn on its expertise to file briefs in numerous Second Amendment cases, including challenges to the AWCA and other assault weapon prohibitions, offering historical and doctrinal analysis that might otherwise be overlooked. *See, e.g.*, *Rupp v. Becerra*, No. 8:17-cv-00746-JLS-JDE (C.D. Cal.); *Wilson v. Cook Cty.*, No. 18-2686 (7th Cir.); *Worman v. Healey*, No. 18-1545 (1st Cir.); *Kolbe v. Hogan*, No. 14-1945 (4th Cir.) (en banc). Everytown has recently filed a Second Amendment *amicus* brief in this Court. *See Duncan v. Becerra*, No. 3:17-cv-0107-BEN-JLB (S.D. Cal.). Several courts have also cited and expressly relied on Everytown's *amicus* briefs in deciding Second Amendment and other gun cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Attorney Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *appeal docketed*, No. 19-56004 (9th Cir. Aug. 28, 2019); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11 & nn.4, 7 (2019) (Alito, J., dissenting).

Everytown's proposed *amicus* brief in this case provides an account of the Anglo-American tradition of restricting possession of unacceptably dangerous weapons—a tradition that includes many early American laws. This includes approximately a century of restrictions enacted shortly after semi-automatic weapons capable of firing a large number of rounds without reloading became widely available in the commercial market. The brief also addresses why the "common use" test suggested by Plaintiffs is circular and should not persuade this Court. The brief provides further insight via Everytown's own research on mass shootings and gun violence in America and other relevant social science and statistical evidence. And, in addition, the brief specifically rebuts Plaintiffs' arguments that the prohibited assault weapons "are ideal for self-defense" or "especially fit for militia service." An appendix of selected, publicly available historical gun laws also accompanies the brief.

Given the relevance of this history and research to the question before the Court, Everytown respectfully requests that the Court grant leave to file the accompanying *amicus curiae* brief in support of Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction.

Dated:  January 24, 2020            Respectfully submitted,

By:   /s/ Matthew E. Sloan
Matthew E. Sloan
Matthew J. Tako
Raza Rasheed
Agnes N. Aniol

Attorneys for *Amicus Curiae*
Everytown for Gun Safety Support Fund