MATTHEW E. SLOAN (SBN 165165)
matthew.sloan@probonolaw.com
MATTHEW J. TAKO (SBN 307013)
matthew.tako@probonolaw.com
RAZA RASHEED (SBN 306722)
raza.rasheed@probonolaw.com
AGNES N. ANIOL (SBN 324467)
agnes.aniol@probonolaw.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600

Attorneys for *Amicus Curiae*
Everytown for Gun Safety Support
Fund

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, *et al.*,<br><br>                              Plaintiffs,<br><br>          v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, *et al.*,<br><br>                              Defendants. | CASE NO.: 3:19-cv-01537-BEN-JLB<br><br>APPENDIX OF SELECTED PUBLICLY AVAILABLE AUTHORITIES IN SUPPORT OF BRIEF OF *AMICUS CURIAE* EVERYTOWN FOR GUN SAFETY SUPPORT FUND IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>Hearing Date:    February 6, 2020<br>Hearing Time:    2:00 p.m.<br>Courtroom:       5A<br>Judge:           Hon. Roger T. Benitez |

# INDEX OF AUTHORITIES

## STATUTES

1837 Ala. Sess. Laws 7 ........................................................................ 1

1837-1838 Tenn. Pub. Acts 200 .......................................................... 2

1879 Tenn. Pub. Acts 136, ch. 96, § 1 ............................................... 4

1881 Ark. Acts 192 .............................................................................. 6

1903 S.C. Acts 127-28 ......................................................................... 8

1907 Ala. Sess. Laws 80 ................................................................... 10

1909 Me. Laws 141 ........................................................................... 11

1911 N.Y. Laws 442 .......................................................................... 13

1912 Vt. Acts & Resolves 310 .......................................................... 18

1913 Iowa Acts 307, ch. 297, § 2 ..................................................... 19

1913 Minn. Laws 55 .......................................................................... 24

1927 Mich. Pub. Acts 887-89 ........................................................... 25

1927 R.I. Pub. Laws 256-59 .............................................................. 33

Report of Firearms Committee, Handbook of the National Conference on
    Uniform State Laws and Proceedings of the Thirty-Eighth Annual
    Meeting (1928) ............................................................................. 37

Act of July 8, 1932, ch. 465, §§ 1, 14, 47 Stat. 650 ....................... 48

1933 Cal. Stat. 1169 .......................................................................... 52

1933 Minn. Laws 232 ........................................................................ 55

1933 Ohio Laws 189 .......................................................................... 58

1934 Va. Acts 137 ............................................................................. 60

7                                                    1837.

Treasurer of the State, to deposit in the Bank of the State and its several branches, all that portion of the public revenue of the United States, which he has received or which he may hereafter receive, as the portion of Alabama, in the following proportion: One fifth in the Bank of the State at Tuscaloosa, one fifth in the Branch Bank at Montgomery, one fifth in the Branch Bank at Mobile, one fifth in the Branch Bank at Decatur, and one fifth in the Branch Bank at Huntsville; taking therefor certificates of deposite, and all laws or parts of laws, contravening the provisions of this act, be and the same are hereby repealed: *Provided*, That the amount of the surplus revenue already received and which may hereafter be received, shall be deposited in said Bank and its Branches, in the above and foregoing proportions, on or before the first day of May next.

*Treasurer to deposit the surplus revenue in the Bank and Branches.*

Approved June 30, 1837.

No. 11.]                          AN ACT
                    To suppress the use of Bowie Knives.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That if any person carrying any knife or weapon, known as Bowie Knives or Arkansaw Tooth-picks, or either or any knife or weapon that shall in form, shape or size, resemble a Bowie Knife or Arkansaw Tooth-pick, on a sudden rencounter, shall cut or stab another with such knife, by reason of which he dies, it shall be adjudged murder, and the offender shall suffer the same as if the killing had been by malice aforethought.

*Penalty for carrying Bowie knives.*

Sec. 2. *And be it further enacted,* That for every such weapon, sold or given, or otherwise disposed of in this State, the person selling, giving or disposing of the same, shall pay a tax of one hundred dollars, to be paid into the county Treasury; and if any person so selling, giving or disposing of such weapon, shall fail to give in the same in his list of taxable property, he shall be subject to the pains and penalties of perjury.

*Persons selling Bowie knives to be taxed.*

Approved June 30, 1837.

[No. 12.]                         AN ACT
            To enlarge the prison bounds in the different counties in this State.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That the several sections of an act passed in the year 1824, requiring the Judge of the county court and commissioners of roads and revenue, to mark and lay out the bounds of prisoners, be and the same is hereby repealed; and that from and after the passage of this act, the bounds of the different counties shall be the limits within which prisoners confined for debt shall be restricted, on entering into bond, as now required by law, to keep within the prison bounds; and hereafter the plaintiffs in suits shall not be compelled to pay the sustenance and support of prisoners who take the benefit of the bounds.

*Prison bounds enlarged.*

Approved June 30, 1837.

[No. 13.]                         AN ACT
For the relief of the purchasers of the Sixteenth Section, Township four, Range six,
        West, in the county of Lawrence and for other purposes.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That the President and Directors of the Branch of the Bank of the

to perform the duties enjoined on them by the second section of an act, passed at Nashville, the 19th of February, 1836, chapter XLVIII, that it shall be the duty of the several county surveyors to do and perform said services within their respective counties, and that said county surveyors shall be allowed the same fees, and be subject to the same penalties that said principal surveyors were entitled to, and liable for, in processioning said lands, and that said county surveyors shall return a plat and certificate of each tract so processioned by them to the entry taker of the county, who shall forthwith record the same in his survey book, for which services the said entry taker shall be allowed the same fees as for other services of the same kind, and that said several tracts of land shall be liable to attachment and final judgment for all expenses in processioning and recording the same.

JOHN COCKE,
*Speaker of the House of Representatives.*
TERRY H. CAHAL,
*Speaker of the Senate.*

Passed January 18th, 1838.

———

## CHAPTER CXXXVII.

An Act to suppress the sale and use of Bowie Knives and Arkansas Tooth Picks in this State.

*Knives not to be sold or given away*

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That if any merchant, pedlar, jeweller, confectioner, grocery keeper, or other person or persons whatsoever, shall sell or offer to sell, or shall bring into this State, for the purpose of selling, giving or disposing of in any other manner whatsoever, any Bowie knife or knives, or Arkansas tooth picks, or any knife or weapon that shall in form, shape or size resemble a Bowie knife or any Arkansaw tooth pick, such merchant, pedlar, jeweller, confectioner, grocery keeper, or other person or persons for every such Bowie knife or knives, or weapon that shall in form, shape or size resemble a Bowie knife or Arkansas tooth pick so sold, given or otherwise disposed of, or offered to be sold, given or otherwise disposed of, shall be guilty of a misdemeanor, and upon conviction thereof upon indictment or presentment, shall be fined in a sum not less than one hundred dollars, nor more than five hundred dollars, and shall be imprisoned in the county jail for a period not less than one month nor more than six months.

*Not to be worn*

SEC. 2. That if any person shall wear any Bowie knife, Arkansas tooth pick, or other knife or weapon that shall in

Digitized from Best Copy Available

201

form, shape or size resemble a Bowie knife or Arkansas tooth pick under his clothes, or keep the same concealed about his person, such person shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not less than two hundred dollars, nor more than five hundred dollars, and shall be imprisoned in the county jail not less than three months and not more than six months.

Sec. 3.   That if any person shall maliciously draw or attempt to draw any Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife or Arkansas tooth pick, from under his clothes or from any place of concealment about his person, for the purpose of sticking, cutting, awing, or intimidating any other person, such person so drawing or attempting to draw, shall be guilty of a felony, and upon conviction thereof shall be confined in the jail and penitentiary house of this State for a period of time not less than three years, nor more than five years. *Penalty of drawing a knife*

Sec. 4.   That if any person carrying any knife or weapon known as a Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife, on a sudden rencounter, shall cut or stab another person with such knife or weapon, whether death ensues or not, such person so stabbing or cutting shall be guilty of a felony, and upon conviction thereof shall be confined in the jail and penitentiary house of this State, for a period of time not less than three years, nor more than fifteen years. *Penalty for using knife*

Sec. 5.   That this act shall be in force from and after the first day of March next. And it shall be the duty of the several judges of the circuit courts in this State to give the same in charge to the grand jury every term of the respective courts, and any civil officer who shall arrest and prosecute to conviction and punishment any person guilty of any of the offences enumerated in this act, shall be entitled to the sum of fifty dollars, to be taxed in the bill of costs, and the attorney general shall be entitled to a tax fee of twenty dollars in each case, when a defendant shall be convicted, and no prosecutor required on any presentment or indictment for any of the offences enumerated in this act. *Of prosecutions*

JOHN COCKE,
*Speaker of the House of Representatives.*
TERRY H. CAHAL,
*Speaker of the Senate.*

Passed January 27th, 1838.

26

Digitized from Best Copy Available

App. 3

[   135   ]

## CHAPTER XCV.

AN ACT to change the day in which the Criminal Docket shall be taken up for Marshall County, Tennessee.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That an Act passed March 22nd, 1877, entitled, "An Act to repeal the Act establishing a Criminal Court in the counties of Williamson, Maury, Giles and Marshall," be so amended that Section 5 of said Act shall hereafter read, that the Criminal Docket shall be taken up on the second Monday of the term of court, instead of the first Thursday of the term, as heretofore fixed by said Act, and that the second Monday of the term shall be the day on which the criminal part of said term of court shall commence for said Marshall County hereafter.

SEC. 2. *Be it further enacted,* That this Act take effect from and after its passage, the public welfare requiring it.

Passed March 14, 1879.

H. P. FOWLKES,
*Speaker of the House of Representatives.*
J. R. NEAL,
*Speaker of the Senate.*

Approved March 17, 1879.

ALBERT S. MARKS,
*Governor.*

———

## CHAPTER XCVI.

AN ACT to Prevent the Sale of Pistols.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That it shall be a misdemeanor for any person to sell, or offer to sell, or to bring into the

[ 136 ]

State for the purpose of selling, giving away, or otherwise disposing of belt or pocket pistols, or revolvers, or any other kind of pistols, except army or navy pistol ; *Provided* that this Act shall not be enforced against any persons now having license to sell such articles until the expiration of such present license.

*Sale of pistols forbidden.*

SEC. 2. *Be it further enacted,* That any person guilty of a violation of this Act, shall be subject to presentment or indictment, and on conviction, shall pay a fine of not less than twenty-five nor more than one hundred dollars, and be imprisoned at the discretion of the court.

*Penalty.*

SEC. 3. *Be it further enacted,* That it shall be the duty of the Criminal and Circuit Judges, and other Judges whose courts have criminal jurisdiction, to give this Act specially in charge to the grand jury at each term of the court.

*Judges to charge.*

SEC. 4. *Be it further enacted,* That it shall be the duty of the grand juries to send for witnesses, in all cases where they have good reason to believe, that the provisions of this Act have been violated.   And upon satisfactory evidence of its violation, they shall make presentments of the same without a prosecutor.

*Grand jury powers.*

SEC. 5. *Be it further enacted,* That all laws and parts of laws in conflict with this Act be, and the same are hereby repealed.

SEC. 6. *Be it further enacted,* That this Act shall take effect from and after its passage, the public welfare requiring it.

Passed March 14, 1879.

H. P. FOWLKES,
*Speaker of the House of Representatives.*

J. R. NEAL,
*Speaker of the Senate.*

Approved March 17, 1879.

ALBERT S. MARKS,
*Governor.*

---

## CHAPTER XCVII.

### AN ACT to amend the Law Taxing Wagons.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That sub-Section 38 of Section 553a

*ACTS OF ARKANSAS.*                         *191*

buildings and grounds shall hereafter be used exclusively for State purposes, the title to the same being in the State.

SEC. 2.    That this act take effect and be in force thirty days after its passage, allowing that time for said county to vacate said rooms, &c.

Approved, April 1st, 1881.

———————

## No.  XCVI.

AN ACT To Preserve the Public Peace and Prevent Crime.

SECTION

1  Carrying of certain weapons constituted a misdemeanor; *proviso*, excepting officers, and persons journeying.
2  Carrying such weapons otherwise than in the hand, a misdemeanor.
3  Selling or disposing of such weapons, a misdemeanor.
4  Violation of act punishable by fine from $50 to $200.
5  Justices of the Peace knowing of violations of provisions of act and refusing to proceed, to be fined and removed.
6  Same penalty denounced any other officer knowing of such offense.
7  Violators of act how proceeded against.
8  Conflicting laws repealed; act in force 90 days after passage.

*Be it enacted by the General Assembly of the State of Arkansas:*

SECTION 1.    That any person who shall wear or carry, in any manner whatever, as a weapon, any dirk or bowie knife, or a sword, or a spear in a cane, brass or metal knucks, razor, or any pistol of any kind whatever, except such pistols as are used in the army or navy of the United States, shall be guilty of a misdemeanor; *Provided*, That officers, whose duties require them to make arrests, or to keep and guard prisoners, together with the persons summoned by such officers, to aid them in the discharge of such duties, while actually engaged in such duties, are exempted from the provisions of this act. *Provided, further*, That nothing in this act be so construed as to prohibit any person from carrying any weapon when upon a journey, or upon his own premises.

Sec. 2.   Any person, excepting such officers, or persons on a journey, and on his premises, as are mentioned in section one of this act, who shall wear or carry any such pistol as in [is] used in the army or navy of the United States, in any manner except uncovered, and in his hand, shall be deemed guilty of a misdemeanor.

Sec. 3.   Any person who shall sell, barter or exchange, or otherwise dispose of, or in any manner furnish to any person *any person* any dirk or bowie knife, or a sword or a spear in a cane, brass or metal knucks, or any pistol, of any kind whatever, except such as are used in the army or navy of the United States, and known as the navy pistol, or any kind of cartridge, for any pistol, or any person who shall keep any such arms or cartridges for sale, shall be guilty of a misdemeanor.

Sec. 4.   Any person convicted of a violation of any of the provisions of this act, shall be punished by a fine of not less than fifty nor more than two hundred dollars.

Sec. 5.   Any justice of the peace in this State, who, from his own knowledge, or from legal information, knows, or has reasonable grounds to believe, any person guilty of the violation of the provisions of this act, and shall fail or refuse to proceed against such person, shall be deemed guilty of a nonfeasance in office, and upon conviction thereof, shall be punished by the same fines and penalties as provided in section four of this act, and shall be removed from office.

Sec. 6.   Any officer in this State, whose duty it is to make arrests, who may have personal knowledge of any person carrying arms contrary to the provisions of this act, and shall fail or refuse to arrest such person and bring him to trial, shall be punished, as provided in section four of this act.

