1

2

3

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

| | |
|---|---|
| JAMES MILLER, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,<br><br>     Defendant. | CASE NO. 3:19-CV-1537-BEN-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**<br><br>Date: February 6, 2020<br>Time: 2:00 pm |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

MEM. OF P&A ISO MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
CASE NO. 3:19-cv-1537-BEN-JLB

## I.  **INTRODUCTION**

Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") respectfully moves for leave to file the attached *amicus curiae* brief in connection with Plaintiffs' preliminary injunction motion.  Defendants consent to this motion, and Plaintiffs did not respond to Giffords Law Center's notice of this motion and request for consent.

Giffords Law Center is a non-profit policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to effectively reduce gun violence.  The organization was founded more than 25 years ago following a gun massacre at a San Francisco law firm and was renamed in October 2017 after joining forces with the gun-safety organization founded by former Congresswoman Gabrielle Giffords.  Today, Giffords Law Center provides free assistance and expertise to lawmakers, advocates, legal professionals, law enforcement officials, and citizens who seek to improve the safety of their communities.  Giffords Law Center has provided informed analysis of social science research and constitutional law as an *amicus* in numerous firearm-related cases, including *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago,* 561 U.S. 742 (2010); *Fyock v. City of Sunnyvale*, 779 F.3d 991 (9th Cir. 2015); and *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) *(*en banc).[1]

## II.  **ARGUMENT**

A "district court has broad discretion to appoint amici curiae."  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner,*

---

[1]  Several courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings.  *E.g.*, *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2019 WL 4923955, *5, *9 (W.D. Va. Oct. 4, 2019); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 990 (C.D. Cal. 2019); *Ass'n of N.J. Rifle & Pistol Clubs v. AG N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Md. Shall Issue v. Hogan*, 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel v. Sessions*, 879 F.3d 198, 208 (6th Cir. 2018); and *Peruta v. Cty. of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring).  Giffords Law Center filed the latter two briefs under its former name.

MEM. OF P&A ISO MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
CASE NO. 3:19-cv-1537-BEN-JLB          2

Gibson, Dunn &
Crutcher LLP

1  515 U.S. 472 (1995).  "[E]ven when a party is very well represented, an amicus may

2  provide important assistance to the court."  *Neonatology Assocs., P.A. v. Comm'r*, 293

3  F.3d 128, 132 (3d Cir. 2002) (Alito, J.).  "District courts frequently welcome amicus

4  briefs from nonparties concerning legal issues that have potential ramifications beyond

5  the parties directly involved or if the amicus has 'unique information or perspective

6  that can help the court beyond the help that the lawyers for the parties are able to

7  provide.'"  *Safari Club Int'l v. Harris*, No. 14-cv-01856-GEB, 2015 WL 1255491 at

8  *1 (E.D. Cal. Jan. 14, 2015) (internal citation omitted).

9       Giffords Law Center should be granted leave to participate as an *amicus* because

10  it brings unique information and perspective to the issues implicated in this

11  constitutional challenge and has "particular expertise" about the ways in which gun

12  regulations reduce gun violence.  *See Neonatology Assocs.*, 293 F.3d at 132.  Informed

13  by that expertise, Giffords Law Center's *amicus* submission will offer context for the

14  California firearms law at issue; information about the public safety interests advanced

15  by California's restrictions on semiautomatic rifles, high-capacity shotguns, and AR-

16  style pistols; and an analysis of whether the Second Amendment protects the use of

17  these weapons.  A number of courts, including federal district courts, have relied on

18  similar information supplied by Giffords Law Center when deciding other cases

19  involving firearms.  *See, e.g.*, *Peruta*, 824 F.3d at 943 (Graber, J., concurring) (citing

20  Giffords Law Center *amicus* brief, filed under former name Law Center to Prevent

21  Gun Violence, for analysis of homicides carried out by concealed weapons permit-

22  holders); *Mishaga v. Smith*, 136 F.Supp.3d 981, 996 (C.D. Ill. 2015) (referencing Law

23  Center *amicus* brief as a line of reasoning "driv[ing] [the Court's] conclusion").

24       Giffords Law Center submits its proposed brief in opposition to Plaintiffs'

25  motion for a preliminary injunction.  The organization's support for a particular

26  litigation outcome should not disqualify it from being an *amicus curiae*.  *Funbus Sys.,*

27  *Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986) (it is

28  "a perfectly permissible role for an amicus" to "take a legal position and present legal

Gibson, Dunn &

Crutcher LLP

1   arguments in support of it"). "An amicus, of course, is not a party to the litigation and

2   participates only to assist the court. Nevertheless, by the nature of things an amicus is

3   not normally impartial" and "there is no rule . . . that amici must be totally

4   disinterested." *Waste Mgmt. of Pennsylvania, Inc.* v. *City of York*, 162 F.R.D. 34, 36

5   (M.D. Pa. 1995) (internal quotation marks omitted); *see also California v. U.S. Dept.*

6   *of Labor*, No. 13-cv-02069-KJM, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14, 2014)

7   ("there is no requirement 'that amici must be totally disinterested'" (citing *Hoptowit*,

8   682 F.2d at 1260)); *Friends of Everglades, Inc.* v. *S. Fla. Water Mgmt. Dist.*, 2005 WL

9   8160352, at *1 (S.D. Fla. Nov. 1, 2005) (rejecting plaintiff's "unpersuasive" claim that

10  "amici must be neutral").

11          In fact, Giffords Law Center's interest in the outcome of this litigation is an

12  additional reason the organization is an appropriate *amicus curiae*. The principle at

13  stake—the ability of states to regulate the weapons and features that have become a

14  favored tool of mass shooters—is fundamental to Giffords Law Center's mission and

15  critically important to its members. The resolution of Plaintiffs' motion will involve

16  Second Amendment constitutional principles that could affect Giffords Law Center's

17  future efforts, in California or elsewhere, to reduce gun violence through gun safety

18  legislation. This weighs in favor of allowing participation by Giffords Law Center, as

19  well as other similarly situated gun safety or gun rights groups. *See California v. U.S.*

20  *Dept. of Labor*, 2014 WL 12691095 at *1 (granting leave to file amicus brief where

21  case implicated constitutional issues and therefore had "potential ramifications beyond

22  the parties directly involved").

### III.  CONCLUSION

24          For the foregoing reasons, Giffords Law Center respectfully requests leave from

25  the Court to submit an *amicus curiae* brief.

26

27

28

Gibson, Dunn &
Crutcher LLP

1

2

3   Dated: Jan 24, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE


_/s/_ Hannah Shearer

HANNAH SHEARER (SBN 292710)
hshearer@giffords.org
HANNAH FRIEDMAN
hfriedman@giffords.org
GIFFORDS LAW CENTER TO
  PREVENT GUN VIOLENCE
268 Bush St. # 555
San Francisco, CA 94104
(415) 433-2062

Attorneys for _Amicus Curiae_ Giffords Law Center to Prevent Gun Violence


SCOTT A. EDELMAN (SBN 116927)
sedelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Ave., Ste. 4600
Los Angeles, CA 90071
(213) 229-7000

VIVEK R. GOPALAN
vgopalan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Ste. 3000
San Francisco, CA 94105
(415) 393-8200

KATHRYN M. CHERRY
kcherry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3313

_Of Counsel_ for _Amicus Curiae_ Giffords Law Center to Prevent Gun Violence

Gibson, Dunn &
Crutcher LLP

MEM. OF P&A ISO MOTION FOR LEAVE TO FILE _AMICUS CURIAE_ BRIEF
CASE NO. 3:19-cv-1537-BEN-JLB          5