XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 269-6249
 Fax: (916) 731-2124
 E-mail: John.Echeverria@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in
his official capacity as Attorney General of
the State of California, and Brent E. Orick,
in his official capacity as Interim Director of
the Department of Justice Bureau of
Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA, et al.,**<br><br>Defendants. | 19-cv-1537 BEN-JLB<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS IN FIRST AMENDED COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]**<br><br>Date: February 6, 2020<br>Time: 2:00 p.m.<br>Courtroom: 5A<br>Judge: Hon. Roger T. Benitez<br>Trial Date: None Set<br>Action Filed: August 15, 2019 |

# INTRODUCTION

Plaintiffs have agreed to dismiss their challenge to California Penal Code section 30925, but they have failed to demonstrate that they have Article III standing or have pleaded sufficient facts to challenge certain other additional statutes, Cal. Penal Code §§ 30800, 30915, 30945, 30950, 31000, and 31005 (the "Additional Statutes").[1] Defendants' motion to dismiss does not "simply nibble around the edges of the complaint," Pls.' Opp'n to Defs.' Mot. to Dismiss Certain Claims ("Pls. Opp'n") (Dkt. 21) at 1:7, but rather identifies numerous threshold pleading deficiencies that cannot be waived and deprive this Court of jurisdiction over Plaintiffs' challenge to the Additional Statutes. Plaintiffs' attempt to challenge them without any alleged injury distracts from the core constitutional questions in this case. The Court should dismiss Plaintiffs' claims challenging the Additional Statutes.

# ARGUMENT

## I. PLAINTIFFS LACK STANDING AND HAVE FAILED TO STATE A CLAIM TO CHALLENGE CALIFORNIA PENAL CODE SECTION 30800

California Penal Code section 30800(a) designates as a "public nuisance" any "assault weapon" that is illegally possessed in the State. Cal. Penal Code § 30800(a)(1).[2] Plaintiffs have failed to demonstrate that they are or will be injured by section 30800(a)(1) because the weapons they currently possess do not qualify as assault weapons and, to the extent they wish to possess assault weapons, they wish to do so *lawfully*. *See, e.g.*, Dkt. 22-2 ¶ 8; Dkt. 22-3 ¶ 6; Dkt. 22-6 ¶ 7. Even

---

[1] Some of the Additional Statutes also apply to .50 BMG rifles, *see* Cal. Penal Code §§ 30945, 31000, 31005, but Plaintiffs do not challenge the Additional Statutes as applied to .50 BMG rifles.

[2] Plaintiffs do not appear to challenge section 30800(d), which deems as a public nuisance any assault weapon used in the commission of a felony or a misdemeanor. Plaintiffs cannot state a claim against that provision because personal property used in crime, including firearms, is generally considered contraband subject to seizure. *See AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153-54 (Fed. Cir. 2008) (seizure of property "in order to enforce criminal laws" is "government action clearly within the bounds of the police power").

if Plaintiffs prevail in this case, section 30800 would not be unconstitutional. Plaintiffs do not challenge the make-and-model definitions of an assault weapon, *see* Cal. Penal Code § 30510; 11 C.C.R. § 5499, so section 30800(a)(1) would still apply to those listed assault weapons if illegally possessed. And if section 30515(a) is held to be unconstitutional in whole or in part or if sections 30600 and 30605 are held to be unconstitutional as applied to firearms deemed assault weapons under section 30515(a) (while maintaining the features-based definition), section 30800 would still be constitutional in either case. Firearms that would otherwise qualify as assault weapons under section 30515(a) would either no longer be "assault weapons" subject to section 30800(a) (in the former case) or would not be *illegally* possessed and thus subject to section 30800 (in the latter case), unless the assault weapons are possessed or used in violation of some other firearm restriction, *e.g.*, possessed by a minor or a prohibited person, Cal. Penal Code § 30950, or used in the commission of a crime, *id.* § 30800(d). If Plaintiffs prevail in this case, section 30800 would not provide the State with "other ways . . . to curb and prohibit possession [of assault weapons] by other means." Pls. Opp'n at 6:7-10.

