XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3879
  Fax:  (415) 703-1234
  E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in
his official capacity as Attorney General of
the State of California, and Luis Lopez, in his
official capacity as Director of the
Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER; et al.,** | Case No. 19-cv-1537-BEN-JLB |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION IN LIMINE TO PRECLUDE OR LIMIT TESTIMONY AT TRIAL** |
| v. | |
| **CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA; et al.,** | Date:  February 3, 2021<br>Time:  10:00 a.m.<br>Dept:  5A |
| Defendants. | Judge:  Hon. Roger T. Benitez<br>Trial Date:  February 3, 2021<br>Action Filed:  August 15, 2019 |

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on February 3, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5A of the above-titled court, located at 221 West Broadway, San Diego, California 92101, Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms (together, "Defendants"), shall and hereby do move this Court to preclude or limit the testimony of Adam Kraut, Wendy Hauffen, Joseph Ostini, Kenneth Brown, Nathan Siegel, and George Mocsary for Plaintiffs in this action.  The Court should preclude or limit the proffered testimony by these witnesses because it does not comply with the Federal Rules of Evidence, including Rules 602, 701, 801, 1002, and 1006.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further evidence, both oral and documentary, that may be offered at the time of the hearing on this motion.

Dated:  January 13, 2021

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
PETER H. CHANG
JOHN D. ECHEVERRIA
Deputy Attorneys General

*s/ Jose A. Zelidon-Zepeda*

JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendants*

SA2019104420
42510236.docx

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3879
 Fax:  (415) 703-1234
 E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in
his official capacity as Attorney General of
the State of California, and Luis Lopez, in his
official capacity as Director of the
Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **JAMES MILLER, an individual; PATRICK RUSS, an individual; RYAN PETERSON, an individual; and SAN DIEGO COUNTY GUN OWNERS POLITICAL ACTION COMMITTEE, a membership organization ,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of California; and LUIS LOPEZ, in his official capacity as Chief of the Department of Justice, Bureau of Firearms,**<br><br>Defendants. | 3:19-cv-01537-BEN-JLB<br><br>**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE OR LIMIT TESTIMONY AT TRIAL**<br><br>Date:     February 3, 2021<br>Time:    10:00 a.m.<br>Dept:    5A<br>Judge:   The Honorable<br>          Roger T. Benitez<br>Trial Date: 2/3/2021<br>Action Filed: 8/15/2019 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................. 1

LEGAL STANDARD .......................................................................................... 2

ARGUMENT ....................................................................................................... 3

    I.    The Court Should Preclude Plaintiffs' Lay Witnesses from Providing Improper Testimony Outside Their Percipient Knowledge. ......................................................................................... 3

    II.    Plaintiffs Improperly Proffer Testimony That Violates Fundamental Rules of Evidence, Including the Best Evidence Rule and the Hearsay Rule ............................................................... 5

    III.    Plaintiffs' Witness Should Not Be Allowed to Testify As to Ultimate Legal Issues or the Law Generally. ...................................... 7

    IV.    Evidence Not Disclosed in Discovery Should Be Excluded. ............... 9

CONCLUSION ................................................................................................. 10

i

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

<u>Page</u>

CASES

*Allegro Ventures, Inc. v. Almquist*
    No. 11-CV-2009-L WVG, 2014 WL 1871628 (S.D. Cal. May 8,
    2014) ........................................................................................................... 10

*Braun v. O'Brien*
    No. CV F 04-5475 LJO, 2006 WL 8458557 (E.D. Cal. Feb. 7,
    2006) ............................................................................................................. 4

*Carmen v. S.F. Unified Sch. Dist.*
    237 F.3d 1026 (9th Cir. 2001) ...................................................................... 4

*Crow Tribe of Indians v. Racicot*
    87 F.3d 1039 (9th Cir. 1996) ........................................................................ 9

*Gonsalves v. Sunset Life Ins. Co. of Am.*
    158 F. Supp.2d 1039 (N.D. Cal. 2001) ......................................................... 7

