George M. Lee (SBN 172982)
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511
Email: gml@seilerepstein.com

John W. Dillon (SBN 296788)
**DILLON LAW GROUP APC**
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Phone: (760) 642-7150
Fax: (760) 642-7151
Email: jdillon@dillonlawgp.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of California, et al., <br><br> Defendants. | Case No. 3:19-cv-01537-BEN-JLB <br><br> Hon. Roger T. Benitez <br> Magistrate Hon. Jill L. Burkhardt <br><br> **PLAINTIFFS' *EX PARTE* APPLICATION TO PERMIT LATE FILING OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' DAUBERT MOTION TO PRECLUDE TESTIMONY OF DR. JOHN R. LOTT, JR. [ECF 77]; AND SUPPORTING DECLARATION OF JOHN W. DILLON** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs James Miller; Patrick Russ; Wendy Hauffen; Neil Rutherford; Adrian Sevilla; Ryan Peterson; Gunfighter Tactical, LLC; John Phillips; PWGG, L.P.; San Diego County Gun Owners PAC; California Gun Rights Foundation; Second Amendment Foundation; and Firearms Policy Coalition, Inc. hereby apply to this Court for an order, under Federal Rule of Civil Procedure 6(b)(1), (c)(1), requesting that this Court grant plaintiffs leave to file out of time their Response in Opposition to Defendants' Daubert Motion to Preclude Testimony of Dr. John R. Lott, Jr. (Dkt. No. 77) (Plaintiffs' Opposition).

### REASON FOR THE LATE-FILED OPPOSITION

Parties attended a pretrial telephone conference on December 16, 2020. During the December 16, 2020 pretrial conference, the Court set a bench trial for February 3, 2021. On December 28, 2020, Defendants filed a Daubert motion to preclude testimony of Plaintiffs' expert witness, John R. Lott, Jr., at trial. Defendants noticed the hearing date for this motion for February 3, 2021. However, Plaintiffs erroneously calculated the opposition date based upon Local Rule 7.1(e)(2), rather than the Minute Entry issued electronically on December 18, 2020. Dillon Decl., ¶ 5. Based on this calculation, Plaintiffs filed their response to Defendants' Daubert motion on January 20, 2021 — 14 days before the noticed hearing. *Id*.

### GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

As discussed in the accompanying Declaration of counsel, John W. Dillon, Plaintiffs bring this *ex parte* application for leave to allow this Court to accept the late-filed Opposition, due to an inadvertent mistake that does not prejudice Defendants. Counsel calculated the response deadline for Defendants' Daubert motion based on Local Rule 7.1(e)(2), which states: "each party opposing a motion, application, or order to show cause must file that opposition or statement of non-opposition with the Clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to

- 2 -

the noticed hearing." L.R., Rule 7.1(e)(2).  According to this calculation, Plaintiffs filed their Opposition on January 20, 2021.  Dillon Decl., ¶ 7.

On January 21, 2021, Defendants' counsel contacted Plaintiffs' counsel stating that the Plaintiffs' Opposition was untimely filed.  After being notified by Defendants' counsel, Plaintiffs' counsel then reviewed the docket and Pretrial Order.  Dillon Decl., ¶ 8-9. At that time, Plaintiffs' counsel understood that although *Daubert* deadlines were to be filed by December 28, 2020, counsel misapplied the opposition date. *Id.*, at ¶ 10. Plaintiffs miscalculation of the deadline was unfortunate, but ultimately, it is not prejudicial to Defendants.

Firstly, Dr. Lott's testimony has been heard by this Court at the evidentiary hearing on October 22, 2020. Secondly, Defendants were able to cross-examine Dr. Lott through his deposition on January 22, 2021, and with the benefit of having the Opposition and supporting declaration attached to the Opposition.  Given that this Court made no allowances for reply memoranda in its minute order [ECF No. 72], nor do the parties anticipate preparing such replies, Defendants cannot demonstrate how they are or would be prejudiced by the late filing.

Plaintiffs respectfully submit that in the absence of any prejudice to Defendants, the Court should grant plaintiffs leave to file their Opposition [ECF 77] out of the time permitted by the Court's minute order entry.

