XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3479
 Fax:  (415) 703-1234
 E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER, et al.,**<br><br>                              Plaintiffs,<br><br>         v.<br><br>**CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA, et al.,**<br><br>                              Defendants. | Case No. 19-cv-1537-BEN-JLB<br><br>**DEFENDANTS'** *EX PARTE* **APPLICATION TO STRIKE UNTIMELY OPPOSITION [ECF 77] AND OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO PERMIT LATE FILING [ECF 79]; DECLARATION OF JOHN D. ECHEVERRIA**<br><br>Courtroom:   5A<br>Judge:           Hon. Roger T. Benitez<br>Trial Date:    February 3, 2021<br>Action Filed: August 15, 2019 |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms[1] (together, "Defendants"), by and through their counsel, hereby apply *ex parte* to this Court for an order striking Plaintiffs' Memorandum in Opposition to Defendants' *Daubert* Motion to Preclude Testimony of John R. Lott, Jr. (Dkt. 77) and the Declaration of John Lott in support thereof (Dkt. 77-1).

Plaintiffs' *Daubert* opposition papers—including a new 77-page submission from Lott—were filed more than two weeks after the Court's January 4, 2021 deadline and on the eve of Lott's January 22, 2021 deposition in this case. Plaintiffs fail to demonstrate both good cause for permitting the late filing *and* excusable neglect for failing to comply with the Court's order. Moreover, Plaintiffs' late filing prejudices Defendants because Defendants' counsel was not provided adequate time to prepare to question Lott on his new 77-page declaration and exhibits at his deposition. Plaintiffs oppose this *ex parte* application.

Additionally, for those same reasons, the Court should deny Plaintiffs' *Ex Parte* Application to Permit Late Filing of Plaintiffs' Response in Opposition to Defendants' *Daubert* Motion to Preclude Testimony of John R. Lott, Jr. (Dkt. 79). Moreover, Plaintiffs failed to provide adequate notice to Defendants of their intention to apply *ex parte* for leave to permit the late filing. *See* L.R. 83.3(g).

If the Court is inclined to grant Plaintiffs leave to file the untimely opposition and new Lott declaration, Defendants respectfully request that the Court conduct a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Bureau of Firearms Director Luis Lopez, in his official capacity, is substituted for former Interim Director Brent E. Orick.

1

*Daubert* hearing to assess Lott's credibility in light of the issues raised in the *Daubert* motion and during his deposition.

Dated:  January 25, 2021

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
PETER H. CHANG
Deputy Attorneys General

s/ John D. Echeverria

JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants*

2

Defendants' *Ex Parte* Application to Strike Untimely Opposition & Opposition to Plaintiffs' *Ex Parte* Application to Permit Late Filing (3:19-cv-01537-BEN-JLB)

**APPLICATION TO STRIKE**

Federal Rule of Civil Procedure 6(b) provides that, when an act must be done within a specified time, the Court may, for good cause, extend the time for a party to act if a request is made before the time has expired. Fed. R. Civ. P. 6(b)(1)(A). If, however, a motion is made *after the time has expired*, the Court may extend the time to act only for good cause and upon a showing of excusable neglect. *Id.* 6(b)(1)(B); *Fed. Trade Comm'n v. Elegant Solutions, Inc.*, 2020 WL 3891675, at *1-2 (C.D. Cal. May 8, 2020) (striking declarations filed two days late due to claimed "inadvertent electronic filing errors" where the late-filed declarations hindered moving party's "ability to meaningfully review" them).

Here, the Court ordered that any *Daubert* motions must be filed within ten days of the pretrial conference, and any oppositions must be filed within seven days thereafter. *See* Dkt. 72. Defendants timely filed their *Daubert* motion on December 28, 2020, and thus Plaintiffs' opposition was due by January 4, 2021. More than two weeks after the deadline, on January 20, 2021, at 5:47 p.m. PST, Plaintiffs filed an opposition with a new 28-page declaration from Lott, which attached 48 pages of exhibits. Plaintiffs filed an *ex parte* application for leave to file the opposition on January 22, 2021—long after the deadline had passed and then only after Defendants had notified Plaintiffs of their intent to apply *ex parte* to strike the filing.

