George M. Lee (SBN 172982)
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511
Email: gml@seilerepstein.com

John W. Dillon (SBN 296788)
**DILLON LAW GROUP APC**
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Phone: (760) 642-7150
Fax: (760) 642-7151
Email: jdillon@dillonlawgp.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of California, et al., <br><br> Defendants. | Case No. 3:19-cv-01537-BEN-JLB <br><br> Hon. Roger T. Benitez <br> Magistrate Hon. Jill L. Burkhardt <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE UNTIMELY OPPOSITION [ECF 77]; AND SUPPORTING DECLARATION OF JOHN W. DILLON** |

## OPPOSITION TO DEFENDANTS EX PATE APPLICATION

Defendant's *ex parte* motion to strike Plaintiff's Opposition [ECF 77] should be denied. Plaintiffs also respectfully request that the Court grant Plaintiffs' *ex parte* request for relief from the late-filing of Plaintiffs' Opposition to Defendants' *Daubert* motion [ECF 79] on the grounds that Plaintiffs have sufficiently shown why their Opposition was untimely and that Defendants have not sustained any prejudice. Defendants received Plaintiffs' Opposition with more than sufficient time before the bench trial/hearing (February 3, 2021) to address such opposition, and had adequate time before the Deposition of Dr. Lott, which occurred on January 22, 2021. Dr. Lott's deposition lasted a full seven (7) hours and his declaration accompanying Plaintiffs' Opposition was marked as an exhibit and Defense counsel questioned Dr. Lott at length about it. (Dillon Decl., *infra*, at ¶ 12). Further, the Court did not order or allow for any reply briefs to be filed and Plaintiffs' Opposition was provided 14 days before the scheduled bench trial.

As stated in Plaintiffs' *ex parte* application, the parties' counsel attended a pretrial telephone conference on December 16, 2020. During that conference, the Court set a bench trial for February 3, 2021. On December 28, 2020, Defendants filed a *Daubert* motion to exclude testimony of Plaintiffs' expert witness, John R. Lott, Jr., at the bench trial. Defendants' noticed the hearing date for their *Daubert* motion for February 3, 2021. Plaintiffs' counsel erroneously calculated the opposition date to the *Daubert* motion based upon Local Rule 7.1(e)(2), rather than the Minute Entry issued electronically on December 18, 2020. See Dillon Decl., ¶ 5. Based on this miscalculation, Plaintiffs filed the Opposition to Defendants' *Daubert* motion on January 20, 2021 — 14 days before the noticed hearing. *Id.*

On January 21, 2021, Defendants' counsel contacted counsel stating that Plaintiffs' Opposition was untimely filed. After being notified by Defendants' counsel, Plaintiffs' counsel then reviewed the docket and the Pretrial Order. Dillon Decl., ¶ 8-9.

- 2 -

At that time, Plaintiffs' counsel miscalculated the *Daubert* opposition filing deadline using Local Rule 7.1(e)(2) and not the December 18 Minute Order Entry. *Id.*, at ¶ 10. Plaintiffs' miscalculation of the deadline was unfortunate, but ultimately; however, it was not prejudicial to Defendants.

Plaintiffs' counsel sent Defendants' counsel an email notifying Defendants' of Plaintiffs' intent to file for *ex parte* relief. Considering that Defendants' counsel had stated that they intended to file their own *ex parte* application arguing precisely the opposite of Plaintiffs' *ex parte* request, Defendants' opposition was assumed. Moreover, considering the timing of the upcoming trial, Plaintiffs wanted to bring this matter to the Court's attention as soon as possible.

After filing Plaintiffs' *ex parte* application, Defendants notified Plaintiffs' counsel that they intended to oppose Plaintiffs' *ex parte* application. After being so notified, Plaintiff's counsel immediately prepared and filed a supplemental declaration that same night (January 22, 2021) informing the Court of Defendants' opposition to Plaintiffs' *ex parte* application. [ECF 80].

## No Prejudice to Defendants

Defendants were not prejudiced by Plaintiffs' untimely filing of the Opposition to the *Daubert* motion.

First, Plaintiffs' Opposition was filed and served in accordance with local rules requiring oppositions to be filed 14 days before the noticed hearing. The *Daubert* motion was noticed with a hearing date of February 3, 2021 (the date of commencement of the bench trial).

Additionally, Plaintiffs' Opposition was filed on January 20, 2021, two days before Defendants deposed Dr. John Lott, who is the subject of the *Daubert* motion. During the deposition, Defendants' counsel extensively cross-examined Dr. Lott as to Plaintiffs' Opposition and the new declaration from Dr. Lott, which was filed and served concurrently with Plaintiffs' Opposition. (Dillon Decl., infra, at ¶ 12).

- 3 -

Further, this Court has considered Dr. Lott's testimony both through his declaration and through live testimony. Dr. Lott's original declaration in support of Plaintiffs' motion for preliminary injunction has been on record since December 2019. The Court has relied on this testimony in the evidentiary hearing on October 22, 2020; and Dr. Lott gave live testimony at that time.

Defendants claim that "Defendants' counsel was not provided adequate time to prepare to question Lott" on his declaration and exhibits. However, Defendants fully cross-examined Dr. Lott at his deposition on January 22, 2021, and with the benefit of having Plaintiffs' Opposition and the supporting declaration from Dr. Lott, which was attached to such opposition. In fact, Defendants' counsel John Echeverria deposed Dr. Lott for the full 7-hour time limit. (Dec, *infra* at ¶ 12). At the deposition, Defendants' counsel introduced Dr. Lott's declaration in support of Plaintiffs' Opposition, made it an exhibit, and questioned Dr. Lott on that declaration and the substantive opinions rendered therein. Defendants' counsel also questioned Dr. Lott regarding various claims made against him in Defendants' *Daubert* motion, as well as Dr. Lott's responses filed as a part of Plaintiffs' Opposition.

