XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3879
  Fax:  (415) 703-1234
  E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in
his official capacity as Attorney General of
the State of California, and Luis Lopez, in his
official capacity as Director of the
Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **JAMES MILLER, an individual; PATRICK RUSS, an individual; RYAN PETERSON, an individual; and SAN DIEGO COUNTY GUN OWNERS POLITICAL ACTION COMMITTEE, a membership organization ,** | 3:19-cv-01537-BEN-JLB |
| Plaintiffs, | **DEFENDANTS' REPLY SUPPORTING MOTION IN LIMINE TO PRECLUDE OR LIMIT TESTIMONY AT TRIAL** |
| **v.** | Date: February 3, 2021<br>Time: 10:00 a.m.<br>Dept: 5A<br>Judge: The Honorable<br>Roger T. Benitez |
| **XAVIER BECERRA, in his official capacity as Attorney General of California; and LUIS LOPEZ, in his official capacity as Chief of the Department of Justice, Bureau of Firearms,** | Trial Date: 2/3/2021<br>Action Filed: 8/15/2019 |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................ 2

    I.    Plaintiffs' Lay Witnesses Kraut and Hauffen Proffer Improper Testimony Outside Their Percipient Knowledge. ................................ 2

    II.   The Brown, Siegel, and Ostini Declarations Do Not Comply With the Federal Rules of Evidence. ...................................................... 3

    III.  Plaintiffs' Witness Mocsary Should Not Be Allowed to Testify As to Ultimate Legal Issues or the Law Generally. ............................... 6

    IV.  The Court Should Exclude Evidence Not Disclosed in Discovery. ......................................................................................... 8

CONCLUSION ......................................................................................... 8

i

Defs.' Reply Supp. Mot. in Limine to Preclude or Limit Testimony at Trial
(3:19-cv-01537-BEN-JLB)

1

## TABLE OF AUTHORITIES

2

**Page**

3   CASES

4   *Allegro Ventures, Inc. v. Almquist*
5       No. 11-CV-2009-L WVG, 2014 WL 1871628 ......................................................8

6   *Braun v. O'Brien*
7       No. CV F 04-5475 LJO, 2006 WL 8458557 (E.D. Cal. Feb. 7,
        2006) .......................................................................................................................3
8
9   *Carmen v. S.F. Unified Sch. Dist.*
        237 F.3d 1026 (9th Cir. 2001) ...............................................................................3
10
11  *Crow Tribe of Indians v. Racicot*
        87 F.3d 1039 (9th Cir. 1996) .................................................................................7
12
13  *Hunt v. Cty. of Orange*
        672 F.3d 606 (9th Cir. 2012) .................................................................................8
14
15  *Los Angeles News Service v. CBS Broadcasting, Inc.*
        305 F.3d 924 (9th Cir. 2002) .................................................................................5
16
17  *Mukhtar v. Cal. State Univ.*
        299 F.3d 1053 (9th Cir. 2002) ...............................................................................7
18
19  *Orr v. Bank of America, NT & SA*
        285 F.3d 764 (9th Cir. 2002) .................................................................................4
20
21  *U. S. v. Davis*
        792 F.2d 1299 (5th Cir. 1986) ...............................................................................2
22
    *U.S. v. Beck*
        418 F.3d 1008 (9th Cir. 2005) ...............................................................................7
23
24  *U.S. v. Bennett*
        363 F.3d 947 (9th Cir. 2004) ..............................................................................3, 4
25
26  *U.S. v. Conn*
        297 F.3d 548 (7th Cir. 2002) .................................................................................3
27
28  *U.S. v. Curtis*
        782 F.2d 593 (6th Cir. 1986) .................................................................................7

ii

1

2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3

*U.S. v. Gadson*

4
    763 F.3d 1189 (9th Cir. 2014)..................................................................7

5

*U.S. v. Johnson*

6
    594 F.2d 1253 (9th Cir. 1979)..................................................................6

7

*U.S. v. Orm Hieng*

    679 F.3d 1131 (9th Cir. 2012)..................................................................5

8

9

*U.S. v. Ray*

    930 F.2d 1368 (9th Cir. 1990)..................................................................6

10

11

**COURT RULES**

12

Federal Rules of Evidence

13
    Rule 403....................................................................................................8
    Rule 602....................................................................................................2

