John W. Dillon (SBN 296788)
   jdillon@dillonlawgp.com
**DILLON LAW GROUP APC**
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Phone: (760) 642-7150
Fax: (760) 642-7151

George M. Lee (SBN 172982)
   gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>ROB BONTA, in his official capacity as Attorney General of California, et al.,<br><br>       Defendants. | Case No. 3:19-cv-01537-BEN-JLB<br><br>**PARTIES' JOINT MOTION TO STAY PROCEEDINGS RELATING TO ATTORNEYS' FEES AND COSTS PENDING APPEAL**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom 5A<br><br><u>Judgment Date: June 4, 2021</u> |

//
//
//

# JOINT MOTION TO STAY PROCEEDINGS RELATING TO ATTORNEYS' FEES AND COSTS PENDING APPEAL

Plaintiffs James Miller, Wendy Hauffen, Neil Rutherford, Adrian Sevilla, Ryan Peterson, Gunfighter Tactical, LLC, John Phillips, PWGG, L.P., San Diego County Gun Owners PAC, California Gun Rights Foundation, Second Amendment Foundation, and Firearms Policy Coalition, Inc. ("Plaintiffs"), together with Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms ("Defendants"), by and through their counsel undersigned, respectfully request that this Court stay proceedings related to the recovery of attorneys' fees or costs incurred in this action, for a period of thirty (30) days following the completion of all appellate proceedings, pursuant to Fed. R. Civ. Pro. 54(d). This joint motion is made herein upon the following facts which are stipulated to by the Parties:

## STIPULATED FACTS

WHEREAS, on June 4, 2021, this Court entered Judgment in this matter, finding in favor of Plaintiffs and against Defendants [ECF 116];

WHEREAS, Defendants filed their Notice of Appeal to the Ninth Circuit Court of Appeals on June 10, 2021 [ECF 117], docketed Case No. 21-55608 ("Appeal");

WHEREAS, the time to file a claim for attorneys' fees and costs would ordinarily be filed no later than 14 days after entry of judgment, pursuant to FRCP 54(d);

WHEREAS, on June 11, 2021, the parties, by and through counsel undersigned, met and conferred, and agreed to a stay of proceedings related to the recovery of attorneys' fees or costs incurred in this action until final resolution of the Appeal, in the interest of judicial economy and to prevent potentially wasteful litigation;

WHEREAS, Defendants dispute the entitlement of one of Plaintiffs' witnesses to certain claimed deposition-related expenses, but agreed in April 2021 to pay that

1 | witness the amount of expenses that Defendants do not dispute; and

2 | WHEREAS, the parties agree that good cause exists to grant a stay of
3 | proceedings related to the recovery of attorneys' fees or costs incurred in this action
4 | until final resolution of the Appeal,

5 | The parties hereto hereby stipulate and agree that proceedings related to the
6 | recovery of attorneys' fees or costs incurred in this action should be stayed until 30
7 | days after completion of all appellate proceedings in the Appeal.

### POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION

Under Fed. R. Civ. Pro. 54(d), a claim for attorneys' fees and costs must ordinarily be filed no later than 14 days after the entry of judgment, "[u]nless […] a court order provides otherwise." A district court may thus defer litigation of attorneys' fees and costs until a pending appeal has been decided. Fed. R. Civ. Pro. 54, advisory committee Notes to 1993 amend. ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). The advisory committee notes to the 1993 amendment to Rule 54(d) have been widely interpreted to permit deferral of a claim for fees and costs. *G.P.P., Inc. v. Guardian Protection Products, Inc.*, 1:15-cv-00321-SKO, 2018 WL 932087 at * 2 (E.D. Cal. 2018) (and cases collected therein); *Apple Inc. v. Samsung Elec. Co.*, Case No. 11-cv-01846–LHK, 2014 WL 4745933, *4 (N.D. Cal. Sept. 19, 2014) ("[T]he Court acknowledges that it has the discretion to defer a decision on costs pending resolution of Samsung's appeal....").

This is a matter within the court's discretion, and this Court granted similar relief in *Duncan v. Becerra*, Case No. 3:17-cv-01017-BEN-JLB, Dkt. 101 (filed 4/18/19).

## CONCLUSION

Accordingly, and pursuant to the parties' stipulation recited above, the parties respectfully request that this Court find good cause to enter an order staying proceedings relating to attorneys' fees and costs, until 30 days after completion of all appellate proceedings in this matter, as set forth in the proposed form of order submitted herewith.

Respectfully submitted,

Dated: June 16, 2021                SEILER EPSTEIN LLP


                                    s/ George M. Lee
                                    George M. Lee

                                    Attorneys for Plaintiffs

Dated: June 16, 2021                ROB BONTA
                                      ATTORNEY GENERAL OF CALIFORNIA
                                    MARK R. BECKINGTON
                                      Supervising Deputy Attorney General

                                    s/ John D. Echeverria
                                    JOHN D. ECHEVERRIA
                                    Deputy Attorney General

                                    Attorneys for Defendants

# CERTIFICATION

Pursuant to Southern District of California Electronic Case Filing Administrative Policies and Procedures § 2(f)(4), I hereby certify that the content of this document is acceptable to all persons who signed it, as set forth above, and that their electronic signatures were authorized.

Dated: June 16, 2021

s/ George M. Lee
George M. Lee