FILED
JUN 16 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ROB BONTA, in his official capacity as Attorney General of California, et al., <br><br> Defendants. | Case No.: 3:19-cv-01537-BEN-JLB <br><br> **ORDER GRANTING PARTIES' JOINT MOTION TO STAY PROCEEDINGS RELATING TO ATTORNEYS' FEES AND COSTS PENDING APPEAL** <br><br> **[ECF No. 121]** |

On June 4, 2021, this Court entered Judgment in this matter, finding in favor of Plaintiffs James Miller; Wendy Hauffen; Neil Rutherford; Adrian Sevilla; Ryan Peterson; Gunfighter Tactical, LLC; John Phillips; PWGG, L.P.; San Diego County Gun Owners PAC; California Gun Rights Foundation; Second Amendment Foundation; and Firearms Policy Coalition, Inc. (collectively, "Plaintiffs"), and against Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms (collectively, "Defendants"). Judgment, ECF No. 116. Although the Court's order stayed enforcement of the injunction, *see* ECF No. 115 at 93-94, it did not stay post-judgment procedural proceedings in this case. Six days after entry of judgment, on June 10, 2021, Defendants

filed their notice of Appeal to the Ninth Circuit Court of Appeals. ECF No. 117.

Before the Court is the joint motion of Plaintiffs and Defendants (collectively, the "Parties") to stay proceedings in this case related to the recovery of attorneys' fees or costs in light of the pending deadline for Plaintiffs to file a claim for such attorneys' fees and costs under Rule 54(d) of the Federal Rules of Civil Procedure (the "Joint Motion"). ECF No. 121 at 2-3. The Parties ask for a stay of such proceedings until thirty (30) days after completion of all appellate proceedings in this matter. *Id.* at 4.

Where a "claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." FED. R. CIV. P. 58, Advisory Committee's Note (1993 amendments). Hence, many district courts exercise their discretion to defer ruling on a motion for attorneys' fees or deny it *without prejudice* to being renewed following disposition of the appeal. *See, e.g., FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 315CV01879BENBLM, 2018 WL 6830611, at *2 (S.D. Cal. Dec. 21, 2018) (citing cases and denying the defendant's motion for attorneys' fees and costs in a patent case while granting leave to renew the motion following disposition of the appeal); *see also Reed v. Lieurance*, 863 F.3d 1196, 1212-13 (9th Cir. 2017) (holding that the Ninth Circuit lacked jurisdiction to review the district court's denial without prejudice to the defendants' fees motion where "[t]he district court clearly intended to revisit the question of an award of attorney fees" following the appeal).

Having considered the Joint Motion made upon stipulated facts, and good cause appearing, the Court hereby grants the parties' Joint Motion and orders that all proceedings concerning attorneys' fees or costs in this action shall be stayed until thirty (30) days after the completion of all appellate proceedings in this matter.

**IT IS SO ORDERED.**

DATED: June 16, 2021

HON. ROGER T. BENITEZ
United States District Judge