# SEILER EPSTEIN LLP
**ATTORNEYS AT LAW**

GML@SEILEREPSTEIN.COM

August 25, 2022

*Via ECF*

Hon. Roger T. Benitez
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF CALIFORNIA
221 West Broadway, Courtroom 5A
San Diego, CA 92101

Re:  *Miller v. Bonta, et al.*
     Southern District of California No. 3:19-cv-01537-BEN-JLB

Dear Judge Benitez:

    We represent the plaintiffs in the above-referenced matter. I am writing to Your Honor to alert the court to an emerging issue that may require leave to amend the plaintiffs' complaint in this matter. The operative, First Amended Complaint was filed on September 27, 2019 [ECF 9], and this court has already granted judgment thereon, before the matter was appealed, and remanded by the Ninth Circuit.

    Following remand, this court has requested the parties' briefs addressing *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. ___ (Jun. 23, 2022) [ECF 125] and we will certainly comply with this court's order.

    However, around the same time that *Bruen* was decided, on July 22, 2022, Governor Newsom signed Senate Bill No. 1327 into law. Among its changes to the law was the addition of section 1021.11 to the California Code of Civil Procedure, which becomes effective and enforceable on January 1, 2023. Section 1021.11 provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.
>
> (b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

**SEILER EPSTEIN LLP**
ATTORNEYS AT LAW
Page 2

> (1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.
>
> (2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

> (1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.
>
> (2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

> (1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.
>
> (2) The court in the underlying action declined to recognize or enforce the requirements of this section.
>
> (3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

As the legislative history of this law readily acknowledges, this law was modeled directly from nearly identical provisions of Texas Senate Bill 8 ("S.B. 8"), which purported to establish privately-enforceable causes of action against abortion providers and those who perform or assist prohibited abortions in that state. *See*, *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 530 (2021). As one legislative report of SB 1327 put it, "The clear premise of [SB 1327] is that if Texas can use a clever scheme of private enforcement of quasi-criminal laws to avoid federal supremacy and infringe on constitutional rights which its Legislature and Governor do not favor, then California should use a similar scheme to carry out its own restrictions that could infringe on

**SEILER EPSTEIN LLP**
ATTORNEYS AT LAW
Page 3

constitutional rights in order to achieve its policy priorities and goals." Assembly Floor Analysis, as Amended Jun. 23, 2022, pp. 2-3.

This law now directly threatens plaintiffs, and in an unprecedented move, plaintiffs' counsel, and any other litigants and attorneys who now dare to challenge California's gun laws and regulations, by creating onerous, one-way (unilateral) attorneys' fees awards, which *purports* to award attorneys' fees to the "prevailing party," but definitionally only allow government defendants to ever be considered "prevailing parties," and under extremely liberal conditions. As statements made by the Governor at the time of the signing of this bill demonstrate,[1] the law was directly intended—without apology—to chill the exercise of the right to petition the government, and the rights of concerned citizens to hire counsel of their choosing who may otherwise take up legal challenges to California's restrictive gun laws.

This threat is manifest enough that on August 17, 2022, we wrote to the Deputy Attorneys General representing the State in this case, and requested that they stipulate to non-enforcement of the provisions of CCP § 1021.11 to the litigants and their counsel in this case, irrespective of whether the law could be construed to be applied retroactively. On August 22, 2022, the Attorney General's Office responded: "We are in receipt of your letter, dated August 17, 2022, in which you request that we stipulate that we will not seek to enforce California Code of Civil Procedure section 1021.11 based on the outcome of *Miller v. Bonta*. We take no position at this time, and nothing in this response should be construed as a position of any kind." Plaintiffs can only interpret that to be an open-ended, non-commitment, eventually allowing themselves to enforce this law against plaintiffs and their counsel.

Accordingly, we face an extremely difficult decision of now having to seek leave to file an amended complaint to directly challenge the relevant provisions of SB 1327, and CCP § 1021.11, as applicable to this case, under a number of theories. We have prepared and circulated a draft Second Amended Complaint to the defense, which amended complaint challenges the new law on a number of theories, including violation of rights under the First Amendment (right to petition/free speech), the Equal Protection Clause, preemption (by 42 U.S.C. §§ 1983/1988), and the right to due process. Plaintiffs may require temporary and preliminary injunctive relief to be protected from the patently retaliatory provisions of this law. As of the time this letter is being written, Defendants have not stipulated to the filing of plaintiffs' proposed Second Amended Complaint.

Plaintiffs will certainly file a motion seeking leave to amend the complaint, should the court desire and insist, but we believe that perhaps a conference or hearing to discuss whether the Attorney General *really* intends to enforce this law against the plaintiffs or their counsel in this case may be a better first step, and may obviate much work, litigation, and delay that can be avoided by simple clarification on the Attorney General's part.

---

[1] "We are sick and tired of being on the defense in this movement. It's time to put them on the defense," said Gov. Newsom at a conference at the signing of this bill. https://www.kcra.com/article/california-gun-control-law-mimics-texas-abortion-measure/40689671

**SEILER EPSTEIN LLP**
ATTORNEYS AT LAW
Page 4

   We will comply with this court's order to file additional briefing addressing *Bruen*, and after those briefs are submitted, we would request either a conference to discuss the matters raised in this letter, or an order permitting plaintiffs to file a motion to amend their complaint, in which we will fully lay out the new law, its effect on the plaintiffs and their counsel, and why protective relief is needed.

   We thank Your Honor for your consideration of this important and emerging matter which substantially threatens the rights of plaintiffs, counsel undersigned, and many others similarly situated throughout this state who would otherwise seek the protection of the federal courts to vindicate their constitutional rights.

           Very truly yours,

           George M. Lee
           Attorney for Plaintiffs James Miller, et al.

cc:  All counsel of record (*via ECF*)