ROB BONTA
Attorney General of California
P. PATTY LI
Supervising Deputy Attorney General
ANNA FERRARI
Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3479
  Fax: (415) 703-1234
  E-mail: John.Echeverria@doj.ca.gov
*Attorneys for Defendants Rob Bonta and Allison Mendoza, in their official capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MILLER et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA ATTORNEY GENERAL ROB BONTA et al.,**<br><br>Defendants. | Case No. 3:19-cv-01537-BEN-JLB<br><br>**DECLARATION OF JOHN D. ECHEVERRIA RE SUBMISSION OF SURVEYS IN RESPONSE TO THE COURT'S ORDER ENTERED ON DECEMBER 15, 2022**<br><br>Dept: 5A<br>Judge: Hon. Roger T. Benitez<br><br>Action Filed: August 15, 2019 |

I, John D. Echeverria, declare as follows:

1. I am a Deputy Attorney General with the California Department of Justice and serve as counsel to Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Allison Mendoza, in her official capacity as Acting Director of the Bureau of Firearms ("Defendants"),[1] in the above-captioned matter. Except as otherwise stated, I have personal knowledge of

---

[1] Rob Bonta has succeeded former Attorney General Xavier Becerra as the Attorney General of the State of California, and Allison Menndoza, now Acting Director of the Bureau of Firearms, has succeeded former Acting Director Blake Graham, who in turn succeeding former Director Luis Lopez, who succeeded former Interim Director Brent E. Orick. Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Bonta and Acting DireCtor Mendoza, in their respective official capacities, are substituted as the defendants in this case.

1

the facts set forth in this declaration, and if called upon as a witness I could testify competently as to those facts.

2. On December 15, 2022, the Court entered an Order providing that "[t]he state defendants shall create, and the plaintiffs shall meet and confer regarding, a survey or spreadsheet of relevant statutes, laws, or regulations in chronological order." Dkt. 161. The Order provides:

> The listing shall begin at the time of the adoption of the Second Amendment and continue through twenty years after the Fourteenth Amendment. For each cited statute/law/regulation, the survey shall provide: (a) the date of enactment; (b) the enacting state, territory, or locality; (c) a description of what was restricted (e.g., dirks, daggers, metal knuckles, storage of gunpowder or cartridges, or use regulations); (d) what it was that the law or regulation restricted; (e) what type of weapon was being restricted (e.g., knife, Bowie Knife, stiletto, metal knuckles, pistols, rifles); (f) if and when the law was repealed and whether it was replaced; (g) whether the regulation was reviewed by a court and the outcome of the courts review (with case citation). Defendants may create a second survey covering a time period following that of the first list. If opposing parties cannot agree on the inclusion of a particular entry on the survey, the disagreement shall be indicated and described on a separate list.

3. On January 4, 2023, undersigned counsel for Defendants emailed surveys of laws that Defendants have determined are relevant to this action. On January 10, 2023, George Lee, counsel for Plaintiffs in this action, emailed the following response: "You may indicate to the court that due to the length of defendants' surveys, plaintiffs will reserve all objections to the form of the surveys, and the relevance of the purported statutes contained therein, until the filing of their responsive brief in thirty (30) days per the court's order of Dec. 12, 2022 (ECF 161)."

4. In compliance with the Court's Order, Defendants are hereby submitting Defendant's two surveys of relevant laws.

5. Attached hereto as **Exhibit 1** is a true and correct copy of Defendants' Survey of Relevant Statutes (Pre-Founding – 1888).

6. Attached hereto as **Exhibit 2** is a true and correct copy of Defendants' Survey of Relevant Statutes (1889 – 1930s).

7. The surveys have been filed in compliance with the Court's Order directing the parties to identify all relevant laws, statutes, and regulations from the time of the Second Amendment to twenty years after adoption of the Fourteenth Amendment. In compliance with that Order and in recognition of the historical inquiry mandated by *Bruen*, the spreadsheets identify hundreds of relevant firearms laws, some of which were drafted well before the Thirteenth Amendment's abolition of slavery and the Fourteenth Amendment's Equal Protection Clause. While our subsequent briefing, as ordered by the Court, will explain in more detail the historical context and relevance of such laws, the Attorney General emphasizes his strong disagreement with racial and other improper discrimination that existed in some such laws, and which stand in stark contrast to California's commonsense firearm laws, which are designed to justly and equitably protect all Californians. The listing of such racist and discriminatory statutes should in no way be construed as an endorsement of such laws by the Attorney General or his counsel in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2023, at San Francisco, California.

*s/ John D. Echeverria*
John D. Echeverria