*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 1 | 1383 | England | 7 Rich. 2, ch. 13 (1383) | Prohibited possession of launcegays. Punished by forfeiture of the weapon. | Launcegay | | | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634).<br><br>English history is ambiguous at best, and the Supreme Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Bruen*, 142 S. Ct. at 2139.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 2 | 1396 | England | 20 Rich. 2, ch. 1 (1396) | Prohibited possession of launcegays. Punished by forfeiture of the weapon. | Launcegay | | | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634).<br><br>English history is ambiguous at best, and the Supreme Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Bruen*, 142 S. Ct. at 2139.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 3 | 1541 | England | 33 Hen. 8, ch. 6 §§ 1, 18 (1541) | Prohibited possession of any crossbow, handgun, hagbutt, or demy hake. Exempted subjects living within 12 miles of the Scottish border. Punishable by forfeiture or payment of 10 pounds. | Pistol; Crossbow | | | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634). English history is ambiguous at best, and the Supreme Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Bruen*, 142 S. Ct. at 2139. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here |
| 4 | 1606 | England | 4 Jac. I, ch. 1 (1606) | Repealed exemption for subjects living with 12 miles of the Scottish border for the keeping of crossbows, handguns, and demy hakes. | Club; Other weapon | | | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634). English history is ambiguous at best, and the Supreme Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Bruen*, 142 S. Ct. at 2139. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," id. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here |
| 5 | 1664 | New York | The Colonial Laws of New York from the Year 1664 to the Revolution…, at 687 (1894) | Prohibited a slave from possessing or using a gun, pistol, sword, club, or other kind of weapon unless in the presence and at the direction of their Master or Mistress. | Gun; Pistol; Sword; Club; Other kind of weapon | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634).<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | | | | | | to blacks would entail extending them the right to keep and bear arms as well). . |
| 6 | 1686 | New Jersey | The Grants, Concessions, and Original Constitutions of The Province of New Jersey 289-90 (1881) (1686) | Prohibited the carrying "privately" of any pocket pistol, skeines, stilettoes, daggers or dirks, or other unusual or unlawful weapons. Punishable by fine of 5 pounds for first conviction, and punishable by imprisonment for 6 months and a fine of 10 pounds. | Pistol; Skeines; Stilettoes; Dagger; Dirk; Other unusual or unlawful weapons | | | This law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634). <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 7 | 1689 | England | English Bill of Rights of 1689, 1 Wm. & Mary ch.2, § 7 | Provided a right for Protestants to have "Arms for their Defense … as allowed by law." | Arms for defense | | | English history is ambiguous at best, and the Supreme Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Bruen*, 142 S. Ct. at 2139. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue permitted Parliament to freely regulate the possession |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | of arms. Its limitation was not adopted by Americans when they ratified the Second Amendment. |
| 8 | 1750 | Massachusetts | 1750 Mass. Acts 544, An Act for Preventing and Suppressing of Riots, Routs and Unlawful Assemblies, ch. 17, § 1 | Prohibited the carrying of a club or other weapon while unlawfully, riotously, or tumultuously assembling. Punishable by seizing the weapon and a hearing before the court. | Club; Other weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 9 | 1769 | England | 1 Blackstone ch. 1 (1769) | Recognized the "fifth and last auxiliary right," which provided that Protestant subjects had the right to "arms for their defence" "such as are allowed by law." | Arms for defense | | | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634).<br><br>English history is ambiguous at best, and the Supreme Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Bruen*, 142 S. Ct. at 2139.<br><br>To the extent that this right recognized the authority of Parliament to limit its exercise, the right contained in the Second Amendment is not so limited. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 10 | 1771 | New Jersey | 1763-1775 N.J. Laws 346, An Act for the Preservation of Deer and Other Game, and to Prevent Trespassing with Guns, ch. 539, § 10 | Prohibited the setting of any trap gun intended to discharge by any string, rope, or other contrivance. Punishable by forfeiture of the firearm and fine of 6 pounds. | Trap gun | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 11 | 1783 | Massachusetts – City of Boston | 1783 Mass. Acts 37, § 2 | Prohibited the possession of any "fire arms," and among other devices, loaded with any gun powder. Punishable by forfeiture and sale at public auction. | Gunpowder | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," since it was focused on large explosives and weapons like "cannons, swivels, mortars, [and] howitzers," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| 12 | 1784 | New York – City of New York City | 1784 Laws of N.Y. 627, ch. 28 | Prohibited any person to keep any quantity of gun powder exceeding 28 pounds and required storage in separate containers. Punishable by forfeiture and fine. | Gunpowder | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated the method or location of gunpowder storage, but it did not stop ordinary Americans from possessing any arm in common use.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 13 | 1786 | Massachusetts | An Act to Prevent Routs, Riots, and Tumultuous assemblies, and the Evil Consequences Thereof, reprinted in Cumberland Gazette (Portland, MA), Nov. 17, 1786, at 1 | Prohibited being armed with a club or other weapon while rioting. | Club; Other weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 14 | 1788 | Ohio [Territory] | 1788-1801 Ohio Laws 20, A Law Respecting Crimes and Punishments…, ch. 6 | Prohibited the carrying of any "dangerous weapon" that indicates a violent intention while committing a | Any dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | burglary. Punishable by imprisonment for up to 40 years. | | | | |
| 15 | 1792 | Virginia | Collection of All Such Acts of the General Assembly of Virginia, of a Public and Permanent Nature, as Are Now in Force…, at 187 (1803), §§ 8-9 | Prohibited any "negro or mulatto" from possessing or carrying a gun, powder, shot, club, or other weapon. | Gun; Powder; Shot; Club; Other weapon; Ammunition | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |
| 16 | 1797 | Delaware | Del. Laws 104, An Act for the Trial of Negroes, ch. 43, § 6 | Prohibited "any Negro or Mulatto slave" from carrying guns, swords, pistols, fowling pieces, clubs, or other arms | Gun; Sword; Pistol; Fowling pieces; Club; other arms and weapons | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | and weapons without the master's special license. | | | | This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |
| 17 | 1798 | Kentucky | 1798 Ky. Acts 106 | Prohibited "negro, mulatto, or Indian" from possessing or carrying a gun, powder, shot, club, or other weapon or ammunition. | Gun; Powder; Shot; Club; Other weapon | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 18 | 1799 | Mississippi [Territory] | 1799 Miss. Laws 113, A Law for The Regulation of Slaves | Prohibited any "Negro or mulatto" from carrying gun, powder, shot, club, or other weapon. Also prohibits a "negro or mulatto" from possessing a gun, weapon, or ammunition. | Gun; Powder; Shot; Cub; Other weapon; Ammunition | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |
| 19 | 1799 | New Jersey | Charles Nettleton, Laws of the State of New-Jersey, at 474 (1821), [An Act to Describe, Apprehend and Punish Disorderly Persons (1799)], § 2 | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person." | Pistol; Hanger; Cutlass; Bludgeon; Other offensive weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 20 | 1801 | Tennessee | 1801 Tenn. Act 260-61 | Prohibited the private carrying of "any dirk, large knife, pistol, or any other dangerous weapon, to the fear or terror of any person," unless a surety is posted. Punishable as for "breach of the peace, or riot at common law." | Dirk; Large knife; Pistol; Other dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue was a surety law, which "required individuals to post bond before carrying weapons in public" if someone else first made a "specific showing of reasonable cause to fear an injury, or a breach of the peace." *Bruen*, 142 S. Ct. at 2148-49. It did not ban possession of any arms by ordinary Americans the way the laws at issue in this case did. <br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 21 | 1804 | Indiana [Territory] | 1804 Ind. Acts 108, A Law Entitled a Law Respecting Slaves, § 4 | Prohibited a "slave or mulatto" from carrying or possessing a gun, powder, shot, club or other weapon and ammunition. | Gun; Powder; Shot; Club; Other weapon | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. <br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |
| 22 | 1804 | Mississippi [Territory] | 1804 Miss. Laws 90, An Act Respecting Slaves, § 4 | Prohibited a "Slave" from keeping or carrying a gun, powder, shot, club, or other weapon. | Gun; Powder; Shot; Club; Other weapon; Ammunition | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. <br><br> This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| 23 | 1811 | Maryland | The Laws of Maryland, with the Charter, the Bill Of Rights, the Constitution of the State, and Its Alterations, the Declaration of Independence, and the Constitution of the United States, and Its Amendments, at 465 (1811) | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by imprisonment for 3 months to 2 years. | Pistol; Hanger; Cutlass; Bludgeon; Other offensive weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 24 | 1813 | Louisiana | 1813 La. Acts 172, An Act Against Carrying Concealed Weapons, and Going Armed in Public Places in an Unnecessary Manner, § 1 | Prohibited the carrying of any concealed weapon, including a dirk, dagger, knife, pistol, or any other deadly weapon. | Dirk; Dagger; Knife; Pistol; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 25 | 1816 | Georgia | Lucius Q.C. Lamar, A Compilation of the Laws of the State of Georgia, Passed by the Legislature since the Year | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to | Picklock; Key; Crow; Jack; Bit or other implement; Pistol; Hanger; Cutlass; Bludgeon; Other | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | 1810 to the Year 1819, Inclusive. Comprising all the Laws Passed within those Periods, Arranged under Appropriate Heads, with Notes of Reference to those Laws, or Parts of Laws, which are Amended or Repealed to which are Added such Concurred and Approved Resolutions, as are Either of General, Local, or Private Moment. Concluding with a Copious Index to the Laws, a Separate one to the Resolutions, at 599 (1821), Offences Against the | assault a person. Punishable by imprisonment with hard labor for a period of time to be determined by a jury. | offensive weapon | | | |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Public Peace, (1816) § 19 | | | | | |
| 26 | 1818 | Missouri [Territory] | Organic Laws:- Laws of Missouri Territory, (Alphabetically Arranged):- Spanish Regulations for the Allotment of Lands:- Laws of the United States, for Adjusting Titles to Lands, &c. to Which are Added, a Variety of Forms, Useful to Magistrates, at 374 (1818), Slaves, § 3 | Prohibited "slave or mulatto" from carrying a gun, powder, shot, club or other weapon and from possessing a gun or ammunition. | Gun; Powder; Shot; Club; Other weapon; Ammunition | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |
| 27 | 1821 | Maine | 1821 Me. Laws 98, An Act for the Prevention of Damage by Fire, and the Safe Keeping of Gun Powder, chap. 25, § 1 | Prohibited any person from possessing any gunpowder, in any quantity, unless permitted by local rules and regulations. | Gunpowder | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated the method or location of gunpowder storage, but it did not stop ordinary Americans from possessing any arm in common use. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 28 | 1835 | Arkansas [Territory] | Slaves, in Laws of the Arkansas Territory 521 (J. Steele & J. M'Campbell, Eds., 1835) | Prohibited any "slave or mulatto" from keeping or carrying a gun, powder, shot, club, or other weapon. | Firearm; Powder; Shot; Club; Other weapon | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.