Sec. 7.   All persons violating any of the provisions of this act may be prosecuted in any of the courts of this State, having jurisdiction to try the same.

Sec. 8.   All laws or parts of laws, in conflict with the provisions of this act are hereby repealed, and this act to take effect and be in force ninety days after its passage.

Approved, April 1st, 1881.

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4379   Page 10 of 65

A. D. 1903.

the foregoing Sections of this Act shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine of not exceeding one hundred dollars, or by imprisonment not exceeding thirty days, or by both fine and imprisonment, in the discretion of the Court.

SEC. 4. This Act shall be of force and effect from and after April first, 1903.

SEC. 5. All Acts and parts of Acts in conflict with this Act be, and the same are hereby, repealed.

Approved the 23d day of February, A. D. 1903.

---

## No. 86.

AN ACT TO AMEND AN ACT ENTITLED "AN ACT TO AMEND SECTION 1 OF AN ACT ENTITLED 'AN ACT TO REGULATE THE CARRYING, MANUFACTURE AND SALE OF PISTOLS, AND TO MAKE A VIOLATION OF THE SAME A MISDEMEANOR,' APPROVED 20TH OF FEBRUARY, 1901, BY STRIKING OUT CERTAIN WORDS AND INSERTING OTHER WORDS IN LIEU THEREOF," APPROVED FEBRUARY 25TH, 1902, BY PROHIBITING LEASING, RENTING, BARTERING, EXCHANGING AND HANDLING PISTOLS.

SECTION 1. *Be it enacted* by the General Assembly of the State of South Carolina, That an Act entitled "An Act to amend Section 1 of an Act entitled 'An Act to regulate the carrying, manufacture and sale of pistols, and to make a violation of the same a misdemeanor,' approved 20th of February, 1901, by striking out certain words and inserting other words in lieu thereof," approved February 25, 1902, be amended by inserting after the words "offer for sale" and before the words "or transport for sale," the following words, "lease, rent, barter, exchange, handle;" so that said Section, when amended, shall read as follows:

*Act of 25 Feb., 1902, Vol. 23 of Acts, p. 1093, amended.*

Section 1. That from and after the first day of July, 1902, it shall be unlawful for any one to carry about the person, whether concealed or not, any pistol less than twenty inches long and three pounds in weight; and it shall be unlawful for any person, firm or corporation to manufacture, sell or offer for sale,

*Manufacture, sale, and carrying of certain pistols prohibited. Criminal Code, § 129, amended.*

A. D. 1903.

lease, rent, barter, exchange, or transport for sale or into this State, any pistol of less length and weight. Any violation of this Section shall be punished by a fine of not more than one thousand dollars, or imprisonment for not more than two years; and in case of a sale by a person, firm or corporation, the sum of one hundred dollars shall be forfeited to and for the use of the school fund of the County wherein the violation takes place, to be recovered as other fines and forfeitures: *Provided,* This Act shall not apply to peace officers in the actual discharge of their duties, or to carrying or keeping of pistols by persons while on their own premises.

Approved the 2d day of March, A. D. 1903.

---

## No. 87.

AN ACT TO AMEND SECTION 20 OF THE CODE OF CIVIL PRO-
CEDURE, FIXING THE TIMES FOR THE HOLDING OF THE
CIRCUIT COURTS OF THE THIRD JUDICIAL CIRCUIT.

Code of Pro-
cedure, § 20,
amended.

SECTION 1. *Be it enacted* by the General Assembly of the State of South Carolina, That Section 20 of the Code of Civil Procedure be, and the same is hereby, amended, so as to read

Courts in
Third Circuit.

as follows: Sec. 20. The Circuit Courts of the Third Judicial Circuit of this State shall be held as follows:

Lee County.

1. The Court of General Sessions at Bishopville, for the County of Lee, on the first Monday in March, the first Monday in June and the fourth Monday in September; and the Court of Common Pleas at the same place on the Wednesdays first succeeding the Mondays herein fixed for the holding of the Court of General Sessions at said place.

Florence
County.

2. The Court of General Sessions at Florence, for the County of Florence, on the second Monday after the first Monday in March, the second Monday in June and the second Monday after the fourth Monday in September; and the Court of Common Pleas at the same place on the Wednesdays first succeeding the Mondays herein fixed for the holding of the Court of General Sessions at said place.

Georgetown
County.

3. The Court of General Sessions at Georgetown, for the County of Georgetown, on the fourth Monday after the first

**1907.**                              **80**

No. 55.)                    AN ACT                    (H. 37.

To prohibit the sale, or barter, or having possession of small deadly weapons, such as small pistols, bowie knives, dirks, brass knucks, and slung shots.  Be it enacted by the legislature of Alabama:

Penalty for sale, etc.

Section 1.   That any person who sells, or barters, any pistol of less than twenty-four inches in length of barrel, or any brass knucks, metalic knucks, dirks, slung shot, bowie knives or knife of like kind, must on conviction be fined not less than one hundred ($100.00) nor more than one thousand $1000.00 dollars, and may also be sentenced to hard labor for not less than one nor more than three months.

Penalty for having possession of.

Section 2.   Any person who has possession off of his own premises, of any of the weapons named in the first section of this act must on conviction be fined not less than twenty-five ($25.00) nor more than five hundred ($500.00) dollars, and may also be sentenced to hard labor for less than one nor more than three months.

Effect.

Section 2.   This act shall go into effect and be operative from and after the first day of July, 1908.

Approved Nov. 23, 1907.

No. 56.)                    AN ACT                    (H. 50.

To provide for the registration of all conveyances of real and personal property and to repeal all laws in conflict therewith.

Instruments, record of; how made.

Section 1. Be it enacted by the legislature of Alabama, That it shall be the duty of the probate judges to record all instruments filed with them, and entitled to registration under the law, by writing the same in a fair hand, or by printing the same in books kept for that purpose, or

'Section 13. Every town shall raise and expend, annually, for the support of common schools therein, exclusive of the income of any corporate school fund, or of any grant from the revenue or fund from the state, or of any voluntary donation, devise or bequest, or of any forfeiture accruing to the use of schools, not less than eighty cents for each inhabitant, according to the census by which representatives to the legislature were last apportioned, under penalty of forfeiting not less than twice nor more than four times the amount of its deficiency, and all moneys provided by towns, or apportioned by the state for the support of common schools, shall be expended for the maintenance of common schools established and controlled by the towns by which said moneys are provided, or to which said moneys are apportioned; but nothing in this section shall be so construed as to annul, or render void, the provisions made in section eighteen of this chapter for the establishing and maintenance of union schools by adjoining towns.'

Section 2. This act shall take effect January one, nineteen hundred and ten.

Approved March 24, 1909.

*Towns to raise money for schools.*

*—expenditure.*

## Chapter 129.

An Act to prohibit the use of Firearms fitted with any device to deaden the sound of explosion.

*Be it enacted by the People of the State of Maine,* as follows:

Section 1. It shall be unlawful for any person to sell, offer for sale, lease or have in his possession, any gun, pistol or other firearm, fitted or contrived with any device for deadening the sound of explosion. Whoever violates any of the provisions of this act shall forfeit such firearm or firearms and the device or silencer, and shall further be subject to a fine not exceeding one hundred dollars, or to imprisonment not exceeding sixty days, or to both fine and imprisonment. Any sheriff, deputy sheriff, constable, inland fish and game warden or deputy inland fish and game warden shall have authority to seize any firearm or firearms and any device or silencer found in possession of any person in violation of this act, and on conviction of the party from whom such firearm or firearms are seized, such firearm or firearms shall be sold, the proceeds to be paid to the state treasurer, and the device or silencer shall be destroyed.

*Use of firearms fitted with device to deaden sound, prohibited.*

*—penalty.*

*—seizure of firearms, and by whom.*

CHAP. 130

Military organizations not affected.

Section 2.   This act does not apply to military organizations authorized by law to bear arms, or to the national guard in the performance of its duty.

Section 3.   In all prosecutions arising under this act, municipal and police courts and trial justices in their respective counties shall have upon complaint original and concurrent jurisdiction with the supreme judicial and superior courts, and all fines, penalties and forfeitures recovered by any person for any violation of this act shall be paid forthwith by the person receiving the same to the state treasurer, to be credited to fines and license fees for the protection of birds and game.

Approved March 24, 1909.

---

## Chapter 130.

An Act to amend Paragraph Five, of Section Thirty, of Chapter Eighteen of the Revised Statutes, relating to By-laws of Local Boards of Health.

*Be it enacted by the People of the State of Maine,* as follows:

Paragraph 5, of section 30, chapter 18, R. S., amended.

Paragraph five, of section thirty, of chapter eighteen of the revised statutes is hereby amended by inserting after the word "county" in the seventh line thereof the words 'or by posting copies of said by-laws in six conspicuous and public places within the town;' also by inserting after the word "publication" in the eighth line thereof the words 'or posting,' so that said paragraph, as amended, shall read as follows:

Board of health may make by-laws for preservation of life and health.

—notice of by-laws.

'V.   Make, alter and amend such orders and by-laws as they shall think necessary and proper for the preservation of life and health and the successful operation of the health laws of the state, subject to the approval of any justice of the supreme judicial court.   Notice shall be given by the board of health, of all by-laws made or amended by them, by publishing the same in some newspaper, if there is one published in such town; if there is none, then in the nearest newspaper published in the county; or by posting copies of said by-laws in six conspicuous and public places within the town; and a record of such publication, or posting, of said orders and by-laws in the office of the town clerk, shall be deemed a legal notice to all persons.'

Approved March 24, 1909.

# HEINONLINE

Citation: 1911 vol. I 442 1911



Content downloaded/printed from
HeinOnline (http://heinonline.org)
Thu Mar 26 15:19:49 2015

-- Your use of this HeinOnline PDF indicates your acceptance
   of HeinOnline's Terms and Conditions of the license
   agreement available at http://heinonline.org/HOL/License

-- The search text of this PDF is generated from
   uncorrected OCR text.

# Chap. 195.

AN ACT to amend the penal law, in relation to the sale and
carrying of dangerous weapons.

Became a law May 25, 1911, with the approval of the Governor. Passed,
three-fifths being present.

*The People of the S ı.e of New York, represented in Senate
and Assembly, do enact as follows:*

L. 1909,
ch. 88,
§§ 1896,
1897, 1899
amended.

Section 1. Sections eighteen hundred and ninety-six, eighteen
hundred and ninety-seven and eighteen hundred and ninety-nine
of chapter eighty-eight of the laws of nineteen hundred and nine,
entitled "An act providing for the punishment of crime, con-
stituting chapter forty of the consolidated laws," are hereby
amended to read as follows:

§ 1896. **Making and disposing of dangerous weapons.** A
person who manufactures, or causes to be manufactured, or sells
or keeps for sale, or offers, or gives, or disposes of any instru-
ment or weapon of the kind usually known as a blackjack,[1] slung-
shot, billy, sandclub, sandbag, bludgeon,[2] or metal knuckles, to any
person; or a person who offers, sells, loans, leases, or gives any
gun, revolver, pistol or other firearm or any airgun, spring-gun
or other instrument or weapon in which the propelling force is
a spring or air or any instrument or weapon commonly known
as a toy pistol or in or upon which any loaded or blank cartridges
are used, or may be used, or any loaded or blank cartridges or
ammunition therefor, to any person under the age of sixteen
years, is guilty of a misdemeanor.

§ 1897. **Carrying and use of dangerous weapons.** A person
who attempts to use against another, or who carries, or possesses,
any instrument or weapon of the kind commonly known as a
blackjack,[1] slungshot, billy, sandclub, sandbag,[2] metal knuckles or
bludgeon,[2] or who, with intent to use the same unlawfully[3] against
another, carries or possesses a dagger, dirk, dangerous knife, razor,
stiletto, or any other dangerous or deadly instrument or weapon,[4]
is guilty of a felony.

---

[1] Word "blackjack" new.
[2] Words "sandbag, bludgeon" new.
[3] Word "unlawfully" new.
[4] Words "razor, stiletto, or any other dangerous or deadly instrument or
weapon," new.

Any person under the age of sixteen years, who shall have, carry, or have in his possession,[5] any of the articles named or described in the last section, which it is forbidden therein to offer, sell, loan, lease or give to him, shall be guilty of a misdemeanor.

[6]Any person over the age of sixteen years, who shall have in his possession in any city, village or town of this state, any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be *prescribed by ordinance in such city, village or town, shall be guilty of a misdemeanor.

Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city, village, or town of this state, any pistol, revolver, or other firearm without a written license therefor, theretofore issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be prescribed by ordinance of such city, village or town, shall be guilty of a felony.[7]

[8]Any person not a citizen of the United States, who shall have or carry firearms, or any dangerous or deadly weapons in any public place, at any time, shall be guilty of a felony. This section shall not apply to the regular and ordinary transportation of firearms as merchandise, nor to sheriffs, policemen, or to other duly appointed peace officers, nor to duly authorized military or civil organizations, when parading, nor to the members thereof when going to and from the places of meeting of their respective organizations.

§ 1899. **Destruction of dangerous weapons.**  The unlawful[9] carrying of a pistol, revolver, or other firearm[10] or of an instrument or weapon of the kind usually known as blackjack, bludgeon,[11] slungshot, billy, sandclub, sandbag,[12] metal knuckles, or of a dagger,

---

* So in original.
5 Words " in any public place " omitted.
6 Following sentence new.
7 Formerly " misdemeanor."
8 Following sentence formerly read: " No person not a citizen of the United States, shall have or carry firearms or dangerous weapons in any public place at any time."
9 Word " unlawful " new.
10 Words " or other firearm " new.
11 Words " blackjack, bludgeon " new.
12 Word " sandbag " new.

dirk, dangerous knife, or any other dangerous or deadly weapon,[13] by any person save a peace officer, is a nuisance, and such weapons are hereby declared to be nuisances, and when any one or more of the above described instruments or weapons shall be taken from the possession of any person the same shall be surrendered to the sheriff of the county wherein the same shall be taken, except that in cities of the first class the same shall be surrendered to the head of the police force or department of said city. The officer to whom the same may be so surrendered shall, except upon certificate of a judge of a court of record, or of the district attorney, that the nondestruction thereof is necessary or proper in the ends of justice, proceed at such time or times as he deems proper, and at least once in each year, to destroy or cause to be destroyed any and all such weapons or instruments, in such manner and to such extent that the same shall be and become wholly and entirely ineffective and useless for the purpose for which destined and harmless to human life or limb.

§ 1914 added.