Plaintiffs' sweeping claims that "the civil forfeiture system" is subject to abuse and that section 30800(a) was purportedly "design[ed]" to enforce the Assault Weapons Control Act (the "AWCA") even if Plaintiffs prevail in this case, Pls. Opp'n at 8:2-10, are not supported by any factual allegations or, for purposes of establishing standing, evidence. Plaintiffs do not allege that they have been subject to, let alone harmed by, any of the civil proceedings authorized under section 30800. Plaintiffs' supposition that, even if they prevail in this case, "Defendants would confiscate if necessary, every last 'assault weapon' within the State," *id.* at 8:18-19, is entirely speculative, confirming that their challenge to section 30800 is motivated, not by any actual case or controversy, but by concerns about some hypothetical future application of the statute that are not ripe for adjudication. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134,

1139 (9th Cir. 2000) (en banc) ("Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" (quotation omitted)).  The Court should dismiss Plaintiffs' challenge to section 30800 for lack of standing and failure to state a claim.

## II. PLAINTIFFS LACK STANDING AND HAVE FAILED TO STATE A CLAIM TO CHALLENGE CERTAIN REGISTRATION AND PERMITTING PROVISIONS OF THE AWCA (CAL. PENAL CODE §§ 30915, 30925, 30945, 31000, 31005)

Plaintiffs have consented to the dismissal of their claim challenging California Penal Code section 30925.  Pls. Opp'n at 12:3-7.  However, Plaintiffs maintain that they have standing to challenge other registration and permitting provisions of the AWCA.  They do not.  None of the Plaintiffs allegedly possess *registered* assault weapons or wish to inherit by bequest or intestate succession any *registered* assault weapons.  In fact, Plaintiffs' declarations filed in support of their preliminary injunction motion fail to reference any assault weapons that have been registered under the AWCA, *see* Dkt. 22-2–22-11, and some even state they *did not* register their firearms, *see* Dkt. 22-2 ¶ 5; Dkt. 22-3 ¶ 5.  Moreover, Plaintiffs do not explain how permits that provide limited *exceptions* to the AWCA—and thus do not prohibit any activity that Plaintiffs claim is protected by the Second Amendment— could plausibly violate the Second Amendment.  As discussed in greater detail below, Plaintiffs lack standing to challenge the registration and permitting provisions.

### A. California Penal Code Section 30915

California Penal Code section 30915 imposes certain requirements on individuals who receive by bequest or intestate succession any registered assault weapon or any assault weapon possessed by a law enforcement officer for law enforcement purposes under section 30630.  Cal. Penal Code § 30915.  None of the Individual Plaintiffs allegedly possess a registered assault weapon or one that was

lawfully possessed under section 30630, wish to devise by bequest or intestate succession such a weapon, or wish to receive such a weapon by bequest or intestate succession. Accordingly, Plaintiffs cannot point to any alleged injury that is fairly traceable to the section 30915. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (requiring a "causal connection" between injury and challenged action).

Plaintiffs effectively concede that none of them has any registered assault weapons by asking, in the event the Court grants the motion to dismiss, for leave to amend their pleading to "include owners of registered 'assault weapons' who are prevented from transferring their property to their heirs." Pls. Opp'n at 11:11-12; *see also id.* at 11:26-28. But Plaintiffs do not represent that they have found any such new plaintiffs; indeed, they failed to include any such plaintiffs in their FAC despite adding *nine* plaintiffs. Plaintiffs should not be permitted to add new plaintiffs who would purportedly have standing to challenge section 30915 more than five months after the complaint was filed; indeed, nothing is preventing a plaintiff with standing from challenging the constitutionality of section 30915 in a separate action. *Vera v. Bush*, 980 F. Supp. 254, 256-57 (S.D. Tex. 1997) ("[P]laintiffs offer no explanation for their lengthy delay in seeking to amend their complaint and add new plaintiffs.").[3]

Plaintiffs' inability to transfer *unregistered* assault weapons by bequest or intestate succession, Pls. Opp'n at 10:25-11:4, is traceable to section 30600, which restricts the "giv[ing]" of assault weapons, and not to section 30915. Accordingly, Plaintiffs lack standing and have failed to allege any, let alone sufficient, facts to challenge section 30915.