*Hangarter v. Provident Life & Accident Ins. Co.*
    373 F.3d 998 (9th Cir. 2004) ........................................................................ 9

*Hickman v. Taylor*
    329 U.S. 495 (1947) .................................................................................... 10

*Hunt v. Cty. of Orange*
    672 F.3d 606 (9th Cir. 2012) ...................................................................... 10

*Labadie Coal Co. v. Black*
    672 F.2d 92 (D.C. Cir. 1982) ...................................................................... 10

*Los Angeles News Service v. CBS Broadcasting, Inc.*
    305 F.3d 924 (9th Cir. 2002) ........................................................................ 7

*Luce v. U.S.*
    469 U.S. 38 (1980) ........................................................................................ 2

*Mukhtar v. Cal. State Univ.*
    299 F.3d 1053 (9th Cir. 2002) ...................................................................... 9

ii

1
2

# TABLE OF AUTHORITIES
### (continued)

**Page**

3
4
*Nutrition 21 v. U.S.*
   930 F.2d 867 (Fed. Cir. 1991) .................................................................. 9

5
6
*Qeisi v. Patel*
   No. 02-8211, 2007 WL 527445 (E.D. Pa. Feb. 9, 2007) ...................................... 3

7
8
*Quair v. Bega*
   232 F.R.D. 638 (E.D. Cal. 2005) .......................................................... 10

9
*U. S. v. Davis*
   792 F.2d 1299 (5th Cir. 1986) ............................................................. 3

10
11
*U.S. v. Bennett*
   363 F.3d 947 (9th Cir. 2004) .............................................................. 6

12
13
*U.S. v. Conn*
   297 F.3d 548 (7th Cir. 2002) .............................................................. 4

14
15
*U.S. v. Curtis*
   782 F.2d 593 (6th Cir. 1986) .............................................................. 9

16
17
*U.S. v. Freeman*
   498 F.3d 893 (9th Cir. 2007) .............................................................. 3

18
19
*U.S. v. Gadson*
   763 F.3d 1189 (9th Cir. 2014) .......................................................... 4, 8

20
21
*U.S. v. Johnson*
   594 F.2d 1253 (9th Cir. 1979) ............................................................. 7

22
*U.S. v. Orm Hieng*
   679 F.3d 1131 (9th Cir. 2012) ............................................................. 7

23
24
*United States v. Beck*
   418 F.3d 1008 (9th Cir. 2005) ......................................................... 5, 8

25
26
*United States v. Kaplan*
   490 F.3d 110 (2d Cir. 2007) .............................................................. 5

27
28
*Velez v. Reading Health Sys.*
   No. 5:15-cv-1543, 2016 WL 9776079 (E.D. Pa. Feb. 24, 2016) ........................... 2

1
2

## TABLE OF AUTHORITIES
### (continued)

**Page**

3
4

*Wardius v. Oregon*
   412 U.S. 470 (1973) ................................................................. 10

5

STATUTES

6

California Penal Code

7
8
9
10
11
12
13
14

   § 30515(a) ............................................................................... 2
   § 30600 .................................................................................... 2
   § 30605 .................................................................................... 2
   § 30800 .................................................................................... 2
   § 30910 .................................................................................... 2
   § 30915 .................................................................................... 2
   § 30925 .................................................................................... 2
   § 30945 .................................................................................... 2
   § 30950 .................................................................................... 2
   § 31000 .................................................................................... 2
   § 31005 .................................................................................... 2

15

COURT RULES

16

Federal Rules of Evidence

17
18
19
20
21
22

   Rule 403 ............................................................................. 9, 10
   Rule 602 .................................................................................. 3
   Rule 701 .......................................................................... 4, 5, 8
   Rule 702 .................................................................................. 4
   Rule 704 .................................................................................. 8
   Rule 801 .................................................................................. 6
   Rule 1002 ................................................................................ 6
   Rule 1004 ................................................................................ 6
   Rule 1006 ................................................................................ 7