January 22, 2021

Respectfully submitted,

**SEILER EPSTEIN LLP**

**DILLON LAW GROUP APC**

Attorneys for Plaintiffs

*/s/ John W. Dillon*
John W. Dillon

- 3 -

*Plaintiffs' Ex Parte Application to Permit Late Filing of Plaintiffs' Response in Opposition to Defendants' Daubert
Motion to Preclude Testimony of Dr. John R. Lott, Jr.; and Supporting Declaration of John W. Dillon*
(Case No. 3:19-cv-01537-BEN-JLB)

# DECLARATION OF JOHN W. DILLON

I, John W. Dillon, declare as follows:

1.    I am an attorney licensed in California. I am counsel for Plaintiffs James Miller et al., in the above-captioned matter. I make this declaration in support of Plaintiffs' *Ex Parte* Application to Permit Late Filing of Plaintiffs' Response in Opposition to Defendants' *Daubert* Motion to Preclude Testimony of Dr. John R. Lott, Jr.

2.    Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness I could testify competently as to those facts.

3.    Parties attended a pretrial telephone conference on December 16, 2020.  During the December 16, 2020 pretrial conference, the Court set a bench trial for February 3, 2021.

4.    On December 28, 2020, Defendants filed a Daubert motion to preclude testimony of Plaintiffs' expert witness, John R. Lott, Jr., at trial.  Defendants noticed the hearing date for this motion for February 3, 2021.

5.    Plaintiffs erroneously calculated the opposition date based upon Local Rule 7.1(e)(2), rather than the Minute Entry issued electronically on December 18, 2020. Based on this calculation, Plaintiffs filed their response to Defendants' Daubert motion on January 20, 2021 — 14 days before the noticed hearing.

6.    Plaintiffs request leave to allow this Court to accept the late-filed Opposition, due to an inadvertent mistake that does not prejudice Defendants.

7.    As stated above, I calculated the response deadline for Defendants' Daubert motion based on Local Rule 7.1(e)(2), which states: "each party opposing a motion, application, or order to show cause must file that opposition or statement of non-opposition with the Clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing."  L.R., Rule 7.1(e)(2). According to this calculation, Plaintiffs filed their Opposition on January 20, 2021.

- 4 -

8.     On January 21, 2021, Defendants' counsel contacted Plaintiffs' counsel George Lee, leaving a voicemail to discuss the Daubert Opposition. Plaintiffs' counsel Lee and I contacted Deputy Attorney General John Echeverria shortly thereafter. On the call, Defendants' counsel stated that the Plaintiffs' Opposition was untimely filed.

9.     After being notified by Defendants' counsel, Plaintiffs' counsel then reviewed the docket and Pretrial Order.

10.   At that time, I understood that although Daubert deadlines were to be filed by December 28, 2020, I misapplied the opposition date. Although my miscalculation of the deadline was unfortunate, ultimately, it is not prejudicial to Defendants.

11.   First, Dr. Lott's testimony has been heard by this Court at the evidentiary hearing on October 22, 2020.

12.   Second, Defendants were able to cross-examine Dr. Lott through his deposition taken on January 22, 2021, and with the added benefit of having the Plaintiffs' Opposition and supporting declaration attached to the Opposition.

13.   Given that this Court made no allowances for reply memoranda in its minute order [ECF No. 72], nor am I aware that the parties anticipate preparing such replies, Defendants cannot demonstrate how they are or would be prejudiced by the late filing.

14.   Thus, Plaintiffs respectfully submit that in the absence of any prejudice to Defendants, the Court should grant plaintiffs leave to file their Opposition [ECF 77] out of the time permitted by the Court's minute order entry.

15. On January 22, 2021, we provided notice to Deputy Attorney General Echeverria, advising him of our intention to file this application, and to determine whether defendants would stipulate to the late filing of the Opposition. As of the time this declaration is made, defendants have not so stipulated.

//
//
//

- 5 -

I declare under penalty of perjury that the foregoing is true and correct. Executed in Carlsbad, California on January 22, 2021.

By: _____

John W. Dillon

- 6 -