Plaintiffs have failed to demonstrate either good cause *or* excusable neglect, much less both, as required under Federal Rule of Civil Procedure 6(b)(1)(B). Plaintiffs merely claim that they used the default deadline for oppositions provided in Local Rule 7.1(e)(2). *See* Pls.' App. at 2:25-3:2. But they fail to explain why they ignored the specific *Daubert* deadlines set by the Court at the December 16, 2021 pretrial conference, which were reiterated two days later by the Court in its December 18, 2021 Minute Entry. Indeed, aside from setting the February 3, 2021

3

Defendants' *Ex Parte* Application to Strike Untimely Opposition & Opposition to Plaintiffs' *Ex Parte* Application to Permit Late Filing (3:19-cv-01537-BEN-JLB)

trial date, the *Daubert* deadlines were the only deadlines set by the Court at the pretrial conference. Plaintiffs fail to provide any excuse for their neglect.

At the same time, Defendants are severely prejudiced by the untimely filing. While Plaintiffs claim in conclusory terms that their delay is not prejudicial to Defendants, *id.* at 3:8-9, Defendants' counsel had explained to Plaintiffs' counsel how the late filing prejudices Defendants both during a telephone call concerning this *ex parte* application and during the deposition of Lott. *See* Echeverria Decl. ¶¶ 8-9. The filing of a new 77-page submission by Lott less than two days before his deposition—in addition to the 1,057-page declaration previously filed in support of Plaintiffs' motion for preliminary injunction (Dkt. 22-18)—deprived Defendants' counsel of time to adequately prepare to examine Lott on his latest submission. *Id.*

Defendants provided adequate notice of this *ex parte* application. *See* Echeverria Decl. ¶ 8.

Due to Plaintiffs' lack of good cause and excusable neglect, and the substantial prejudice to Defendants, the Court should strike Plaintiffs' untimely *Daubert* opposition and supporting declaration.

## OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION

Plaintiffs' *ex parte* application for leave to file the untimely opposition papers should be denied for the same reasons the Court should strike the late submission—Plaintiffs have failed to demonstrate both good cause and excusable neglect in failing to comply with the Court's deadline. Indeed, their *ex parte* application only addresses the good cause requirement of Federal Rule of Civil Procedure 6(b), without even mentioning excusable neglect. *See* Dkt. 79 at 2-3. And while Plaintiffs claim to have made an error, they fail to provide any excuse or justification for their claimed mistake. Moreover, Plaintiffs failed to provide adequate notice of their *ex parte* application. *See* Echeverria Decl. ¶¶ 10-12.

4

Defendants' *Ex Parte* Application to Strike Untimely Opposition & Opposition to Plaintiffs' *Ex Parte* Application to Permit Late Filing (3:19-cv-01537-BEN-JLB)

Plaintiffs filed the application approximately one hour after sending an email to Defendants' counsel, which itself failed to explain any good cause or excusable neglect and did not inform Defendants when the *ex parte* application would be filed. *See id.* Plaintiffs did not, "within a reasonable time before the motion," inform Defendants' "attorney when and where the motion would be made." L.R. 83.3(g). In addition to lacking merit, Plaintiffs' *ex parte* application is procedurally defective. The Court should deny the *ex parte* application.

## CONCLUSION

For these reasons, the Court should (1) strike Plaintiffs' untimely opposition to Defendants' *Daubert* motion, including the new declaration of John Lott, and (2) deny Plaintiffs' *ex parte* application.

Dated: January 25, 2021

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
PETER H. CHANG
Deputy Attorneys General

s/ John D. Echeverria

JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants*

5

Defendants' *Ex Parte* Application to Strike Untimely Opposition & Opposition to Plaintiffs' *Ex Parte* Application to Permit Late Filing (3:19-cv-01537-BEN-JLB)

# DECLARATION OF JOHN D. ECHEVERRIA

I, John D. Echeverria, declare:

1. I am a Deputy Attorney General with the California Department of Justice and serve as counsel to Defendants in the above-captioned matter. Except as otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness I could testify competently as to those facts. I make this declaration in support of Defendants' *Ex Parte* Application to Strike Untimely Opposition and Opposition to Plaintiffs' *Ex Parte* Application to Permit Late Filing.

2. During the December 16, 2020 pretrial conference, the Court ordered that any *Daubert* motions must be filed within ten days of the conference, and any oppositions must be filed within seven days thereafter.

3. On December 18, 2020, the Court issued a Minute Entry reiterating the deadline for *Daubert* motions and oppositions. *See* Dkt. 72. In addition to setting the February 3, 2021 trial date, these were the only deadlines set by the Court at the pretrial conference.

4. On December 28, 2020, Defendants timely filed a *Daubert* motion to preclude the testimony of Plaintiffs' expert witness, John R. Lott, Jr. (Dkt. 73).