Finally, given that this Court made no allowances for reply memoranda in its Minute Order [ECF No. 72], nor do the parties anticipate preparing such reply briefs, Defendants cannot demonstrate how they were prejudiced by the belated filing.

Plaintiffs respectfully submit that in the absence of any prejudice to Defendants, Plaintiffs' *ex parte* application be granted, and in turn, grant Plaintiffs leave to file their Opposition [ECF 77] beyond the time permitted by the Court's Minute Order. Plaintiffs' counsel apologizes for the oversight.

January 26, 2021                                        Respectfully submitted,

                                                                            **SEILER EPSTEIN LLP**

**DILLON LAW GROUP APC**

Attorneys for Plaintiffs

/s/ *John W. Dillon*
John W. Dillon

## DECLARATION OF JOHN W. DILLON

I, John W. Dillon, declare as follows:

1. I am an attorney licensed in California. I am counsel for Plaintiffs James Miller *et al.*, in the above-captioned matter. I make this declaration in support of Plaintiffs' *Ex Parte* Application to Permit Late Filing of Plaintiffs' Response in Opposition to Defendants' *Daubert* Motion to Preclude Testimony of Dr. John R. Lott, Jr. Unless otherwise stated, I have personal knowledge of the facts set forth in my declaration, and if called upon as a witness, I could and would testify competently as to the facts herein.

2. Parties attended a pretrial telephone conference on December 16, 2020. During the conference, the Court set a bench trial for February 3, 2021.

3. On December 28, 2020, Defendants filed a *Daubert* motion to exclude the testimony of Plaintiffs' expert witness, John R. Lott, Jr. Defendants noticed the hearing date for the *Daubert* motion for February 3, 2021.

4. Plaintiffs' counsel erroneously calculated the opposition date based upon Local Rule 7.1(e)(2), rather than the Minute Order Entry issued electronically on December 18, 2020. Based on this miscalculation, Plaintiffs filed their opposition to Defendants' *Daubert* motion on January 20, 2021 — 14 days before the noticed hearing.

5. Plaintiffs request leave to allow this Court to accept the late-filed Opposition, due to an inadvertent error of counsel. Counsel also apologizes for the inadvertent oversight. At the same time, Plaintiffs contend that no prejudice has been sustained by Defendants due to the belated filing.

- 5 -

*Plaintiffs' Opposition to Defendants' Ex Parte Application to Strike Untimely Opposition [ECF 77]; and Supporting Declaration of John W. Dillon*
(Case No. 3:19-cv-01537-BEN-JLB)

6.  As stated, I calculated the opposition deadline for Defendants' *Daubert* motion based on Local Rule 7.1(e)(2), which states: "each party opposing a motion, application, or order to show cause must file that opposition or statement of non-opposition with the Clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing." L.R., Rule 7.1(e)(2). According to this calculation, Plaintiffs filed their opposition and supporting Declaration of Dr. Lott on January 20, 2021.

7.  On January 21, 2021, Defendants' counsel contacted Plaintiffs' counsel George Lee leaving a voicemail to discuss the *Daubert* Opposition. Plaintiffs' counsel Lee and I contacted Deputy Attorney General John Echeverria shortly thereafter. On the call, Defendants' counsel stated that the Plaintiffs' Opposition was untimely filed.

8.  After being notified by Defendants' counsel, Plaintiffs' counsel then reviewed the docket, the Pretrial Order, and the Minute Order and saw that the entry had a specified date for the filing of Daubert motions. I overlooked that deadline.

9.  Although my miscalculation of the deadline was unfortunate, ultimately, it is not prejudicial to Defendants.

10. First, Dr. Lott's testimony has been heard by this Court at the evidentiary hearing on October 22, 2020.

11. Second, Defendants cross-examined Dr. Lott at his deposition scheduled for January 22, 2021, and with the added benefit of having the Plaintiffs' Opposition and Dr. Lott's supporting declaration attached to the opposition.

12. Third, I attended Dr. Lott's deposition, which lasted approximately seven (7) hours. At the deposition, Defendants' counsel introduced Dr. Lott's declaration in support of Plaintiffs' Opposition, made it an exhibit, and questioned Dr. Lott extensively as to that declaration and the substantive opinions rendered therein. Defendants' counsel also questioned Dr. Lott regarding various claims made against him in Defendants' *Daubert* motion, as well as Dr. Lott's responses filed as a part of Plaintiffs' Opposition.

- 6 -

*Plaintiffs' Opposition to Defendants' Ex Parte Application to Strike Untimely Opposition [ECF 77]; and Supporting Declaration of John W. Dillon*
(Case No. 3:19-cv-01537-BEN-JLB)

13. Given that the Court made no allowance for reply memoranda in its Minute Order [ECF No. 72], nor am I aware that the parties anticipate preparing any such reply, Defendants cannot demonstrate how they were prejudiced by the belated filing.

14. Thus, Plaintiffs respectfully submit that in the absence of any prejudice to Defendants, Plaintiffs' *ex parte* application be granted, and in turn, grant Plaintiffs leave to file their Opposition [ECF 77] beyond the time permitted by the Court's Minute Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Carlsbad, California on January 26, 2021.

By: _____
John W. Dillon

- 7 -

*Plaintiffs' Opposition to Defendants' Ex Parte Application to Strike Untimely Opposition [ECF 77]; and Supporting Declaration of John W. Dillon*
(Case No. 3:19-cv-01537-BEN-JLB)