14
    Rule 701....................................................................................................7
    Rule 801....................................................................................................5

15
    Rule 901....................................................................................................4

16
    Rule 1002..................................................................................................3
    Rule 1004..................................................................................................4

17
    Rule 1006..................................................................................................6

18

**OTHER AUTHORITIES**

19

*Federal Evidence* § 701.05 (Matthew Bender 2009) ................................7

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2    As Defendants explained in their Motion in Limine, the Court should preclude

3  or limit testimony submitted by Plaintiffs because it does not conform to the

4  Federal Rules of Evidence.  Defendants specifically request that the Court rule *in*

5  *limine* that: 1) Plaintiffs cannot submit lay testimony by Adam Kraut and Wendy

6  Hauffen that is outside their percipient knowledge, and improperly verges on expert

7  testimony; 2) Plaintiffs cannot proffer testimony (including by Joseph Ostini,

8  Kenneth Brown, and Nathan Siegel) that does not comply with the hearsay and best

9  evidence rules, including improper summaries of voluminous records; and 3)

10 Plaintiffs cannot submit testimony regarding legal issues through their proffered

11 witness, George Mocsary.  Additionally, the Court should rule that evidence not

12 produced in discovery cannot be submitted at trial.

13    Plaintiffs filed a voluminous 25-page opposition, which does not meaningfully

14 address the legal arguments.  Instead, Plaintiffs' largely rehash the improper

15 testimony at issue in this motion.  First, Plaintiffs do not demonstrate that the

16 specific Kraut and Hauffen testimony at issue is within their percipient knowledge.

17 Instead, Plaintiffs focus on other aspects of their testimony that Defendants have

18 not challenged, including Kraut's video.

19    Second, Plaintiffs take issue with Defendants' argument that the declarations

20 of Brown, Siegel and Ostini violate the best evidence rule.  Plaintiffs erroneously

21 argue that the parties' agreement regarding *authenticity* of exhibits somehow

22 waived this objection regarding underlying documents that they did not previously

23 disclosed to Defendants or the Court, and baselessly accuse Defendants of reneging

24 on a pretrial stipulation governing authenticity of exchanged trial exhibits.  This is

25 meritless—Defendants do not challenge the Brown, Siegel, and Ostini declarations

26 *themselves* under the best evidence rule, but instead contend that the *testimony* they

27 proffer violates the best evidence rule because it is based on documents that have

28 not been previously been presented to Defendants or the Court in this action.  And

1    to the extent Plaintiffs provide any argument regarding these declarations, they

2    concede that the proffered testimony is hearsay and summarize voluminous records.

3    　　　Lastly, Plaintiffs implicitly concede that the Mocsary declaration constitutes

4    legal opinion testimony.  For these reasons, the Court should grant Defendants'

5    Motion in Limine.

6    　　　　　　　　　　　　　　　**ARGUMENT**

7    **I.    PLAINTIFFS' LAY WITNESSES KRAUT AND HAUFFEN PROFFER**
     **IMPROPER TESTIMONY OUTSIDE THEIR PERCIPIENT KNOWLEDGE.**
8

9    　　　As Defendants pointed out, Plaintiffs improperly proffer testimony from lay

10   witnesses that is outside their percipient knowledge.  This includes testimony by

11   Adam Kraut regarding whether there is a difference "between the ability to

12   accurately shoot at a rapid rate and reload the firearm" under configurations

13   complying and not complying with California law, and testimony by Plaintiff

14   Wendy Hauffen regarding the types of firearms that women purportedly prefer.

15   Dkt. 22-19 at 3 ¶ 14; Dkt. 22-1 at 25; Dkt. 22-3 at 2-3 ¶ 8.

16   　　　Initially, there is no dispute that under Federal Rule of Evidence 602, "[a]

17   witness may testify to a matter only if evidence is introduced sufficient to support a

18   finding that the witness has personal knowledge of the matter."  And there is no

19   dispute that Plaintiffs, as the party offering this evidence, have the burden of

20   showing that the witness has personal knowledge.  Fed. R. Evid. 602; *U.S. v. Davis*,

21   792 F.2d 1299, 1303 (5th Cir. 1986).