This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |
| 29 | 1836 | Massachusetts | Mass. Rev. Stat., ch. 134, § 16 (1836) | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Punishable by finding sureties for | Dirk; Dagger; Sword; Pistol; Other offensive and dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue was a surety law, which "required individuals to post bond before carrying weapons in public" if someone else first made a "specific showing of reasonable cause to fear an injury, or a breach of the peace." *Bruen*, 142 S. Ct. at 2148-49. It did not ban possession of any arms by ordinary Americans the way the laws at issue in this case did. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | keeping the peace for a term up to 6 months. | | | | |
| 30 | 1836 | Connecticut – Cities of Hartford, New Haven, New London, Norwich, and Middletown | 1836 Conn. Acts 105, ch. 1, § 20 | Authorizing the local court of common counsel to prohibit and regulate the storage of gun powder. | Gunpowder | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated the method or location of gunpowder storage, but it did not stop ordinary Americans from possessing any arm in common use.  This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 31 | 1837 | Alabama | 1837 Ala. Acts 7, §§ 1, 2 | Imposed tax of $100 on any person selling, giving, or disposing of any Bowie knife or Arkansas toothpick. Failure to pay the tax was subject to penalty of perjury. | Knife | Tax reduced in 1851. | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.  Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| | | | | | | | | any arm in common use, which the challenged laws do. |
| 32 | 1837 | Arkansas | Josiah Gould, A Digest of the Statutes of Arkansas Embracing All Laws of a General and Permanent Character in Force the Close of the Session of the General Assembly of 1856 380 381–82 (1837) | Prohibited the concealed carrying of any pistol, dirk, butcher or large knife, sword cane, unless "upon a journey." | Pistol; Dirk; Butcher knife; Sword cane | | *State v. Buzzard*, 4 Ark. 18 (1842) (upholding law under the Second Amendment and state constitution); *Fife v. State*, 31 Ark. 455 (1876) | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 33 | 1837 | Georgia | Acts of the General Assembly of the State of Georgia Passed in Milledgeville at an Annual Session in November and December 1837, at 90-91 (1838) | Prohibited any merchant, or "any other person or persons whatsoever," to sell, offer to sell, keep, or have on their person or elsewhere any Bowie knife or "any other kind of knives, manufactured and sold for | Bowie knife; Other knife manufactured for wearing or carrying for offense or defense; Pistol; Sword; Sword cane; Spear | | *Nunn v. State*, 1 Ga. 243 (1846) (held unconstitutional under Second Amendment). | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Additionally, this law was held unconstitutional in an opinion that both *Heller* and *Bruen* endorsed. *Bruen* called it "particularly instructive," 142 S. Ct. at 2147, *Heller* said the "opinion perfectly |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | the purpose of wearing, or carrying the same as arms of offence or defence," pistols, swords, sword canes, or spears. Exempted "such pistols as are known as horseman's pistols" from these restrictions. Punishable by a fine of up to $100-500 for the first offense and $500-1,000 for subsequent offenses. | | | | captured the way in which the operative clause of the Second Amendment furthers the purpose announced in the prefatory clause, in continuity with the English right," *Heller*, 554 U.S. at 612. |
| 34 | 1837 | Mississippi | 1837 Miss. L. 291-92 | Prohibited the use of any rifle, shotgun, sword cane, pistol, dirk, dirk knife, Bowie knife, or any other deadly weapon in a fight in which one of the combatants | Rifle; Shotgun; Sword cane; Pistol; Dirk; Dirk knife; Bowie knife; Sword; Sword cane; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | was killed, and the exhibition of any dirk, dirk knife, Bowie knife, sword, sword cane, or other deadly weapon in a rude or threatening manner that was not in necessary self-defense. Punishable by liability to decedent and a fine of up to $500 and imprisonment for up to 3 months. | | | | |
| 35 | 1837 | Mississippi – Town of Sharon | 1837 Miss. L. 294 | Authorized the town of Sharon to enact "the total inhibition of the odious and savage practice" of carrying dirks, Bowie knives, or pistols. | Dirk; Bowie knife; Pistol | | | Not "relevantly similar" to the challenged laws, Bruen, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," id. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid concealed carriage, or to exempt handguns |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. See *Bruen*, 142 S. Ct. at 2147 & n.21.<br><br>To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in *Bruen*.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 36 | 1837 | Tennessee | 1837-38 Tenn. Pub. Acts 200-01, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in this State, ch. 137, § 2 | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, or other knife or weapon. Punishable by fine of $200-500 and imprisonment for 3-6 months. | Bowie knife; Arkansas toothpick; Other knife or weapon | | *Haynes v. Tennessee*, 24 Tenn. 120 (1844) (upheld conviction for unlawful carrying of a Bowie knife). | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 37 | 1837 | Tennessee | 1837-1838 Tenn. Pub. Acts 200, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in this State, ch. 137, § 1. | Prohibited any merchant from selling a Bowie knife or Arkansas tooth pick. Punishable by fine of $100-500 and imprisonment for $1-6 months. | Bowie knife; Arkansas toothpick | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.

Additionally, this law is a historical outlier, as one of the few that banned all sales of Bowie knives, rather than merely regulating their method of carriage or imposing a tax on them. |
| 38 | 1837 | Tennessee | 1837-1838 Tenn. Pub.Acts 201, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in the State, ch. 137, § 4 | Prohibited the stabbing or cutting of another person with any knife or weapon known as a "Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife," regardless of whether the person dies. Punishable by | Bowie knife; Arkansas toothpick; Any knife or weapon that resembles a bowie knife | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | imprisonment for 3-15 years. | | | | |
| 39 | 1838 | Tennessee | Acts Passed at the First Session of the Twenty-Second General Assembly of the State of Tennessee: 1837-38, at 200-01, ch. 137 | Prohibited the sale or transfer of any Bowie knife or knives, Arkansas toothpicks, or "any knife or weapon that shall in form shape or size resemble a Bowie knife or any Arkansas toothpick." | Bowie knife; Arkansas toothpick; Any similar knife | | *Aymette v. State*, 21 Tenn. (2 Hum.) 154 (1840) (upheld under state constitution). | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>The decision which upheld this law, *Aymette*, was singled out in *Heller* as exemplifying an "odd reading of the right, [which was], to be sure, not the one [*Heller*] adopt[ed]." 554 U.S. at 613. |
| 40 | 1838 | Virginia | Acts of the General Assembly of Virginia, Passed at the Session of 1838, at 76-77, ch. 101 (1838) | Prohibited "habitually or generally" carrying any concealed pistol, dirk, Bowie knife, or any other weapon of like kind. | Pistol; Dirk; Bowie knife; Other similar weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 41 | 1839 | Alabama | 1839 Ala. Acts 67, § 1 | Prohibited the concealed carrying of "any species of fire arms, or any bowie knife, Arkansas tooth-pick, or any other knife of the like kind, dirk, or any other deadly weapon." Punished by fine of $50-100 and imprisonment not to exceed 3 months. | Knife; Deadly weapon | | *State v. Reid*, 1 Ala. 612 (1840) (upheld under Alabama Constitution); *Whatley v. State*, 49 Ala. 355 (1947) (necessity required). | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 42 | 1839 | Florida [Territory] | John P. Duval, Compilation of the Public Acts of the Legislative Council of the Territory of Florida, Passed Prior to 1840, at 423 (1839), An Act to Prevent any Person in this Territory from Carrying Arms Secretly | Prohibited the concealed carrying of "any dirk, pistol, or other arm, or weapon, except a common pocket-knife." Punishable by fine of $50-500 or imprisonment for 1-6 months. | Dirk; Pistol; Other arm or weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 43 | 1839 | Mississippi – Town of Emery | 1839 Miss. L. 385, ch. 168 | Authorized the town of Emery to enact restrictions on the carrying of dirks, Bowie knives, or pistols. | Dirk; Bowie knife; Pistol | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid concealed carriage, or to exempt handguns issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. See *Bruen*, 142 S. Ct. at 2147 & n.21.<br><br>To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in *Bruen*.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 44 | 1840 | Mississippi – Town of Hernando | 1840 Miss. L. 181, ch. 111 | Authorized the town of Hernando to enact | Dirk; Bowie knife; Pistol | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | restrictions on the carrying of dirks, Bowie knives, or pistols. | | | | did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid concealed carriage, or to exempt handguns issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. See *Bruen*, 142 S. Ct. at 2147 & n.21.<br><br>To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in Bruen.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 45 | 1841 | Alabama | 1841 Ala. Acts 148–49, Of Miscellaneous Offences, ch. 7, § 4 | Prohibited the concealed carrying of "a bowie knife, or knife or instrument of the like kind or description, by whatever name called, dirk or any other deadly weapon, pistol or any species of firearms, or air gun," unless the person is threatened with an attack or is traveling or "setting out on a journey." Punished by a fine of $50-100. | Knife; Pistol; Air gun; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 46 | 1841 | Maine | 1841 Me. Laws 709, ch.169, § 16. | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear | Dirk; Dagger; Sword; Pistol; Other offensive and dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue was a surety law, which "required individuals to post bond before carrying weapons in public" if someone else first made a "specific showing of reasonable cause to fear an injury, or a breach of the peace." *Bruen*, 142 S. Ct. at 2148-49. It did not ban possession of any arms by ordinary |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | an assault. Upon complaint of any person, the person intending to carry such weapons may be required to find sureties for keeping the peace for up to six months. | | | | Americans the way the laws at issue in this case do. |
| 47 | 1841 | Mississippi | 1841 Miss. 52, ch. 1 | Imposed an annual property tax of $1 on each Bowie knife. | Bowie knife | Tax reduced in 1850 | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue placed a tax on the ownership of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 48 | 1842 | Louisiana | Henry A. Bullard & Thomas Curry, 1 A New Digest of the Statute Laws of the State of Louisiana, from the Change of Government to the Year 1841 at 252 (E. Johns & Co., New Orleans, 1842) | Prohibited the carrying of " any concealed weapon, such as a dirk, dagger, knife, pistol, or any other deadly weapon." Punishable by fine of $20-50. | Dirk; Dagger; Knife; Pistol; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 49 | 1845 | Illinois | Mason Brayman, Revised Statutes of the State of Illinois: Adopted by the General Assembly of Said State, at Its Regular Session, Held in the Years A.D. 1844-45: Together with an Appendix Containing Acts Passed at the Same and Previous Sessions, Not | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon or other offensive weapon, with intent to assault any person. Punishable by fine up to $100 or imprisonment up to 3 months. | Pistol; Gun; Knife; Dirk; Bludgeon; Other offensive weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Incorporated in the Revised Statutes, but Which Remain in Force , at 176 (1845), Criminal Jurisprudence, § 139 | | | | | |
| 50 | 1846 | North Carolina | 1846 N.C. L., ch. 42 | Prohibited "any slave" from receiving any sword, dirk, Bowie knife, gun, musket, firearms, or "any other deadly weapons of offense" without written permission. | Sword; Dirk; Bowie knife; Gun; Musket; Firearms; Other deadly weapons of offense | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well).<br><br>This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | | | | | states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 51 | 1847 | Maine | The Revised Statutes of the State of Maine, Passed October 22, 1840; To Which are Prefixed the Constitutions of the United States and of the State of Maine, and to Which Are Subjoined the Other Public Laws of 1840 and 1841, with an Appendix, at 709 (1847), Justices of the Peace, § 16 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Upon complaint of any person, the person intending to carry such weapons may be required to find sureties for keeping the peace for up to one year. | Dirk; Dagger; Sword; Pistol; Other offensive and dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue was a surety law, which "required individuals to post bond before carrying weapons in public" if someone else first made a "specific showing of reasonable cause to fear an injury, or a breach of the peace." *Bruen*, 142 S. Ct. at 2148-49. It did not ban possession of any arms by ordinary Americans the way the laws at issue in this case do. |
| 52 | 1849 | California – City of San Francisco | 1849 Cal. Stat. 245, An Act to Incorporate the City of San Francisco, § 127 | Prohibited the carrying, with intent to assault any person, any pistol, gun, knife, dirk, bludgeon, or other offensive weapon with | Pistol; Gun; Knife; Dirk; Bludgeon; Other offensive weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | the intent to assault another person.. Punished by fine of up to $100 and imprisonment for up to 3months. | | | | 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 53 | 1850 | Mississippi | 1850 Miss. 43, ch. 1 | Imposed an annual property tax of 50 cents on each Bowie knife. | Bowie knife | Tax increased to $1 in 1854 | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue placed a tax on the ownership of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. <br><br> This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|---------------|-----------------|----------------------|
| 54 | 1851 | Alabama | 1851-52 Ala. 3, ch. 1 | Tax of $2 on "every bowie knife or revolving pistol." | Bowie knife; Pistol | Additional weapons added in 1867. | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue placed a tax on the ownership of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do.<br><br>This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 55 | 1851 | Illinois – City of Chicago | Ordinances of the City of Chicago, Ill., ch. 16, § 1 | Prohibiting the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent written permission of | Gunpowder | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law regulated the sale of gunpowder and did not impact the ability to purchase or keep firearms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | the authorities. Punishable by a fine of $25 per offense. | | | | American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 56 | 1851 | Pennsylvania – City of Philadelphia | 1851 Pa. Laws 382, An Act Authorizing Francis Patrick Kenrick, Bishop of Philadelphia, to Convey Certain Real Estate in the Borough of York, and a Supplement to the Charter of Said Borough, § 4 | Prohibited the willful and malicious carrying of any pistol, gun, dirk, knife, slungshot, or deadly weapon. Punishable by imprisonment for 6 months to 1 year and security for future good behavior. | Pistol; Gun; Dirk; Slungshot; Deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 57 | 1853 | California | S. Garfielde, Compiled Laws of the State of California: Containing All the Acts of the Legislature of a Public and General Nature, Now in Force, Passed at the Sessions of 1850-51-52-53, § 127 | Prohibited carrying of pistol, gun, knife, dirk, bludgeon, or other offensive weapon with intent to assault. Punishable by fine of up to $100 or imprisonment | Pistol; Gun; Knife; Dirk; Bludgeon; Other offensive weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | for up to 3 months. | | | | |