§ 2. Such chapter is hereby amended by adding at the end of article one hundred and seventy-two thereof a new section to be section nineteen hundred and fourteen and to read as follows:

§ 1914. **Sale of pistols, revolvers and other firearms.** Every person selling a pistol, revolver or other firearm of a size which may be concealed upon the person whether such seller is a retail dealer, pawnbroker or otherwise, shall keep a register in which shall be entered at the time of sale, the date of sale, name, age, occupation and residence of every purchaser of such a pistol, revolver or other firearm, together with the calibre, make, model, manufacturer's number or other mark of identification on such pistol, revolver or other firearm. Such person shall also, before delivering the same to the purchaser, require such purchaser to produce a permit for possessing or carrying the same as required by law, and shall also enter in such register the date of such permit, the number thereon, if any, and the name of the magistrate or other officer by whom the same was issued. Every person who shall fail to keep a register and to enter therein the facts required by this section, or who shall fail to exact the production of a permit to possess or carry such pistol, revolver or other firearm, if such permit is required by law, shall be guilty of a misdemeanor. Such register shall be open at all reasonable hours for

---

[13] Words " or any other dangerous or deadly weapon," new. Words " without lawful permission, license or authority so to do," omitted.

the inspection of any peace officer. Every person becoming the lawful possessor of such a pistol, revolver or other firearm, who shall sell, give or transfer the same to another person without first notifying the police authorities, shall be guilty of a misdemeanor. This section shall not apply to wholesale dealers.

§ 3. This act shall take effect September first, nineteen hundred and eleven. *In effect Sept. 1, 1911.*

---

# Chap. 196.

AN ACT to amend chapter fifty-two, laws of nineteen hundred and nine, entitled "An act relating to real property, constituting chapter fifty of the consolidated laws," in relation to officers taking acknowledgments.

Became a law May 29, 1911, with the approval of the Governor. Passed, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. Section three hundred and ten of chapter fifty-two of the laws of nineteen hundred and nine, entitled "An act relating to real property, constituting chapter fifty of the consolidated laws," is hereby amended so as to read as follows: *L. 1909, ch. 52, § 310 amended.*

§ 310.[1] A certificate of acknowledgment or proof, made within the state, by a commissioner of deeds, justice of the peace, or, except as otherwise provided by law, by a notary public, does not entitle the conveyance to be read in evidence or recorded, except within the county in which the officer making the same is authorized to act[2] at the time of making such certificate, unless authenticated by a certificate of the clerk of the same county; provided, however, that all certificates of acknowledgments or proof, made by or before a commissioner of deeds of the city of New York residing in any part therein, shall be authenticated by the[3] clerk of any county within said city, in whose office such commissioner of deeds shall have filed a certificate under the hand and seal of the city clerk of said city, showing the appointment and *When county clerk's authentication necessary.*

---

[1] Section heading amended out.
[2] Words "making the same is authorized to act" substituted for word "resides."
[3] Words "city clerk of said city, that the said commissioner of deeds was duly appointed and qualified as such," omitted.

310                       PUBLIC ACTS.                    [A. D.

Sec. 5904.   A person who sells, gives away or furnishes to a person under twenty-one years of age, cigarettes, cigarette papers or wrappers shall be imprisoned not more than two months or fined not more than fifty dollars, or both.   A plainly printed copy of this and the preceding section shall, upon application, be furnished by the secretary of state and be posted in a conspicuous place in each store, shop, office or place of business where cigarettes are sold or kept for sale.   A person who fails to so post such copy shall be fined not more than twenty-five dollars nor less than five dollars.

Sec. 2.   This act shall take effect March 1, 1913.

Approved February 3, 1913.

---

No. 236.—AN ACT TO IMPROVE SANITARY CONDITIONS IN THE SALE OF BREAD AND CAKE.

*It is hereby enacted by the General Assembly of the State of Vermont:*

Section 1.   No person shall carry or cart about with intent to sell or offer for sale, or deliver to customers after it has been sold for human food, any kind or quality of bread or cake in loaf form, unless each loaf be wrapped separately in waxed paper, tissue paper or some similar wrapper or a sanitary container of sufficient thickness and quality to protect the bread and cake from dust and dirt.

Sec. 2.   A person who violates a provision of this act shall be fined five dollars for each offense.

Approved December 10, 1912.

---

No. 237.—AN ACT TO PREVENT THE MANUFACTURE, SALE OR USE OF GUNSILENCERS.

*It is hereby enacted by the General Assembly of the State of Vermont:*

Section 1.   A person who manufactures, sells, or uses, or possesses with intent to sell or use, an appliance known as or used for a gunsilencer shall be fined twenty-five dollars for each offense. This act shall not prevent the use or possession of gunsilencers for military purposes when so used or possessed under proper military authority and restriction.

Sec. 2.   This act shall take effect January 1, 1913.

Approved November 14, 1912.

# HEINONLINE

Citation: 1913 307 1913



Content downloaded/printed from
HeinOnline (http://heinonline.org)
Tue Mar 24 16:45:36 2015

-- Your use of this HeinOnline PDF indicates your acceptance
   of HeinOnline's Terms and Conditions of the license
   agreement available at http://heinonline.org/HOL/License

-- The search text of this PDF is generated from
   uncorrected OCR text.

307

## CHAPTER 296.

### TAKING DEPOSITIONS WHERE BOOKS OF ACCOUNT ARE USED AS EVIDENCE.

H. F. 526.

AN ACT to amend section four thousand six hundred and twenty three (4623) of the code relating to books of account as evidence.

*Be it enacted by the General Assembly of the State of Iowa:*

SECTION 1. **Book of account—when admissible—books photographed.** That section four thousand six hundred and twenty three (4623) of the code be and the same is hereby amended by adding thereto as subdivision five (5) thereof the following

5  In all cases where depositions are taken by either method provided by law, outside of the county in which the case is for trial where books of account are competent evidence in the case, the party desiring to offer the entries of said books as evidence may cause the same to be photographed by or under the direction of the officer taking the deposition and such photographic copy when certified by such officer with his seal attached shall be attached to the deposition, and if the record shows affirmatively the preliminary proof required by subdivisions one, two, three, and four of said section four thousand six hundred and twenty three such copy shall be admitted in evidence with the same force and effect as the original.

Approved April 19 A. D. 1913.

## CHAPTER 297.

### DANGEROUS AND CONCEALED WEAPONS.

H. F. 108.

AN ACT to prohibit the sale, keeping for sale, loaning, giving away or carrying of certain dangerous weapons, to prevent the carrying of concealed weapons, except in specified cases when a permit is issued therefor; to provide punishment for the violation of the provisions hereof. [Additional to chapter two (2) of title twenty-four (XXIV) of the code relating to offenses against lives and persons.]

*Be it enacted by the General Assembly of the State of Iowa:*

SECTION 1. **Carrying concealed weapons—age limit.** It shall be unlawful for any person, except as hereinafter provided, to go armed with and have concealed upon his person a dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, pocket billy, sand bag, skull cracker, slung-shot, or other offensive and dangerous weapons or instruments concealed upon his person; provided that no person under fourteen years of age shall be allowed to carry firearms of any description.

SEC. 2. **Selling dangerous weapons.** It shall be unlawful to sell, to keep for sale or offer for sale, loan or give away, dirk, dagger, stiletto, metallic knuckles, sand bag or skull cracker. The provisions of this section shall not prevent the selling or keeping for sale of hunting and fishing knives.

SEC. 3. **Permit to carry concealed weapons—how obtained.** The chief of police in cities of the first and second class, special charter cities and cities under commission form, or where there is no organized police force, in counties, towns and villages the sheriff or mayor shall issue a permit to carry concealed a revolver, pistol or pocket billy, provided that in the judgment of said officials such permit should be granted.

SEC. 4. **Permits—to whom issued.** It shall be the duty of said officials to issue a permit to go armed with a revolver, pistol or pocket billy to all peace officers and such other persons who, in the judgment of said officials, should be permitted to go so armed. Mining companies, banks, trust companies, railroad and express companies may obtain a general permit good for any of their employees, only while on duty, actually engaged in guarding any property or the transportation of moneys or other valuables.

Permits issued to peace officers or to employees of railroad or express companies shall permit such persons to go armed anywhere within the state while in the discharge of their duties.

SEC. 5. **Permit to sell dangerous weapons—how obtained—record.** The chief of police, sheriff or mayor shall have authority to issue permits to sell and shall keep a correct list of all persons to whom permits to sell are issued, together with the number of such permit and the date each is revoked, and furnish the county recorder a copy of all such permits issued and revocations made.

SEC. 6. **Revocation.** Whenever any permit is issued under this act to any person to carry any of the weapons mentioned herein, by virtue of said person being a peace officer, the right of said person to carry any of said weapons shall cease when said person ceases to be such official. Said officials shall have the power to at any time at his [their] discretion, revoke any permit under and by virtue of this act.

The county recorder shall keep a complete record, in a book provided for the purpose of all permits issued, and revocations made, and sales of pistols, revolvers and pocket billies. Such record shall not be open to inspection to any, except the sheriff, mayor, or chief of police of the county or municipality.

SEC. 7. **Applicant—requirements.** No permit shall be granted to any person to go armed as heretofore stated, with a revolver, pistol or pocket billy, unless the applicant shall make personal application before the officials heretofore mentioned, and the applicant must state: first, the full name, residence and age of the applicant; second, the place of business, place of employment, or vocation of the applicant; third, the nature of the applicant's business.

SEC. 8. **Prima facie evidence.** It shall be the duty of any person armed with a revolver, pistol or pocket billy concealed upon his person, to produce at all times and upon the request of any peace officer or any other person in authority, the permit provided for in this act. And failure to so produce such permit upon request shall be deemed prima facie evidence of the violation of the terms of this act.

SEC. 9. **Dealers' permits.** It shall be unlawful for any person, firm, association or corporation to engage in the business of selling, keeping for sale, exchange or give away to any person within the state, any revolver, pistol or pocket billy or other weapons of a like character which can be concealed on the person, without first securing a permit from the proper officials having authority to issue such permit.

SEC. 10. **Dealers' reports—failure—fictitious name—penalty.** Every person selling revolvers, pistols, pocket billies and other weapons of a like character which can be concealed on the person, whether such person is a retail dealer, pawn broker or otherwise, shall report within twenty-four hours to

the county recorder, the sale of any revolver, pistol or pocket billy and in such report shall set forth the time of sale, age, occupation, place of employment or business, name and residence of such purchaser of said weapon or weapons, together with the number, make, and other marks of identification of such weapon or weapons. Every person who shall fail to make such report will be guilty of a misdemeanor, and on being convicted of a second offense his permit shall be revoked.

Any person purchasing a revolver, pistol or a pocket billy according to the provisions in sections seven and ten, and giving a fictitious name will be guilty of a misdemeanor.

SEC. 11. **Violation—penalty—recognizance—first offense.** Any person who shall violate any of the provisions of section one (1) shall be deemed guilty of a felony and upon conviction thereof shall be punished by a fine of not more than five hundred dollars or by imprisonment in the state prison not more than two years, or by both such fine and imprisonment in the discretion of the court, and in addition thereto may be required to enter into a recognizance with sufficient surety in such sum as the court may order, not exceeding one thousand dollars, to keep the peace and be of good behavior for a period not exceeding one year, provided that in case of the first offense the court may in its discretion reduce the punishment to imprisonment in the county jail of a term not more than three months, or a fine of not more than one hundred dollars.

SEC. 12. **Not applicable to wholesale dealers or jobbers.** This act shall not affect in any respect wholesale dealers or jobbers.

SEC. 13. **Acts in conflict repealed.** All acts, and parts of acts, in so far as they are in conflict with this act, are hereby repealed.

Approved April 19 A. D. 1913.

---

### CHAPTER 298.

#### BURGLARY.

H. F. 300.

AN ACT to amend the law as it appears in section four thousand seven hundred and ninety-nine-a (4799-a) of the supplement to the code, 1907, relating to burglary with explosives.

*Be it enacted by the General Assembly of the State of Iowa:*

SECTION 1. **Burglary with explosives—penalty.** That section four thousand seven hundred and ninety-nine-a (4799-a) of the supplement to the code, 1907, be and the same is hereby amended by striking out the word "and" after the work "building" in the second line thereof and inserting in lieu thereof the words, "with intent to".

Approved April 18 A. D. 1913.

# HEINONLINE

Citation:  1913 497 1913



Content downloaded/printed from
HeinOnline (http://heinonline.org)
Wed Apr 22 21:07:53 2015

-- Your use of this HeinOnline PDF indicates your acceptance
   of HeinOnline's Terms and Conditions of the license
   agreement available at http://heinonline.org/HOL/License

-- The search text of this PDF is generated from
   uncorrected OCR text.

agree on the verdict the same shall be signed by all the jurors who concur therein, and the clerk of said court shall enter on his minutes the number of said jurors concurring in said verdict.

Sec. 3. **Inconsistent acts repealed.**—All acts or parts of acts inconsistent herewith are hereby repealed.

Sec. 4. This act shall take effect and be in force from and after July 1st, 1913.

Approved March 13, 1913.

---

### CHAPTER 64—H. F. No. 80.

*An Act to prevent the sale, offering or exposing for sale or having in possession for the use or for purpose of sale within this state, of a silencer for shot-gun, revolver, rifle or other fire-arm, defining a silencer and providing penalties for violation.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Use of silencers prohibited.**—No person shall within the state of Minnesota sell or offer or expose for sale, or have in possession for use upon or in connection with any rifle, shot-gun, revolver, or other fire-arm or have in possession for purposes of sale any silencer for a shot-gun, revolver, rifle or other fire-arm.

Sec. 2. **Possession prima facie evidence.**—In any prosecution hereunder proof of the having such silencer in possession by any person shall constitute prima facie evidence that same was had in possession of such person for use contrary to the provisions of this act.

Sec. 3. **Construction of word ''silencer.''**—A silencer within the meaning of this act is defined as a mechanical device or construction or instrument designed or intended to be temporarily or permanently attached to or used in connection with any shot-gun, revolver, rifle, or other fire-arm for the purpose of lessening or reducing the volume of sound caused by the discharge of or by the firing of such gun, rifle, revolver or other fire-arm.

Sec. 4. **Violation a misdemeanor.**—Any person violating any of the provisions of this act shall be guilty of a misdemeanor.

Approved March 13, 1913.

---

### CHAPTER 65—H. F. No. 155.

*An Act to amend Section Four (4) of Chapter Two Hundred Thirty-One (231) of the General Laws of Minnesota for*

# HEINONLINE

Citation:  1927 887 1927



Content downloaded/printed from
HeinOnline (http://heinonline.org)
Tue Mar 24 15:47:48 2015

-- Your use of this HeinOnline PDF indicates your acceptance
   of HeinOnline's Terms and Conditions of the license
   agreement available at http://heinonline.org/HOL/License

-- The search text of this PDF is generated from
   uncorrected OCR text.

other purpose. Such persons shall hold office during the term of their employment by the state highway department but the authority herein vested shall cease upon the termination of such employment. The persons so appointed shall by reason of such appointment be members of the department of public safety during the terms of such appointment but shall serve without pay as members thereof.