---

[3] Relatedly, Plaintiffs ask for leave to amend to "cure any deficiency in the pleadings," Pls. Opp'n at 1:12-14, but they fail to disclose what amendments they would be able to make, let alone show that such amendments would establish their standing or state a claim to challenge the Additional Statutes.

4

**B. California Penal Code Section 30945**

Plaintiffs lack standing to challenge the permitted-use requirements for registered assault weapons in California Penal Code section 30945. Again, Plaintiffs do not contend, in the FAC or in the preliminary injunction declarations, that any of them is in possession of a registered assault weapon, arguing instead that they are challenging "*all* of the various 'assault weapon' proscriptions that *could* affect them." Pls. Opp'n at 14:18-19 (emphasis added). The fact that Plaintiffs are challenging a range of statutes, however, does not dispense with their burden under Article III to demonstrate standing to challenge *each* statute. Even when asserting facial claims, Plaintiffs must still demonstrate that they are or will be injured by the particular statutes they seek to enjoin. *See Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) (noting that, "*[o]nce standing is established*, the plaintiff's personal situation becomes irrelevant" in a facial challenge (emphasis added)); *see also Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 943-44 (9th Cir. 2011) (holding that the court has "jurisdiction over this facial challenge irrespective of [one plaintiff's] standing" "'where the legal issues . . . are fairly raised by one plaintiff [who] had standing to bring the suit" (quotation omitted)). Because Plaintiffs have failed to demonstrate that any of them has a registered assault weapon, they lack standing to challenge section 30945.

Plaintiffs argue that, even if none of them possesses an assault weapon registered under the AWCA, they nevertheless have standing to challenge section 30945 because "all firearms transferred or sold in California are now required to be *registered* by and with Defendants through the Department of Justice's Dealers Record of Sale (DROS) system." Pls. Opp'n at 14:20. This argument is specious at best. According to Plaintiffs, section 30945 "could be construed and enforced against them" because "individual Plaintiffs' *current* firearms at issue in this case, were they configured as 'assault weapons' under section 30515 . . . would indeed be

5

*registered* with and by Defendants." *Id.* at 15:5-11. But Plaintiffs ignore that section 30945 is limited to assault weapons that have been registered "under this article"—*i.e.*, article 5 of the AWCA, which concerns the registration of assault weapons—and not simply firearms for which the Department of Justice has recorded information, such as a DROS application.

Finally, the FAC lacks plausible allegations that section 30945 violates the Second Amendment by *permitting* owners of registered assault weapons to possess those weapons at their residence or a target range. *See* Cal. Penal Code § 30945(a), (b). Accordingly, Plaintiffs lack standing and have failed to allege sufficient facts to challenge section 30945.

## C. California Penal Code Section 31000(c), (d)

Plaintiffs limit their challenge to California Penal Code 31000 to subsections (c) and (d). *See* Pls. Opp'n at 21:1-4. Subdivision (c) authorizes an individual to acquire an assault weapon after January 1, 1990 if they first obtain a permit from the California Department of Justice, and subdivision (d) prohibits any "partnership, corporation, limited liability company, association, or any other group or entity" from being issued such a permit to acquire an assault weapon. The FAC does not allege, and Plaintiffs do not argue, that any of the Individual Plaintiffs has applied for or has been denied a permit under subdivision (c). The declarations submitted in support of Plaintiffs' motion for a preliminary injunction do not indicate that any of them has been denied such a permit. *See* Dkt. 22-2–22-11. In any event, Plaintiffs fail to state a plausible claim that provisions authorizing permitted individuals to acquire assault weapons—and thus do not prohibit the acquisition of assault weapons—violate the Second Amendment. Moreover, with respect to subdivision (d), Plaintiffs fail to allege how an entity that is unable to receive a permit to possess an assault weapon suffers a constitutional injury under the Second Amendment. *See District of Columbia v. Heller*, 554 U.S. 570, 595 (2008) ("[T]he Second Amendment conferred an *individual* right to keep and bear

6

arms." (emphasis added)).  Accordingly, Plaintiffs lack standing to challenge section 31000(c) and (d).