23

OTHER AUTHORITIES

24

California Code of Regulations

25
26

   § 5460 .................................................................................... 2
   § 5471 .................................................................................... 2

27

*Federal Evidence* § 701.05 (Matthew Bender 2009) ........................... 5, 8

28

**INTRODUCTION**

In this challenge to California's Assault Weapons Control Act, Plaintiffs seek to enjoin various provisions of state law defining and regulating certain firearms deemed particularly dangerous and unusual.  The Court has scheduled a bench trial on Plaintiffs' request for injunctive relief and on the merits of their claim on February 3, 2021.

For the reasons explained below, Defendants seek an order in limine to preclude or limit Plaintiffs' proffered testimony at trial.  Specifically, Defendants request that the Court rule *in limine* that: 1) Plaintiffs cannot submit lay testimony by Adam Kraut and Wendy Hauffen that is outside their percipient knowledge, and improperly verges on expert testimony; 2) Plaintiffs cannot proffer testimony (including by Joseph Ostini, Kenneth Brown, and Nathan Siegel) that does not comply with the hearsay and best evidence rules, including improper summaries of voluminous records that do not comply with the Federal Rules of Evidence; and 3) Plaintiffs cannot submit testimony regarding legal issues, which are the province of the parties to brief and the Court to resolve, through their proffered witness, George Mocsary.

**BACKGROUND**

This case concerns the Roberti-Roos Assault Weapons Control Act (the "AWCA") which was enacted in 1989 and prohibits the possession, sale, transportation, or importation of assault weapons.  California subsequently amended the AWCA to add a features-based definition that designates certain semiautomatic rifles, pistols, and shotguns as assault weapons if they possess particular features or characteristics.  Plaintiffs claim that this features-based definition and a broad range of enforcement statutes and regulations that apply to assault weapons violate the Second Amendment.  Plaintiffs seek a wide-ranging order enjoining these provisions.

1

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

1   The initial complaint, filed on August 15, 2019, asserted a Second
2   Amendment challenge to the AWCA's restrictions on semiautomatic, centerfire
3   rifles and semiautomatic pistols with fixed large capacity magazines.  On
4   September 27, 2019, Plaintiffs filed a First Amended Complaint, expanding their
5   challenge to *all* of the definitions in California Penal Code section 30515(a) and a
6   range of California statutes and regulations relating to assault weapons: California
7   Penal Code sections 30600, 30605, 30800, 30910, 30915, 30925, 30945, 30950,
8   31000, and 31005 and sections 5460 and 5471 of title 11 of the California Code of
9   Regulations.  Dkt. 9 at 41-42.  Plaintiffs purport to challenge these provisions on
10  their face and as applied to them and similarly situated individuals.  *Id.*

11  On December 6, 2019, Plaintiffs filed their motion for a preliminary
12  injunction.  Dkt. 22.  This motion included numerous declarations that are the
13  subject of this Motion in Limine, including the Declarations of Wendy Hauffen,
14  George Mocsary, and Adam Kraut.  Dkt. 22-3, 22-16, 22-19.  This Court held a
15  hearing on Plaintiffs' preliminary injunction motion in October 2020, and
16  subsequently set the case for trial after indicating it would consolidate a hearing on
17  the injunction request with a hearing on the merits.[1]  After the hearing, Plaintiffs
18  submitted additional declarations addressed below, including Declarations by
19  Joseph Ostini, Nathan Siegel, and Kenneth Brown.  Dkt. 63-3, 63-4, 63-5.

20  Trial is currently scheduled for February 3, 2021.

21  ## LEGAL STANDARD

22  "Although the Federal Rules of Evidence do not explicitly authorize *in limine*
23  rulings, the practice has developed pursuant to the district court's inherent authority
24  to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980).  Motions
25  *in limine* are generally utilized in jury trials, but they are also appropriate in bench
26  trials. *See, e.g., Velez v. Reading Health Sys.*, No. 5:15-cv-1543, 2016 WL

27

28  [1] Plaintiffs have dismissed their challenge to California Penal Code section 30925.