5. Plaintiffs failed to file an opposition by the January 4, 2021 deadline.

6. The parties set Lott's deposition for January 22, 2021 at 9 a.m. This was the only date that Plaintiffs provided as an available date for Lott's deposition.

7. On January 20, 2021, at 5:47 p.m. PST, Plaintiffs filed an opposition to the *Daubert* motion, including a new 28-page declaration of Lott and 48 pages of accompanying exhibits (Dkt. 77, 77-1).

8. On January 21, 2021, I contacted Plaintiffs' counsel, George Lee, by telephone and left a voicemail. Plaintiffs' counsel returned my telephone call, and I informed George Lee and John Dillon that Plaintiffs' *Daubert* opposition was filed long after the deadline and that the filing came as a surprise to Defendants. I also

6

Defendants' *Ex Parte* Application to Strike Untimely Opposition & Opposition to Plaintiffs' *Ex Parte* Application to Permit Late Filing (3:19-cv-01537-BEN-JLB)

explained the substantial prejudice to Defendants, given that I was left with little time to prepare to examine Lott on his new 77-page submission during his deposition the next morning. I asked if Plaintiffs would agree to withdraw the untimely opposition, but they declined. I then informed Plaintiffs' counsel that Defendants would be applying *ex parte* for an order striking the untimely opposition and supporting declaration. I informed them that our *ex parte* application would be filed on Monday or Tuesday. I asked if I should inform the Court that Plaintiffs would be opposing the *ex parte* application, and they stated that Plaintiffs would oppose the application. During the January 21, 2021 telephone call, Plaintiffs' counsel provided no explanation for the late filing.

9. I deposed John Lott on January 22, 2021. While I asked Lott some questions about his new declaration, I reserved the right for Defendants to request that the Court strike the untimely declaration. I also explained on the record how the late filing prejudiced Defendants.

10. At the conclusion of the deposition, Plaintiffs' counsel, John Dillon, and I discussed arranging a potential telephone call over the weekend to discuss various pretrial deadlines. During this post-deposition conversation, Mr. Dillon did not mention Plaintiffs' intention to apply *ex parte* for leave to file the late opposition.

11. Later that evening, at 6:22 p.m. PST, Mr. Dillon sent an email to Defendants' counsel stating:

> Following our telephone conversation yesterday, in which you informed us that plaintiffs had filed the opposition to the defense Daubert motion to exclude the testimony of Dr. Lott [ECF 77] ["Opposition"] out of time permitted by the Court, it is our intention to seek relief from the late filing from the Court. Based upon our conversation, in which you indicated that defendants would be seeking to strike the Opposition, we presume that you would oppose the relief we are seeking. Nevertheless, if you are willing to stipulate to the late filing, please let us know.

12. Less than one hour later, at 7:04 p.m. PST, Plaintiffs filed an *Ex Parte* Application to Permit Late Filing of Plaintiffs' Response in Opposition to Defendants' *Daubert* Motion to Preclude Testimony of John R. Lott, Jr. (Dkt. 79).

13. At 7:36 p.m. PST, I emailed Mr. Dillon the following message:

> We will oppose your ex parte request. Not only does your application fail to demonstrate both good cause and excusable neglect, but you failed to provide us adequate notice (less than one hour) and your email did not inform us when you intended to apply ex parte. Finally, while your application did inform the Court that we brought the untimely filing to your attention, you did not inform the Court that we provided notice that we will be applying ex parte to strike the Daubert opposition.
>
> Please inform the Court asap that Defendants will oppose your ex parte application.

14. At 9:57 p.m. PST, Plaintiffs filed a declaration informing the Court that Defendants will oppose Plaintiffs' *ex parte* application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 25, 2021, at San Francisco, California.

s/ John D. Echeverria<br>John D. Echeverria

SA2019104420
42526493.docx

8

Defendants' *Ex Parte* Application to Strike Untimely Opposition & Opposition to Plaintiffs' *Ex Parte* Application to Permit Late Filing (3:19-cv-01537-BEN-JLB)

# CERTIFICATE OF SERVICE

Case Name: **James Miller et al. v. Xavier Becerra, et al.**
Case No. **3:19-cv-01537-BEN-JLB**

I hereby certify that on <u>January 25, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE UNTIMELY OPPOSITION [ECF 77] AND OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO PERMIT LATE FILING [ECF 79]; DECLARATION OF JOHN D. ECHEVERRIA**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 25, 2021</u>, at San Francisco, California.

| Robert Hallsey | /s/ Robert Hallsey |
|---|---|
| Declarant | Signature |

SA2019104420
42526513.docx