22   　　　Here, the Kraut testimony regarding any differences between ability to shoot

23   accurately and reload the firearm between a California-compliant firearm and one

24   that is not, is simply outside the realm of "concrete facts" he "perceived with his

25   senses."  Dkt. 22-19 at 3 ¶ 14; Dkt. 22-1 at 25.  Plaintiffs devote much ink to

26   discussing Mr. Kraut's video, Dkt.76 at 9-11, but that is irrelevant because

27   Defendants are not seeking to exclude that aspect of his testimony.  While Mr.

28   Kraut may be able to testify regarding the video and his own ability and his own

experience, as a lay witness he cannot extrapolate from his own experiences to generalize about the respective firearms and their ability to reload or shoot accurately.  Dkt. 76 at 11-12.  Similarly, although Plaintiff Hauffen might have percipient knowledge regarding *her own preference* as it pertains to firearms, she cannot extrapolate the preferences or suitability of particular firearms for women generally.  Dkt. 22-3 at 2-3 ¶ 8.

Mr. Kraut and Ms. Hauffen do not explain how they obtained this knowledge, and their mere say-so is not sufficient to establish their personal knowledge.  "It is not enough for a witness to tell all she knows; she must know all she tells." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). Ultimately, lay witnesses cannot "provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events."  *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (citation omitted); *see, e.g., Braun v. O'Brien*, No. CV F 04-5475 LJO, 2006 WL 8458557, at *6 (E.D. Cal. Feb. 7, 2006) (holding that lay witness could testify regarding his actions and reasons for them, but is "precluded to give expert opinions, including explanations of statutes and law and their applicability").

For these reasons, the Court should exclude this testimony.

## II.  THE BROWN, SIEGEL, AND OSTINI DECLARATIONS DO NOT COMPLY WITH THE FEDERAL RULES OF EVIDENCE.

Plaintiffs have submitted declarations by Brown, Siegel, and Ostini, which purport to testify about contents of records or to summarize voluminous documents. Because Plaintiffs submit testimony about contents of writings, they must comply with Federal Rule of Evidence 1002, the best evidence rule, which provides generally that "[a]n original writing" or a true copy thereof, "is required in order to prove its content unless these rules or a federal statute provides otherwise."  *U.S. v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004).  This rule applies "when a witness seeks to testify about the contents of a writing, recording or photograph without

1  producing the physical item itself—particularly when the witness was not privy to

2  the events those contents describe." *Id.*; *see also* Fed. R. Evid. 1004.

3    Plaintiffs argue that Defendants waived their objection under the best evidence

4  rule through a pretrial stipulation regarding the *authenticity* of trial exhibits, and

5  baselessly accuse Defendants of "reneging" on this stipulation.  Dkt. 76 at 13-14.

6  This argument completely misses the mark—Defendants do not dispute that the

7  Brown, Siegel, and Ostini declarations exchanged by the parties are *authentic*—i.e.,

8  that the declarations are in fact declarations by these witnesses.[1]  *Orr v. Bank of*

9  *America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); Fed. R. Evid. 901.  Instead,

10  as Defendants' motion in limine explained, the *testimony within these declarations*

11  is improper because it relies on other documents that have not been produced to

12  Defendants or the Court.

13    Plaintiffs' opposition concedes as much—they state that the declarations

14  "offer a compilation of information and numbers based upon business records."

15  Dkt. 76 at 14.  Notably, Plaintiffs do not argue—nor can they—that the underlying

16  business records that purportedly form the basis of the testimony in these

17  declarations have been produced, or that Defendants stipulated to the authenticity of

18  *those underlying documents*.[2]  *Id.*  Plaintiffs' assertion that the parties' stipulation

19  covering trial exhibits that the parties exchanged could waive an objection to

20  documents that were not produced as trial exhibits is meritless.  *Id.*

21    Similarly, Plaintiffs' opposition does not meaningfully address Defendants'

22  objection that the three declarations violate the hearsay and voluminous records

23  requirements.  As noted above, Plaintiffs' opposition concedes that the declarations

24    [1] Plaintiffs' opposition also erroneously states that Defendants "move to
25  exclude on the grounds that the exhibits these witnesses attach to their declarations"
   do not meet the best evidence rule. Dkt. 76 at 13.  This is plainly belied by the
26  motion: Defendants' argument is that the testimony in the declarations themselves
   does not comply with the best evidence rule.
27    [2] At Brown's deposition recently, Plaintiffs for the first time produced certain
   documents that purportedly form the basis of his testimony. As explained below,
28  however, Mr. Brown has no personal knowledge regarding how these documents
   are maintained, and thus cannot overcome a hearsay objection.