| 58 | 1853 | New Mexico [Territory] | 1853 N.M. Laws 406, An Act Prohibiting the Carrying of Weapons Concealed or Otherwise, § 25 | Prohibited the carrying of a concealed pistol, Bowie knife, cuchillo de cinto (belt buckle knife), Arkansas toothpick, Spanish dagger, slungshot, or any other deadly weapon. | Pistol; Bowie knife; Cuchillo de cinto (belt buckle knife); Arkansas toothpick; Spanish dagger; Slungshot; Other deadly weapon | *See also* 1859 N.M. L. 94-96 (same). | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 59 | 1854 | Mississippi | 1854 Miss. 50, ch. 1 | Imposed an annual property tax of $1 on each Bowie knife, Arkansas toothpick, sword cane, and dueling or pocket pistol. | Bowie knife; Arkansas toothpick; Sword cane; Dueling or pocket pistol | Amended in 1856 to exclude pocket pistols from the tax | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue placed a tax on the ownership of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do.<br><br>This law comes from the antebellum South, and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 60 | 1854 | Washington [Territory] | 1854 Wash. Sess. Law 80, An Act Relative to Crimes and Punishments, and Proceedings in Criminal | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. | Pistol; Bowie knife; Other dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|----------------------|---------------|-----------------|----------------------|
| | | | Cases, ch. 2, § 30 | Punishable by imprisonment up to 1 year and a fine up to $500. | | | | but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 61 | 1855 | California | 1855 Cal. L. 152-53, ch. 127 | Provided that a person who killed another in a duel with "a rifle, shot-gun, pistol, bowie- knife, dirk, small-sword, back-sword or other dangerous weapon" would pay the decedent's debts and be liable to the decedent's family for liquidated damages. | Rifle; Shotgun; Pistol; Bowie knife; Dirk; Small-sword; Back-sword; Other dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 62 | 1855 | Indiana | 1855 Ind. Acts 153, An Act to Provide for the Punishment of Persons Interfering with Trains or Railroads, ch. 79, § 1 | Prohibited the carrying of any dirk, pistol, Bowie knife, dagger, sword in cane, or any other dangerous or deadly weapon with the intent of injuring | Dirk; Pistol; Bowie knife; Dagger; Sword cane; Other dangerous or deadly weapon | *See also* 1859 Ind. L. 129, ch. 78 (same); 1881 Ind. L. 191, ch. 37. | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because the actual text of the law makes clear this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | another person. Exempted any person who was a "traveler." Punishable by fine up to $500. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 63 | 1855 | Louisiana | 1855 La. L. 148, ch.120 | Prohibited the concealed carrying of "pistols, bowie knife, dirk, or any other dangerous weapon." | Pistol; Bowie knife; Dirk; Other dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 64 | 1856 | Mississippi | 1856-1857 Miss. L. 36, ch.1 | Imposed an annual property tax of $1 on each Bowie knife, dirk knife, or sword cane. | Bowie knife; Dirk knife; Sword cane | Modified in 1861 to preclude collection of the tax during the Civil War (1861-1862 Miss. L. 134, ch. 125) | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue placed a tax on the ownership of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | This law comes from the antebellum South, and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 65 | 1856 | Tennessee | 1855-56 Tenn. L. 92, ch.81 | Prohibited the sale or transfer of any pistol, Bowie knife, dirk, Arkansas toothpick, or hunter's knife to a minor. Excepted the transfer of a gun for hunting. | Pistol; Bowie knife; Dirk; Arkansas toothpick; Hunter's knife | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law comes from the antebellum South, and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 66 | 1856 | Texas | Tex. Penal Code arts. 611-12 (enacted Aug. 28, 1856) | Provided that the use of a Bowie knife or a dagger in manslaughter is to be deemed murder. | Bowie knife; Dagger | | *Cockrum v. State*, 24 Tex. 394 (1859) (upheld under Second Amendment and Texas Constitution). | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 67 | 1858 | Minnesota – City of St. Paul | Ordinances of the City of St. Paul, Minn., ch. 21, § 1 | Prohibited the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent payment of $5 to the City Treasurer and written permission of the authorities. Authorized any person to "keep for his own use" no more than 1 pound of gun powder or gun cotton at any one time. Punishable by a fine not to exceed $50 per offense. | Gunpowder | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law regulated the sale and keeping of gunpowder and did not impact the ability to purchase or keep firearms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 68 | 1858 | Nebraska [Territory] | 1858 Neb. Laws 69, An Act to Adopt and Establish a Criminal code for the Territory of Nebraska, § 135 | Prohibited the carrying of a pistol, gun, knife, dirk, bludgeon or other offensive weapon with the intent to assault a person. | Pistol; Gun; Knife; Dirk; Bludgeon; Other offensive weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | Punishable by fine up to $100. | | | | than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 69 | 1859 | Kentucky – Town of Harrodsburg | 1859 Ky. Acts 245, An Act to Amend An Act Entitled "An Act to Reduce to One the Several Acts in Relation to the Town of Harrodsburg, § 23 | Prohibited the selling, giving, or loaning of a concealed pistol, dirk, Bowie knife, brass knuckles, slungshot, colt, cane- gun, or other deadly weapon to a "minor, slave, or free negro." Punishable by fine of $50. | Pistol; Dirk; Bowie knife; Brass knuckles; Slungshot; Colt; Cane-gun; Other deadly weapon | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law comes from the antebellum South, and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 70 | 1859 | Ohio | 1859 Ohio Laws 56, An Act to Prohibit the Carrying or Wearing of Concealed Weapons, § 1 | Prohibited the concealed carrying of any pistol, Bowie knife, or any other "dangerous weapon." Punishable by fine of up to $200 or imprisonment of up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the second offense. | Pistol; Bowie knife; Other dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 71 | 1859 | Washington [Territory] | 1859 Wash. Sess. Laws 109, An Act Relative to Crimes and Punishments, and Proceedings in | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous | Pistol; Bowie knife; Other dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.

Territorial laws like this one "were rarely subject to judicial scrutiny" and applied |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Criminal Cases, ch. 2, § 30 | weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | | | | only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 72 | 1860 | Georgia | 1860 Ga. Laws 56, An Act to add an additional Section to the 13th Division of the Penal Code, making it penal to sell to or furnish slaves or free persons of color, with weapons of offence and defence; and for other purposes therein mentioned, § 1. | Prohibited the sale or furnishing of any gun, pistol, Bowie knife, slungshot, sword cane, or other weapon to a "slave or free person of color." Punishable by fine up to $500 and imprisonment up to 6 months. | Gun; Pistol; Bowie knife; Slungshot; Sword cane; Other weapon | Unconstitutional under the Thirteenth and/or Fourteenth Amendments to the U.S. Constitution | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F.4th at 440; see also *McDonald*, 561 U.S. at 770–78.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Taney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms as well). |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|---------------|-----------------|----------------------|
| 73 | 1861 | California | William H. R. Wood, Digest of the Laws of California: Containing All Laws of a General Character Which were in Force on the First Day of January, 1858; Also, the Declaration of Independence, Constitution of the United States, Articles of Confederation, Kentucky and Virginia Resolutions of 1798-99, Acts of Congress Relative to Public Lands and Pre-Emptions. Together with Judicial Decisions, Both of the Supreme Court of the United States and of California, to | Prohibited the display of any dirk, dirk-knife, Bowie knife, sword, sword cane, pistol, gun, or other deadly weapon in a threatening manner, or use of such weapon in a fight. Punishable by a fine of $100-500 or imprisonment for 1-6 months. | Dirk; Bowie knife; Sword; Sword cane; Pistol; Gun; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Which are Also Appended Numerous Forms for Obtaining Pre-Emption and Bounty Lands, Etc., at 334 (1861) | | | | | |
| 74 | 1861 | Nevada [Territory] | 1861 Nev. L. 61 | Provided that the killing of another in a duel with a rifle, shotgun, pistol, Bowie knife, dirk, small-sword, back-sword, or other "dangerous weapon" in the killing of another in a duel is to be deemed murder. | Rifle; Shotgun; Pistol; Bowie knife; Dirk; Small-sword; Back-sword; Other dangerous weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 75 | 1862 | Colorado [Territory] | 1862 Colo. Sess. Laws 56, § 1 | Prohibited the concealed carrying in any city, town, or village any pistol, Bowie knife, dagger, or other deadly weapon. | Pistol; Bowie knife; Dagger; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | Punished by fine of $5-35. | | | | Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 76 | 1863 | Kansas – City of Leavenworth | C. B. Pierce, Charter and Ordinances of the City of Leavenworth, with an Appendix, at 45 (1863), An Ordinance Relating to Misdemeanors, § 23 | Prohibited the carrying of any concealed "pistol, dirk, bowie knife, revolver, slung shot, billy, brass, lead or iron knuckles, or any other deadly weapon within this city." Punishable by a fine of $3-100. | Pistol; Dirk; Bowie knife; Revolver; Slungshot; Billy; Brass; lead or iron knuckles; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 77 | 1863 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, Together with the Acts of the Legislature Relating to the City, with an Appendix, at | Prohibited the carrying of a concealed pistol, Bowie knife, dirk, or any other deadly weapon. Punishable by fine of $10-50. | Pistol; Bowie knife; Dirk; Other deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the |

***Miller v. Bonta***, No. 3:19-cv-01537-BEN-JLB

**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | 190 (1863), Offences Affecting Public Safety: Carrying Concealed Weapons, § 3 | | | | | American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 78 | 1864 | California | Theodore Henry Hittell, The General Laws of the State of California, from 1850 to 1864, Inclusive: Being a Compilation of All Acts of a General Nature Now in Force, with Full References to Repealed Acts, Special and Local Legislation, and Statutory Constructions of the Supreme Court. To Which are Prefixed the Declaration of | Prohibited the concealed carrying of any dirk, pistol, sword cane, slungshot, or "other dangerous or deadly weapon." Exempted any peace officer or officer acting under the law of the United States. Punishable by imprisonment for 30-90 days or fine of $20-200. | Dirk; Pistol; Sword cane; Slungshot; Other deadly or dangerous weapon | Repealed 1869-70 Cal. Sess. Laws, ch. 63 (provided that pending cases be heard and tried as if not repealed) | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
|  |  |  | Independence, Constitution of the United States, Treaty of Guadalupe Hidalgo, Proclamations to the People of California, Constitution of the State of California, Act of Admission, and United States Naturalization Laws, with Notes of California Decisions Thereon, at 261, § 1 (1868) |  |  |  |  |  |
| 79 | 1864 | Montana [Territory] | 1864 Mont. Laws 355, An Act to Prevent the Carrying of Concealed Deadly Weapons in the Cities and Towns of This Territory, § 1 | Prohibited the carrying of a concealed "any pistol, bowie- knife, dagger, or other deadly weapon" within any town or village in the territory. Punishable by fine of $25-100. | Pistol; Bowie knife; Dagger; Other deadly weapon |  |  | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | cannot shed much, if any, light on the scope of the Second Amendment. |
| 80 | 1865 | Utah [Territory] | An Act in relation to Crimes and Punishment, Ch. XXII, Title VII, Sec. 102, in Acts, Resolutions and Memorials Passed at the Several Annual Sessions of the Legislative Assembly of the Territory of Utah 59 (Henry McEwan 1866), § 102 | Prohibited the "set[ting] of any gun." Punishable by imprisonment of up to 1 year or a fine of up to $500. | Trap gun | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 81 | 1866 | New York | Montgomery Hunt Throop, The Revised Statutes of the State of New York; As Altered by Subsequent Legislation; Together with the Other Statutory Provisions of a General and Permanent Nature Now in Force, Passed from the Year 1778 to the Close of the Session of the Legislature of 1881, Arranged in Connection with the Same or kindred Subjects in the Revised Statutes; To Which are Added References to Judicial Decisions upon the Provisions Contained in the Text, | Prohibited using, attempting to use, concealing, or possessing a slungshot, billy, sandclub or metal knuckles, and any dirk or dagger, or sword cane or air-gun. Punishable by imprisonment for up to 1 year and/or a fine up to $500. | Slungshot; Billy; Sandclub; Metal knuckles; Dirk; Dagger; Sword cane; Air gun | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Explanatory Notes, and a Full and Complete Index, at 2512 (Vol. 3, 1882), An Act to Prevent the Furtive Possession and use of slungshot and other dangerous weapons, ch. 716, § 1 | | | | | |
| 82 | 1866 | North Carolina | 1866 N.C. L. ch. 21, at 33-34, § 11 | Imposed a $1 tax on every dirk, Bowie knife, pistol, sword cane, dirk cane, and rifle cane used or worn during the year. | Dirk; Bowie knife; Pistol; Sword cane; Dirk cane; Rifle cane | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law imposed a tax on carrying firearms (as well as on pianos and harps). It did not ban any arm in common use, the way the challenged law does. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 83 | 1867 | Alabama | 1867 Ala. Rev. Code 169 | Tax of $2 on pistols or revolvers in the possession of private persons, excluding dealers, and a tax of $3 on "all bowie knives, or knives of the like description." Non-payment was punishable by seizure and, unless payment was made within 10 days with a penalty of an additional 50%, subject to sale by public auction. | Pistol; Bowie knife | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law imposed a tax on possessing firearms, but it did not ban any arm in common use, the way the challenged law does.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 84 | 1867 | Colorado [Territory] | 1867 Colo. Sess. Laws 229, § 149 | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon within any city, town, or village in | Pistol; Bowie knife; Dagger; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| | | | | the territory. Punishable by fine of $5-35. Exempted sheriffs, constables, and police officers when performing their official duties. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.

Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 85 | 1867 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix, at 44 (1867), Police Regulations of the State, Offences Against Public | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, dirk, sword cane, Spanish stiletto, belt or pocket pistol, or other knife or weapon. Also prohibited selling such a weapon or using such a weapon to threaten people. | Bowie knife; Arkansas toothpick; Dirk; Sword cane; Spanish stiletto; Belt; Pocket pistol; Other knife or weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.

This is a local regulation which did not even apply statewide. It would have been |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Peace, §§ 4746, 4747, 4753, 4757 | | | | | "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 86 | 1867 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix, at 50 (1867), Police Regulations of the State. Selling Liquors or Weapons to Minors, § 4864 | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or self defense in traveling. Punishable by fine of minimum $25 and imprisonment. | Pistol; Bowie knife; Dirk; Arkansas toothpick; Hunter's knife; Dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 87 | 1868 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4111 (Act of Aug. 5, 1868, at 1) | Prohibited the carrying of any rifle or "shot-gun walking cane." Punishable by fine of $500-1000 and | Rifle; Shotgun walking cane | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | | imprisonment of no less than 2 years. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," in this case a rifle or shot-gun disguised as a walking cane, the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 88 | 1868 | Florida | Fla. Act of Aug. 8, 1868, as codified in Fla. Rev. Stat., tit. 2, pt. 5 (1892), at 2425 | Prohibited the manufacture or sale of slungshots or metallic knuckles. Punishable by imprisonment for up to 6 months or a fine up to $100. | Slungshot; Metallic knuckles | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 89 | 1868 | Florida | 1868 Fla. Laws 2538, Persons Engaged in Criminal Offence, Having Weapons, ch. 7, § 10 | Prohibited the carrying of a slungshot, metallic knuckles, billies, firearms or other dangerous weapon if arrested for committing a criminal offence or disturbance of the peace. Punishable by imprisonment up to 3 months or a fine up to $100. | Slungshot; Metallic knuckles; Billy; Firearms; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 90 | 1868 | Florida | James F McClellan, A Digest of the Laws of the State of Florida: From the Year One Thousand Eight Hundred and Twenty- Two, to the Eleventh Day of March, One Thousand Eight Hundred and Eighty- One, Inclusive, | Prohibited the carrying "about or on their person" any dirk, pistol or other arm or weapon, except a "common pocket knife." Punishable by fine up to $100 or imprisonment up to 6 months. | Dirk; Pistol; Other arm or weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------|------------------|----------------------|
| | | | at 403 (1881), Offences Against Public Peace, § 13 (Fla. Act of Aug. 6, 1868, ch. 1637) | | | | | instead forbids ordinary Americans from acquiring the banned arms. |
| 91 | 1869 | Tennessee | 1869-70 Tenn. L. 23-24, ch. 22 | Prohibited the carrying of any "pistol, dirk, bowie-knife, Arkansas tooth-pick," any weapon resembling a bowie knife or Arkansas toothpick, "or other deadly or dangerous weapon" while "attending any election" or at "any fair, race course, or public assembly of the people." | Pistol; Dirk; Bowie knife; Arkansas toothpick; Other "deadly or dangerous weapon" | | *Andrews v. State*, 50 Tenn. 165 (1871) (upheld under state constitution) | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms only in certain designated places, but the California law outright bans possession of certain arms in common use. |
| 92 | 1869 | Washington [Territory] | 1869 Wash. Sess. Laws 203-04, An Act Relative to Crimes and Punishments, and Proceedings in | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous | Pistol; Bowie knife; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Criminal Cases, ch. 2, § 32 | weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 93 | 1870 | Georgia | 1870 Ga. L. 421, ch. 285 | Prohibited the open or concealed carry of "any dirk, bowie-knife, pistol or revolver, or any kind of deadly weapon" at "any court of justice, or any general election ground or precinct, or any other public gathering," except for militia musters. | Dirk; Bowie knife; Pistol; Revolver; Any kind of deadly weapon | Law enforcement exception added in 1879.  See 1879 Ga. L. 64, ch. 266 | *Hill v. State*, 53 Ga. 472 (1874) (upheld under state constitution) | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms only in certain designated places, but the California law outright bans possession of certain arms in common use. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 94 | 1870 | Louisiana | 1870 La. Acts 159–60, An Act to Regulate the Conduct and to Maintain the Freedom of Party Election… § 73 | Prohibited the carrying of a concealed or open gun, pistol, Bowie knife or other dangerous weapon on an election day during the hours the polls are open or during registration. Punishable by fine of minimum $100 and imprisonment of minimum 1 month. | Gun; Pistol; Bowie knife; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms only in certain designated places, but the California law outright bans possession of certain arms in common use. |
| 95 | 1870 | New York | "The Man Trap," The Buffalo Commercial, Nov. 1, 1870 | Referenced prohibition on the use of "infernal machines." | Trap gun; Infernal machine | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> This is not a law at all and so it is not an appropriate analogue for this Court's consideration.  Additionally, it provides insufficient detail to offer any value as an analogy. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | To the extent it is considered, it is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it appears targeted at "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 96 | 1871 | Arkansas – City of Little Rock | George Eugene Dodge, A Digest of the Laws and Ordinances of the City of Little Rock, with the Constitution of State of Arkansas, General Incorporation Laws, and All Acts of the General Assembly Relating to the City 230-31 (1871) | Prohibited carrying of a pistol, revolver, Bowie knife, dirk, rifle, shot gun, slungshot, colt, or metal knuckles while engaged in a breach of the peace. Punishable by a fine of $25-500. | Pistol; Revolver; Bowie knife; Dirk; Rifle; Shotgun; Slungshot; Colt; Metal knuckles | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

**Miller v. Bonta**, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 97 | 1871 | District of Columbia | An Act to Prevent the Carrying of Concealed Weapons, Aug. 10, 1871, reprinted in Laws of the District of Columbia: 1871-1872, Part II, 33 (1872) (Dist. of Col., An Act to Prevent the Carrying of Concealed Weapons, 1871, ch. XXV) | Prohibited the carrying or having concealed "any deadly or dangerous weapons, such as daggers, air-guns, pistols, Bowie knives, dirk-knives, or dirks, razors, razor-blades, sword- canes, slungshots, or brass or other metal knuckles." Punishable by forfeiture of the weapon and a fine of $20-50. | Dangerous weapon; Dagger; Air-guns; Pistols; Bowie knife; Dirk; Razor; Sword-cane; Slungshot; Metal knuckles | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 98 | 1871 | Mississippi | 1871 Miss. L. 819-20, ch. 33 | Imposed property tax on pistols, dirks, Bowie knives, and sword canes. | Pistol; Dirk; Bowie knife; Sword cane | *See also* 1876 Miss. L. 131, 134, ch. 103; 1878 Miss. L. 27, 29, ch. 3; 1880 Miss. L. 21, ch. 6; 1892 Miss L. 194, ch. 74; 1894 Miss L.27, ch. 32 | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law did not ban possession or carriage of the taxed weapons. |
| 991 | 1871 | Missouri – City of St. Louis | Everett Wilson Pattison, The Revised Ordinance of the City of St. Louis, Together with the Constitution of the United States, and of the State of Missouri; the Charter of the City; and a Digest of the Acts of the General Assembly, Relating to the City, at 491-92 (1871), | Prohibited the carrying of a concealed pistol, or revolver, colt, billy, slungshot, cross knuckles, or knuckles of lead, brass or other metal, Bowie knife, razor, dirk knife, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon | Pistol; Revolver; Colt; Billy; Slungshot; Cross knuckles; Metal knuckles; Bowie knife; Razor; Dirk; Dagger; Any knife resembling a bowie knife; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at |

***Miller v. Bonta***, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | Ordinances of the City of St. Louis, Misdemeanors, §§ 9-10. | without written permission from the Mayor. Punishable by fine of $10-500. | | | | 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 100 | 1871 | Tennessee | James H. Shankland Public Statutes of the State of Tennessee, since the Year 1858. Being in the Nature of a Supplement to the Code, at 108 (Nashville, 1871) | Prohibited the carrying of a pistol, dirk, Bowie knife, Arkansas tooth pick, or other weapon in the shape of those weapons, to an election site. Punishable by fine of minimum $50 and imprisonment at the discretion of the court. | Pistol; Dirk; Bowie knife; Arkansas toothpick | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms only in certain designated places, but the California law outright bans possession of certain arms in common use. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| 101 | 1871 | Texas | 1871 Tex. Laws 25, An Act to Regulate the Keeping and Bearing of Deadly Weapons. § 1 | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any other kind of knife used for offense or defense, unless carried openly for self-defense. Punishable by fine of $20-100, forfeiture of the weapon, and for subsequent offenses, imprisonment up to 60 days. | Pistol; Dirk; Dagger; Slungshot; Sword cane; Spear; Metal knuckles; Bowie knife; Any other kind of knife used for offense or defense | | *English v. State*, 35 Tex. 473 (1872) (upheld as constitutional under Second Amendment and Texas Constitution); *State v. Duke*, 42 Tex. 455 (1875) (upheld as constitutional under Texas Constitution) | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 102 | 1871 | Texas | Tex. Act of Apr. 12, 1871, as codified in Tex. Penal Code (1879). Art. 163. | Prohibited the carrying of a concealed or open gun, pistol, Bowie knife, or other dangerous weapon within a half mile of a polling site on | Pistol; Dirk; Dagger; Slungshot; Sword cane; Spear; Brass-knuckles; Bowie knife; Other dangerous weapon; Other | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | an election day. Also prohibited generally carrying a pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or other kind of knife used for offense or defense. Punishable by fine and forfeiture of the weapon. | knife used for offense or defense | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms only in certain designated places, but the California law outright bans possession of certain arms in common use. |
| 103 | 1872 | Maryland – City of Annapolis | 1872 Md. Laws 57, An Act to Add an Additional Section to Article Two of the Code of Public Local Laws, Entitled "Anne Arundel County," Sub-title "Annapolis," to Prevent the Carrying of Concealed Weapons in | Prohibited the carrying of a concealed pistol, dirk-knife, Bowie knife, slungshot, billy, razor, brass, iron or other metal knuckles, or any other deadly weapon. Punishable by a fine of $3-10. | Pistol; Dirk; Bowie knife; Slingshot; Billy; Razor; Brass; Metal knuckles; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| | | | Said City, § 246 | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 104 | 1872 | Nebraska – City of Nebraska | Gilbert B. Colfield, Laws, Ordinances and Rules of Nebraska City, Otoe County, Nebraska, at 36 (1872), Ordinance No. 7, An Ordinance Prohibiting the Carrying of Fire Arms and Concealed Weapons, § 1 | Prohibited the carrying openly or concealed of a musket, rifle, shot gun, pistol, sabre, sword, Bowie knife, dirk, sword cane, billy slungshot, brass or other metallic knuckles, or any other dangerous or deadly weapons. | Musket; Rifle; Shot gun; Pistol; Sabre; Sword; Bowie knife; Dirk; Sword cane; Billy; Slungshot; Metal knuckles; Other dangerous or deadly weapons | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>This law, which applied only in Nebraska City, Nebraska, appears to have been a uniquely severe restriction on firearm rights of the sort that the Supreme Court in *Bruen* dismissed as "territorial legislative improvisations" which were not "instructive" and did not "reflect the origins and continuing significance of the Second Amendment." *Bruen*, 142 S. Ct. at 2154. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| 105 | 1873 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4110 (Act of Apr. 8, 1873, p. 130) | Prohibited the concealed carrying of any brass knuckles, slungshots, or "other weapon of like kind or description." Punishable by a fine of $20-200 and imprisonment or term of hard labor not to exceed 6 months. | Metal knuckles; Slungshot | | *State v. Reid*, 1 Ala. 612 (1840) (upheld under Alabama Constitution); *Whatley v. State*, 49 Ala. 355 (1947) (necessity required). | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 106 | 1873 | Georgia | R. H. Clark, The Code of the State of Georgia (1873) § 4528 | Prohibited the carrying of any dirk, Bowie knife, pistol, or other deadly weapon to a court, election site, precinct, place of worship, or other public gathering site. Punishable by fine of $20-50 or imprisonment for 10-20 days. | Dirk; Bowie knife; Pistol; Any kind of deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms only in certain designated places, but the California law outright bans possession of certain arms in common use.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 107 | 1873 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, §§ 1, 2 as codified in Mass. Gen. Stat., ch. 164 (1873) § 10 | Prohibited the carrying of a slungshot, metallic knuckles, bills, or other dangerous weapon if arrested pursuant to a warrant or while committing a crime. Punishable by fine. | Slungshot; Metallic knuckles; Billy; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 108 | 1873 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, §§ 1, 2 as codified in Mass. Gen. Stat., ch. 164 (1873) § 11 | Prohibited manufacturing or selling a slungshot or metallic knuckles. Punishable by fine up to $50 or imprisonment up to 6 months. | Slungshot; Metallic knuckles | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 109 | 1873 | Minnesota | The Statutes at Large of the State of Minnesota: Comprising the General Statutes of 1866 as Amended by Subsequent Legislation to the Close of the Session of 1873: Together with All Laws of a General Nature in Force, March 7, A.D. 1873 with References to Judicial Decisions of the State of Minnesota, and of Other States Whose Statutes are Similar to Which are Prefixed the Constitution of the United | Prohibited the setting of any spring or trap gun.  Punished by imprisonment for at least 6 months or a fine of up to $500 if no injury results; imprisonment for up to 5 years if non-fatal injury results; and imprisonment for 10-15 years if death results. | Spring gun; Trap gun | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | States, the Organic Act, the Act Authorizing a State Government, and the Constitution of the State of Minnesota, at 993 (Vol. 2,1873), Of Crimes and Their Punishment, Setting Spring Guns Unlawful, § 64-65 | | | | | |
| 110 | 1873 | Nevada | Bonnifield, The Compiled Laws of the State of Nevada. Embracing Statutes of 1861 to 1873, Inclusive, at 563 (Vol. 1, 1873), Of Crimes and Punishments, §§ 35-36 | Prohibited dueling and killing a person with a rifle, shotgun, pistol, Bowie knife, dirk, small sword, backsword, or other dangerous weapon. | Rifle; Shotgun; Pistol; Bowie knife; Dirk; Small sword; Back sword; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 111 | 1873 | Tennessee | Seymour Dwight Thompson, A Compilation of the Statute Laws of the State of Tennessee, of a General and Permanent Nature, Compiled on the Basis of the Code of Tennessee, With Notes and References, Including Acts of Session of 1870- 1871, at 125 (Vol. 2, 1873), Offences Against Public Policy and Economy, § 4864 | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or self defense in traveling. Punishable by fine of minimum $25 and imprisonment for a term determined by the court. | Pistol; Bowie knife; Dirk; Arkansas toothpick; Hunter's knife; Dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. Additionally, this law permitted carve outs from the general prohibition for hunting or self-defense in traveling. |
| 112 | 1874 | Alabama | 1874 Ala. L. 41, ch. 1 | Imposed $25 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | Pistol; Bowie knife; Dirk | Increased tax to $50 in 1875-76. | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue levied a tax on the sale of some arms but did not ban their possession or sale. |
| 113 | 1874 | Illinois | Harvey Bostwick Hurd, The Revised Statutes of the State of Illinois. A. D. 1874. Comprising the Revised Acts of 1871-72 and 1873-74, Together with All Other General Statutes of the State, in Force on the First Day of July, 1874, at 360 (1874), Disorderly Conduct: Disturbing the Peace, § 56 | Prohibited the carrying a concealed weapon, including a pistol, knife, slungshot, brass, steel, or iron knuckles, or other deadly weapon while disturbing the peace. Punishable by fine up to $100. | Pistol; Knife; Slungshot; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 114 | 1874 | New Jersey – City of Jersey City | Ordinances of Jersey City, Passed by the Board of Aldermen since May 1, 1871, under the Act Entitled "An | Prohibited the carrying of a concealed slungshot, billy, sandclub or metal knuckles, and any dirk or | Slungshot; Billy; Sandclub; Metal knuckles; Dirk; Dagger; Pistol; Other dangerous | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| | | | Act to Re-organize the Local Government of Jersey City," Passed March 31, 1871, and the Supplements Thereto, at 41 (1874), An Ordinance to Prevent the Carrying of Loaded or Concealed Weapons within the Limits of Jersey City. The Mayor and Aldermen of Jersey City do ordain as follows: §§ 1-2 | dagger (not contained as a blade of a pocket- knife), and loaded pistol or other dangerous weapon, including a sword in a cane, or air-gun. punishable by confiscation of the weapon and a fine of up to $20. Exempted policemen of Jersey City. | weapon; Sword cane; Air gun | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 115 | 1874 | Virginia | 1874 Va. L. 239, ch. 239 | Included the value of all "rifles, muskets, and other fire-arms, bowie-knives, dirks, and all weapons of a | Rifle; Musket; Other firearm; Bowie knife; Dirk | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | similar kind" in list of taxable personal property. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue only clarified that firearms could be taxed on equal footing with other personal property. The California law at issue bans firearms in common use. |
| 116 | 1875 | Alabama | 1875-1876 Ala. L. 82, ch. 1 | Imposed $50 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | Pistol; Bowie knife; Dirk | Added pistol cartridges in 1886 and increased the tax to $300 in 1887. | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue taxed dealers of the subject firearms but did not preclude their sale or purchase. The California law at issue bans firearms in common use. |
| 117 | 1875 | Alabama | 1875-1876 Ala. L. 46, ch. 2 | Imposed tax rate of 0.75% of the value of any pistols, guns, dirks, and Bowie knives. | Pistols; Guns; Dirks; Bowie knives | Tax rate reduced to 55 cents in 1882, with additional weapons added. | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue only clarified that firearms could be taxed on equal footing with other personal property. The |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | California law at issue bans firearms in common use. |
| 118 | 1875 | Arkansas | Act of Feb. 16, 1875, 1874-75 Ark. Acts 156, § 1 | Prohibited the carrying in public of any "pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault any person." Punishable by a fine of $25-100. | Pistol; Dirk; Butcher knife; Bowie knife; Sword cane; Metal knuckles | | *Wilson v. State*, 33 Ark. 557 (1878) (held unconstitutional). | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>This law is irrelevant because it was held unconstitutional in *Wilson v. State*, 33 Ark. 557 (1887), and specifically discussed as an example of an overbroad and therefore invalid historic analogue in *Bruen*. See 142 S. Ct. at 2154. |
| 119 | 1875 | Idaho [Territory] | Crimes and Punishments, in Compiled and Revised Laws of the Territory of Idaho 354 (M. Kelly, Territorial Printer 1875), § 133. | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault any person." Punishable by imprisonment for up to 3 months or a fine up to $100. | Pick-lock; Crow-key; Bit; Other instrument or tool; Pistol; Knife; Dirk; Bludgeon; Other offensive weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| | | | | | | | | but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 120 | 1875 | Indiana | 1875 Ind. Acts 62, An Act Defining Certain Misdemeanors, and Prescribing Penalties Therefore, § 1 | Prohibited the drawing or threatening to use a pistol, dirk, knife, slungshot, or any other deadly or dangerous weapon. Punishable by fine of $1-500, and potentially imprisonment up to 6 months. | Pistol; Dirk; Knife; Slungshot; Other deadly or dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 121 | 1875 | Michigan | 1875 Mich. Pub. Acts 136, An Act To Prevent The Setting Of Guns And Other Dangerous Devices, § 1 | Prohibited the setting of any spring or trap gun. | Spring gun; Trap gun | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 122 | 1876 | Alabama | 1876-77 Ala. Code 882, § 4109 | Prohibited the carrying of a Bowie knife, pistol, or air gun, or any other weapon of "like kind or description," unless threatened with or having good cause to fear an attack or while traveling or setting out on a journey. Punishable by a fine of $50-300 and imprisonment or hard labor for no more than 6 months. | Bowie knife; Pistol; Air gun; Other similar weapon | | *State v. Reid*, 1 Ala. 612 (1840) (upheld under Alabama Constitution); *Whatley v. State*, 49 Ala. 355 (1947) (necessity required). | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited only concealed carriage of firearms but did not regulate open carriage. In fact, *Bruen* specifically noted that feature of this very law. 12 S. Ct. at 2146. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 123 | 1876 | Colorado | 1876 Colo. Sess. Laws 304, § 154 | Prohibited the carrying with intent to assault another any pistol, gun, knife, dirk, bludgeon, | Pistol; Gun; Knife; Dirk; Bludgeon; Other offensive weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | or other offensive weapon. | | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 124 | 1876 | Georgia | 1876 Ga. L. 112, ch. 128 | Prohibited the transfer of any pistol, dirk, Bowie knife, or sword cane to a minor. | Pistol; Dirk; Bowie knife; Sword cane | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 125 | 1876 | Illinois – Village of Hyde Park | Consider H. Willett, Laws and Ordinances Governing the Village of Hyde Park [Illinois] Together with Its Charter and General Laws Affecting Municipal Corporations; | Prohibited the carrying a concealed pistol, revolver, slungshot, knuckles, Bowie knife, dirk knife, dirk, dagger, or any other dangerous or deadly weapon | Pistol; Revolver; Slungshot; Knuckles; Bowie knife; Dirk; Dagger; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | Special Ordinances and Charters under Which Corporations Have Vested Rights in the Village. Also, Summary of Decisions of the Supreme Court Relating to Municipal Corporations, Taxation and Assessments, at 64 (1876), Misdemeanors, § 39 | without written permission from the Captain of Police. Exempted peace officers. | | | | regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 126 | 1876 | Wyoming [Territory] | Wyo. Comp. Laws (1876) ch. 35, § 127, as codified in Wyo. Rev. Stat., Crimes (1887), Having possession of offensive weapons, § 1027 | Prohibited the carrying of a pistol, knife, dirk, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by fine up to $500 or imprisonment up to 6 months. | Pistol; Knife; Dirk; Bludgeon; Other offensive weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| | | | | | | | | but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 127 | 1877 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 6, § 4230 | Prohibited the sale, giving, or lending of any pistol, Bowie knife, or "like knife" to any boy under the age of 18. | Pistol; Bowie knife | | *Coleman v. State*, 32 Ala. 581 (1858) (affirming conviction of letting minor obtain a pistol). | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 128 | 1877 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4109 | Prohibited the concealed carrying of any Bowie knife, or any other knife of like kind or description, pistol, air gun, slungshot, brass knuckles, or other deadly or dangerous weapon, | Bowie knife; Pistol; Air gun; Slungshot; Metal knuckles; Other deadly or dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | unless the person was threatened with, or had good reason to apprehend, an attack, or "while traveling, or setting out on a journey." Punishable by fine of $50-300 and imprisonment of not more than 6 months. | | | | regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 129 | 1877 | Colorado – Town of Georgetown | Edward O. Wolcott, The Ordinances of Georgetown [Colorado] Passed June 7th, A.D. 1877, at 100, § 9 | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon. Punishable by a fine of $5-50. | Pistol; Bowie knife; Dagger; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |
| | | | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| | | | | | | | | This is a local regulation which did not even apply statewide. It would have been |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 130 | 1877 | New Jersey | Mercer Beasley, Revision of the Statutes of New Jersey: Published under the Authority of the Legislature; by Virtue of an Act Approved April 4, 1871, at 304 (1877), An Act Concerning Disorderly Persons, § 2 | Prohibited The carrying of "any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person." Punishable as a "disorderly person." | Pistol; Hanger; Cutlass; Bludgeon; Other offensive weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 131 | 1877 | South Dakota [Territory] | S.D. Terr. Pen. Code (1877), § 457 as codified in S.D. Rev. Code, Penal | Prohibited the carrying, "whether concealed or not," of any slingshot, and | Slungshot; Firearm; Sharp or dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Code (1903), §§ 470-471. | prohibited the concealed carrying of any firearms or sharp or dangerous weapons. | | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited only concealed carriage (with the exception of slungshots) of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 132 | 1877 | Utah – City of Provo [Territory] | Chapter 5: Offenses Against the Person, undated, reprinted in The Revised Ordinances Of 105, 106-07 (1877) (Provo, Utah). § 182: Provo City, Containing All The Ordinances In Force | Prohibited carrying a pistol, or other firearm, slungshot, false knuckles, Bowie knife, dagger or any other "dangerous or deadly weapon." Punishable by fine up to $25. | Pistol; Other firearm; Slungshot; Metal knuckles; Bowie knife; Dagger; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | firearms banned by California today are in common use, so this law has no application here.<br><br>To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid concealed carriage, or to exempt handguns issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. See *Bruen*, 142 S. Ct. at 2147 & n.21.<br><br>To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in *Bruen*.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 133 | 1878 | Alabama – City of Uniontown | 1878 Ala. L. 437, ch. 314 | Authorized Uniontown to license dealers of pistols, Bowie knives, and dirk knives. | Pistol; Bowie knife; Dirk | Added dealers of "brass knuckles" in 1884. Similar to law enacted in 1884 authorizing Tuscaloosa to regulate dealers in pistols, Bowie knives, shotguns or firearms, and knives "of like kind or description." 1884-1885 Ala. 323, ch. 197 | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved regulating dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 134 | 1878 | Mississippi | 1878 Miss. Laws 175, An Act to Prevent the Carrying of Concealed Weapons and for Other Purposes, § 1 | Prohibited the carrying of a concealed Bowie knife, pistol, brass knuckles, slungshot or other deadly weapon. Excepted travels other than "a | Bowie knife; Pistol; Brass knuckles; Slungshot; Other deadly weapon | Prohibited weapons were expanded in 1896 | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | tramp." Punishable by fine of $5-100. | | | | concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 135 | 1879 | Alabama – City of Montgomery | J. M. Falkner, The Code of Ordinances of the City Council of Montgomery [Alabama] (1879), § 428 | Prohibited carrying of a concealed Bowie knife, pistol, air gun, slungshot, brass knuckles, or other deadly or dangerous weapon. Punishable by a fine of $1-100. | Bowie knife; Pistol; Air gun; Slungshot; Metal knuckles; Other deadly or dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 136 | 1879 | Idaho – City of Boise [Territory] | Charter and Revised Ordinances of Boise City, Idaho. In Effect April 12, 1894, at 118-19 | Prohibited the carrying a concealed Bowie knife, dirk knife, pistol or sword in cane, | Bowie knife; Dirk; Pistol; Sword cane; Slungshot; Metallic knuckles; Other | | *State v. Hart*, 66 Idaho 217 (1945) (upheld under state constitution) | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | (1894), Carrying Concealed Weapons, § 36 | slungshot, metallic knuckles, or other dangerous or deadly weapon, unless traveling or setting out on a journey. Punishable by fine up to $25 and/or imprisonment up to 20 days. | dangerous or deadly weapons | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws (especially local territorial laws) like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 137 | 1879 | Louisiana | La. Const. of 1879, art. III | Provided the right to bear arms, but authorizes the passage of laws restricting the carrying of concealed weapons. | Concealed weapons | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | | | | | | instead forbids ordinary Americans from acquiring the banned arms. |
| 138 | 1879 | Montana [Territory] | 1879 Mont. Laws 359, Offences against the Lives and Persons of Individuals, ch. 4, § 23 | Prohibited dueling and killing a person involved with a rifle, shot-gun, pistol, Bowie knife, dirk, small-sword, back-sword, or other dangerous weapon. Punishable by death by hanging. | Rifle; Shotgun; Pistol; Bowie knife; Dirk; Small sword; Back sword; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 139 | 1879 | North Carolina | North Carolina: N.C. Sess. Laws (1879), ch. 127, as codified in North Carolina Code, Crim. Code, ch. 25 (1883) § 1005, Concealed | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, dagger, slungshot, loaded case, metal knuckles, | Pistol; Bowie knife; Dirk; Dagger; Slungshot; Metal knuckles; Razor; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | weapons, the carrying or unlawfully, a misdemeanor | razor, or other deadly weapon. Exemption for carrying on the owner's premises. Punishable by fine or imprisonment at the discretion of the court. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 140 | 1880 | Ohio | Michael Augustus Daugherty, The Revised Statutes and Other Acts of a General Nature of the State of Ohio: In Force January 1, 1880, at 1633 (Vol. 2, 1879), Offences Against Public Peace, § 6892 | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, or other dangerous weapon. Punishable by a fine of up to $200 or imprisonment for up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the second offense. | Pistol; Bowie knife; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.  Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 141 | 1880 | South Carolina | 1880 S.C. Acts 448, § 1, as codified in S.C. Rev. Stat. (1894), § 129 | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, metal knuckles, razor, or other deadly weapon. Punishable by fine up to $200 and/or imprisonment up to 1 year. | Pistol; Dirk; Dagger; Slungshot; Metal knuckles; Razor; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 142 | 1881 | Alabama | 1880-1881 Ala. L. 38-39, ch. 44 | Prohibited the concealed carrying of any Bowie knife, or any other knife of like kind or description, pistol, or firearm of "any other kind or description," or air gun. Punishable by fine of $50-300 and imprisonment of not more than 6 months. | Bowie knife; Pistol; Air gun; Slungshot; Metal knuckles; Other deadly or dangerous weapon | Amended in 2022 to remove prohibition on concealed carry of Bowie knives.  See Ala. Stat. § 13A-11-50. | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|----------------------|---------------|-----------------|----------------------|
| | | | | Further provided that fines collected under the statute would be monetary and not in-kind payments. | | | | |
| 143 | 1881 | Arkansas | 1881 Ark. Acts 191, ch. 96, § 1-2 | Prohibited the carrying of any dirk, Bowie knife, sword, spear cane, metal knuckles, razor, or any pistol (except pistols that are used in the Army or Navy if carried openly in the hand). | Dirk; Bowie knife; Sword; Spear cane; Metal knuckles; Razor; Pistol | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. <br><br> To the extent this law also forbids carrying of a type of handgun, it was construed to apply to concealed carriage of handguns but not to apply to larger handguns "such as is in ordinary use, and effective as a |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | | | | | weapon of war, and useful and necessary for the common defense." *Fife v. State*, 1876 31 Ark. 455, 461 (1876) (discussing earlier Arkansas statute with similar wording); see *Bruen*, 142 S. Ct. at 2147 & n.21. |
| 144 | 1881 | Colorado | Colo. Rev. Stat 1774, § 248 (1881) | Prohibited the concealed carrying of any firearms, any pistol, revolver, Bowie knife, dagger, slingshot, brass knuckles, or other deadly weapon, unless authorized by chief of police. | Pistol; Revolver; Bowie knife; Dagger; Slingshot; Metal knuckles; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 145 | 1881 | Delaware | 1881 Del. Laws 987, An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons, ch. 548, § 1 | Prohibited the carrying of concealed deadly weapons or selling deadly weapons other than an ordinary pocket knife to minors. Punishable by a fine of $25-200 or | Deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | imprisonment for 10- 30 days. | | | | at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 146 | 1881 | Illinois | Ill. Act of Apr. 16, 1881, as codified in Ill. Stat. Ann., Crim. Code 73 (1885), ch. 38, Possession or sale forbidden, § 1 | Prohibited the possession, selling, loaning, or hiring for barter of a slungshot or metallic knuckles or other deadly weapon. Punishable as a misdemeanor. | Slungshot; Metallic knuckles; Other deadline weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 147 | 1881 | Illinois | Harvey Bostwick Hurd, Late Commissioner, The Revised Statutes of the State of | Prohibited selling, giving, loaning, hiring for barter any minor a pistol, revolver, derringer, | Pistol; Revolver; Derringer; Bowie knife; Dirk; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | Illinois. 1882. Comprising the "Revised Statutes of 1874," and All Amendments Thereto, Together with the General Acts of 1875, 1877, 1879, 1881 and 1882, Being All the General Statutes of the State, in Force on the First Day of December, 1882, at 375 (1882), Deadly Weapons: Selling or Giving to Minor, § 54b. | Bowie knife, dirk or other deadly weapon. Punishable by fine of $25-200. | | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 148 | 1881 | Indiana | The Revised Statutes of Indiana: Containing, Also, the United States and Indiana Constitutions and an Appendix of Historical Documents. | Prohibited maliciously or mischievously shooting a gun, rifle, pistol, or other missile or weapon, or throwing a stone, stick, club, or other substance at a | Gun; Rifle; Pistol; Other missile or weapon; Stone; Stick; Club; Other substance | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Vol. 1, at 366 (1881), Crimes, § 1957 | vehicle. Punishable by imprisonment for 30 days to 1 year and a fine of $10-100. | | | | conduct with weapons, but did not ban their possession. |
| 149 | 1881 | Nevada | David E. Baily, The General Statutes of the State of Nevada. In Force. From 1861 to 1885, Inclusive. With Citations of the Decisions of the Supreme Court Relating Thereto, at 1077 (1885), An Act to prohibit the carrying of concealed weapons by minors, § 1 | Prohibited a minor from carrying a concealed dirk, pistol, sword in case, slungshot, or other dangerous or deadly weapon. Punishable by fine of $20-200 and/or imprisonment of 30 days to 6 months. | Dirk; Pistol; Sword in case; Slungshot; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to carry arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 150 | 1881 | New York | George S. Diossy, The Statute Law of the State of New York: Comprising the Revised Statutes and All Other Laws of General Interest, in Force January 1, 1881, Arranged Alphabetically According to Subjects, at 321 (Vol. 1, 1881), Offenses Against Public Decency; Malicious Mischief, and Other Crimes not Before Enumerated, Concealed Weapons, § 9 | Prohibited using, attempting to use, or concealing a slungshot, billy, sandclub or metal knuckles, and any dirk. Punishable by imprisonment for up to 1 year and/or a fine up to $500. | Slungshot; Billy; Sandclub; Metal knuckles; Dirk | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," id. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 151 | 1881 | Tennessee – City of Nashville | William King McAlister Jr., Ordinances of the City of Nashville, to Which are Prefixed the State Laws Chartering and Relating to the City, with an Appendix, at 340-41 (1881), Ordinances of the City of Nashville, Carrying Pistols, Bowie-Knives, Etc., § 1 | Prohibited the carrying of a pistol, Bowie knife, dirk, slungshot, brass knuckles, or other deadly weapon. Punishable by fine of $10-50 for a first offense and $50 for subsequent offenses. | Pistol; Bowie knife; Dirk; Slungshot; Metal knuckles; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>To the extent this law also forbids carrying of a type of handgun, the Supreme Court of Tennessee had interpreted a similar statute to permit the carriage of common models of handguns provided by the Army or Navy, so it comports with the historical tradition of not restricting the use or possession of arms in common use. See *Bruen*, 142 S. Ct. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| | | | | | | | | at 2147 (discussing earlier Tennessee statutes and caselaw). The same cannot be said of the law challenged here. |