Approved June 2, 1927.

---

### [No. 372.]

AN ACT to regulate and license the selling, purchasing, possessing and carrying of certain firearms; to prohibit the buying, selling or carrying of certain firearms without a license therefor; to prohibit the possession of certain weapons and attachments; to prohibit the pawning of certain firearms; to prohibit the sale, offering for sale, or possession for the purpose of sale of written or printed matter containing any offer to sell or deliver certain firearms or devices within this state; to provide penalties for the violations of this act, and to repeal act number two hundred seventy-four of the public acts of nineteen hundred eleven, being sections fifteen thousand two hundred thirty-six, fifteen thousand two hundred thirty-seven, fifteen thousand two hundred thirty-eight, fifteen thousand two hundred thirty-nine, fifteen thousand two hundred forty, fifteen thousand two hundred forty-one, fifteen thousand two hundred forty-two, fifteen thousand two hundred forty-three, fifteen thousand two hundred forty-four, fifteen thousand two hundred forty-five and fifteen thousand two hundred forty-six of the compiled laws of nineteen hundred fifteen; act number three hundred thirteen of the public acts of nineteen hundred twenty-five; and section sixteen of chapter one hundred sixty-two of the revised statutes of eighteen hundred forty-six, being section fifteen thousand six hundred forty-one of the compiled laws of nineteen hundred fifteen.

#### The People of the State of Michigan enact:

SECTION 1. The word "pistol" as used in this act shall mean any firearm, loaded or unloaded, thirty inches or less in length. The word "purchaser" shall mean any person who receives a pistol from another by purchase, gift or loan. The word "seller" shall mean any person who sells, furnishes, loans or gives a pistol to another. *Words defined.*

SEC. 2. No person shall purchase a pistol as defined in this act without first having obtained a license therefor as *License before purchase.*

App. 26

prescribed herein. The commissioner or chief of police, or his duly authorized deputy, in incorporated cities or in incorporated villages having an organized department of police, and the sheriff, or his authorized deputy, in parts of the respective counties not included within incorporated cities or villages, are hereby authorized to issue licenses to purchase pistols to applicants residing within the respective territories herein mentioned. No such license shall be granted to any person except he be nineteen years of age or over, and has resided in this state six months or more, and in no event shall such a license be issued to a person who has been convicted of a felony or adjudged insane in this state or elsewhere. Applications for such licenses shall be signed by the applicant under oath upon forms provided by the commissioner of public safety. Licenses to purchase pistols shall be executed in duplicate upon forms provided by the commissioner of public safety and shall be signed by the licensing authority. One copy of such license shall be delivered to the applicant and the duplicate of such license shall be retained by such licensing authority as a permanent official record for a period of six years. Such license shall be void unless used within ten days after the date of its issue. Any person who shall sell to another any pistol as defined in this act without complying with the requirements of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than one hundred dollars or imprisonment in the county jail not more than ninety days, or both such fine and imprisonment in the discretion of the court. Such license shall be signed in ink by the holder thereof in the presence of the person selling, loaning or giving a pistol to such licensee and shall thereupon be taken up by such person, signed by him in ink and shall be delivered or sent by registered mail within forty-eight hours to the commissioner of public safety. The seller shall certify upon said license in the space provided therefor the name of the person to whom such pistol was delivered, the make, style, calibre and number of such pistol, and shall further certify that such purchaser signed his name on said license in the presence of the seller. The provisions of this section shall not apply to the purchase of pistols from wholesalers by dealers regularly engaged in the business of selling pistols at retail, nor to the sale, barter or exchange of pistols kept solely as relics, souvenirs or curios.

*To whom granted.*

*Executed in duplicate.*

*Misdemeanor; penalty.*

SEC. 3. It shall be unlawful within this state to manufacture, sell, offer for sale, or possess any machine gun or firearm which can be fired more than sixteen times without reloading, or any muffler, silencer or device for deadening or muffling the sound of a discharged firearm, or any bomb or bombshell, or any blackjack, slung shot, billy, metallic knuckles, sandclub, sandbag or bludgeon. Any person convicted of a violation of this section shall be guilty of a felony and shall be punished by a fine not exceeding one thousand

*Unlawful to manufacture, etc., certain firearms, etc.*

*Penalty for violation.*

dollars or imprisonment in the state prison not more than five years, or by both such fine and imprisonment in the discretion of the court. The provisions of this section shall not apply, however, to any person, firm or corporation manufacturing firearms, explosives or munitions of war by virtue of any contracts with any department of the government of the United States, or with any foreign government, state, municipality or any subdivision thereof.

SEC. 4. Any person who, with intent to use the same unlawfully against the person of another, goes armed with a pistol or other firearm or dagger, dirk, razor, stiletto, or knife having a blade over three inches in length, or any other dangerous or deadly weapon or instrument, shall be guilty of a felony and on conviction thereof shall be punished by a fine not exceeding one thousand dollars or imprisonment in the state prison for not more than five years, or by both such fine and imprisonment in the discretion of the court. *Felony, what deemed. Penalty.*

SEC. 5. No person shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him. No person shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license therefor as herein provided. Any person violating the provisions of this section shall be guilty of a felony and upon conviction thereof shall be punished by a fine not exceeding one thousand dollars or imprisonment in the state prison for not more than five years, or by both such fine and imprisonment in the discretion of the court. *Unlawful to carry, etc., dagger, etc.*

SEC. 6. The prosecuting attorney, the commissioner or chief of police and the commissioner of public safety or their respective authorized deputies in incorporated cities or in incorporated villages having an organized department of police, and the prosecuting attorney, the commissioner of public safety or their authorized deputies, and the sheriff, under-sheriff or chief deputy sheriff in parts of the respective counties not included within incorporated cities or villages shall constitute boards exclusively authorized to issue licenses to carry pistols concealed on the person to applicants residing within the respective territories herein mentioned. The county clerk of each county shall be clerk of such licensing boards, which boards shall be known in law as "The Concealed Weapon Licensing Board." No such license to carry a pistol concealed on the person shall be granted to any person except he be nineteen years of age or over and has resided in this state six months or over, and in no event shall such license be issued unless it appears that the applicant has good reason to fear injury to his person or property, or has *Concealed weapon licensing board. To whom license granted.*

other proper reasons, and that he is a suitable person to be so licensed, and in no event to a person who has been convicted of a felony or adjudged insane in this state or elsewhere. The prosecuting attorney shall be the chairman of the said board, which shall convene at least once in each calendar month and at such other times as they shall be called to convene by the chairman. Such licenses shall be issued only upon written application signed by the applicant and on his oath and upon forms provided by the commissioner of public safety. Such licenses shall issue only with the approval of a majority of said board and shall be executed in triplicate upon forms provided by the commissioner of public safety and shall be signed in the name of the concealed weapon licensing board by the county clerk and the seal of the circuit court affixed thereto. One copy of such license shall be delivered to the applicant, the duplicate of said license shall be retained by the county clerk as a permanent official record for a period of six years, and the triplicate of such license shall be forwarded to the commissioner of public safety who shall file and index licenses so received by him and keep the same as a permanent official record for a period of six years. Each license shall be issued for a definite period of not more than one year, to be stated in the license, and no renewal of such license shall be granted except upon the filing of a new application. Every license issued hereunder shall bear the imprint of the right thumb of the licensee, or, if that be not possible, of the left thumb or some other finger of such licensee. Such licensee shall carry such license upon his person at all times when he may be carrying a pistol concealed upon his person and shall display such license upon the request of any peace officer.

Sec. 7. All licenses heretofore issued in this state permitting a person to carry a pistol concealed upon his person shall expire at midnight, December thirty-one, nineteen hundred twenty-seven.

Sec. 8. The licensing board herein created by section six may revoke any license issued by it upon receiving a certificate of any magistrate showing that such licensee has been convicted of violating any of the provisions of this act, or has been convicted of a felony. Such license may also be revoked whenever in the judgment of said board the reason for granting such license shall have ceased to exist, or whenever said board shall for any reasonable cause determine said licensee to be an unfit person to carry a pistol concealed upon his person. No such license shall be revoked except upon written complaint and then only after a hearing by said board, of which at least seven days' notice shall be given to the licensee either by personal service or by registered mail to his last known address. The clerk of said licensing board is hereby authorized to administer an oath to any person testifying before such board at any such hearing.

*Chairman of board.*

*Duration of license.*

*When license to expire.*

*When license revoked.*

App. 29

SEC. 9. On or before the first day of November, nineteen <span class="margin">Safety inspection of weapons.</span> hundred twenty-seven, any person within this state who owns or has in his possession a pistol as defined in this act, shall, if he reside in an incorporated city or an incorporated village having an organized police department, present such weapon for safety inspection to the commissioner or chief of police of such city or village; if such person reside in a part of the county not included within the corporate limits of such city or village he shall so present such pistol for safety inspection to the sheriff of such county. Any person owning or coming into possession of a pistol after the first day of November, nineteen hundred twenty-seven, shall forthwith present such pistol for safety inspection in the manner provided in this section. A certificate of inspection shall there- <span class="margin">Certificate issued.</span> upon be issued in triplicate on a form provided by the commissioner of public safety, containing the name, age, address, description and signature of the person presenting such pistol for inspection, together with a full description thereof; the original of such certificate shall be delivered to the registrant; the duplicate thereof shall be mailed to the commissioner of public safety and filed and indexed by him and kept as a permanent official record for a period of six years, and the triplicate of such certificate shall be retained and filed in the office of said sheriff, or commissioner or chief of police, as the case may be. The provisions of this section shall not apply to wholesale or retail dealers in firearms or to collections of pistols kept solely for the purpose of display, as relics, souvenirs, curios or antiques, nor to weapons heretofore registered under the provisions of section eleven of act number three hundred thirteen of the public acts of nineteen hundred twenty-five. Any person who fails to comply with the provision of this section shall be guilty of a misdemeanor and shall be punished by a fine not exceeding one hundred dollars or imprisonment in the county jail not exceeding ninety days, or by both such fine and imprisonment in the discretion of the court.

SEC. 10. No pawnbroker shall accept a pistol in pawn. <span class="margin">Pistol not accepted in pawn.</span> Any person violating this section of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than one hundred dollars or imprisonment in the county jail for not more than ninety days or by both such fine and imprisonment in the discretion of the court.

SEC. 11. No person shall wilfully alter, remove or obliter- <span class="margin">Alteration of pistol unlawful.</span> ate the name of the maker, model, manufacturer's number or other mark of identity of any pistol. Possession of any such firearm upon which the number shall have been altered, removed or obliterated, shall be presumptive evidence that such possessor has altered, removed or obliterated the same. Any person convicted under this section shall be punished by a fine not to exceed five hundred dollars or by imprisonment

in the state prison not to exceed two years or by both such fine and imprisonment in the discretion of the court.

**Exceptions to act.**

SEC. 12.   The provisions of section two, three, five and nine shall not apply to any peace officer of the state or any subdivision thereof who is regularly employed and paid by the state or such subdivision, or to any member of the army, navy or marine corps of the United States, or of organizations authorized by law to purchase or receive weapons from the United States or from this state, nor to the national guard or other duly authorized military organizations when on duty or drill, nor to the members thereof in going to or returning from their customary places of assembly or practice, nor to a person licensed to carry a pistol concealed upon his person issued by another state, nor to the regular and ordinary transportation of pistols as merchandise, or to any person while carrying a pistol unloaded in a wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business, or in moving goods from one place of abode or business to another.

**When unlawfully possessed.**

SEC. 13.   When complaint shall be made on oath to any magistrate authorized to issue warrants in criminal cases that any pistol or other weapon or device mentioned in this act is unlawfully possessed or carried by any person, such magistrate shall, if he be satisfied that there is reasonable cause to believe the matters in said complaint be true, issue his warrant directed to any peace officer, commanding him to search the person or place described in such complaint, and if such pistol, weapon or device be there found; to seize and hold the same as evidence of a violation of this act.

**Forfeited to state.**

SEC. 14.   All pistols, weapons or devices carried or possessed contrary to this act are hereby declared forfeited to the state.

**Certain books, etc., unlawful to sell, etc.**

SEC. 15.   It shall be unlawful to sell or deliver within this state, or to offer or expose for sale, or to have in possession for the purpose of sale, any book, pamphlet, circular, magazine, newspaper or other form of written or printed matter offering to sell or deliver, or containing an offer to sell or deliver to any person within this state from any place without this state any pistol or any weapon or device mentioned in section three hereof. The provisions of this section shall not apply to sales of or offers to sell pistols at wholesale to persons regularly engaged in the business of selling such pistols at wholesale or retail, nor to sales or offers to sell such pistols made or authorized by the United States government or any department or agency thereof.

**Penalty for violation.**

SEC. 16.   Any person violating the provisions of section fifteen of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed one hundred dollars or by imprisonment in the county jail not to exceed ninety days, or by both such fine and imprisonment in the discretion of the court.

SEC. 17. Act number two hundred seventy-four of the public acts of nineteen hundred eleven, being sections fifteen thousand two hundred thirty-six, fifteen thousand two hundred thirty-seven, fifteen thousand two hundred thirty-eight, fifteen thousand two hundred thirty-nine, fifteen thousand two hundred forty, fifteen thousand two hundred forty-one, fifteen thousand two hundred forty-two, fifteen thousand two hundred forty-three, fifteen thousand two hundred forty-four, fifteen thousand two hundred forty-five and fifteen thousand two hundred forty-six of the compiled laws of nineteen hundred fifteen; act number three hundred thirteen of the public acts of nineteen hundred twenty-five; and section sixteen of chapter one hundred sixty-two of the revised statutes of eighteen hundred forty-six, being section fifteen thousand six hundred forty-one of the compiled laws of nineteen hundred fifteen, are hereby repealed: *Provided, however,* That any proceedings pending under any of said sections herein repealed shall not be affected hereby but shall be concluded in accordance with the law of such repealed section or sections. *(Acts repealed. Proviso.)*

SEC. 18. This act is declared to be severable, and should any section hereof be hereafter declared unconstitutional or otherwise invalid, the remainder of the act shall not be affected thereby. *(Saving clause.)*

Approved June 2, 1927.

---

### [No. 373.]

AN ACT to amend section twenty-five of chapter thirty of act number three hundred fourteen of the public acts of nineteen hundred fifteen, entitled "An act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; the forms of civil actions; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal all acts and parts of acts inconsistent with, or contravening any of the provisions of this act," being section thirteen thousand two hundred fifty-three of the compiled laws of nineteen hundred fifteen, as amended by act number two hundred forty-three of the public acts of nineteen hundred seventeen, and to add a new section thereto to stand as section thirty-one.