### D.    California Penal Code Section 31005

Similarly, Plaintiffs lack standing to challenge California Penal Code section 31005, which provides that the Department of Justice may, for good cause, issue permits to manufacture or sell assault weapons.  The FAC fails to allege that any of the Plaintiffs was denied such a permit.  Plaintiffs now claim to be challenging the "good cause" requirement in section 31005, which they claim "is a high and unattainable one for the purposes of the relief Plaintiffs seek"—a statement belied by the fact that two of the Plaintiffs apparently "*do* hold a permit."  Pls. Opp'n at 21:15-17, 21:22.  Plaintiffs rely on a D.C. Circuit opinion to claim that good-cause licensing requirements violate the Second Amendment.  *Id.* at 22:28-23:14 (citing *Wrenn v. District of Columbia*, 864 F.3d 650, 666 (D.C. Cir. 2017)).  Setting aside that the D.C. Circuit in *Wrenn* did not address a licensing scheme *for the sale of assault weapons*—and has separately held that assault-weapon restrictions like the AWCA are constitutional, *see Heller v. District of Columbia*, 670 F.3d 1244, 1264 (D.C. Cir. 2011)—the FAC does not include any allegations about the good cause requirement in section 31005.  The arguments in Plaintiffs' opposition concerning the discretion of licensing authorities are nowhere to be found in their pleadings.

None of the Plaintiffs are prohibited from selling assault weapons by California Penal Code section 31005, which operates as an *exception* to the sale restrictions in section 36000 and *allows* permitted individuals to sell assault weapons to certain customers.  Cal. Penal Code § 31005(a)(1)-(6).  Thus, those without a permit are barred from selling assault weapons under section 36000.  And those with a permit (like Plaintiffs Phillips and PWGG, L.P.), who are allowed to sell assault weapons to certain customers, are prohibited from selling assault weapons to other customers under section 36000.  These are not "odd assertions to make in light of 11 CCR § 4128(a)," Pls. Opp'n at 21:23, because that regulation

7

merely states that no person may sell a "dangerous weapon," such as an assault weapon, unless they have been granted a license or permit to do so. Plaintiffs have not explained how a permit authorizing a limited exemption to section 30600 could plausibly violate the Second Amendment, nor have they identified any concrete injury that is fairly traceable to section 31005. Accordingly, Plaintiffs lack standing and have failed to state a claim to challenge section 31005.

## III. PLAINTIFFS LACK STANDING AND HAVE FAILED TO STATE A CLAIM TO CHALLENGE CALIFORNIA PENAL CODE SECTION 30950

Plaintiffs' challenge to California Penal Code section 30950 should be dismissed for several reasons. *First*, as a matter of law, individuals under the age of 18 do not have a Second Amendment right to possess, purchase, or carry firearms, let alone *assault weapons*. *See Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185, 204 (5th Cir. 2012) ("[T]here is considerable historical evidence of age- and safety-based restrictions on the ability to access arms. Modern restrictions on . . . the ability of persons under 18 to possess handguns . . . seem, to us, to be firmly historically rooted."); *Powell v. Tompkins*, 926 F. Supp. 2d 367, 387 (D. Mass. 2013) (noting that "[c]ase law from jurisdictions across the country confirms that during the late nineteenth and early twentieth centuries, minors' capacity to purchase and own firearms was significantly curtailed"), *aff'd*, 783 F.3d 332 (1st Cir. 2015). Thus, any direct or third-party claims challenging the age-based possession restrictions must fail.

*Second*, Plaintiffs lack standing to challenge section 30950 on its face because none of the Individual Plaintiffs are minors and none of the Plaintiffs are purporting to act in a representative capacity on behalf of a minor. Plaintiffs must establish that at least one of them is harmed by section 30950. *See Ezell*, 651 F.3d at 697.