2

9776079, at *2 (E.D. Pa. Feb. 24, 2016) (noting that "courts frequently address motions in limine in non-jury trials"); *Qeisi v. Patel*, No. 02-8211, 2007 WL 527445 (E.D. Pa. Feb. 9, 2007) (addressing motion *in limine* to limit and preclude expert testimony before bench trial).

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE PLAINTIFFS' LAY WITNESSES FROM PROVIDING IMPROPER TESTIMONY OUTSIDE THEIR PERCIPIENT KNOWLEDGE.

Plaintiffs improperly proffer testimony from lay witnesses that is outside their percipient knowledge and amounts to expert opinion, even though these individuals were not designated as experts and do not meet the requirements to provide expert opinion. This includes testimony by Adam Kraut regarding whether there is a difference "between the ability to accurately shoot at a rapid rate and reload the firearm" under configurations complying and not complying with California law. Dkt. 22-19 at 3 ¶ 14; Dkt. 22-1 at 25. It also includes testimony by Plaintiff Wendy Hauffen regarding the types of firearms that women purportedly prefer. Dkt. 22-3 at 2-3 ¶ 8.

Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The personal knowledge requirement reflects the common law's demand for the most reliable sources of information. *See* Fed. R. Evid. 602, Adv. Comm. Notes (1972); *see also U.S. v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007). The testimony of a lay witness must be based upon what he or she actually observed or perceived through his or her own senses (i.e., the witness must have first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony). *See* Fed. R. Evid. 602, Adv. Comm. Notes (1972). The party offering the evidence has the burden of showing that the witness has personal knowledge. Fed. R. Evid. 602; *U. S. v. Davis*, 792 F.2d 1299, 1303 (5th Cir. 1986).

3

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

1    Here, it is apparent that the Kraut testimony regarding any differences between
2    ability to shoot accurately and reload the firearm between a California-compliant
3    firearm and one that is not, is simply outside the realm of "concrete facts" he
4    "perceived with his senses." Dkt. 22-19 at 3 ¶ 14; Dkt. 22-1 at 25.  While he may
5    be able to testify regarding *his own ability* and *his own experience*, as a lay witness
6    he cannot properly extrapolate from his own experiences to generalize about the
7    respective firearms and their ability to reload or shoot accurately.  Likewise, while
8    Plaintiff Hauffen has percipient knowledge regarding her own preference as
9    pertains to firearms, she cannot extrapolate the preferences or suitability of
10   particular firearms for women generally.  Dkt. 22-3 at 2-3 ¶ 8.  The latter
11   conclusion is simply outside her percipient knowledge.  *Carmen v. S.F. Unified*
12   *Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("It is not enough for a witness to
13   tell all she knows; she must know all she tells.").  As courts have explained, lay
14   witnesses cannot "provide specialized explanations or interpretations that an
15   untrained layman could not make if perceiving the same acts or events."  *U.S. v.*
16   *Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (citation omitted); *see, e.g., Braun v.*
17   *O'Brien*, No. CV F 04-5475 LJO, 2006 WL 8458557, at *6 (E.D. Cal. Feb. 7, 2006)
18   (holding that lay witness could testify regarding his actions and reasons for them,
19   but is "precluded to give expert opinions, including explanations of statutes and law
20   and their applicability").

21       To be sure, a lay witness can provide some opinion testimony, but such
22   opinions or inferences are limited to testimony that is (a) "rationally based on the
23   witness's perception," and (b) "helpful to clearly understanding the witness's
24   testimony or to determining a fact in issue."  Fed. R. Evid. 701.  Rule 701 further
25   provides that a lay witness' opinion testimony may "not [be] based on scientific,
26   technical, or other specialized knowledge within the scope of Rule 702."  Fed. R.
27   Evid. 701; *U.S. v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014).