4

1  purport to testify regarding "information and numbers based upon business

2  records." Dkt. 76 at 14. This is the essence of hearsay. *U.S. v. Orm Hieng*, 679

3  F.3d 1131, 1141 (9th Cir. 2012) (holding that testimony offered by witness "based

4  on a number of statements made out of court by a number of declarants" was

5  hearsay). Although Plaintiffs further argue that the declarations are "either not

6  hearsay, or are subject to an exception," they provide no basis for this assertion.

7  Dkt. 76 at 14. For example, they make no factual or legal showing that the

8  underlying documents meet the business records exception, or are excluded from

9  the hearsay rule under the Federal Rules of Evidence.[3] This is particularly glaring

10 omission given that it is Plaintiffs' burden to demonstrate the admissibility of this

11 testimony. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934

12 (9th Cir. 2002) (holding that "the proponent of the evidence . . . bore the burden of

13 establishing a foundation from which to conclude that the statement was within a

14 hearsay exclusion.").

15      Plaintiffs' opposition also concedes that the declarations are an attempt to

16 proffer "compilations and summaries," which are purportedly "derived from

17 business records." Dkt. 76 at 15. Specifically, the Brown and Siegel declarations

18 purport to testify to figures regarding different types of weapons allegedly delivered

19 to stores, and thus are hearsay. Dkt. 63-4 at ¶¶ 3-6; Dkt. 63-5 at ¶¶ 4-19. And

20 because Plaintiffs proffer the Ostini declaration to show "the general offering and

21 availability" of certain firearms, it also constitutes hearsay—the declaration can

22 only establish the availability of products if the underlying internet links are true.[4]

23 

_____

24      [3] At his deposition, Mr. Brown stated that his declaration is based on records
   kept by Benelli USA, not his own company, and that he does not know how those
25 records are maintained. (Decl. J. Zelidon-Zepeda Supp. Reply ¶ 4.)
        [4] Plaintiffs' reliance on *Interactive Education Concepts, Inc. v. TCDL Texas,*
26 *Inc.*, No. 18-cv-7379, 2019 WL 134540 (C.D. Cal. Jan. 8, 2019) is misplaced. Dkt.
   76 at 15. There, the court concluded that challenged advertisements on a website
27 were not hearsay because they were not submitted for the truth of the contents—
   i.e., whether the statements in the advertisements were correct— but instead were
28 submitted to demonstrate that the advertisements were not directed to California.

1    Because these declarations seek to testify about the contents of records (such as

2    number of weapons allegedly sold by different companies) and are submitted *for*

3    *their truth*, they are hearsay.  Fed. R. Evid. 801; 802; *Orm Hieng*, 679 F.3d at 1141.

4    Although Plaintiffs argue that the underlying records are subject to the business

5    records exception, Dkt. 76 at 15, they offer no factual basis to support this.

6    Business records are not generally self-proving, and thus to be admissible, "the

7    following foundational facts must be established through the custodian of records

8    or another qualified witness: (1) the records must have been made or transmitted by

9    a person with knowledge at or near the time of the incident recorded; and (2) the

10   record must have been kept in the course of a regularly conducted business

11   activity."  *U.S. v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990).  Plaintiffs' failure to

12   establish these requirements means the declarations are not admissible.  And, given

13   that Plaintiffs submitted these deficient declarations months ago and that bench trial

14   is scheduled to begin in less than two weeks, the Court should reject Plaintiffs'

15   offer of proof at this late stage.  Dkt. 76 at 16.  In fact, although Plaintiffs contend

16   that these witnesses are subject to cross-examination, they have failed to produce

17   Siegel for deposition, despite Defendants' repeated attempts to depose him.  (Decl.

18   J. Zelidon-Zepeda Supp. Reply ¶¶ 2-3.)

19        As noted above, Plaintiffs concede that the declarations consist of

20   compilations and summaries of records that have not been presented.  Dkt. 76 at 15.