| 152 | 1881 | Washington [Territory] | 1881 Wash. Code 181, Criminal Procedure, Offenses Against Public Policy, ch. 73, § 929 | Prohibited the carrying of "any concealed weapon." Punishable by fine up to $100 or imprisonment up to 30 days. | Concealed weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 153 | 1881 | Washington – City of New Tacoma [Territory] | 1881 Wash. Sess. Laws 76, An Act to Confer a City Govt. on New Tacoma, ch. 6, § 34, pt. 15 | Authorized New Tacoma to regulate transporting, storing, or selling gunpowder, giant powder, dynamite, nitroglycerine, or other combustibles without a license, as well as the carrying concealed deadly weapons, and the use of guns, pistols, firearms, firecrackers. | Gunpowder; Giant powder; Dynamite; Nitroglycerine; Other combustible; Concealed deadly weapon; Gun; Pistol; Firearm | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated the method or location of gunpowder or other combustible storage, but it did not stop ordinary Americans from possessing any arm in common use.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 154 | 1881 | Washington [Territory] | William Lair Hill, Ballinger's | Prohibited exhibiting a dangerous | Dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Annotated Codes and Statutes of Washington, Showing All Statutes in Force, Including the Session Laws of 1897, at 1956 (Vol. 2, 1897) | weapon in a manner likely to cause terror. Punishable by fine up to $25. | | | | the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 155 | 1882 | Georgia | 1882-83 Gal. L. 48-49, ch. 94 | Prohibited the concealed carrying of any "pistol, dirk, sword in a cane, spear, Bowie-knife, or any other kind of knives manufactured and sold for the purpose of offense and defense." | Pistol; Dirk; Sword cane; speak Bowie knife; Other kind of knife | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| 156 | 1882 | Georgia | 1882-83 Ga. L. 37, ch. 18 | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Pistol; Revolver; Dirk; Bowie knife | Raised to $100 in 1884. | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |
| 157 | 1882 | Iowa – City of Sioux City | S. J. Quincy, Revised Ordinances of the City of Sioux City, Iowa, at 62 (1882), Ordinances of the City of Sioux City, Iowa, § 4. | Prohibited the carrying of a concealed pistol, revolver, slungshot, cross-knuckles, knuckles of lead, brass or other metal, or any Bowie knife, razor, billy, dirk, dirk knife or Bowie knife, or other dangerous weapon. | Pistol; Revolver; Slungshot; Cross-knuckles; Metal Knuckles; Bowie knife; Razor; Billy; Dirk; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. <br><br> This is a local regulation which did not even apply statewide. It would have been |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|---------------|-----------------|----------------------|
| | | | | | | | | "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 158 | 1882 | West Virginia | 1882 W. Va. Acts 421-22; W. Va. Code, ch. 148, § 7 | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Also prohibited selling any such weapon to a minor. Punishable by fine of $25-200 and imprisonment of 1-12 months. | Pistol; Dirk; Bowie knife; Razor; Slungshot; Billy; Metal knuckles; Other dangerous or deadly weapon | | *State v. Workman*, 35 W. Va. 367 (1891) (upheld under the Second Amendment), *abrogated by New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2153 (2022) | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> This law is irrelevant because in *Bruen*, the Supreme Court discussed the West Virginia Supreme Court's view that handguns were categorically unprotected by the Second Amendment, "a rationale endorsed by no other court during this period." 142 S. Ct. at 2153. As such, the views of the state at this time are an outlier and should be accorded no weight in determining the scope of the Second Amendment. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to carry arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 159 | 1883 | Illinois – City of Danville | Revised Ordinances of the City of Danville [Illinois], at 66 (1883), Ordinances of the City of Danville. Concealed Weapons, § 22. | Prohibited the carrying of a concealed pistol, revolver, derringer, Bowie knife, dirk, slungshot, metallic knuckles, or a razor, as a weapon, or any other deadly weapon.  Also prohibited displaying the weapon in a threatening or boisterous manner.  Punishable by fine of $1-100 and forfeiting the weapon, if ordered by the magistrate. | Pistol; Revolver; Derringer; Bowie knife; Dirk; Slungshot; Metallic knuckles; Razor;  Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 160 | 1883 | Kansas | 1883 Kan. Sess. Laws 159, An Act to Prevent Selling, Trading Or | Prohibited the selling, trading, giving, or loaning of a pistol, | Pistol; Revolver; Toy pistol; Dirk; Bowie knife; Brass knuckles; | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Giving Deadly Weapons or Toy Pistols to Minors, and to Provide Punishment Therefor, §§ 1-2 | revolver, or toy pistol, dirk, Bowie knife, brass knuckles, slingshot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind. Also prohibited the possession of such weapons by any minor. Punishable by fine of $5-100. Also prohibited a minor from possessing a pistol, revolver, toy pistol by which cartridges may be exploded, dirk, Bowie knife, brass knuckles, slingshot, or other dangerous weapon. | Slingshot; Other dangerous weapons | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|----------------------|---------------|-----------------|----------------------|
|  |  |  |  | Punishable by fine of $1-10. |  |  |  |  |
| 161 | 1883 | Missouri | 1883 Mo. Laws 76, An Act to Amend Section 1274, Article 2, Chapter 24 of the Revised Statutes of Missouri, Entitled "Of Crimes And Criminal Procedure" § 1274 | Prohibited the carrying of a concealed fire arms, Bowie knife, dirk, dagger, slungshot, or other deadly weapon to a church, school, election site, or other public setting or carrying in a threatening manner or while intoxicated. Punishable by fine of $25-200 and/or by imprisonment up to 6 months. | Fire arms; Bowie knife; Dirk; Dagger; Slungshot; Other deadly weapon |  |  | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms in certain designated locations, but the California law at issue outright bans possession of certain arms in common use.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 162 | 1883 | Washington – City of Snohomish [Territory] | 1883 Wash. Sess. Laws 302, An Act to Incorporate the City of Snohomish, ch. 6, § 29, pt. 15 | Authorized City of Snohomish to regulate and prohibit carrying concealed deadly weapons and to prohibit using guns, pistols, firearms, firecrackers, bombs, and explosives. | Deadly weapon; Gun; Pistol; Firearm; Firecracker; Bomb | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|---------------|-----------------|----------------------|
| | | | | | | | | *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 163 | 1883 | Wisconsin – City of Oshkosh | 1883 Wis. Sess. Laws 713, An Act to Revise, consolidate And Amend The Charter Of The City Of Oshkosh, The Act Incorporating The City, And The Several Acts Amendatory Thereof, ch. 6, § 3, pt. 56 | Prohibited the carrying of a concealed pistol or colt, or slungshot, or cross knuckles or knuckles of lead, brass or other metal or Bowie knife, dirk knife, or dirk or dagger, or any other dangerous or deadly weapon. Punishable by confiscation of the weapon. | Pistol; Colt; Slungshot; Cross knuckles; Knuckles of lead; Metal knuckles; Bowie knife; Dirk; Dagger; Any other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 164 | 1884 | Georgia | 1884-85 Ga. L. 23, ch. 52 | Imposed $100 occupational tax on dealers of pistols, revolvers, | Pistol; Revolver; Dirk; Bowie knife | Reduced to $25 in 1888. | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|------------------|----------------------|
| | | | | dirks, or Bowie knives. | | | | Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |
| 165 | 1884 | Maine | The Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884, at 928, (1884), Prevention of Crimes, § 10 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. | Dirk; Dagger; Sword; Pistol; Other offensive and dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br>H<br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because, although it is not apparent from Defendant's description of the regulation, this historical analogue was a surety law, which "required individuals to post bond before carrying weapons in public" if someone else first made a "specific showing of reasonable cause to fear an injury, or a breach of the peace." *Bruen*, 142 S. Ct. at 2148-49. It did not ban possession of any arms by ordinary Americans the way the laws at issue in this case do.<br>. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 166 | 1884 | Minnesota – City of Saint Paul | W. P. Murray, The Municipal Code of Saint Paul: Comprising the Laws of the State of Minnesota Relating to the City of Saint Paul, and the Ordinances of the Common Council; Revised to December 1, 1884, at 289 (1884), Concealed Weapons – License, § 1 | Prohibited the carrying of a concealed pistol or pistols, dirk, dagger, sword, slungshot, cross-knuckles, or knuckles of lead, brass or other metal, Bowie knife, dirk knife or razor, or any other dangerous or deadly weapon. Punishable by seizure of the weapon. | Pistol; Dirk; Dagger; Sword; Slungshot; Cross-knuckles; Metal knuckles; Bowie knife; Dirk; Razor; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 167 | 1884 | Tennessee | Tenn. Pub. Acts (1879), ch. 186, as codified in Tenn. Code (1884) | Prohibited the carrying, "publicly or privately," of any dirk, razor, sword cane, loaded cane, slungshot, brass knuckles, Spanish | Dirk; Razor; Sword cane; Loaded cane; Slungshot; Metal knuckles; Spanish stiletto; Pistol; Revolver | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | stiletto, belt or pocket pistol, revolver, or any kind of pistol. | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>To the extent this law also forbids carrying of a type of handgun, the statute specifically permitted the carriage of common models of handguns provided by the Army or Navy, so it comports with the historical tradition of not restricting the use or possession of arms in common use. See *Bruen*, 142 S. Ct. at 2147 (discussing earlier Tennessee statutes and caselaw). The same cannot be said of the law challenged here. |