*The People of the State of Michigan enact:*

SECTION 1. Section twenty-five of chapter thirty of act number three hundred fourteen of the public acts of nineteen *(Section amended.)*

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4404   Page 35 of 65

## CHAPTER 1052.

H 729 A
Approved
April 22, 1927.

### AN ACT TO REGULATE THE POSSESSION OF FIREARMS.

*It is enacted by the General Assembly as follows:*

Certain words and phrases, how construed:

SECTION 1. When used in this act the following words and phrases shall be construed as follows:

"Pistol."

"Pistol" shall include any pistol or revolver, and any shot gun, rifle or similar weapon with overall length less than twenty-six inches, but shall not include any pistol without a magazine or any pistol or revolver designed for the use of blank cartridges only.

"Machine gun."

"Machine gun" shall include any weapon which shoots automatically and any weapon which shoots more than twelve shots semi-automatically without reloading.

"Firearm."

"Firearm" shall include any machine gun or pistol.

"Person."

"Person" shall include firm, association or corporation.

"Licensing authorities."

"Licensing authorities" shall mean the board of police commissioners of a city or town where such board has been instituted, the chief of police or superintendent of police of other cities and towns having a regular organized police force, and in towns where there is no chief of police or superintendent of police it shall mean the town clerk who may issue licenses upon the recommendation of the town sergeant;

"Crime of violence."

"Crime of violence" shall mean and include any of the following crimes or an attempt to commit any of the same, viz.: murder, manslaughter, rape, mayhem, assault or battery involving grave bodily injury, robbery, burglary, and breaking and entering.

"Sell."

"Purchase."

"Purchasing."

"Sell" shall include let or hire, give, lend and transfer, and the word "purchase" shall include hire, accept and borrow, and the expression "purchasing" shall be construed accordingly."

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4405   Page 36 of 65

SEC. 2.  If any person shall commit or attempt to commit a crime of violence when armed with or having available any firearm, he may in addition to the punishment provided for such crime of violence be punished as provided in this act.  In the trial of a person for committing or attempting to commit a crime of violence the fact that he was armed with or had available a pistol without license to carry the same, or was armed with or had available a machine gun, shall be prima facie evidence of his intention to commit said crime of violence. *Additional punishment under this act.* *What to be prima facie evidence of intention to commit crime of violence.*

SEC. 3.  No person who has been convicted in this state or elsewhere of a crime of violence shall purchase, own, carry or have in his possession or under his control any firearm. *Who to be denied firearms.*

SEC. 4.  No person shall, without a license therefor, issued as provided in section six hereof, carry a pistol in any vehicle or concealed on or about his person, except in his dwelling house or place of business or on land possessed by him, and no person shall manufacture, sell, purchase or possess a machine gun except as otherwise provided in this act. *Carrying of pistol forbidden, except when.* *Machine gun.*

SEC. 5.  The provisions of section four shall not apply to sheriffs, deputy sheriffs, the superintendent and members of the state police, prison or jail wardens or their deputies, members of the city or town police force or other duly appointed law enforcement officers, nor to members of the army, navy or marine corps of the United States, or of the national guard, when on duty, or of organizations by law authorized to purchase or receive firearms from the United States or this state, nor to officers or employees of the United States authorized by law to carry a concealed firearm, nor to duly authorized military organizations when on duty, nor to the members thereof when at or going to or from *Sec. 4 not to apply to whom.*

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4406   Page 37 of 65

their customary places of assembly, nor to the regular and ordinary transportation of pistols as merchandise, nor to any person while carrying a pistol unloaded in a wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving goods from one place or abode or business to another.

License to carry concealed pistol may be issued, to whom, when and how.

SEC. 6. The licensing authorities of any city or town shall upon application of any person having a bona fide residence or place of business within such city or town, or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his person issued by the authorities of any other state or subdivision of the United States, issue a license to such person to carry concealed upon his person a pistol within this state for not more than one year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property or has any other proper reason for carrying a pistol, and that he is a suitable person to be so licensed. The

License, form of.

license shall be in triplicate, in form to be prescribed by the attorney-general and shall bear the fingerprint, name, address, description and signature of the licensee and the reason given for desiring a license.

Triplicate license, how disposed of.

The original thereof shall be delivered to the licensee, the duplicate shall within seven days be sent to the attorney-general and the triplicate shall be preserved for six years by the licensing authorities issuing said

Fee for license.

license. A fee of two dollars may be charged and shall be paid for each license, to the officer issuing the same.

Applicant for license to give bond.

Before issuing any such permit the applicant for the same shall be required to give bond to the city or town treasurer in the penal sum of three hundred dollars, with surety satisfactory to the authority issu-

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4407   Page 38 of 65

ing such permit, to keep the peace and be of good behavior. Every such permit shall be valid for one year from the date when issued unless sooner revoked. The fee charged for the issuing of such license or permit shall be applied in accordance with the provisions of section thirty-three of chapter 401 of the general laws.

SEC. 7. The attorney-general may issue a permit to any banking institution doing business in this state or to any public carrier who is engaged in the business of transporting mail, money, securities or other valuables, to possess and use machine guns under such regulations as the attorney-general may prescribe. *Attorney-general may issue permit to banking institutions, etc.*

SEC. 8. It shall be unlawful within this state to manufacture, sell, purchase or possess except for military or police purposes, any muffler, silencer or device for deadening or muffling the sound of a firearm when discharged. *Muffler or silencer for firearm forbidden.*

SEC. 9. Any person, except a member of the state police, the sheriff or his deputies, or a member of the police force of any city or town, or a member of the army, navy, or marine corps of the United States, or of the national guard or organized reserves when on duty, who possesses, or carries on or about his person or in a vehicle, a bomb or bomb shell, except for blasting or other commercial use, or who, with intent to use the same unlawfully against the person or property of another, possesses or carries any explosive substance, or any noxious liquid, gas or substance, shall be guilty of a violation of this act and punished as hereinafter provided. *Possession or carrying of bomb, explosive substance, or noxious liquid, gas, etc., forbidden.*

SEC. 10. No property right shall exist in any firearm unlawfully possessed, carried or used, and all such firearms are hereby declared to be nuisances and forfeited to the state. When such forfeited firearms shall be *Certain firearms to be nuisances and forfeited. Disposition of forfeited firearms.*

## REPORT OF FIREARMS COMMITTEE

*To the National Conference of Commissioners on Uniform State Laws:*

The report of this committee at Buffalo last year showed that following the publication of the Uniform Firearms Act as approved by the Conference and the Bar Association at Denver in July, 1926, some objections raised by the Police Commissioner of New York City through Governor Whitman induced the Executive Committee of the Conference in January, 1927, to recommend to the Conference the withholding of the act from presentation to the states, and the recommitment of the matter to the Firearms Committee for further study and report. (Handbook, 1927, p. 866.) In view of this action of the Executive Committee of the Conference the Executive Committee of the American Bar Association took under reconsideration the approval of the act, this action being approved at the Buffalo meeting. (Bar Assn. Reports, No. 52, 1927, p. 223.)

The Firearms Committee reported at the Buffalo meeting, outlining its efforts to cooperate with the National Crime Commission, which through a subcommittee had drafted and presented to the legislatures the so-called Crime Commission Bill on the subject of firearms regulation. The text of this was printed in display with the text of the Uniform Act. It was pointed out that the Crimes Commission had taken the Uniform Act as the basis of its work, adopting a great deal of it, but with the addition of some new matters, and the change of some of the principles of the Uniform Act. (Handbook, 1927, pp. 866-914.) These matters were also adverted to by President Young in his opening address. (*Ibid.*, p. 453.) In accordance with the recommendations of the committee the Conference voted as follows (*Ibid.*, pp. 267-268, 914):

419

"1. That in accordance with action already taken by the Executive Committee the Uniform Firearms Act be withheld from presentation to the legislatures until further action of the Conference.

"2. That the committee on the Uniform Firearms Act be continued for the purpose of giving further consideration to the objections thereto, for further study of other proposed legislation, for further conferences with the committee of the National Crime Commission, and for further report as to whether or not it is desirable that the act be amended or retained in its present form, or as to what definite disposition should be made thereof."

With the Uniform Act thus back for consideration various meetings have been held during the year between members of the undersigned committee and members of the subcommittee of the National Crime Commission. The final joint meetings were in Washington on April 26-27, 1928, at which were present on behalf of your committee Judge Ailshie and Messrs. O'Connell and Imlay, and on behalf of the subcommittee of the Crime Commission General J. Weston Allen and Mr. J. E. Baum, of the American Bankers Association.

As a result of these meetings and the separate attention given to these matters by your own committee, both in personal conference in Washington, and in an exchange of views by letter, your committee has formulated a proposed revision, printed herewith, of the Uniform Act, incorporating some of the new matter of the Crime Commission Bill, but retaining the basic features of the Uniform Act. In notes accompanying each section, which should be studied in connection with the parallel references in the two acts as printed in last year's report (Handbook, 1927, pp. 878-889), an attempt has been made to indicate the changes. Some of the matters of major importance may be summarized as follows:

1. The revision incorporates the new matter of the Crime Commission Bill on machine guns. Most of the firearms legislation passed in the current year has been on the subject of machine guns, e. g., General Laws of California of 1927, Ch. 552; Acts and Resolves of Mass., 1927, Ch. 326; Mich. Public Acts of 1927, No. 372; N. J. Public Laws 1927, Ch. 95, p. 180. There has been recent legislation on the subject also in Iowa.

420

2. The revision retains the principle of forbidding the carrying of concealed weapons with strict regulations for identification, but does not require a license to purchase as does the Crime Commission Bill. This constitutes the basic difference between the two acts. Upon this point your committee and the subcommittee of the Crime Commission have been unable to agree.

3. The revision retains the method of the Uniform Act in providing a general penalty section (S. 19) rather than, as in the other act, placing penalty clauses within the various sections.

4. The revision, like the original act, does not fix mandatory sentences, the matter of sentences being left open for the exercise of discretion by the courts.

Upon the basic difference between the two acts mentioned above your committee has bestowed much careful thought. The form of regulation contained in the Uniform Act was adopted by the Conference advisedly. That form is consistent with the forms of regulation which have always obtained and now obtain in the states generally, as the analysis of the subject in the second report of this committee shows. (Handbook, 1925, pp. 854-898.) The system of license to purchase has been for many years the law of New York. It was adopted in Michigan in 1925, being reenacted in the 1927 act mentioned above: it was also adopted in Massachusetts in 1926. (Acts of 1926, Ch. 395.) Beyond those states it has not gone, so far as this committee is advised.

This committee reaffirms the position heretofore taken on this subject, that such a provision is not only out of line with legislative precedents and experience, but is unenforceable. It would make criminals out of law-abiding citizens, and would not be obeyed by the lawless.

A bill drawn very much along the lines of this proposed revision, was introduced into the United States Senate April 16, 1928, by Senator Capper (S. 4086, 70th Cong.) as a local law for the District of Columbia: the same bill was introduced into the House of Representatives a few days later by Representative Frederick J. Zihlman of Maryland, a member of the District of Columbia Committee (No. 13211). The bills are now under consideration before the respective Committees on the District of Columbia of the two houses.

421

Your committee presents this revision for the consideration of the Conference and recommends its adoption as an act which preserves the results achieved in the work heretofore done on the Uniform Act, and incorporates valuable new material from the Crime Commission Act.

Respectfully submitted,

JOSEPH F. O'CONNELL, *Chairman,*
JAMES F. AILSHIE,
CHARLES V. IMLAY,
J. O. SETH,
L. C. SPIETH,
D. A. McDOUGAL,
GEORGE B. MARTIN,
HARRY L. CRAM.

## A UNIFORM ACT TO REGULATE THE SALE AND POSSESSION OF FIREARMS

AN ACT REGULATING THE SALE, TRANSFER AND POSSESSION OF CERTAIN FIREARMS, PRESCRIBING PENALTIES AND RULES OF EVIDENCE, AND TO MAKE UNIFORM THE LAW WITH REFERENCE THERETO

1   SECTION 1. (*Definitions.*) "Pistol," as used in this act,
2  means any firearm with a barrel less than twelve inches in
3  length.
4    "Machine gun," as used in this act, means any firearm
5  which shoots automatically and any firearm which shoots
6  more than twelve shots semi-automatically without reloading.
7    "Person," as used in this act, includes firm, association or
8  corporation.
9    "Sell" and "purchase" and the various derivatives of
10  such words, as used in this act, shall be construed to include
11  letting on hire, giving, lending, borrowing, and otherwise
12  transferring.
13    "Crime of violence," as used in this act, means any of the
14  following crimes or an attempt to commit any of the same,
15  namely: Murder, manslaughter, rape, mayhem, assault to do
16  great bodily harm, robbery, larceny, burglary, and house-
17  breaking.

422

*Note:* The words "or revolver" are omitted in the first definition and at other places where they occur in the Uniform Act, as in the Crime Commission Act, for greater simplicity.

The new definition of "machine gun" is substantially that of the Crime Commission Act.

The new definitions of "person" and "sell and purchase" are substantially those of the Crime Commission Act.

1    Section 2. (*Committing Crime When Armed.*) If any
2    person shall commit a crime of violence when armed with or
3    having readily available any pistol or other firearm, he may
4    in addition to the punishment provided for the crime be
5    punished also as provided by this act.

*Note:* The words "or having readily available" and "or other firearm" are added from the Crime Commission Act.

1    Section 3. (*Being Armed Prima Facie Evidence of Intent.*) In the trial of a person for committing a crime of
2    
3    violence the fact that he was armed or had readily available
4    a pistol, and had no license to carry the same, or was armed
5    with or had readily available any other firearm having a total
6    length of less than twenty-six inches, or any machine gun,
7    shall be *prima facie* evidence of his intention to commit such
8    crime of violence.

*Note:* The words "or had readily available" are added from the Crime Commission Act: the words "or was armed with, etc.," are adopted from that act, to include firearms longer than twelve inches capable of being concealed on the person and machine guns.

1    Section 4. (*Persons Forbidden to Possess Certain Firearms.*) No person who has been convicted in this state or
2    
3    elsewhere of a crime of violence shall own a pistol or have one
4    in his possession or under his control.

*Note:* This section is substantially the same as that of the original Uniform Act and of the Crime Commission Act, except that the latter specifies a punishment which in this proposed revision as in the original Uniform Act is left for a general section.

1    Section 5. (*Carrying Pistol.*) No person shall carry a
2    pistol in any vehicle or concealed on or about his person, ex-
3    cept in his dwelling house or place of business or on other

423

4  land possessed by him, without a license therefor issued as
5  hereinafter provided.

*Note:* This section is the same as that of the original Uniform Act except that it incorporates the language of the corresponding Section 11 of the Crime Commission Act in making the prohibition against carrying pistols in vehicles absolute.

1   Section 6.  (*Exceptions.*)  The provisions of the preced-
2   ing section shall not apply to marshals, sheriffs, prison or
3   jail wardens or their deputies, policemen or other duly ap-
4   pointed law-enforcement officers, or to members of the army,
5   navy, or marine corps of the United States or of the national
6   guard or organized reserves when on duty, or to the regu-
7   larly enrolled members of any organization duly authorized
8   to purchase or receive such weapons from the United States
9   or from this state, provided such members are at or are going
10  to or from their places of assembly or target practice, or to
11  officers or employees of the United States duly authorized to
12  carry a concealed pistol, or to any person engaged in the busi-
13  ness of manufacturing, repairing, or dealing in firearms or
14  the agent or representative of any such person having in his
15  possession, using, or carrying a pistol in the usual or ordinary
16  course of such business, or to any person while carrying a
17  pistol unloaded and in a secure wrapper from the place of
18  purchase to his home or place of business or to a place of
19  repair or back to his home or place of business or in moving
20  goods from one place of abode or business to another.

*Note:* This section remains the same as that of the original Uniform Act with a few modifications introduced from the corresponding Section 12 of the Crime Commission Act.

1   Section 7.  (*Issue of Licenses to Carry.*)  [The justice
2   of a court of record, the chief of police of a city or town, and
3   the sheriff of a county or the persons authorized by any of
4   them] shall, upon the application of any person having a
5   bona fide residence or place of business within the jurisdic-
6   tion of said licensing authority or of any person having a
7   bona fide residence or place of business within the United
8   States and a license to carry a pistol concealed upon his per-
9   son issued by the lawful authorities of any state or subdivi-

424

10    sion of the United States, issue a license to such person to
11    carry a pistol within this state for not more than one year
12    from date of issue, if it appears that the applicant has good
13    reason to fear injury to his person or property or has any
14    other proper reason for carrying a pistol and that he is a
15    suitable person to be so licensed. The license shall be in tripli-
16    cate in form to be prescribed by the [Secretary of State] and
17    shall bear the name, address, description, photograph, and
18    signature of the licensee and the reason given for desiring a
19    license. The original thereof shall be delivered to the licensee,
20    the duplicate shall within seven days be sent by registered
21    mail to the [Secretary of State] and the triplicate shall be
22    preserved for six years by the authority issuing said license.

*Note:* This section remains substantially as in the original Uniform Act and as in Section 10 of the Crime Commission Act.

1    SECTION 8. (*Selling to Minors and Others.*) No person
2    shall sell any pistol to a person who he has reasonable cause
3    to believe is not of sound mind, or is a drug addict, or is a
4    person who has been convicted in the District of Columbia or
5    elsewhere of a crime of violence, or, except when the relation
6    of parent and child or guardian and ward exists, is under
7    the age of eighteen years.

*Note:* This section has been expanded to include in addition to infants the other disqualified persons named in the corresponding Section 7 of the Crime Commission Act.

1    SECTION 9. (*Transfers Regulated.*) No seller shall de-
2    liver a pistol to the purchaser thereof until forty-eight hours
3    shall have elapsed from the time of the application for the
4    purchase thereof, and, when delivered, said pistol shall be
5    securely wrapped and shall be unloaded. At the time of ap-
6    plying for the purchase of a pistol the purchaser shall sign
7    in triplicate and deliver to the seller a statement containing
8    his full name, address, occupation, color, place of birth, the
9    date and hour of application, the caliber, make, model, and
10    manufacturer's number of the pistol to be purchased and a
11    statement that he has never been convicted in this state or
12    elsewhere of a crime of violence. The seller shall within six

425

13  hours after such application sign and attach his address and
14  forward by registered mail one copy of such statement to the
15  chief of police of the city or town or the sheriff of the county
16  of which the seller is a resident; the duplicate the seller shall
17  within seven days send with his signature and address to the
18  [Secretary of State]; the triplicate he shall retain for six
19  years. This section shall not apply to sales at wholesale.

*Note:* This section has been modified to require forty-eight instead of
twenty-four hours to elapse from the time of application till the time of
delivery of a weapon. A provision is also inserted for a more immediate
notice to the police.

1  SECTION 10. (*Dealers to be Licensed.*) No retail dealer
2  shall sell or expose for sale or have in his possession with in-
3  tent to sell any pistol without being licensed as hereinafter
4  provided.

*Note:* This section remains in substance the same as in the original
Uniform Act except that with the new matters of definition adopted from
the Crime Commission Act it conforms in language to Section 6 thereof.

1  SECTION 11. (*Dealers' Licenses, by Whom Granted and
2  Conditions Thereof.*) The duly constituted licensing authori-
3  ties of any city, town, or political subdivision of this state
4  may grant licenses in form prescribed by the [Secretary of
5  State] effective for not more than one year from date of issue,
6  permitting the licensee to sell pistols at retail within this
7  state subject to the following conditions in addition to those
8  specified in Section 9 hereof, for breach of any of which the
9  license shall be subject to forfeiture and the licensee subject
10  to punishment as provided in this act:

11  1. The business shall be carried on only in the building
12  designated in the license.

13  2. The license or a copy thereof, certified by the issuing
14  authority, shall be displayed on the premises where it can
15  easily be read.

16  3. No pistol shall be sold (a) if the seller has reasonable
17  cause to believe that the purchaser is not of sound mind or
18  is a drug addict or has been convicted in this state or else-
19  where of a crime of violence or is under the age of eighteen

426

20 years, or (b) unless the purchaser is personally known to
21 the seller or shall present clear evidence of his identity.

22     4. A true record in triplicate shall be made of every pistol
23 sold, said record to be made in a book kept for the purpose,
24 the form of which may be prescribed by the [Secretary of
25 State] and shall be personally signed by the purchaser and
26 by the person effecting the sale, each in the presence of the
27 other, and shall contain the date of sale, the caliber, make,
28 model, and manufacturer's number of the weapon, the name,
29 address, occupation, color, and place of birth of the purchaser,
30 and a statement signed by the purchaser that he has never
31 been convicted in this state or elsewhere of a crime of vio-
32 lence. One copy of said record shall within six hours be sent
33 by registered mail to the chief of police of the city or town
34 or the sheriff of the county of which the dealer is a resident;
35 the duplicate the dealer shall within seven days send to the
36 [Secretary of State]; the triplicate the dealer shall retain for
37 six years.

38     5. No pistol or imitation thereof or placard advertising the
39 sale thereof shall be displayed in any part of said premises
40 where it can readily be seen from the outside.

41     No license to sell at retail shall be granted to anyone except
42 as provided in this section.

*Note:* This section remains substantially the same as the original
Section 11 and Section 6 of the Crime Commission Act, except that it
incorporates, like Section 9 hereof, a provision for a more immediate notice
by the dealer to the police.

1     SECTION 12.   (*False Information Forbidden.*) No person
2 shall, in purchasing a pistol or in applying for a license to
3 carry the same, give false information or offer false evidence
4 of his identity.

*Note:* This section remains practically the same as the same section in
the original Uniform Act and as Section 13 of the Crime Commission Act,
except that the latter makes special mention therein of a penalty.

1     SECTION 13.   (*Alteration of Identifying Marks Pro-*
2 *hibited.*) No person shall change, alter, remove, or obliterate
3 the name of the maker, model, manufacturer's number, or other
4 mark of identification on any pistol. Possession of any pistol

427

5  upon which any such mark shall have been changed, altered,
6  removed, or obliterated shall be *prima facie* evidence that the
7  possessor has changed, altered, removed, or obliterated the
8. same.

*Note:* This section remains the same as in the original Uniform Act and in the corresponding Section 18 of the Crime Commission Act.

1    SECTION 14.  (*Existing Licenses Revoked.*)  All licenses
2  heretofore issued in this state permitting the carrying of
3  pistols shall expire at midnight of the —— day of ———,
4  19—.

*Note:* This section remains the same as in the original Uniform Act and in Section 23 of the other act.

1    SECTION 15.  (*Exceptions.*)  This act shall not apply to
2  antique pistols unsuitable for use as firearms and possessed
3  as curiosities or ornaments.

*Note:* This section is the same in substance as in the original act, but it adopts from the corresponding Section 22 of the other act the words "and possessed as curiosities or ornaments."

1    SECTION 16.  (*Pawning of Pistols Prohibited.*)  No per-
2  son shall make any loan secured by mortgage, deposit, or
3  pledge of a pistol.

*Note:* This is a new section, adopting the substance of Section 8 of the Crime Commission Act.

1    SECTION 17.  (*Machine Guns.*)  No person shall possess
2  any machine gun. This section shall not apply to any foreign
3  government nor to members of the army, navy, or marine
4  corps of the United States, or of the national guard or organ-
5  ized reserves when on duty, nor to the Post Office Department
6  or its employees when on duty, nor to duly appointed law-
7  enforcement officers, nor to banking institutions established
8  under the laws of the United States, nor to public carriers
9  who are engaged in the business of transporting mail, money,
10  securities, or other valuables.

*Note:* This is a new section, incorporating the provisions of Sections 14 and 15 of the Crime Commission Act.

1    SECTION 18.  (*Act Supersedes Local Laws.*)  The provi-
2  sions of this act shall be effective and controlling throughout

428

3   this state, notwithstanding the provisions of any local law
4   or ordinance.

*Note:* This section remains the same as Section 16 of the original act and is the same in substance as Section 26 of the Crime Commission Act.

1   SECTION 19.   (*Penalties.*)   Any violation of any provi-
2   sion of this act shall constitute an offense punishable by a
3   fine of not more than [$——] or imprisonment for not more
4   than [——] or both, or by imprisonment in the peniten-
5   tiary for not less than [——] nor more than [——].

1   SECTION 20.   (*Constitutionality.*)   If any part of this act
2   is for any reason declared void, such invalidity shall not af-
3   fect the validity of the remaining portion of this act.

1   SECTION 21.   (*Short Title.*)   This act may be cited as
2   "Uniform Firearms Act."

1   SECTION 22.   (*Effective Date.*)   This act shall take effect
2   on the —— day of ——, 19—.

1   SECTION 23.   (*Certain Acts Repealed.*)   All laws or parts
2   of laws inconsistent herewith are hereby repealed.

*Note:* The above sections remain the same as Sections 17-21 in the original Uniform Act. Section 25 of the Crime Commission Act adopts Section 20. Section 24 of that act has a provision for a general penalty where none is otherwise specified, but as penalties are generally specified throughout the Crime Commission Act, Section 24 thereof differs from Section 19 hereof, which declares penalties for the whole act. This method was adopted advisedly by the Conference, as a more scientific way to deal with the subject of penalties.

429

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4419   Page 50 of 65

crime, be punished by imprisonment for a term of not more than fifteen years; upon a fourth or subsequent conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonment for an additional period of not more than thirty years.

### PERSONS FORBIDDEN TO POSSESS CERTAIN FIREARMS

**SEC. 3.** No person who has been convicted in the District of Columbia or elsewhere of a crime of violence shall own or have in his possession a pistol, within the District of Columbia.

*Persons forbidden to possess certain firearms.*
*Convicted of a crime.*

### CARRYING CONCEALED WEAPONS

**SEC. 4.** No person shall within the District of Columbia carry concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon.

*Illegally carrying, etc., dangerous weapon.*

### EXCEPTIONS

**SEC. 5.** The provisions of the preceding section shall not apply to marshals, sheriffs, prison or jail wardens, or their deputies, policemen or other duly appointed law-enforcement officers, or to members of the Army, Navy, or Marine Corps of the United States or of the National Guard or Organized Reserves when on duty, or to the regularly enrolled members of any organization duly authorized to purchase or receive such weapons from the United States, provided such members are at or are going to or from their places of assembly or target practice, or to officers or employees of the United States duly authorized to carry a concealed pistol, or to any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person having in his possession, using, or carrying a pistol in the usual or ordinary course of such business or to any person while carrying a pistol unloaded and in a secure wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business or in moving goods from one place of abode or business to another.

*Exceptions.*
*Law enforcement officers.*
*Army, Navy, or Marine Corps.*
*National Guard, etc., on duty.*
*Other organizations.*
*Carrying to places of assembly, etc.*
*Manufacturer, etc.*

### ISSUE OF LICENSES TO CARRY

**SEC. 6.** The superintendent of police of the District of Columbia may, upon the application of any person having a bona fide residence or place of business within the District of Columbia or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his person issued by the lawful authorities of any State or subdivision of the United States, issue a license to such person to carry a pistol within the District of Columbia for not more than one year from date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol and that he is a suitable person to be so licensed. The license shall be in duplicate, in form to be prescribed by the Commissioners of the District of Columbia and shall bear the name, address, description, photograph, and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, and the duplicate shall be retained by the superintendent of police of the District of Columbia and preserved in his office for six years.

*Licenses.*

652   72d CONGRESS.   SESS. I.   CH. 465.   JULY 8, 1932.

### SELLING TO MINORS AND OTHERS

*Selling to minors or others.*

SEC. 7. No person shall within the District of Columbia sell any pistol to a person who he has reasonable cause to believe is not of sound mind, or is a drug addict, or is a person who has been convicted in the District of Columbia or elsewhere of a crime of violence or, except when the relation of parent and child or guardian and ward exists, is under the age of eighteen years.

### TRANSFERS REGULATED

*Time, etc., provisions.*

SEC. 8. No seller shall within the District of Columbia deliver a pistol to the purchaser thereof until forty-eight hours shall have elapsed from the time of the application for the purchase thereof, except in the case of sales to marshals, sheriffs, prison or jail wardens or their deputies, policemen, or other duly appointed law-enforcement officers, and, when delivered, said pistol shall be securely wrapped and shall be unloaded. At the time of applying for the purchase *Register to be kept.* of a pistol the purchaser shall sign in duplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, make, model, and manufacturer's number of the pistol to be purchased and a statement that he has never been convicted in the District of Columbia or elsewhere of a crime of violence. The seller shall, within six hours after such application, sign and attach his address and deliver one copy to such person or persons as the superintendent of police of the District of Columbia may designate, and shall retain the *Limitation.* other copy for six years. No machine gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then *Wholesale trade.* only after permission to make such sale has been obtained from the superintendent of police of the District of Columbia. This section shall not apply to sales at wholesale to licensed dealers.

### DEALERS TO BE LICENSED

*Dealers to be licensed.*

SEC. 9. No retail dealer shall within the District of Columbia sell or expose for sale or have in his possession with intent to sell, any pistol, machine gun, sawed-off shotgun, or blackjack without being licensed as hereinafter provided. No wholesale dealer shall, within the District of Columbia, sell, or have in his possession with intent to sell, to any person other than a licensed dealer, any pistol, machine gun, sawed-off shotgun, or blackjack.

### DEALERS' LICENSES, BY WHOM GRANTED AND CONDITIONS THEREOF

*Conditions, etc., for issuing dealers' licenses. Ante, p. 558.*

SEC. 10. The Commissioners of the District of Columbia may, in their discretion, grant licenses and may prescribe the form thereof, effective for not more than one year from date of issue, permitting the licensee to sell pistols, machine guns, sawed-off shotguns, and blackjacks at retail within the District of Columbia subject to the following conditions in addition to those specified in section 9 hereof, for breach of any of which the license shall be subject to forfeiture and the licensee subject to punishment as provided in this Act.

1. The business shall be carried on only in the building designated in the license.

2. The license or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can be easily read.

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4421   Page 52 of 65

3. No pistol shall be sold (a) if the seller has reasonable cause to believe that the purchaser is not of sound mind or is a drug addict or has been convicted in the District of Columbia or elsewhere of a crime of violence or is under the age of eighteen years, and (b) unless the purchaser is personally known to the seller or shall present clear evidence of his identity.  No machine gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then only after permission to make such sale has been obtained from the superintendent of police of the District of Columbia.

4. A true record shall be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners, of all pistols, machine guns, and sawed-off shotguns in the possession of the licensee, which said record shall contain the date of purchase, the caliber, make, model, and manufacturer's number of the weapon, to which shall be added, when sold, the date of sale. *Records.*

5. A true record in duplicate shall be made of every pistol, machine gun, sawed-off shotgun, and blackjack sold, said record to be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners of the District of Columbia and shall be personally signed by the purchaser and by the person effecting the sale, each in the presence of the other and shall contain the date of sale, the name, address, occupation, color, and place of birth of the purchaser, and, so far as applicable, the caliber, make, model, and manufacturer's number of the weapon, and a statement signed by the purchaser that he has never been convicted in the District of Columbia or elsewhere of a crime of violence.  One copy of said record shall, within seven days, be forwarded by mail to the superintendent of police of the District of Columbia and the other copy retained by the seller for six years.

6. No pistol or imitation thereof or placard advertising the sale thereof shall be displayed in any part of said premises where it can readily be seen from the outside.  No license to sell at retail shall be granted to anyone except as provided in this section. *Display, etc., forbidden.*

### FALSE INFORMATION FORBIDDEN

SEC. 11. No person, shall, in purchasing a pistol or in applying for a license to carry the same, or in purchasing a machine gun, sawed-off shotgun, or blackjack within the District of Columbia, give false information or offer false evidence of his identity. *False information or evidence forbidden.*

### ALTERATION OF IDENTIFYING MARKS PROHIBITED

SEC. 12. No person shall within the District of Columbia change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark or identification on any pistol, machine gun, or sawed-off shotgun.  Possession of any pistol, machine gun, or sawed-off shotgun upon which any such mark shall have been changed, altered, removed, or obliterated shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same within the District of Columbia: *Provided, however,* That nothing contained in this section shall apply to any officer or agent of any of the departments of the United States or the District of Columbia engaged in experimental work. *Alteration, etc., of identification marks, prohibited.*  *Proviso.  Experimental work.*

### EXCEPTIONS

SEC. 13. This Act shall not apply to toy or antique pistols unsuitable for use as firearms. *Toys, etc., excepted.*

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4422   Page 53 of 65

## POSSESSION OF CERTAIN DANGEROUS WEAPONS

Possession of certain dangerous weapons forbidden.

SEC. 14. No person shall within the District of Columbia possess any machine gun, sawed-off shotgun, or any instrument or weapon of the kind commonly known as a blackjack, slung shot, sand club, sandbag, or metal knuckles, nor any instrument, attachment, or appliance for causing the firing of any firearm to be silent or intended to lessen or muffle the noise of the firing of any firearms: *Provided, however,* That machine guns, or sawed-off shotguns, and blackjacks may be possessed by the members of the Army, Navy, or Marine Corps of the United States, the National Guard, or Organized Reserves when on duty, the Post Office Department or its employees when on duty, marshals, sheriffs, prison or jail wardens, or their deputies, policemen, or other duly appointed law-enforcement officers, officers or employees of the United States duly authorized to carry such weapons, banking institutions, public carriers who are engaged in the business of transporting mail, money, securities, or other valuables, wholesale dealers and retail dealers licensed under section 10 of this Act.

*Proviso.*
Exceptions.

## PENALTIES

Punishment for violations.

SEC. 15. Any violation of any provision of this Act for which no penalty is specifically provided shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both.

## CONSTITUTIONALITY

Invalidity of any provision not to affect remainder.

SEC. 16. If any part of this Act is for any reason declared void, such invalidity shall not affect the validity of the remaining portions of this Act.

## CERTAIN ACTS REPEALED

Vol. 31, p. 1328, repealed.

SEC. 17. The following sections of the Code of Law for the District of Columbia, 1919, namely, sections 855, 856, and 857, and all other Acts or parts of Acts inconsistent herewith, are hereby repealed.

Approved, July 8, 1932.

---

[CHAPTER 466.]

## JOINT RESOLUTION

July 8, 1932.
[H. J. Res. 462.]
[Pub. Res., No. 35.]

Making an appropriation to provide transportation to their homes for veterans of the World War temporarily quartered in the District of Columbia.

World War veterans. Appropriation for, to provide transportation from District of Columbia to their homes.
*Post,* p. 701.

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That to enable the Administrator of Veterans' Affairs, upon the request of any honorably discharged veteran of the World War, temporarily quartered in the District of Columbia, who is desirous of returning to his home, to provide such veteran with railroad transportation thereto prior to July 15, 1932, together with travel subsistence at the rate of 75 cents per day, there is hereby appropriated, out of any money in the Treasury not otherwise appropriated, the sum of $100,000: *Provided,* That all amounts expended under this appropriation in behalf of any veteran shall constitute a lean without interest which, if not repaid to the United States, shall be deducted from any amounts payable to such veteran on his adjusted-service certificate.

*Proviso.*
Credited as a loan.

Approved, July 8, 1932.

substance or matter of any kind which is injurious to person or property, or is nauseous, sickening, irritating or offensive to any of the senses.

(2) It shall be unlawful to manufacture or prepare, or to possess any liquid, gaseous, or solid substance or matter of any kind which is injurious to person or property, or is nauseous, sickening, irritating or offensive, to any of the senses with intent to throw, drop, pour, deposit, release, discharge or expose the same in, upon or about any theater, restaurant, place of business, place of amusement, or any other place of public assemblage.

(3) Penalty. Any person violating any of the provisions **Penalty.** hereof shall be punished by imprisonment in the county jail for not less than three months and not more than one year, or by a fine of not less than five hundred dollars and not more than two thousand dollars, or by both such fine and imprisonment.

(4) Any person who, in violating any of the provisions of **Use of certain** subdivision (1) of this section, wilfully employs or uses any **gases, etc.** liquid, gaseous or solid substance which may produce serious illness or permanent injury through being vaporized or otherwise disbursed in the air or who, in violating any of the provisions of subdivision (1) of this section, wilfully employs or uses any tear gas, mustard gas or any of the combinations or compounds thereof, or wilfully employs or uses acid or explosives, shall be guilty of a felony and shall be punished by **Penalty.** imprisonment in the State prison for not less than one year and not more than five years.

------

## CHAPTER 450.

*An act to amend sections 1, 2, 3, 6, and 7 of an act entitled* Stats. 1927. *"An act regulating the sale, offering for sale, possession or* p. 938. *transportation of machine rifles, machine guns and sub-* **amended.** *machine guns, and providing a penalty for the violation thereof," approved May 16, 1927.*

[Approved by the Governor May 20, 1933. In effect August 21, 1933.]

*The people of the State of California do enact as follows:*

SECTION 1. Section 3 of the act cited in the title hereof is Stats. 1931. hereby amended to read as follows: p. 2203.

Sec. 3. It shall be lawful for the Superintendent of the **Permits re** Division of Criminal Identification and Investigation of the **machine** Department of Penology to issue permits for the possession **guns.** and transportation or possession or transportation of such machine guns, upon a showing satisfactory to him that good cause exists for the issuance thereof to the applicant for such permit; provided, that no permit shall be issued to a person who is under twenty-one years of age.

**Stats. 1931, p. 2203.**

SEC. 2.   Section 1 of said act is hereby amended to read as follows:

**Possession or sale of machine guns.**

Section 1.   On and after the date upon which this act takes effect every person, firm or corporation, who within the State of California sells, offers for sale, possesses or knowingly transports any firearms of the kind commonly known as a machine gun, except as herein prescribed, is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the State Prison not to exceed five years or by a fine not to exceed five thousand dollars or by both such fine and imprisonment.

**Exceptions.**

Provided, however, that nothing in this act contained shall prohibit the sale to, purchase by, or possession of such firearms by police departments and members thereof, sheriffs, and city marshals, or the military or naval forces of this State or of the United States for use in the discharge of their official duties.

**Stats. 1927, p. 938.**

SEC. 3.   Section 2 of said act is hereby amended to read as follows:

**Machine gun defined.**

Sec. 2.   The term machine gun as used in this act shall be construed to apply to and include all firearms known as machine rifles, machine guns, or submachine guns capable of discharging automatically and continuously loaded ammunition of any caliber in which the ammunition is fed to such gun from or by means of clips, discs, drums, belts or other separable mechanical device and all firearms which are automatically fed after each discharge from or by means of clips, discs, drums, belts or other separable mechanical device having a capacity greater than ten cartridges.

**Stats. 1931, p. 2203.**

SEC. 4.   Section 6 of said act is hereby amended to read as follows:

**Revocation of permits.**

Sec. 6.   Permits issued in accordance with this act may be revoked by the issuing authority at any time when it shall appear that the need for such firearms has ceased or that the holder of the permit has used such firearms for purposes other than those allowed by the permit or that the holder of the permit has not exercised great care in retaining custody of any weapons possessed under the permit.

**Stats. 1931, p. 2203.**

SEC. 5.   Section 7 of said act is hereby amended to read as follows:

**Licenses to sell.**

Sec. 7.   The Superintendent of the Division of Criminal Identification and Investigation of the Deartment of Penology may also grant licenses in a form to be prescribed by him effective for not more than one year from the date of issuance, to permit the sale at the place specified in the license of such firearm subject to all of the following conditions, upon breach of any of which the license shall be revoked:

**Conditions.**

1. Such business shall be carried on only in the place designated in the license.

2. Such license or a certified copy thereof must be displayed on the premises in a place where it may easily be read.

3. No such firearm shall be delivered to any person not authorized to receive the same under the provisions of this act.

4. A complete record must be kept of sales made under the authority of the license, showing the name and address of the purchaser, the descriptions and serial numbers of the weapons purchased, the number and date of issue of the purchaser's permit, if any, and the signature of the purchaser or purchasing agent. This record shall be open to the inspection of any peace officer or other person designated by the Superintendent of the Bureau of Criminal Identification and Investigation.

---

## CHAPTER 451.

*An act to amend section 4041.11 of the Political Code, relating to powers and duties of boards of supervisors.*

[Approved by the Governor May 20, 1933.  In effect August 21, 1933.]

*The people of the State of California do enact as follows:*

SECTION 1.   Section 4041.11 of the Political Code is hereby amended to read as follows: <sub>Stats. 1929, p. 1450.</sub>

4041.11.   (1) Under such limitations and restrictions as are prescribed by law, and in addition to jurisdiction and powers otherwise conferred, the boards of supervisors, in their respective counties, shall have the jurisdiction and powers to maintain, regulate and govern public pounds, fix the limits within which animals shall not run at large, and appoint poundkeepers, who shall be paid out of the fines imposed and collected from the owners of impounded animals, and from no other source. *Pounds, etc.*

(2) To provide for the prevention of injuries to sheep by dogs, and to tax dogs and direct the application of the tax. *Protection of sheep.*

(3) To provide for the destruction of gophers, squirrels, other wild animals, noxious weeds, plant diseases, and insects injurious to fruit or fruit trees, or vines, or vegetable or plant life. *Pests.*

(4) To provide by ordinances, not in conflict with the general laws of the State, for the protection of fish and game, and may shorten the season for taking or killing of fish and game, within the dates fixed by the general State laws, but shall not lengthen the same. *Protection of fish and game.*

corrected thereby, and shall be certified by the proper officers of the municipality as to authorization and by an engineer or surveyor as to correctness, and the signatures of such persons shall be acknowledged in like manner as a deed.

Such plat or plats when so certified and acknowledged may be filed in the office of the register of deeds and the declaration thereon may be recorded at length in a "Book of Plat Certificates"; and when so filed and recorded such plat or plats and declaration together with the record thereof shall be prima facie evidence in all matters shown or stated therein as to the lands covered thereby.

This act shall not apply to a city whose charter provides for official supervision of plats by municipal officers, commission or board.

Approved April 10, 1933.

----

## CHAPTER 189—H. F. No. 166

*An act to amend Mason's Minnesota Statutes of 1927, Section 7456, relating to renewal of corporate existence.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Publication of notices of renewal of corporate existence.**—That Mason's Minnesota Statutes of 1927, Section 7456, be amended so as to read as follows:

. "7456. No such resolution shall take effect until a duly certified copy thereof shall have been filed, recorded, and published in the same manner as its original certificate. *Provided, that in the case of a co-operative association, it shall not be necessary to publish said resolution."*

Approved April 10, 1933.

----

## CHAPTER 190—H. F. No. 189

*An act making it unlawful to use, own, possess, sell, control or transport a "machine gun", as hereinafter defined, and providing a penalty for the violation thereof.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Definitions.**—(a) Any firearm capable of loading or firing automatically, the magazine of which is capable of holding more than twelve cartridges, shall be a machine gun within the provisions of this Act.

(b) Any firearm capable of automatically reloading after each shot is fired, whether firing singly by separate trigger pressure or firing continuously by continuous trigger pressure; which said firearm shall have been changed, altered or modified to increase the magazine capacity from the original design as manufactured by the manufacturers thereof, or by the addition thereto of extra and/or longer grips or stocks to accomodate such extra capacity, or by the addition, modification and/or attachment thereto of any other device capable of increasing the magazine capacity thereof, shall be a machine gun within the provisions of this Act.

(c) A twenty-two caliber light sporting rifle, capable of firing continuously by continuous trigger pressure, shall be a machine gun within the provisions of this Act. But a twenty-two caliber light sporting rifle, capable of automatically reloading but firing separately by separate trigger pressure for each shot, shall not be a machine gun within the provisions of this Act and shall not be prohibited hereunder, whether having a magazine capacity of twelve cartridges or more. But if the same shall have been changed, altered, or modified, as prohibited in section one (b) hereof, then the same shall be a machine gun within the provisions of this Act.

Sec. 2. **Application.**—This Act shall not apply to sheriffs, coroners, constables, policemen or other peace officers, or to any warden, superintendent or head keeper of any prison, penitentiary, county jail or other institution for retention of any person convicted of or accused of crime, while engaged in the discharge of official duties, or to any public official engaged in the enforcement of law; nor to any person or association possessing a machine gun not useable as a weapon and possessed as a curiosity, ornament or keepsake; when such officers and persons and associations so excepted shall make and file with the Bureau of Criminal Apprehension of this state within 30 days after the passage of this Act, a written report showing the name and address of such person or association and the official title and position of such officers and showing a particular description of such machine gun now owned or possessed by them or shall make such report as to hereinafter acquired machine guns within 10 days of the acquisition thereof; nor to any person legally summoned to assist in making arrests or preserving peace, while said person so summoned is engaged in assisting such officer; nor shall this Act apply to the armed forces of the United States or of the State of Minnesota.

Sec. 3. **Machine guns prohibited.**—Any person who shall own, control, use, possess, sell or transport a machine gun, as herein defined, in violation of this Act, shall be guilty of a felony.

Approved April 10, 1933.

---

## CHAPTER 191—S. F. No. 336

*An act to amend Mason's Minnesota Statutes of 1927, Section 646 relating to claims against counties.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Claims against county—appeal.**—That Mason's Minnesota Statutes of 1927, Section 646, be amended to read as follows:

"646. When any claim against a county is disallowed by the board in whole or in part, a claimant may appeal from its decisions to the district court by causing a written notice of such appeal to be filed in the office of the auditor within fifteen days after *written notice mailed to said claimant by the county auditor showing the disallowance of said claim* and giving security for costs, to be approved by the auditor, who shall forthwith notify the county attorney thereof. When any claim against a county shall be allowed in whole or in part by such board, no order shall be issued in payment of the same or any part thereof until after fifteen days from date of the decision; and the county attorney may, on behalf and in the name of such county, appeal from such decision to the district court, by causing a written notice of such appeal to be filed in the office of the auditor within fifteen days after date of the decision appealed from; or any seven taxpayers of the county may in their own names appeal from such decision, to the district court by causing a written notice of appeal stating the grounds thereof to be filed in the office of the auditor within fifteen days after the date of the decision appealed from, and giving to the claimant security for his costs and disbursements to be approved by a judge of the district court; and thereafter no order shall be issued in payment of any such claim until a certified copy of the judgment of the court shall be filed in the office of the auditor. Upon the filing of such notice of appeal, the court shall acquire jurisdiction of the parties and of the subject matter, and may compel a return to be made as in the case of an appeal from a judgment of a justice of the peace.

Approved April 10, 1933.

189

Passed March 30, 1933.

Approved April 6, 1933.

GEORGE WHITE,
*Governor.*

The sectional number herein is in conformity to the General Code.

JOHN W. BRICKER,
*Attorney General.*

Filed in the office of the Secretary of State at Columbus, Ohio, on the 10th day of April, A. D. 1933.

GEORGE S. MYERS,
*Secretary of State.*

File No. 63.

———————

(House Bill No. 166)

## AN ACT

To supplement section 12819 of the General Code by the enactment of supplemental sections 12819-3, 12819-4, 12819-5, 12819-6 and 12819-7, relative to the sale and possession of machine guns.

*Be it enacted by the General Assembly of the State of Ohio:*

SECTION I. That section 12819 of the General Code be supplemented by the enactment of sections 12819-3, 12819-4, 12819-5, 12819-6 and 12819-7, to read as follows:

**Definitions.**

Sec. 12819-3. For the purpose of this act, a machine gun, a light machine gun or a sub-machine gun shall be defined as any firearm which shoots automatically, or any firearm which shoots more than eighteen shots semi-automatically without reloading. Automatically as above used means that class of firearms which, while the trigger on the firearm is held back continues to fire successive shots. Semi-automatically means that class of firearm which discharges one shot only each time the trigger is pulled, no manual reloading operation being necessary between shots.

**Machine gun permit; application; bond of applicant; exceptions.**

Sec. 12819-4. No person shall own, possess, transport, have custody of or use a machine gun, light machine gun or sub-machine gun, unless he first procures a permit therefor from and at the discretion of the

190

adjutant general of Ohio, who shall keep a complete record of each permit so issued. A separate permit shall be obtained for each gun so owned, possessed or used. The adjutant general shall require each applicant for such permit to give an accurate description of such weapon, the name of the person from whom it was or is to be obtained, the name of the person or persons to have custody thereof and the place of residence of the applicant and the custodian. Before obtaining such permit each applicant shall give bond to the state of Ohio, to be approved by the adjutant general in the sum of five thousand dollars, conditioned to save the public harmless by reason of any unlawful use of such weapon while under the control of such applicant or under the control of another with his consent; and any person injured by such improper use may have recourse on said bond. Provided, however, that this section shall not affect the right of the national guard of Ohio, sheriffs, regularly appointed police officers of incorporated cities and villages, regularly elected constables, wardens and guards of penitentiaries, jails, prisons, penal institutions or financial institutions maintaining their own police force and such special officers as are now or may be hereafter authorized by law to possess and use such weapons when on duty. Any person who owns, possesses or has custody of a machine gun, light machine gun or sub-machine gun at the time when this section shall become effective, shall have thirty days thereafter in which to comply with the provisions of this section.

**Penalty for possession, transportation, etc., without permit.**

Sec. 12819-5. Whoever owns, possesses, transports or has custody of or uses a machine gun, light machine gun or sub-machine gun without a permit, as provided by section 12819-4 of the General Code, or whoever having such permit, uses or consents to the use by another of such weapon in an unlawful manner, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years.

**Requirements for sale, etc.; penalty for violation.**

Sec. 12819-6. Whoever sells, barters or gives to another a machine gun, light machine gun or sub-machine gun, shall first require exhibition of the permit provided by section 12819-4 of the General Code, and shall use the information contained in such permit to make a complete record of such transaction, containing the date of the permit and of the transfer together with the names of the parties thereto, which record shall be preserved by such transferor for a period of five years. Whoever violates this section shall, upon conviction, be imprisoned in the penitentiary not less than one or more than five years. This section shall not apply to the barter or sale of machine guns, light machine guns or sub-machine guns to those not required by section 12819-4 of the General Code to procure such permit.

**War trophies excepted.**

Sec. 12819-7. This act shall not apply to captured war trophies

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4431   Page 62 of 65

CHAP. 95.—An ACT to empower the councils of cities and towns to release the liability and liens for interest, penalties and accrued costs, or any part thereof, on unpaid taxes due such cities and towns for any year or years to and including 1933, provided such taxes are paid within one hundred and twenty days after this act is in force.                    [H B 48]

Approved March 7, 1934

1. Be it enacted by the General Assembly of Virginia, That the councils of cities and towns are hereby empowered to release all persons, firms, associations and corporations from all liability, for interest, penalties and accrued costs on any taxes due such respective cities and towns for any year or years prior to and including the year nineteen hundred and thirty-three, that are unpaid at the time the ordinance relieving same goes into effect, provided such unpaid taxes are paid such cities or towns within one hundred and twenty days after the date this act shall be in force.

2. That nothing in this act contained shall empower any such council to release any liability for interest, penalties and accrued costs, or any part thereof, on such unpaid taxes as are not paid within the one hundred and twenty days aforesaid.

3. By reason of the necessity of immediately granting said councils power to grant taxpayers the above relief, an emergency is declared to exist, and this act shall be in force from its passage.

————————

CHAP. 96.—An ACT to define the term "machine gun"; to declare the use and possession of a machine gun, for certain purposes, a crime and to prescribe the punishment therefor; to require manufacturers, dealers and other persons, with certain exemptions, in possession thereof, to register all machine guns with the Secretary of the Commonwealth; to keep records of and report transfers and sales to the said Secretary; to allow inspection of records and of machine guns by peace officers; to provide for seizures and search warrants; to prescribe rules of evidence and presumptions; to provide penalties, and to repeal all inconsistent acts.                    [S B 110]

Approved March 7, 1934

1. Be it enacted by the General Assembly of Virginia, as follows: Section 1. Where used in this act:

(a) "Machine gun" applies to and includes a weapon of any description by whatever name known, loaded or unloaded, from which more than seven shots or bullets may be rapidly, or automatically, or semi-automatically discharged from a magazine, by a single function of the firing device, and also applies to and includes weapons, loaded or unloaded, from which more than sixteen shots or bullets may be rapidly, automatically, semi-automatically or otherwise discharged without reloading.

(b) "Crime of violence" applies to and includes any of the following crimes or an attempt to commit any of the same, namely, murder, manslaughter, kidnapping, rape, mayhem, assault with intent to maim,

Case 3:19-cv-01537-BEN-JLB   Document 34-2   Filed 01/24/20   PageID.4432   Page 63 of 65

disable, disfigure or kill, robbery, burglary, housebreaking, breaking and entering, and larceny.

(c) "Person" applies to and includes firm, partnership, association or corporation.

Section 2. Possession or use of a machine gun in the perpetration or attempted perpetration of a crime of violence is hereby declared to be a crime punishable by death or by imprisonment in the State penitentiary for a term of not less than twenty years.

Section 3. Unlawful possession or use of a machine gun for offensive or aggressive purpose is hereby declared to be a crime punishable by imprisonment in the State penitentiary for a term of not less than ten years.

Section 4. Possession or use of a machine gun shall be presumed to be for offensive or aggressive purpose:

(a) When the machine gun is on premises not owned or rented, for bona fide permanent residence or business occupancy, by the person in whose possession the machine gun may be found; or

(b) When in the possession of, or used by, an unnaturalized foreign-born person, or a person who has been convicted of a crime of violence in any court of record, state or federal, of the United States of America, its territories or insular possessions; or

(c) When the machine gun is of the kind described in section eight and has not been registered as in said section required; or

(d) When empty or loaded pistol shells of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber which have been or are susceptible of use in the machine gun are found in the immediate vicinity thereof.

Section 5. The presence of a machine gun in any room, boat, or vehicle shall be *prima facie* evidence of the possession or use of the machine gun by each person occupying the room, boat, or vehicle where the weapon is found.

Section 6. Nothing contained in this act shall prohibit or interfere with

First. The manufacture for, and sale of, machine guns to the military forces or the peace officers of the United States or of any political subdivision thereof, or the transportation required for that purpose. This act shall not apply to machine guns and automatic arms issued to the National Guard of Virginia by the United States or such arms used by the United States Army or Navy or in the hands of troops of the National Guards of other States or Territories of the United States passing through Virginia, or such arms as may be provided for the officers of the State Police or officers of penal institutions.

Second. The possession of a machine gun for scientific purposes, or the possession of a machine gun not usable as a weapon and possessed as a curiosity, ornament, or keepsake;

Third. The possession of a machine gun other than one adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber, for a purpose manifestly not aggressive or offensive.

Section 7. Every manufacturer or dealer shall keep a register of all machine guns manufactured or handled by him. This register shall show the model and serial number, date of manufacture, sale, loan, gift, delivery or receipt, of every machine gun, the name, address, and occupation of the person to whom the machine gun was sold, loaned, given or delivered, or from whom it was received; and the purpose for which it was acquired by the person to whom the machine gun was sold, loaned, given or delivered, or from whom received. Upon demand every manufacturer or dealer shall permit any marshal, sheriff or police officer to inspect his entire stock of machine guns, parts, and supplies therefor, and shall produce the register, herein required, for inspection. A violation of any provision of this section shall be punishable by a fine of not less than one hundred dollars nor more than one thousand dollars.

Section 8. Every machine gun now in this State adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber shall be registered in the office of the Secretary of the Commonwealth on the effective date of this act, and annually thereafter. If acquired hereafter it shall be registered within twenty-four hours after its acquisition. Blanks for registration shall be prepared by the Secretary of the Commonwealth, and furnished upon application. To comply with this section the application as filed must show the model and serial number of the gun, the name, address and occupation of the person in possession, and from whom and the purpose for which, the gun was acquired. The Secretary of the Commonwealth shall immediately upon registration required in this section furnish the registrant with a certificate of registration, which shall be kept by the registrant and produced by him upon demand by any peace officer. Failure to keep or produce such certificate for inspection shall be a misdemeanor and punishable by a fine of not less than five nor more than one thousand dollars, and any peace officer may, without warrant, seize the machine gun and apply for its confiscation as provided in section nine of this act. The registration data shall not be subject to inspection by the public. Any person failing to register any gun as required by this section, shall be presumed to possess the same for offensive or aggressive purpose.

Section 9. Warrant to search any house or place and seize any machine gun adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber possessed in violation of this act may issue in the same manner and under the same restrictions as provided by law for stolen property, and any court of record, upon application of the Commonwealth's attorney, a police officer or conservator of the peace, shall have jurisdiction and power to order any machine gun, thus or otherwise legally seized, to be confiscated and either destroyed or delivered to a peace officer of the State or a political subdivision thereof.

Section 10. If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given

effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

Section 11. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Section 12. This act may be cited as the Uniform Machine Gun Act.

Section 13. All acts or parts of acts which are inconsistent with the provisions of this act are hereby repealed.

---

CHAP. 97.—An ACT to make effective the Constitutional provision to the effect that the General Assembly shall establish and maintain an efficient system of public free schools throughout the State, and to repeal all acts and parts of acts inconsistent with this act.                    [S B 153]

Approved March 7, 1934

Whereas, section one hundred and twenty-nine of the Constitution of Virginia provides that "The General Assembly shall establish and maintain an efficient system of public free schools throughout the State," now, therefore,

1. Be it enacted by the General Assembly of Virginia, as follows:

Section 1. The school board of each and every school division in the State is hereby empowered and required to maintain the public free schools of such division for a period of at least eight months or one hundred and sixty teaching days in each school year. In order that each school division may have the funds necessary to enable the school board to maintain the elementary and high schools thereof for such minimum terms, it is hereby provided that when any county, city or town has legally complied with the existing laws with reference to local school levies, such school division or divisions shall be allotted out of the public school funds held in the treasury of the State for each group of twenty-five to forty pupils in average daily attendance, a sum equal to the amount to be derived by dividing said public school fund by the number of groups of twenty-five to forty pupils in average daily attendance in the State, depending upon the density of population, to be apportioned by the State Board of Education, as provided in section one hundred and thirty-five of the Constitution and in conformity with the provisions of the Code and of the Acts of the Assembly under such rules and regulations as may be set up by said State Board of Education.

Section 2. That in addition the counties and cities shall provide, from local school taxes, as provided in section one hundred and thirty-six of the Constitution of Virginia, for the supplementing of their instructional programs such amounts as will insure the services of properly prepared and effective teaching personnel, and to the degree that financial ability and community interest in education will permit; provided further, that the counties and cities shall provide, in keeping with the laws already existing, such funds as may be necessary for debt service, capital outlay, transportation, general operation and maintenance.