*Third*, to the extent the Individual Plaintiffs are asserting an as-applied challenge on behalf of other "similarly situated persons," FAC at 41-42 (Prayer for Relief), minors are not similarly situated to the adult Individual Plaintiffs. Plaintiffs

do not even attempt to claim that they are.  Even so, Plaintiffs lack third-party

standing to sue on their behalf because Plaintiffs fail to show that minors are unable

to litigate their own claims.  *See Edmonson v. Leesville Concrete Co.*, 500 U.S.

614, 629 (1991) (recognizing a limited exception to the "fundamental restriction"

on third-party standing where a plaintiff establishes injury to the third party, a close

relationship with the third party, and some hindrance to the third party's ability to

protect his or her own interests).  Plaintiffs' appeal to "[c]onsiderations of

necessity, convenience and justice" is insufficient to establish standing to sue "in a

representative capacity."  Pls. Opp'n at 19:1-2.

  ***Fourth***, one particular application of California Penal Code section 30950—to

individuals under the age of 18 who wish to train with assault weapons—does not

establish standing or state a plausible claim to challenge section 30950, especially a

*facial* challenge to the statute.  Plaintiffs state in their opposition that "some

Individual Plaintiffs have children under the age of 18" and want them to train with

assault weapons and that some "are also professional firearm trainers" who want to

train minors on the use of assault weapons, Pls. Opp'n at 19:3-8, but these

contentions are found nowhere in the FAC or in any of the evidence submitted in

support of Plaintiffs' preliminary injunction motion.  And even if some Plaintiffs

have derivative standing to assert a "subsidiary right" of minors to train with

firearms, *cf. Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (en

banc), the particular application of section 30950 to minors who wish to train with

*assault weapons* would not violate the Second Amendment.  In stark contrast to

*Ezell v. City of Chicago*, 846 F.3d 888, 896-98 (7th Cir. 2017), which concerned

age-based restrictions on minors receiving *any* adult-supervised firearm instruction

at a shooting range, Pls. Opp'n at 18:5-11, minors are free to train in the safe use of

*other firearms* in the State, including a variety of handguns and long guns.  *See*

*Teixeira*, 873 F.3d at 678-79 (holding that plaintiff failed to state a plausible claim

that zoning ordinance restricting locations of gun stores violated the Second

Amendment where residents were free to purchase firearms from other gun stores (distinguishing *Ezell*, 846 F.3d at 894)). Because minors can train with non-assault weapons, section 30950 does not "severely restrict the right of [minors] to train in firearm use at a range." *Ezell*, 846 F.3d at 894.

Plaintiffs have failed to show that they have standing or have stated a plausible claim to challenge section 30950. And as a practical matter, their challenge to this statute also distracts from the core constitutional questions in this case. The Court should dismiss their challenge to section 30950 for lack of standing and failure to state a plausible claim to relief.

## IV. THE ORGANIZATIONAL PLAINTIFFS LACK STANDING TO CHALLENGE THE ADDITIONAL STATUTES

The four Organizational Plaintiffs lack direct standing to challenge the Additional Statutes. Defs. Mem. at 13-14. Plaintiffs do not meaningfully address this argument. *See* Pls. Opp'n at 24:28-25:1 (stating only that "[t]he Institutional Plaintiffs . . . maintain that they have direct and representative standing"). Instead, Plaintiffs argue that the Organizational Plaintiffs have standing due to "Plaintiffs' broad as-applied and facial challenge to the AWCA." *Id.* at 24:22-23. The breadth of Plaintiffs' claims, however, does not dispense with their obligation to establish standing to challenge the Additional Statutes. Plaintiffs also argue that the Organizational Plaintiffs have representational standing simply because the Individual Plaintiffs have standing and they are members of the organizations. *Id.* at 24:23-27. But as discussed, the Individual Plaintiffs do not have standing to challenge the Additional Statutes, and Plaintiffs have not otherwise satisfied the requirements for representational standing. Defs. Mem. at 12-13. Accordingly, the Organizational Plaintiffs lack standing to challenge the Additional Statutes.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion to dismiss the FAC to the extent it challenges the Additional Statutes.

Dated:  January 30, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General

s/ John D. Echeverria
JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Interim Director of the Department of Justice Bureau of Firearms*