28

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

The Kraut and Hauffen testimony discussed above does not meet these requirements.  Courts have interpreted the Rule's requirements as follows: "the rational-basis requirement is the familiar requirement of first-hand knowledge or observation [and] the helpfulness requirement is principally designed to provide assurance against the admission of opinions which would merely tell the [fact finder] what result to reach."  *United States v. Kaplan*, 490 F.3d 110, 118 (2d Cir. 2007) (internal citations omitted); *see also United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (a "lay witness's testimony is rationally based within the meaning of Rule 701 where it is based upon personal observation and recollection of concrete facts.")  (citation and internal punctuation omitted); 4-701 Weinstein's *Federal Evidence* § 701.05 (Matthew Bender 2009) ("Courts may properly be wary . . . of admitting lay opinion testimony when its sole function is to answer the same question that the trier of fact is to consider in its deliberations.  Such testimony may be excluded as unhelpful.").  Here, these witnesses do not explain how they obtained this knowledge, and their mere say-so is not sufficient to establish their personal knowledge.  For these reasons, the Court should exclude this testimony.

## II.   PLAINTIFFS IMPROPERLY PROFFER TESTIMONY THAT VIOLATES FUNDAMENTAL RULES OF EVIDENCE, INCLUDING THE BEST EVIDENCE RULE AND THE HEARSAY RULE.

Plaintiffs have submitted declarations by multiple witnesses, whose proffered testimony fails to comply with basic evidentiary requirements.  Joseph Ostini is an attorney, and allegedly conducted an Internet search of available firearms, and purportedly analyzed this data in light of California statutes governing firearms.  Dkt. 63-3.  Kenneth Brown purports to testify regarding firearms sold by Brown & Associates, and Nathan Siegel purports to testify regarding firearms sold by Sturm, Ruger & Company.  Dkts. 63-5, 63-4.  These declarations are improper.

As described above, Mr. Ostini purportedly "conducted an Internet search of all new commercially available firearms for sale to U.S. residents," analyzed California statutory provisions regarding prohibited features, and "applied the law

5

1    to the prohibited features that these firearms possessed and made a determination of

2    which firearms were likely prohibited under California's assault-weapons laws."

3    Dkt. 63-3 at ¶¶ 4-9.  Mr. Ostini then allegedly created a listing regarding his

4    findings and conclusions, which he summarized in his declaration.  *Id.* at ¶¶ 10-12

5    & Exh. A.  This testimony is inadmissible hearsay (and double hearsay), and

6    additionally violates the rules for submitting summaries of voluminous records.

7         Plaintiffs also attempt to submit summaries of records through other

8    witnesses, without complying with the applicable rules.  For example, the

9    declaration of Kenneth Brown purports to testify regarding the records of Owen J.

10   Brown & Associates, provides figures regarding different types of weapons

11   allegedly delivered to stores, and thus suffers from the same hearsay problem.  Dkt.

12   63-5 at ¶¶ 4-19.  The declaration of Nathan Siegel likewise purports to testify

13   regarding the number of semiautomatic pistols distributed domestically by Sturm,

14   Ruger & Company.  Dkt. 63-4 at ¶¶ 3-6.  This proffered testimony violates the

15   Federal Rules of Evidence.

16        Because Plaintiffs submit testimony about contents of writings, they must

17   comply with Federal Rule of Evidence 1002, the best evidence rule, which provides

18   that "[a]n original writing, recording, or photograph is required in order to prove its

19   content unless these rules or a federal statute provides otherwise."  *U.S. v. Bennett*,

20   363 F.3d 947, 953 (9th Cir. 2004).  "Where the rule applies, the proponent must

21   produce the original . . .  or explain its absence."  *Id.*  This rule applies "when a

22   witness seeks to testify about the contents of a writing, recording or photograph

23   without producing the physical item itself—particularly when the witness was not

24   privy to the events those contents describe."  *Id.*; *see also* Fed. R. Evid. 1004.

25        Moreover, to the extent these three declarations seek to testify about the

26   contents of records (such as number of weapons allegedly sold by different

27   companies) and are submitted *for their truth*, they are hearsay.  Fed. R. Evid. 801;

28   802.  Hearsay is an out of court statement submitted for the truth of the matter.

6

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

*U.S. v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012).  As the party seeking to proffer this evidence, Plaintiffs bear the burden to show that an exception to the hearsay rule applies.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).  As one district court explained in a similar context, where the declarant learns of the "facts" to which he testifies from other people, it is inadmissible hearsay; if he learns of those facts "from documents, his testimony is both inadmissible hearsay and violates the best evidence rule because he has not submitted copies of the documents he relied upon with his declaration."  *Gonsalves v. Sunset Life Ins. Co. of Am.*, 158 F. Supp. 2d 1039, 1043-44 (N.D. Cal. 2001).

Similarly, Plaintiffs cannot proffer evidence of voluminous records—like that contained in the declarations of Brown, Ostini, and Siegel— without satisfying the requirements of Federal Rule of Evidence 1006.  *U.S. v. Johnson*, 594 F.2d 1253 (9th Cir. 1979).  Rule 1006 provides that summaries of voluminous records can be presented in court as long as the documents are "made available for examination or copying, or both, by other parties at reasonable time and place."  Additionally, the proponent of the evidence must establish the admissibility of the *underlying* materials.  *Johnson*, 594 F.2d at 1255-56 ("Commentators and other courts have agreed that Rule 1006 requires that the proponent of a summary establish that the underlying documents are admissible in evidence.").  Thus, Plaintiffs must produce the documents that these witnesses relied on, and establish that those documents are admissible in evidence.  Plaintiffs have not accomplished either of these prerequisites, and thus the proffered testimony should be excluded.

### III.  PLAINTIFFS' WITNESS SHOULD NOT BE ALLOWED TO TESTIFY AS TO ULTIMATE LEGAL ISSUES OR THE LAW GENERALLY.

Plaintiffs offer George Mocsary, who seeks to testify as to ultimate legal conclusions which are the province of the Court.  This testimony should be excluded as exceeding the scope of admissible testimony.

Initially, Mocsary was not designated or disclosed as an expert witness.  Dkt. 66-2.  Moreover, even assuming Mocsary meets the requirements under the Federal Rules of Evidence and *Daubert* for expert testimony, Plaintiffs improperly seek to proffer his testimony on ultimate *legal* questions at issue in this case, which exceeds the permissible scope of testimony.  Specifically, he purports to testify that "the arms that California prohibits as 'assault weapons' are protected by the Second Amendment," and that "the firearms prohibited in California are therefore widely owned and accepted," among others.  Dkt. 22-16 at ¶ 11; *id.* ¶ 24; *id.* ¶ 48; Dkt. 22-1 at 17.  These areas of testimony are improper under the case law.

As noted above, Federal Rule of Evidence 701 limits the kind of testimony that a lay witness can provide.  *See U.S. v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014).  "[A] lay witness's testimony is rationally based within the meaning of Rule 701 where it is based upon personal observation and recollection of concrete facts." *U.S. v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (citation and internal punctuation omitted); 4-701 Weinstein's *Federal Evidence* § 701.05 (Matthew Bender 2009) ("Courts may properly be wary . . . of admitting lay opinion testimony when its sole function is to answer the same question that the trier of fact is to consider in its deliberations.  Such testimony may be excluded as unhelpful.").  Here, the proffered testimony by Mocsary consists of citing cases and statutes, and offering his own interpretation and legal analysis; none of it is based on "personal observation" or a description of concrete facts, and is thus not proper under Rule 701.

As explained above, Plaintiffs did not designate Mocsary as an expert witness.  But assuming Plaintiffs had properly complied with this requirement, the proffered testimony is inadmissible because it is not helpful to the trier of fact, and instead seeks to supplant the Court's role in analyzing and applying the law.  Although Rule 704 provides that opinions on an ultimate issue are not per se improper, this does not displace the requirement that the testimony be helpful.  As the Ninth

Circuit explained, "an expert witness cannot give an opinion as to her *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002), *overruled on other grounds*, *U.S. v. Bacon*, 979 F.3d 766 (9th Cir. 2020) (en banc); *see also Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law.").  Instead, expert testimony may be submitted to analyze facts.  "Experts interpret and analyze factual evidence.  They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient . . . ." *U.S. v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986).

For example, among other things, Mocsary claims that he read the Supreme Court's decision in *Caetano* and "conducted research on and reviewed" various state laws involving assault weapon bans. Dkt. 22-16 at 4 ¶ 22.  He also proffers his "opinion [that] the arms that California prohibits as 'assault weapons' are protected by the Second Amendment." *Id.* at 2 ¶ 11; see also Dkt. 22-1 at 17; Dkt. 38 at 1 & 5.  But, even when testifying as an expert, a witness is not allowed to provide his or her opinion about the ultimate legal issue in the case.  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).  In other words, an expert witness "cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Id.* (citation omitted).  As another court stated, "An expert's opinion on the ultimate legal conclusion is neither required nor indeed 'evidence' at all." *Nutrition 21 v. U.S.*, 930 F.2d 867, 871 n.2 (Fed. Cir. 1991).

## IV.  EVIDENCE NOT DISCLOSED IN DISCOVERY SHOULD BE EXCLUDED.

The Court should also exclude any evidence not disclosed in discovery, under Federal Rule of Evidence 403, because such evidence would unfairly prejudice Defendants—and violate due process—by allowing Plaintiffs to cherry pick witness testimony on a subject that Defendants were denied any access to in discovery.

9

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

Federal Rule of Evidence 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. A danger of unfair prejudice exists when a party introduces evidence, including witness testimony, without an opportunity for discovery by the other side. *See, e.g., Allegro Ventures, Inc. v. Almquist*, No. 11-CV-2009-L WVG, 2014 WL 1871628, at *7 (S.D. Cal. May 8, 2014) ("By not disclosing these witnesses, AVI prevented Almquist from taking discovery from them. Under these circumstances, allowing their testimony would be patently unfair to Almquist"); *Labadie Coal Co. v. Black*, 672 F.2d 92, 95 (D.C. Cir. 1982) ("It was grossly unfair for the court to allow Black to produce corporate documents in the last hours of trial which plaintiff had been demanding throughout pretrial discovery."); *cf. Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (affirming district court's denial of pre-trial order amendment to add claim because doing so "would have prejudiced [defendant] because it had taken no discovery toward defending against [the] claim.").

The lack of reciprocal discovery rights violates due process, which requires that discovery "be a two-way street." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). As another court has recognized, in a similar context, "Given the critical nature of the witnesses' testimony, due process requires that they be subject to cross-examination." *Quair v. Bega*, 232 F.R.D. 638, 642 (E.D. Cal. 2005).

## CONCLUSION

For these reasons, the Court should rule *in limine* that Plaintiffs are not allowed to submit the evidence and testimony discussed.

10

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

Dated:  January 13, 2021

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General

/s/ *Jose A. Zelidon-Zepeda*

JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

SA2019104420
42495650.docx

Defs.' Mot. in Limine to Preclude or Limit Testimony at Trial (3:19-cv-01537-BEN-JLB)

## CERTIFICATE OF SERVICE

Case Name:      **James Miller et al. v. Xavier Becerra, et al.**

Case No.        **3:19-cv-01537-BEN-JLB**

I hereby certify that on <u>January 13, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION IN LIMINE TO PRECLUDE OR LIMIT TESTIMONY AT TRIAL** and

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE OR LIMIT TESTIMONY AT TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 13, 2021</u>, at San Francisco, California.

| Robert Hallsey | /s/ Robert Hallsey |
|:---:|:---:|
| Declarant | Signature |

SA2019104420
42512257.docx