21   Plaintiffs cannot proffer evidence of voluminous records without satisfying the

22   requirements of Federal Rule of Evidence 1006.  *U.S. v. Johnson*, 594 F.2d 1253

23   (9th Cir. 1979).  Rule 1006 requires, as a precondition for submitting summaries of

24   records, that the underlying documents be "made available for examination or

25   copying, or both, by other parties at reasonable time and place."  Plaintiffs'

26   opposition does not claim that this requirement has been met.  Nor do they establish

27   the admissibility of the *underlying* materials.  *Johnson*, 594 F.2d at 1255-56.  To

28

Defs.' Reply Supp. Mot. in Limine to Preclude or Limit Testimony at Trial
(3:19-cv-01537-BEN-JLB)

the extent Plaintiffs argue that the underlying documents are business records, they have not established that they are admissible, as explained above.

## III. PLAINTIFFS' WITNESS MOCSARY SHOULD NOT BE ALLOWED TO TESTIFY AS TO ULTIMATE LEGAL ISSUES OR THE LAW GENERALLY.

Plaintiffs also proffer George Mocsary, to testify regarding ultimate legal conclusions, which should be excluded as exceeding the scope of admissible testimony. Plaintiffs argue that Mocsary prepared a legal survey, and Defendants allegedly have not prepared such a survey, Dkt. 76 at 16-17, but that is not relevant to the issue of whether his opinion on legal issues is admissible.

As explained above, Federal Rule of Evidence 701 limits the kind of testimony that a lay witness can provide. *See U.S. v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014). "[A] lay witness's testimony is rationally based within the meaning of Rule 701 where it is based upon personal observation and recollection of concrete facts." *U.S. v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (citation and internal punctuation omitted). As particularly germane here, "Courts may properly be wary . . . of admitting lay opinion testimony when its sole function is to answer the same question that the trier of fact is to consider in its deliberations. Such testimony may be excluded as unhelpful." 4-701 Weinstein's *Federal Evidence* § 701.05 (Matthew Bender 2009).

Here, the proffered testimony by Mocsary consists of citing cases and statutes, and offering his own interpretation and legal analysis; none of it is based on "personal observation" or a description of concrete facts, and is thus not proper under Rule 701. Put more succinctly, "an expert witness cannot give an opinion as to her *legal conclusion, i.e.*, an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002), *overruled on other grounds, U.S. v. Bacon*, 979 F.3d 766 (9th Cir. 2020) (en banc); *see also Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."). Instead, expert testimony may be submitted to

analyze facts.  "Experts interpret and analyze factual evidence.  They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient . . . ."  *U.S. v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986).

Plaintiffs do not meaningfully address these evidentiary problems, but instead rehash at length Mocsary's testimony.  Dkt. 76 at 16-17.

## IV.   THE COURT SHOULD EXCLUDE EVIDENCE NOT DISCLOSED IN DISCOVERY.

The Court should also exclude any evidence not disclosed in discovery, under Federal Rule of Evidence 403, because such evidence would unfairly prejudice Defendants and violate due process.  Plaintiffs oppose this request, claiming that there has been no discovery.  Dkt. 76 at 18-19.  This argument is meritless.

Under Federal Rule of Evidence 403, courts can exclude evidence based on unfair prejudice.  A danger of unfair prejudice exists when a party introduces evidence, including witness testimony, without an opportunity for discovery by the other side.  *See, e.g., Allegro Ventures, Inc. v. Almquist*, No. 11-CV-2009-L WVG, 2014 WL 1871628, at *7 (S.D. Cal. May 8, 2014; *cf. Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (affirming district court's denial of pre-trial order amendment to add claim because doing so "would have prejudiced [defendant] because it had taken no discovery toward defending against [the] claim.").

Here, the risk of prejudice is highly likely if Plaintiffs are allowed to submit evidence, including testimony and documents, that they have not produced or allowed discovery on.  Accordingly, the Court should rule that such evidence is inadmissible at trial.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion in limine.

8

Defs.' Reply Supp. Mot. in Limine to Preclude or Limit Testimony at Trial
(3:19-cv-01537-BEN-JLB)

| | |
|---|---|
| 1 | Dated:  January 27, 2021 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General

/s/ *Jose A. Zelidon-Zepeda*

JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

SA2019104420
42527194.docx

9