| 168 | 1884 | Vermont | 1884 Vt. Acts & Resolves 74, An Act Relating To Traps, § 1 | Prohibited the setting of any spring gun trap. Punishable by a fine of $50-500 and liability for twice the amount of any damage resulting from the trap. | Spring gun | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 169 | 1884 | Wyoming [Territory] | 1884 Wyo. Sess. Laws, ch. 67, § 1, as codified in Wyo. Rev. Stat., Crimes (1887): Exhibiting deadly weapon in angry manner. § 983 | Prohibited exhibiting in a threatening manner a firearm, Bowie knife, dirk, dagger, slungshot or other deadly weapon. Punishable by fine of $10-100 or imprisonment up to 6 months. | Pistol; Bowie knife; Dirk; Dagger; Slungshot; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 170 | 1885 | Montana [Territory] | 1885 Mont. Laws 74, Deadly Weapons, An Act to Amend § 62 of Chapter IV of the Fourth Division of the Revised | Prohibited possessing, carrying, or purchasing a dirk, dirk-knife, sword, sword cane, pistol, gun, or other deadly | Dirk; Sword; Sword cane; Pistol; Gun; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | Statutes, § 62-63 | weapon, and from using the weapon in a threatening manner or in a fight. Punishable by fine of $10-100 and/or imprisonment for 1-3 months. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 171 | 1885 | New York | George R. Donnan, Annotated Code of Criminal Procedure and Penal Code of the State of New York as Amended 1882-85, at 172 (1885), Carrying, Using, Etc., Certain Weapons, § 410 | Prohibited using or attempting to use, carrying, concealing, or possessing a slungshot, billy, sandclub or metal knuckles, or a dagger, dirk or dangerous knife. Punishable as a felony, and as a misdemeanor if a minor. | Slungshot; Billy; Sandclub; Metal knuckles; Dagger; Dirk; Dangerous knife | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 172 | 1885 | New York – City of Syracuse | Charter and Ordinances of the City of Syracuse: Together with the Rules of the | Prohibited the carrying or using with the intent to do bodily harm a dirk, Bowie | Dirk; Bowie knife; Sword; Spear cane; Pistol; Revolver; Slungshot; | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Common Council, the Rules and Regulations of the Police and Fire Departments, and the Civil Service Regulations, at 215 (1885), [Offenses Against the Public Peace and Quiet,] § 7 | knife, sword or spear cane, pistol, revolver, slungshot, jimmy, brass knuckles, or other deadly or unlawful weapon. Punishable by a fine of $25-100 and/or imprisonment for 30 days to 3 months. | Jimmy; Metal knuckles; Other deadly or unlawful weapon | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 173 | 1885 | Oregon | 1885 Or. Laws 33, An Act to Prevent Persons from Carrying Concealed Weapons and to Provide for the Punishment of the Same, §§ 1-2 | Prohibited the concealed carrying of any revolver, pistol, or other firearm, or any knife (other than an "ordinary pocket knife"), or any dirk, dagger, slungshot, metal knuckles, or any instrument that could cause injury. Punishable by a fine of $10-200 or | Revolver; Pistol; Other firearm; Knife; Dirk; Dagger; Slungshot; Metal knuckles | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | imprisonment for 5- 100 days. | | | | |
| 174 | 1886 | Colorado – City of Denver | Isham White, The Laws and Ordinances of the City of Denver, Colorado, at 369, § 10 (1886) | Prohibited the carrying of any slungshot, colt, or metal knuckles while engaged in any breach of the peace. Punishable by a fine of $25-300. | Slungshot; Colt; Metal knuckles | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 175 | 1886 | Georgia | 1886 Ga. L. 17, ch. 54 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie | Pistol; Revolver; Dirk; Bowie knife; Pistol or revolver cartridges | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | knives, and "pistol or revolver cartridges." | | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |
| 176 | 1886 | Maryland – County of Calvert | 1886 Md. Laws 315, An Act to Prevent the Carrying of Guns, Pistols, Dirk-knives, Razors, Billies or Bludgeons by any Person in Calvert County, on the Days of Election in said County, Within One Mile of the Polls § 1 | Prohibited the carrying of a gun, pistol, dirk, dirk-knife, razor, billy or bludgeon on an election day. Punishable by a fine of $10-50. | Gun; Pistol; Dirk; Razor; Billy; Bludgeon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms in certain designated locations, but the California law at issue outright bans possession of certain arms in common use.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 177 | 1886 | Maryland – County of Calvert | John Prentiss Poe, The Maryland Code. Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Acts of the Session of 1888 Incorporated Therein, and Prefaced with the Constitution of the State, at 468-69 (Vol. 1, 1888), Concealed Weapons, § 30 | Prohibited the carrying of a concealed pistol, dirk knife, Bowie knife, slungshot, billy, sandclub, metal knuckles, razor, or any other dangerous or deadly weapon. Punishable by fine of up to $500 or imprisonment of up to 6 months. | Pistol; Dirk; Bowie knife; Slungshot; Billy; Sandclub; Metal knuckles; Razor; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 178 | 1886 | Maryland | 1886 Md. Laws 315, An Act to Prevent the Carrying of Guns, Pistols, Dirk-knives, Razors, Billies or Bludgeons by any Person in Calvert County, on the Days of | Prohibited the carrying of a gun, pistol, dirk, dirk-knife, razor, billy or bludgeon on an election day within 300 yards of the polls. Punishable by | Gun; Pistol; Dirk; Razor; Billy; Bludgeon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|----------------------|---------------|-----------------|----------------------|
| | | | Election in said County, Within One Mile of the Polls § 1 | fine of $10-50. | | | | of firearms in certain designated locations, but the California law at issue outright bans possession of certain arms in common use. |
| 179 | 1887 | Alabama | 1886 Ala. L. 36, ch. 4 | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives. | Pistol; Pistol cartridges; Bowie knife; Dirk | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |
| 180 | 1887 | Iowa – City of Council Bluffs | Geoffrey Andrew Holmes, Compiled Ordinances of the City of Council Bluffs, and Containing the Statutes Applicable to Cities of the First-Class, Organized under the Laws of Iowa, at 206-07 (1887), | Prohibited the carrying of a concealed pistol or firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material, or any sandbag, air guns of any description, dagger, Bowie | Pistol; Slungshot; Metal knuckles; Sandbag; Air guns; Dagger; Bowie knife; Instrument for cutting; stabbing or striking; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | Carrying Concealed Weapons Prohibited, § 105 | knife, or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon, instrument or device. | | | | instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 181 | 1887 | Kansas – City of Independence | O. P. Ergenbright, Revised Ordinances of the City of Independence, Kansas: Together with the Amended Laws Governing Cities of the Second Class and Standing Rules of the City Council, at 162 (1887), Weapons, § 27 | Prohibited using a pistol or other weapon in a hostile or threatening manner. Also prohibited carrying a concealed pistol, dirk, Bowie knife, revolver, slungshot, billy, brass, lead, or iron knuckles, or any deadly weapon. Punishable by fine of $5-100. | Pistol; Dirk; Bowie knife; Revolver; Slungshot; Billy; Metal knuckles; Any deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | | | | | "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 182 | 1887 | Michigan | 1887 Mich. Pub. Acts 144, An Act to Prevent The Carrying Of Concealed Weapons, And To Provide Punishment Therefore, § 1 | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, air gun, stiletto, metallic knuckles, pocket-billy, sandbag, skull cracker, slungshot, razor or other offensive and dangerous weapon or instrument. | Dirk; Dagger; Sword; Pistol; Air gun; Stiletto; Metallic knuckles; Billy; Sand bag; Skull cracker; Slungshot; Razor; Other offensive and dangerous weapon or instrument | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 183 | 1887 | Montana [Territory] | 1887 Mont. Laws 549, Criminal Laws, § 174 | Prohibited the carrying of a any pistol, gun, knife, dirk-knife, bludgeon, or other offensive weapon with the intent to assault a person. | Pistol; Knife; Dirk; Bludgeon; Other offensive weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | Punishable by fine up to $100 or imprisonment up to 3 months. | | | | this historical analogue targeted illegal conduct with weapons, but did not ban their possession. Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 184 | 1887 | New Mexico [Territory] | An Act to Prohibit the Unlawful Carrying and Use of Deadly Weapons, Feb. 18, 1887, reprinted in Acts of the Legislative Assembly of the Territory of New Mexico, Twenty-Seventh Session 55, 58 (1887) | Defined "deadly weapons" as including pistols, whether the same be a revolved, repeater, derringer, or any kind or class of pistol or gun; any and all kinds of daggers, Bowie knives, poniards, butcher knives, dirk knives, and all such weapons with which dangerous cuts can be given, or with which | Pistol; Dagger; Bowie Knife; Poniard; Butcher Knife; Dirk | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. This law is irrelevant because, in *Bruen*, the Supreme Court discussed an earlier but functionally identical New Mexico statute as a "territorial legislative improvisation[], which conflict[s] with the Nation's earlier approach to firearm regulation, [and was therefore] most unlikely to reflect the origins and continuing significance of the Second Amendment and [the Court did] not consider them instructive." 142 S. Ct. at 2154 (quotations omitted). Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | dangerous thrusts can be inflicted, including sword canes, and any kind of sharp pointed canes; as also slungshots, bludgeons or any other deadly weapons. | | | | than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 185 | 1887 | Virginia | The Code of Virginia: With the Declaration of Independence and the Constitution of the United States; and the Constitution of Virginia, at 897 (1887), Offences Against the Peace, § 3780 | Prohibited the carrying of a concealed pistol, dirk, Bowie knife, razor, slungshot, or any weapon of the like kind. Punishable by fine of $20-100 and forfeiture of the weapon. | Pistol; Dirk; Bowie knife; Razor; Slungshot; Any weapon of the like kind | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 186 | 1888 | Maryland – County of Kent | John Prentiss Poe, The Maryland Code: Public Local Laws, Adopted by the | Prohibited carrying, on days of an election, any gun, pistol, dirk- | Gun; Pistol; Dirk; Razor; Billy; Bludgeon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| | | | General Assembly of Maryland March 14, 1888. Including also the Public Local Acts of the Session of 1888 incorporated therein, at 1457 (Vol. 2, 1888), Election Districts– Fences, § 99 | knife, razor, billy or bludgeon. Punishable by a fine of $5-20. | | | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue regulated carriage of firearms in certain designated locations, but the California law at issue outright bans possession of certain arms in common use. |
| 187 | 1888 | Florida | Fla. Act of Aug. 6, 1888, ch. 1637, subch. 7, § 10, as codified in Fla. Rev. State., tit. 2, pt. 5 (1892) | Prohibited the concealed carrying of slungshot, metallic knuckles, billies, firearms, or other dangerous weapons if arrested for committing a imprisonment up to 1 year and a fine up to $50. criminal offense or disturbance of the peace. Punishable by | Slungshot; Metallic knuckles; Billy; Firearms; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 188 | 1888 | Georgia | 1888 Ga. L. 22, ch. 123 | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Pistol; Revolver; Dirk; Bowie knife; Pistol or revolver cartridges | Raised to $100 in 1890. | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |
| 189 | 1888 | Maryland – City of Baltimore | John Prentiss Poe, The Maryland Code. Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Public Local Acts of the Session of 1888 Incorporated Therein, at 522-23 (Vol. 1, 1888), City of | Prohibited the carrying of a pistol, dirk knife, Bowie knife, slingshot, billy, brass, iron or any other metal knuckles, razor, or any other deadly weapon if arrested for being drunk and disorderly. Punishable by fine of $5-25, and | Pistol; Dirk; Bowie knife; Slingshot; Billy; Metal knuckles; Razor; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | Baltimore, § 742 | confiscation of the weapon. | | | | any, light on the scope of the Second Amendment. |
| 190 | 1888 | Minnesota | George Brooks Young. General Statutes of the State of Minnesota in Force January 1, 1889, at 1006 (Vol. 2, 1888), Making, Selling, etc., Dangerous Weapons, §§ 333-34 | Prohibited manufacturing, selling, giving, or disposing of a slungshot, sandclub, or metal knuckles, or selling or giving a pistol or firearm to a minor without magistrate consent. Also prohibited carrying a concealed slungshot, sandclub, or metal knuckles, or a dagger, dirk, knife, pistol or other fire- arm, or any | Slungshot; Sandclub; Metal knuckles; Dagger; Dirk; Knife; Pistol; Any dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|---------------|------------------|----------------------|
| | | | | dangerous weapon. | | | | prevents all ordinary Americans from acquiring the banned arms. |
| 191 | 1888 | Utah – City of Salt Lake City [Territory] | Dangerous and Concealed Weapon, Feb. 14, 1888, reprinted in The Revised Ordinances Of Salt Lake City, Utah 283 (1893) (Salt Lake City, Utah). § 14 | Prohibited carrying a slingshot or any concealed deadly weapon without permission of the mayor. Punishable by fine up to $50. | Slingshot; Deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |