*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 192 | 1889 | Arizona [Territory] | 1889 Ariz. Sess. Laws 16, § 1 | Prohibited carrying of any pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any knife manufactured to offensive or defensive purposes. Punishable by a fine of $25-100 and forfeiture of the weapon. | Pistol; Dirk; Dagger; Slungshot; Sword cane; Spear; Brass knuckles; Bowie knife; Other offensive or defensive knife | | | The citation for this statute is incorrect, it should be 1889 Ariz. Sess. Laws 13, § 1.

This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

This law is irrelevant because, in *Bruen*, the Supreme Court discussed this statute specifically as a "territorial legislative improvisation[], which conflict[s] with the Nation's earlier approach to firearm regulation, [and was therefore] most unlikely to reflect the origins and continuing significance of the Second Amendment and [the Court did] not consider them instructive." 142 S. Ct. at 2154 (quotations omitted). |
| 193 | 1889 | Idaho [Territory] | The Act of the Territory of Idaho approved February 4, 1889 (Sess. Laws 1889, p. 27) | Prohibited private persons from carrying "deadly weapons" within any city, town or village. | Deadly weapons | | *In re Brickey*, 8 Idaho 597 (1902) (held unconstitutional under the Second Amendment and state constitution) | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| | | | | | | | | than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55.<br><br>This law specifically was cited by the Court in *Bruen* as an example of a territorial law that should not be relied upon because it was "held unconstitutional shortly after passage." 142 S. Ct. at 2155 (citing *In re Brickey*, 8 Idaho 597 (1902). |
| 194 | 1889 | Pennsylvania – City of Johnstown | Laws of the City of Johnstown, Pa., Embracing City Charter, Act of Assembly of May 23, 1889, for the Government of Cities of the Third Class, General and Special Ordinances, Rules of Select and Common Councils and Joint Sessions, at 86 (1897), An Ordinance for the Security of Persons and Property of the Inhabitants of the City of Johnstown; The preservation of | Prohibited the concealed carrying of any pistol, razor, dirk, Bowie knife, blackjack, handy billy, or other deadly weapon. Punishable by fine of $5-50. | Pistol; Razor; Dirk; Bowie knife; Blackjack; Billy; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | the Public Peace and Good Order of the City, and Prescribing Penalties for Offenses Against the Same, § 12 | | | | | |
| 195 | 1890 | Connecticut – City of New Haven | Charles Stoers Hamilton, Charter and Ordinances of the City of New Haven, Together with Legislative Acts Affecting Said City, at 164, § 192 (1890) | Prohibited the concealed carrying of any metal knuckles, pistol, slungshot, stiletto, or similar weapons, absent written permission of the mayor or superintendent of police. Punishable by a fine of $5-50. | Metal knuckles; Slungshot; Stiletto | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 196 | 1890 | Georgia | 1890 Ga. L. 38, ch. 131 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Pistol; Revolver; Dirk; Bowie knife; Pistol or revolver cartridges | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |
| 197 | 1890 | Louisiana | 890 La. L. 39, ch. 46 | Prohibiting the transfer of any pistol, dirk, Bowie knife, or "any other dangerous weapon, which may be carried concealed on a person to any person under the age of 21. | Pistol; Dirk; Bowie knife; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 198 | 1890 | Maryland – City of Baltimore | John Prentiss Poe, The Baltimore City Code, | Prohibited the carrying of a concealed pistol, dirk- | Pistol; Dirk; Bowie knife; Slingshot; Billy; | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|----------------------|---------------|-----------------|---------------------|
|  |  |  | Containing the Public Local Laws of Maryland Relating to the City of Baltimore, and the Ordinances of the Mayor and City Council, in Force on the First Day of November, 1891, with a Supplement, Containing the Public Local Laws Relating to the City of Baltimore, Passed at the Session of 1892 of the General Assembly, and also the Ordinances of the Mayor and City Council, Passed at the Session of 1891-92, and of 1892-1893, up to the Summer Recess of 1893, at 297-98 (1893), | knife, Bowie knife, slingshot, billy, sandclub, metal knuckles, razor or any other dangerous or deadly weapon, or who openly carries with the intent to injure a person. Punishable by fine of up to $500 and imprisonment up to 6 months. | Sandclub; Metal knuckles; Razor; Other dangerous or deadly weapon |  |  | 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Ordinances of Baltimore, § 742A | | | | | |
| 199 | 1890 | Nebraska – City of Omaha | W. J. Connell, The Revised Ordinances of the City of Omaha, Nebraska, Embracing All Ordinances of a General Nature in Force April 1, 1890, Together with the Charter for Metropolitan Cities, the Constitution of the United States and the Constitution of the State of Nebraska, at 344 (1890), Ordinances of Omaha, Concealed Weapons, § 10 | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, brass knuckles or knuckles of lead, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. Punishable by fine up to $100. | Pistol; Revolver; Colt; Billy; Slungshot; Metal knuckles Dirk; Dagger; Any knife resembling a bowie knife; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 200 | 1890 | Nebraska – City of Omaha | W. J. Connell, The Revised Ordinances of the City of Omaha, Nebraska, Embracing All | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, | Pistol; Revolver; Colt; Billy; Slungshot; Metal knuckles; Dirk; Dagger; | | | This law is repetitive of the previous law.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second |

**Miller v. Bonta**, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
|  |  |  | Ordinances of a General Nature in Force April 1, 1890, Together with the Charter for Metropolitan Cities, the Constitution of the United States and the Constitution of the State of Nebraska, at 344 (1890), Ordinances of Omaha, Concealed Weapons, § 10. | brass knuckles or knuckles of lead, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. Punishable by fine up to $100. | Any knife resembling a bowie knife; Other dangerous or deadly weapon |  |  | Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 201 | 1890 | Oklahoma [Territory] | 1890 Okla. Laws 495, art. 47, §§ 1, 2, 10; Leander G. Pitman, The Statutes of Oklahoma, 1890. (From the Laws Passed by the First Legislative Assembly of the Territory), at 495-96 (1891) | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or any other knife or instrument manufactured or sold solely for defense. Also | Pistol; Revolver; Bowie knife; Dirk; Dagger; Slungshot; Sword cane; Spear; Metal knuckles; Other knife; Loaded cane; Billy; Other offensive or defensive weapon |  |  | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>This law is irrelevant because, in *Bruen*, the Supreme Court discussed this statute specifically as a "territorial legislative improvisation[], which conflict[s] with the Nation's earlier approach to firearm regulation, [and was therefore] most unlikely to reflect the origins and continuing significance of the Second |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | prohibited the carrying of any pistol, revolver, Bowie knife, dirk knife, loaded cane, billy, metal knuckles, or "any other offensive or defense weapon." Punishable by a fine of $50-500 and imprisonment for 3-12 months. | | | | Amendment and [the Court did] not consider them instructive." 142 S. Ct. at 2154 (quotations omitted). Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. |
| 202 | 1890 | Oklahoma [Territory] | 1890 Okla. Sess. Laws 475, Crimes Against The Public Health And Safety, §§ 18-19 | Prohibited the manufacture, sale, giving, or disposing of any instrument or weapon usually known as a slungshot, and prohibited the carrying any slungshot or similar weapon. | Slungshot | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| | | | | | | | | common use, so this law has no application here.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. |
| 203 | 1890 | Oklahoma – Town of Checotah [Territory] | General Laws Relating to Incorporated Towns of Indian Territory, at 37 (1890), Revised Ordinances of the Town of Checotah, Ordinance No. 11, § 3 | Prohibited the carrying of any pistol; dirk; butcher knife; Bowie knife; sword; spear-cane, metal knuckles, razor, slungshot, sandbag, or a switchblade. | Pistol; Dirk; Butcher knife; Sword; Spear cane; Metal knuckles; Razor; Slungshot; Sandbag; Switchblade | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>This law is irrelevant because, in *Bruen*, the Supreme Court discussed a broader Oklahoma statute, which had the same effect as this statute but outside of Indian territory, as a "territorial legislative improvisation[], which conflict[s] with the Nation's earlier approach to firearm regulation, [and was therefore] most unlikely to reflect the origins and continuing significance of the Second Amendment and [the Court did] not consider them instructive." 142 S. Ct. at 2154 (quotations omitted).<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. |
| 204 | 1891 | Michigan | 1891 Mich. Pub. Acts 409, Police Department, pt 15 | Prohibited the carrying of a concealed pistol, revolver, Bowie knife, dirk, slungshot, billie, sandbag, false knuckles, or other dangerous weapon.  Also prohibited lurking or being concealed with the intent to injure a person or property, or threatening to beat or kill a person or property. Punishable by fine up to $100 and the costs of prosecution, and in default of payment, imprisonment. | Pistol; Revolver; Bowie; Dirk; Slungshot; Billy; Sandbag; False knuckles; Other dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 205 | 1891 | Missouri | "Shot by a Trap-Gun," The South Bend Tribune, Feb. 11, 1891 | Fined farmer for setting a trap gun that killed his wife. | Trap gun | | | This analogue comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>This is not a law at all and so it is not an appropriate analogue for this Court's consideration.  Additionally, it provides insufficient detail to offer any value as an analogy.<br><br>To the extent it is considered, it is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this source discusses the setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 206 | 1891 | North Dakota | 1891 N.D. Laws 193, An Act to Amend Sections 1 and 2 of Chapter 63 of the General Laws of 1883, ch. 70, § 1 | Prohibited the setting of any gun or gun trap to be discharged at certain animals. | Trap gun | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 207 | 1891 | West Virginia | 1891 W. Va. Code 915, Of Offences Against the Peace, ch. 148, § 7 | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon.  Also prohibited selling such a weapon to a minor. Punishable by fine of $25-200 and imprisonment for 1-12 months. | Pistol; Dirk; Bowie knife; Razor; Slungshot; Billy; Metal knuckles; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

This law is irrelevant because in *Bruen*, the Supreme Court discussed the West Virginia Supreme Court's view that handguns were categorically unprotected by the Second Amendment, "a rationale endorsed by no other court during this period."  142 S. Ct. at 2153. As such, the views of the state at this time are an outlier and should be accorded no weight in determining the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 208 | 1892 | Alabama | 1892 Ala. L. 183, ch. 95 | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives, and clarified that cartridges that can be used in a pistol shall be deemed pistol cartridges. | Pistol; Pistol cartridges; Bowie knife; Dirk | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |
| 209 | 1892 | Georgia | 1892 Ga. L. 25, ch. 133 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie knives, and metal knuckles. | Pistol; Revolver; Dirk; Bowie knife; Pistol or revolver cartridges; Metal knuckles | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue involved taxing dealers of certain (often "dangerous and unusual") weapons. It did not, however, outlaw the sale or make it illegal to possess any arm in common use, which the challenged laws do. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 210 | 1892 | Washington – City of Tacoma | Albert R. Heilig, Ordinances of the City of Tacoma, Washington, at 333-34 (1892) | Prohibited the carrying of a concealed a revolver, pistol or other fire arms or any knife (other than an ordinary pocket knife) or any dirk or dagger, slingshot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person. | Revolver; Pistol; Knife; Dirk; Dagger; Slingshot; Metal knuckles; Instrument that causes injury | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 211 | 1893 | Arizona [Territory] | 1893 Ariz. Sess. Laws 3, § 1 | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife (or any kind of | Pistol; Other firearm; Dirk; Dagger; Slungshot; Sword-cane; Spear; Metal knuckles; Bowie knife; Any kind of knife (other than pocket knife) | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | knife, except a pocket knife not manufactured for offensive or defensive use). | | | | concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. |
| 212 | 1893 | Delaware | Revised Statutes of the State of Delaware, of Eight Hundred and Fifty-Two. As They Have Since Been Amended, Together with the Additional Laws of a Public and General Nature, Which Have Been Enacted Since the Publication of the Revised Code of Eighteen Fifty-Two. To the Year of Our Lord One Thousand Eight | Prohibited the concealed carrying of deadly weapons or selling deadly weapons other than an ordinary pocket knife, and prohibited discharging any firearm in any public road. Punishable by fine of $25-100 or by imprisonment for 10-30 days. | Deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people (in this case, minors) and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Hundred and Ninety- Three; to Which are Added the Constitutions of the United States and of this State, the Declaration of Independence, and Appendix, at 987 (1893), An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons, § 1 | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 213 | 1893 | North Carolina | 1893 N.C. L. 468-69, ch. 514 | Prohibiting the transfer of any pistol, pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane, or slingshot to a minor. | Pistol; Pistol cartridge; Metal knuckles; Bowie knife; Dirk; Loaded cane; Slingshot | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 214 | 1893 | Rhode Island | 1893 R.I. Pub. Laws 231, An Act Prohibiting The Carrying Of Concealed Weapons, chap. 1180, § 1 | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slungshot, pistol, or firearm of any description. | Dirk; Bowie knife; Butcher knife; Dagger; Razor; Sword Cane; Air gun; Billy; Metal knuckles; Slungshot; Pistol; Other firearm | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 215 | 1893 | Tennessee – City of Nashville | Claude Waller, Digest of the Ordinances of the City of Nashville, to Which are Prefixed the State Laws Incorporating, and Relating to, the City, with an Appendix Containing Various Grants and Franchises, at 364-65 (1893), Ordinances of the City of | Prohibited the carrying of a pistol, Bowie knife, dirk knife, slungshot, brass knucks, or other deadly weapon. Punishable by fine of $10-50 for a first offense and $50 for subsequent offenses. | Pistol; Bowie knife; Dirk; Slungshot; Brass knuckles; Other deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|----------------------|---------------|-----------------|----------------------|
| | | | Nashville, § 738 | | | | | To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid *concealed* carriage, or to exempt handguns issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. *See Bruen*, 142 S. Ct. at 2147 & n.21.<br><br>To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in *Bruen*.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 216 | 1893 | Wyoming – City of Rawlins | A. McMicken, City Attorney, The Revised Ordinances of the City of Rawlins, Carbon County, Wyoming, at 131-32 (1893), Revised Ordinances of the City of Rawlins, Article VII, Carrying | Prohibited a person from possessing or carrying a pistol, revolver, knife, slungshot, bludgeon or other lethal weapon. Punishable by fine up to $100 or | Pistol; Revolver; Knife; Slungshot; Bludgeon; Other lethal weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
|  |  |  | Firearms and Lethal Weapons, § 1 | imprisonment up to 30 days. |  |  |  | time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. <br><br> To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid *concealed* carriage, or to exempt handguns issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. *See Bruen*, 142 S. Ct. at 2147 & n.21. <br><br> To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in *Bruen*. <br><br> Territorial (and especially local territorial) laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. In fact, *Bruen* specifically noted an earlier (and broader) Wyoming law as one that should be treated as a "territorial legislative improvisation" that should not inform the scope of the right. 142 S. Ct. at 2153. For the same reason, this law should be afforded no weight. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 217 | 1895 | North Dakota | 1895 N.D. Rev. Codes 1293, Penal Code, Crimes Against the Public Health and Safety, ch. 40, §§ 7312-13 | Prohibited the carrying of any slungshot or similar weapon, and the concealed carrying of any firearm or any "sharp or dangerous weapon." | Slungshot; Firearm; Sharp or dangerous weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 218 | 1895 | North Dakota | The Revised Codes of the State of North Dakota 1895 Together with the Constitution of the United | Prohibited the setting of any spring or trap gun. | Trap gun | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | States and of the State of North Dakota with the Amendments Thereto, at 1259 (1895) | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 219 | 1895 | Vermont – City of Barre | Ordinances of the City of Barre, Vermont, ch. 16, § 18 (1895) | Prohibited discharging a gun, pistol, or other loaded firearm, firecracker, serpent, or other explosive, unless on a person's own property or with the permission of the property owner.  Also prohibited making a bonfire in the street except with city council permission and the carrying of concealed steel | Steel or brass knuckles; Pistol; Slungshot; Stiletto; Weapon of similar character; Gun; Loaded firearm; Firecracker; Serpent | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | or brass knuckles, a pistol, slungshot, stiletto, or weapon of similar character. | | | | |
| 220 | 1896 | California – City of Fresno | L. W. Moultrie, City Attorney, Charter and Ordinances of the City of Fresno, 1896, at 37, § 53 (1896) | Prohibited the transfer to any minor under the age of 18 any gun, pistol or other firearm, dirk, Bowie knife, powder, shot, bullets, or any combustible or dangerous material, absent written consent of parent or guardian. | Gun; Pistol; Dirk; Bowie knife; Powder; Shot; Bullets | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 221 | 1896 | California – City of Fresno | L. W. Moultrie, Charter and Ordinances of the City of | Prohibited the concealed carrying of any pistol or firearm, | Pistol; Firearm; Slungshot; Dirk; Bowie | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Fresno, at 30, § 8 (1896) | slungshot, dirk, Bowie knife, or other deadly weapon, absent written permission. | knife; Other deadly weapon | | | Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 222 | 1896 | Mississippi | 1896 Miss. L. 109-10, ch. 104 | Prohibited the carrying of a concealed Bowie knife, dirk, butcher knife, pistol, brass or metallic knuckles, slungshot, sword, or other deadly weapon "of like kind or description." | Bowie knife; Dirk; Butcher knife; Pistol; Metal Knuckles; Slingshot; Sword; Other deadly weapon of like kind | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 223 | 1896 | Rhode Island | General Laws of the State of Rhode Island and Providence Plantations to Which are Prefixed the Constitutions of the United States and of the State, at 1010-11 (1896), Offences Against Public Policy, §§ 23, 24, 26 | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slungshot, pistol, or firearm of any description. Exempted officers or watchmen whose duties required them to make arrests or guard prisoners or property. | Dirk; Bowie knife; Butcher knife; Dagger; Razor; Sword cane; Air gun; Billy; Metal knuckles; Slungshot; Pistol; Other firearm | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because the text of the statute makes clear that this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 224 | 1896 | Washington – City of Spokane | Rose M. Denny, The Municipal Code of the City of Spokane, Washington. Comprising the Ordinances of the City (Excepting Ordinances Establishing Street Grades) Revised to | Prohibited the carrying of a concealed revolver, pistol or other fire-arms, or any knife (other than an ordinary pocket knife) or any dirk or dagger, sling-shot or metal knuckles, or any instrument | Revolver; Pistol; Other firearms; Knife; Dirk; Dagger; Slingshot; Metal knuckles; Any instrument that can cause injury | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | October 22, 1896, at 309-10 (1896), Ordinances of Spokane, An Ordinance to Punish the Carrying of Concealed Weapons within the City of Spokane, § 1 | by the use of which injury could be inflicted upon the person or property. Punishable by fine of $25-100, cost of prosecution, and imprisonment until fines/costs are paid. | | | | instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 225 | 1897 | Alabama | William Logan Martin, Commissioner, The Code of Alabama, Adopted by Act of the General Assembly of the State of Alabama, Approved February 16, 1897, § 27 (1897) | Tax of $300 on the sale of pistols, pistol cartridges, Bowie knives, and dirk knives. | Pistol; Pistol cartridge; Bowie knife; Dirk | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue taxed firearm dealers but did not ban arms in common use, like the challenged law does. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 226 | 1897 | Missouri – City of Saint Joseph | William K. Amick, The General Ordinances of the City of Saint Joseph (A City of the Second Class) Embracing all Ordinances of General Interest in Force July 15, 1897, together with the Laws of the State of Missouri of a General Nature Applicable to the City of St. Joseph. Compiled and Arranged, at 508 (1897), Concealed Weapons – Carrying of, § 7 | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, cross knuckles or knuckles of lead, brass or other metal, dirk, dagger, razor, Bowie knife, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. | Pistol; Revolver,; Colt; Billy; Slungshot; Metal knuckles; Dirk; Dagger; Razor; Bowie knife; Any knife resembling a bowie knife; Other dangerous or deadly weapon | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 227 | 1897 | Texas | 1897 Tex. Gen. Laws 221, An Act to Prevent the Barter, Sale And Gift of Any Pistol, Dirk, Dagger, Slung Shot, Sword Cane, Spear, or Knuckles Made of Any Metal Or Hard Substance to Any Minor Without the Written Consent of the Parent or Guardian of Such Minor. . ., ch. 155 | Prohibited the selling or giving to a minor a pistol, dirk, dagger, slungshot, sword cane, spear or knuckles made of any metal or hard substance, Bowie knife or any other knife manufactured or sold for the purpose of offense or defense without the consent of their parent or guardian. Punishable by fine of $25-200 and/or imprisonment for 10-30 days. | Pistol; Dirk; Dagger; Slungshot; Sword cane; Spear; Knuckles; Bowie knife; Any other knife used for offense or defense | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 228 | 1897 | Washington | Richard Achilles Ballinger, Ballinger's Annotated Codes and Statutes of Washington: Showing All Statutes in Force, Including the Session Laws of 1897, at 1956-57 (Vol. 2, 1897), Carrying Concealed Weapons, § 7084 | Prohibited the carrying of a concealed revolver, pistol, or other fire-arms, or any knife, (other than an ordinary pocket knife), or any dirk or dagger, sling-shot, or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person. Punishable by fine of $25-100 and/or imprisonment for 30 days. | Revolver; Pistol; Other fire-arms; Knife; Dirk; Dagger; Slingshot; Metal knuckles; Any instrument that can cause injury | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 229 | 1898 | Georgia | 1898 Ga. L. 60, ch. 103 | Prohibited the concealed carry of any pistol, dirk, sword cane, spear, Bowie knife, other kind of knife "manufactured | Bowie knife; Other knife manufactured for wearing or carrying for offense or defense; Pistol; Sword; Sword cane; | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | and sold for purpose of offense and defense," and any "kind of metal knucks." | Spear; Metal knuckles | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 230 | 1898 | Oregon – City of Oregon City | The Charter of Oregon City, Oregon, Together with the Ordinances and Rules of Order, 259 (1898), An Ordinance Providing for the Punishment of Disorderly Persons, and Keepers and Owners of Disorderly Houses, § 2 | Prohibited the carrying of any slingshot, billy, dirk, pistol, or "any concealed deadly weapon," and the discharge of any firearm, air gun, sparrow gun, flipper, or bean shooter, unless in self-defense. | Slingshot; Billy; Dirk; Pistol; Concealed deadly weapon; Firearm; Air gun; Sparrow gun; Flipper; Bean shooter | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 231 | 1899 | Alaska | Fred F. Barker, Compilation of the Acts of Congress and Treaties Relating to Alaska: From March 30, 1867, to March 3, 1905, at App. A, p. 139 (30 Stat. L. 1253 (1899)); 1896-99 Alaska Sess. Laws 1270, ch. 6, § 117 | Prohibited concealed carrying in any manner any revolver, pistol, other firearm, knife (other than an "ordinary pocket knife"), dirk, dagger, slungshot, metal knuckles, or any instrument that could cause injury to a person or property. | Pistol; Revolver; Other firearm; Knife; Dirk; Dagger; Slungshot; Metal knuckles; Other instrument | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 232 | 1899 | Nebraska – City of Fairfield | Compiled Ordinances of the City of Fairfield, Clay County, Nebraska, at 34 (1899), Ordinance No. 20, An Ordinance to Prohibit the Carrying of Concealed Weapons and Fixing a Penalty for the violations of the same. Be it | Prohibited the carrying of a concealed pistol, revolver, dirk, Bowie knife, billy, slingshot, metal knuckles, or other dangerous or deadly weapons. Punishable by forfeiture and "shall be so adjudged." | Pistol; Revolver; Dirk; Bowie knife; Billy; Slingshot; Metal knuckles; Other dangerous or deadly weapons | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | ordained by the Mayor and Council of the City of Fairfield, Nebraska: § 1 | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 233 | 1899 | Texas – City of San Antonio | Theodore Harris, Charter and Ordinances of the City of San Antonio. Comprising All Ordinances of a General Character in Force August 7th, at 220 (1899), Ordinances of the City of San Antonio, Ordinances, ch. 22, § 4 | Prohibited drawing in a threatening manner a pistol, gun, knife, sword cane, club or any other instrument or weapon that may cause death. | Pistol; Gun; Knife; Sword cane; Club; Any other instrument or weapon that causes death | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 234 | 1900 | Iowa – City of Des Moines | William H. Baily, The Revised Ordinances of Nineteen Hundred of the City of Des Moines, Iowa, at 89-90, (1900), Ordinances City of Des Moines, Weapons, Concealed, § 209 | Prohibited the carrying of a concealed pistol or other firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material, or any sandbag, air guns of any description, dagger, Bowie knife, dirk knife, or other knife or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon. | Pistol; Slungshot; Metal knuckles; Sandbag; Air guns; Dagger; Bowie knife; Instrument for cutting; stabbing or striking; Other dangerous or deadly weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. <br><br> This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 235 | 1900 | New York | 1900 N.Y. Laws 459, An Act to Amend Section Four Hundred and Nine of the Penal Code, Relative to Dangerous Weapons, ch. 222, § 1 | Prohibited manufacturing or selling a slungshot, billy, sandclub or metal knuckles, and prohibited selling a firearm to a minor in any city or incorporated village without written consent of police magistrate. Exempted any officer of the United States or peace officer when necessary and proper to discharge official duties. | Slungshot; Billy; Sandclub; Metal knuckles; Pistol; Other firearm | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 236 | 1901 | Arizona [Territory] | 1901 Ariz. 1251-53, §§ 381, 385, 390 | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife (or any kind of knife, except a pocket knife not manufactured for offensive or defensive use). Exempted peace officers in discharge of official duties. Punishable by a fine of $25-100 and forfeiture of the weapon. | Pistol; Other firearm; Dirk; Dagger; Slungshot; Sword cane; Spear; Metal knuckles; Bowie knife; Any kind of knife (other than pocket knife) | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. |
| 237 | 1901 | Utah | 1901 Utah Laws 97-98, An Act Defining an Infernal Machine, and Prescribing Penalties for the | Prohibited the construction and possession of any "infernal machine," defined as a device with a loaded firearm | Infernal machine | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | Construction or Contrivance of the Same, or Having Such Machine in Possession, or Delivering Such Machine to Any Person . . . , ch. 96, §§ 1-3 | that is capable of igniting when moved, handled, or opened. | | | | contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 238 | 1903 | Oklahoma [Territory] | Wilson's Rev. & Ann. St. Okla.(1903) § 583, c. 25 | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or other kind of knife manufactured for defense. | Pistol; Revolver; Bowie knife; Dirk; Dagger; Slungshot; Sword Cane; Spear; Metal knuckles; Other knife | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| | | | | | | | | only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. |
| 239 | 1903 | South Dakota | S.D. Rev. Code, Penal Code 1150 (1903) §§ 470, 471 | Prohibited the carrying of a concealed slungshot, firearm, or sharp or dangerous weapon. | Slungshot; Firearm; Sharp or dangerous weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 240 | 1905 | Indiana | 1905 Ind. Acts 677, Public Conveyance— Attacking, § 410 | Prohibited maliciously or mischievously shooting a gun, rifle, pistol or other weapon, or throwing a stone, stick, club or any other substance at a vehicle. | Gun; Rifle; Pistol; Other weapon; Stone; stick; Club; Any other substance | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | Punishable by imprisonment for 30 days to 1 year and a fine of $10-100. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 241 | 1905 | New Jersey | 1905 N.J. Laws 324-25, A Supplement to an Act Entitled "An Act for the Punishment of Crimes," ch. 172, § 1 | Prohibited the carrying of a concealed revolver, pistol or other deadly, offensive or dangerous weapon or firearm or any stiletto, dagger or razor. Punishable by fine up to $200 and/or imprisonment with hard labor up to 2 years. | Revolver; Pistol; Other deadly; offensive or dangerous weapon or firearm or any stiletto; Dagger; razor | *State v. Angelo*, 3 N.J. Misc. 1014, 1015 (1925) (upheld conceal carry ban) | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 242 | 1908 | Rhode Island | 1908 (January Session) R.I. Pub. Laws 145, An Act in Amendment of section 23 of chapter 283 of | Prohibited the carrying of any dirk, dagger, razor, sword cane, Bowie knife, butcher knife, air-gun, billy, metal | Dirk; Dagger; Razor; Sword cane; Bowie knife; Butcher knife; Air gun; Billy; Metal knuckles; Slungshot; | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | the General Laws, § 23 | knuckles, slungshot, pistol, other firearm. Exempted officers or watchmen. | Pistol; Other firearm. | | | meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 243 | 1909 | Idaho | 1909 Id. Sess. Laws 6, An Act To Regulate the Use and Carrying of Concealed Deadly Weapons and to Regulate the Sale or Delivery of Deadly Weapons to Minors Under the Age of Sixteen Years to Provide a Penalty for the Violation of the Provisions of this Act, and to Exempt Certain Persons, § 1 | Prohibited the carrying of a concealed dirk, Bowie knife, dagger, slungshot, pistol, revolver, gun, or any other deadly or dangerous weapon in any public setting. | Dirk; Bowie knife; Dagger; Slungshot; Pistol; Revolver; Other deadly or dangerous weapon | No longer restricts concealed carrying of a slungshot. *See* Idaho Stats. Ch. 33, § 18-3302(2)(a)(b) (i). | *State v. Hart*, 66 Idaho 217 (1945) (upheld under state constitution) | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 244 | 1909 | South Dakota | 1909 S.D. Sess. Laws 450, An | Prohibited the setting or | Set gun | | | This law comes too late to provide any insight into the meaning of the Second |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Act for the Preservation, Propagation, Protection, Taking, Use and Transportation of Game and Fish and Establishing the Office of State Game Warden and Defining His Duties, ch. 240, §§ 21-22 | possession of any "set gun." | | | | Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 245 | 1909 | Washington | 1909 Wash. Sess. Laws 973, An Act Relating to Crimes and Punishments and the Rights and Custody of Persons Accused or Convicted of Crime, and Repealing Certain Acts, ch. 249, ch. 7, §266, pts. 1-3 | Prohibited the setting of any trap, spring pistol, rifle, or other deadly weapon. Punishable by imprisonment for up to 1 year or a fine of up to $1,000. Further punishable by imprisonment for up to 20 | Trap gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | years for non-fatal or fatal injuries resulting from the trap. | | | | of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 246 | 1911 | New York | 1911 N.Y. Laws 442, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons, ch. 195, § 1 | Prohibited the manufacture, sale, giving, or disposing of any weapon of the kind usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, or metal knuckles, and the offering, sale, loaning, leasing, or giving of any gun, revolver, pistol, air gun, or spring-gun to a person under the age of 16. | Blackjack; Slungshot; Billy; Sandclub; Sandbag; Bludgeon; Metal knuckles; Gun; Revolver; Pistol; Air gun; Spring gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | prevents all ordinary Americans from acquiring the banned arms. |
| 247 | 1911 | New York | 1911 N.Y. Laws 442-43, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons. ch. 195, § 1 | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, or bludgeon, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instrument or weapon" with intent to use the weapon unlawfully against another. | Blackjack; Slungshot; Billy; Sandclub; Sandbag; Metal knuckles; Bludgeon; Dagger; Dirk; Dangerous knife; Razor; Stiletto; Other dangerous or deadly weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 248 | 1912 | Vermont | 1912 Vt. Acts and Resolves 261 | Prohibited the setting of any spring gun. Punishable by a fine of $50-500 and liability for twice the amount of damage resulting from the trap. | Spring gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 249 | 1913 | Florida | 1913 Fla. 117, An Act to Regulate the Hunting of Wild Deer etc., § 8 | Prohibited hunting wild game with automatic guns. | Machine guns | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Additionally, this law is not relevantly similar to the challenged restriction because it merely limited the arms available for use in hunting, but did not prevent them from being owned by law abiding citizens. |
| 250 | 1913 | Hawaii [Territory] | 1913 Haw. Rev. Laws ch. 209, § 3089, Carrying Deadly Weapons, § 3089. | Prohibited the carrying a Bowie knife, sword cane, pistol, air-gun, slungshot, or other deadly weapon. Punishable by fine of $10-250 or imprisonment for 3- 12 months, unless good cause can be shown for carrying the weapon. | Bowie knife; Sword cane; Pistol; Air gun; Slungshot; Other deadly weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid *concealed* carriage, or to exempt handguns issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. *See Bruen*, 142 S. Ct. at 2147 & n.21.<br><br>To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in *Bruen*.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. |
| 251 | 1913 | Iowa | 1913 Iowa Acts 307, ch. 297, §§ 1, 2 | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, picket billy, sandbag, skull cracker, slungshot, or other offensive and dangerous weapons or | Dirk; Dagger; Sword; Pistol; Revolver; Stiletto; Metallic knuckles; Picket; Billy; Sand bag; Skull cracker; Slungshot; Other offensive and dangerous weapons or instruments | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | instruments. Also prohibited the selling, keeping for sale, offering for sale, loaning, or giving away any dirk, dagger, stiletto, metallic knuckles, sandbag, or "skull cracker." Exempted the selling or keeping for sale of "hunting and fishing knives." | | | | regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 252 | 1913 | New York | 1913 N.Y. Laws 1627-30, vol. III, ch. 608, § 1, Carrying and Use of Dangerous Weapons Carrying Weapons, Dangerous or Unusual Weapons, § 1 | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, | Blackjack; Slungshot; Billy; Sandclub; Sandbag; Metal knuckles; Bludgeon; Bomb; Bombshell; Dagger; Dirk; Dangerous knife; Razor; | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | bludgeon, bomb, or bombshell, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instruments or weapon." | Stiletto; Other dangerous or deadly weapon | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 253 | 1915 | New Hampshire | 1915 N.H. Laws 180-81, An Act to Revise and Amend the Fish and Game Laws, ch. 133, pt. 2, § 18 | Prohibited the setting of a spring gun. Punished by a fine of $50-500. | Spring gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| | | | | | | | | by California today are in common use, so this law has no application here. |
| 254 | 1915 | North Dakota | 1915 N.D. Laws 96, An Act to Provide for the Punishment of Any Person Carrying Concealed Any Dangerous Weapons or Explosives, or Who Has the Same in His Possession, Custody or Control, unless Such Weapon or Explosive Is Carried in the Prosecution of a Legitimate and Lawful Purpose, ch. 83, §§ 1-3, 5 | Prohibited the concealed carrying of any instrument or weapon usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, or any sharp or dangerous weapon, any gun, revolver, pistol, or "other dangerous fire arm," nitroglycerin, dynamite, or any other dangerous or violent explosive. | Blackjack; Slungshot; Billy; Sandclub; Sandbag; Bludgeon; Metal knuckles; Any sharp or dangerous weapon; Any Gun; Revolver; Pistol; Dangerous firearm; Explosive | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 255 | 1917 | California | 1917 Cal. Stat. 221, § 1 | Prohibited the manufacture, leasing, keeping for sale, offering, giving, or disposing of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dirk, or dagger. | Blackjack; Slungshot; Billy; Sandclub; Sandbag; Bludgeon; Metal knuckles; Dirk; Dagger | Repealed and replaced by 1923 Cal. Stat. 695 (1923) | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 256 | 1917 | California | 1917 Cal. Stat. 221, § 2 | Prohibited the possession of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, | Blackjack; Slungshot; Billy; Sandclub; Sandbag; Bludgeon; Metal knuckles; Bomb; Bombshells; Dirk; Dagger | Repealed and replaced by 1923 Cal. Stat. 695 (1923) | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | | bomb, or bombshells, and the carrying of any dirk or dagger. | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 257 | 1917 | California | 1917 Cal. Stat. 221, § 5 | Prohibited the use, or carrying or possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, bombshell, or other "dangerous or deadly instrument or weapon." | Dagger; Dirk; Dangerous knife; Razor; Stiletto; Loaded pistol; Revolver; Other firearm; Blackjack; Slungshot; Billy; Sandclub; Sandbag; Metal knuckles; Bomb; Bombshell; Other deadly or dangerous weapon | Repealed and replaced by 1923 Cal. Stat. 695 (1923) | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 258 | 1917 | Missouri – City of Joplin | Joplin Code of 1917, Art. 67, § 1201. | Prohibited the carrying of a concealed firearm, Bowie knife, spring-back knife, razor, knuckles, bill, sword cane, dirk, dagger, slungshot, or other similar deadly weapons in a church, school, election site, court, or other public setting. Also prohibits using the weapon in a threatening manner, using while intoxicated, or selling to a minor. | Firearms; Bowie knife; Spring-back knife; Razor; Knuckle; Billy; Sword cane; Dirk; Dagger; Slungshot; Other deadly weapons | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 259 | 1917 | North Carolina – | 1917 N.C. Sess. Laws 309, Pub. Local | Prohibited killing quail with a gun that | Gun that shoots over two times | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | Harnett County | Laws, An Act to Regulate the Hunting of Quail in Harnett County, ch. 209, § 1 | shoots over two times before reloading. | before reloading (machine gun) | | | entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it was a hunting regulation and did not ban possession of any arm in common use, which the California law at issue does. |
| 260 | 1917 | Oregon | 1917 Or. Sess. Laws 804-08, An Act Prohibiting the manufacture, sale, possession, carrying, or use of any blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, dirk, dagger or stiletto, and regulating the carrying and sale of certain firearms, and defining the duties of certain | Prohibited the attempted use, or the carry and possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, or any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, | Dagger; Dirk; Dangerous knife; Razor; Stiletto; Pistol; Revolver; Other Firearm; Blackjack; Slungshot; Billy; Sandclub; Sandbag; Metal knuckles; Bomb; Bombshell; Other dangerous or deadly weapon | | *Oregon v. Blocker*, 291 Or. 255 (1981) (struck down the ban on clubs as contrary to Oregon Constitution) | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| | | | executive officers, and providing penalties for violation of the provisions of this Act, § 7 | sandbag, metal knuckles, bomb, bombshell, or any other "dangerous or deadly weapon." Punishable by a fine of $50-500 or imprisonment for 1-6 months. | | | | firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 261 | 1923 | California | 1923 Cal. Stat. 695, § 1 | Prohibited the manufacture, importation, keeping for sale, offering for sale, giving, lending, or possession of any instrument or weapon commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, and the concealed carrying of any dirk or dagger. | Blackjack; Slungshot; Billy; Sandclub; Sandbag; Metal knuckles; Dirk; Dagger | Replaced in 1953 with enactment of Cal. Penal Code § 12020 | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | Punishable by imprisonment for 1-5 years. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of weapons but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 262 | 1923 | Missouri | 1923 Mo. Laws 241-42, An Act to Provide the Exercise of the Police Powers of the State by and through Prohibiting the Manufacture, Possession, Transportation, Sale and Disposition of Intoxicating Liquors. . .§ 17 | Prohibited the carrying, while a passenger or operating a moving vehicle, of a revolver, gun or other firearm, or explosive, any Bowie knife, or other knife having a blade of more than two and one-half inches in length, any slingshot, brass knucks, billy, club or other dangerous weapon. Punishable by imprisonment of minimum 2 years. | Revolver; Gun; Explosive; Bowie knife; Other knife having a blade of more than two and one-half inches in length; Slingshot; Metal knuckles; Billy; Club; Other dangerous weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>This law is not relevantly similar to the challenged law because it only forbids the carrying of firearms while in a vehicle of any type that was carrying liquor, which was at the time illegal in Missouri. This law therefore banned illegal conduct with firearms, but it did not bar their possession, like the challenged law. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 263 | 1923 | South Carolina | 1923 S.C. Acts 221 | Prohibited the selling or giving to a minor a pistol or pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane or slingshot. Also prohibited a parent from giving such a weapon to their child under 12 years old. Punishable by fine up to $50 or imprisonment up to 30 days. | Pistol; Pistol cartridge; Metal knuckles; Bowie knife; Dirk; Loaded cane; Slingshot | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 264 | 1923 | Vermont | 1923 Vt. Acts and Resolves 127, An Act to Prohibit the Use of Machine Guns and Automatic Rifles in Hunting, § 1 | Prohibited using, carrying, or possessing a machine gun or automatic rifle while hunting. | Machine gun; Automatic rifle | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. Also, this law was a hunting regulation, and the challenged law is not. |
| 265 | 1925 | Oregon | 1925 Or. Laws 42, An Act Prohibiting the Placing of Spring-Guns or Set-Guns; and Providing a Penalty Therefor, ch. 31, §§ 1-2 | Prohibited the setting of any loaded spring gun. Punishable by a fine of $100-500 or imprisonment for 30 days to 6 months. Exception for setting of trap gun to destroy burrowing rodents. | Spring gun; Set gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| 266 | 1925 | West Virginia | 1925 W.Va. Acts 25-30, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms. . . , ch. 3, § 7(a) | Prohibited unlicensed carrying of a pistol, dirk, Bowie knife, slungshot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Punishable by imprisonment for 6-12 months for the first offense, and for 1-5 years for subsequent offenses, and in either case, a fine of $50-200. | Pistol; Dirk; Bowie knife; Razor; Slungshot; Billy; Metal knuckles; Other dangerous or deadly weapon | | *City Of Princeton* v. *Buckner*, 180 W. Va. 457, 462 (1988) (held unconstitutional under state constitution); *Application of Metheney*, 182 W. Va. 722 (1990) | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited unlicensed carriage of firearms but did not prohibit licensed carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 267 | 1925 | West Virginia | 1925 W.Va. Acts 31-32, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace . . . , ch. 3, § 7, pt. b | Prohibited publicly displaying for rent or sale any revolver, pistol, dirk, Bowie knife, slungshot, other dangerous weapon, machine gun, submachine gun, or high powered rifle. Requires dealers to keep a register. Prohibited selling, renting, giving, or lending any of these weapons to an unnaturalized person. | Revolver; Pistol; Dirk; Bowie knife; Slungshot; Machine gun; Other dangerous weapon; Submachine gun; High powered rifle | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law regulated practices by individuals and firms engaged in firearm sales, but it did not prohibit the possession or use of firearms in common use. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 268 | 1925 | West Virginia | 1925 W.Va. Acts 30-31, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms . . ., ch. 3, § 7, pt. b | Prohibited carrying, transporting, or possessing a machine gun, submachine gun, or high powered rifle except on their own premises and with a permit. Also provides guidelines for such a permit. | Machine gun; Submachine gun; High powered rifle | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

58

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|------|------|------|------|------|------|------|------|
| 269 | 1927 | California | 1927 Cal. Stat. 938, An Act to Prohibit the Possession of Machine Rifles, Machine Guns and Submachine Guns Capable of Automatically and Continuously Discharging Loaded Ammunition of any Caliber in which the Ammunition is Fed to Such Guns from or by Means of Clips, Disks, Drums, Belts or other Seperable Mechanical Device, and Providing a Penalty for Violation Thereof, ch. 552, §§ 1 2 | Prohibited a person, firm, or corporation possessing a machine gun. Punishable by imprisonment up to 3 years and/or fine up to $5,000. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 270 | 1927 | Indiana | 1927 Ind. Acts 469, Public Offenses— Ownership, Possession or | Prohibited owning or possessing a machine gun or bomb in an | Machine gun; Bomb | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Control of Machine Guns or Bombs— Penalty, ch. 156, § 1 | automobile. Punishable by imprisonment for 1-5 years. | | | | century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 271 | 1927 | Indiana | 1927 Ind. Acts 469, Operation of Machine Guns, Discharge of Bombs— Offense and Penalty:, ch. 156, § 2 | Prohibited discharging a machine gun or bomb. Punishable by imprisonment for 2-10 years. | Machine gun; Bomb | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California are in |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | common use, so this law has no application here. |
| 272 | 1927 | Iowa | 927 Iowa Acts 201, An Act to prohibit the Possession or Control of Machine Guns. . . ., §§ 1 2 | Prohibited possession of a machine gun. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 273 | 1927 | Maryland | 1927 Md. Laws 156, § 388- B | Prohibited possession of liquor in an automobile that also carries a gun, pistol, revolver, rifle machine gun, or other dangerous or | Gun; Pistol; Revolver; Machine gun; Other dangerous or deadly weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | deadly weapon. | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 274 | 1927 | Massachusetts | 1927 Mass. Acts 416, An Act Relative to Machine Guns and Other Firearms, ch. 326, § 5 | Prohibited the carrying of a pistol, revolver, machine gun, stiletto, dagger, dirk knife, slungshot, metallic knuckles, or sawed off shotgun, billy, or dangerous weapon if arrested upon a warrant for an alleged crime. Punishable by imprisonment of 6 months to 2.5 years. | Pistol; Revolver; Machine gun; Stiletto; Dagger; Dirk; Slungshot; Metallic knuckles; Sawed-off shotgun; Billy; Dangerous weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.  Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 275 | 1927 | Massachusetts | 1927 Mass. Acts 413, An Act Relative to Machine Guns and Other Firearms, ch. 326, §§ 1-2 (amending §§ 121, 123) | Prohibited selling, renting, or leasing a pistol, revolver, or machine gun to a person without a | Pistol; Revolver; Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | license to possess the same. | | | | contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue required licenses in order to purchase firearms, but it did not ban arms in common use. |
| 276 | 1927 | Michigan | 1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3 | Prohibited manufacturing, selling, or possessing a machine gun, silencer, bomb, bombshell, blackjack, slungshot, billy, metallic knuckles, sandclub, bludgeon. Punishable by fine up to $1,000 or imprisonment. | Machine gun; Silencer; Bomb; Bombshell; Blackjack; Slungshot; Billy; Metallic knuckles; Sandclub; Bludgeon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| 277 | 1927 | Michigan | 1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3 | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. Punishable by fine of $1,000 and/or imprisonment up to 5 years. | Machine gun; Silencer | | | This law is repetitive of the preceding law. This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 278 | 1927 | New Jersey | 1927 N.J. Laws 742, A Further Supplement to an Act Entitled, "An Act for the Punishment of Crimes," ch. 321, § 1 | Prohibited a pawnbroker from selling or possessing for sale, loan, or to give away a machine gun, automatic rifle, revolver, pistol, or other firearm, or other instrument of any kind known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive. Punishable as a high misdemeanor. | Machine gun; Automatic rifle; Revolver; Pistol; Blackjack; Slungshot; Billy; Sandclub; Sandbag; Bludgeon; Metal knuckles; Dagger; Dirk; Dangerous knife; Stiletto; Bomb; Other high explosive | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law prevented pawnbrokers from selling firearms, but did not ban possession of arms in common use like the challenged law does. |
| 279 | 1927 | New Jersey | 1927 N.J. Laws 180-81, A Supplement to an Act Entitled "An Act for the Punishment of | Prohibited selling, giving, loaning, delivering or furnishing, or possessing a | Machine gun; Automatic rifle | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB

**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Crimes," ch. 95, §§ 1-2 | machine gun or automatic rifle to another person without a license. | | | | evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 280 | 1927 | Rhode Island | 1927 (January Session) R.I. Pub. Laws 256, An Act to Regulate the Possession of Firearms: §§ 1, 4, 5, 6 | Prohibited carrying a concealed pistol and Prohibited manufacturing, selling, purchasing, or possessing a machine gun. | Pistol; Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| | | | | | | | | common use, so this law has no application here.<br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 281 | 1927 | Rhode Island | 1927 R. I. Pub. Laws 256, An Act to Regulate the Possession of Firearms: §§ 1, 4, 7, 8. | Prohibited carrying a concealed pistol and Prohibited manufacturing, selling, purchasing, or possessing a machine gun or silencer. | Pistol; Machine gun; Silencer | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 282 | 1927 | Rhode Island | 1927 R.I. Pub. Laws 256, An Act to Regulate the Possession of Firearms, §§1, 3 | Prohibited a person who has previously been convicted of a violent crime from owning, carrying, or possessing any firearm (including machine gun or pistol). | Machine gun; Pistol | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | prevents all ordinary Americans from acquiring the banned arms. |
| 283 | 1929 | Indiana | 1929 Ind. Acts 139, Criminal Offenses—Commission of or Attempt to Commit Crime While Armed with Deadly Weapon, ch. 55, § 1 | Prohibited being armed with a pistol, revolver, rifle shotgun, machine gun, or any other firearm or dangerous weapon while committing or attempting to commit a crime of rape, robbery, bank robbery, or larceny. Punishable by imprisonment for 10-20 years, in addition to the punishment for the original crime. | Pistol; Revolver; Rifle; Shotgun; Machine gun; Dangerous or deadly weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 284 | 1929 | Michigan | 1929 Mich. Pub. Acts 529, An Act to Regulate and License the Selling, Purchasing, Possessing and | Prohibited manufacturing, selling, or possessing a machine gun, silencer, bomb, bombshell, | Machine gun; Silencer; Bomb; Bombshell; Blackjack; Slungshot; Billy; Metallic knuckles; | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Carrying of Certain Firearms, § 3 | blackjack, slungshot, billy, metallic knuckles, sandclub, sandbag, bludgeon, or any gas ejecting device. | Sandclub; Sandbag; Bludgeon; Gas ejecting device | | | meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 285 | 1929 | Michigan | 1929 Mich. Pub. Acts 529, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3 | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. | Machine gun; Silencer | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|---------------|-----------------|----------------------|
| 286 | 1929 | Missouri | 1929 Mo. Laws 170, Crimes and Punishment, Prohibiting the Sale, Delivery, Transportation, Possession, or Control of Machine Rifles, Machine Guns and Sub-machine Guns, and Providing Penalty for Violation of Law, §§ 1-2 | Prohibited selling, delivering, transporting, and possessing a machine gun. Punishable by imprisonment of 2-30 years and/or fine up to $5,000. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 287 | 1929 | Nebraska | 1929 Neb. Laws 674, An Act Prohibiting the Sale, Possession and Transportation of Machine Guns within the State of Nebraska; and Prescribing Penalties for the Violation of the Provisions | Prohibited selling or otherwise disposing of a machine gun. Punishable by fine of $1,000-$10,000. Also Prohibited transporting or possessing a machine gun. Punishable by imprisonment for 1-10 years. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Hereof, ch. 190, §§ 1-2 | | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 288 | 1929 | Pennsylvania | 1929 Pa. Laws 777, An Act prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of machine guns: §§1 4 | Prohibited selling, giving, transferring, or possessing a machine gun. Punishable by fine up to $1,000 and imprisonment by separate or solitary confinement at labor up to 5 years. Also Prohibited using a machine gun during an attempted crime. Punishable by separate and solitary confinement at labor for up to 10 years. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 289 | 1929 | Pennsylvania | 1929 Pa. Laws 777, An Act prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of machine guns, § 3 | Prohibited being armed with a machine gun while committing a crime. Punishable by imprisonment with solitary confinement up to 10 years. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 290 | 1929 | Wisconsin | 1928-1929 Wis. Sess. Laws 157, An Act to Create . . . the Statutes, Relating to Machine Guns and Providing a | Prohibited owning, using, or possession a machine gun. Punishable by imprisonment of 1-15 years. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Penalty, ch. 132, § 1 | | | | | contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 291 | 1931 | Delaware | 1931 Del. Laws 813, An Act Making it Unlawful for any Person or Persons Other than the State Military Forces or Duly Authorized Police Departments to have a Machine Gun in his or their Possession, and Prescribing a Penalty for Same, ch. 249, § 1 | Prohibited a person from possessing a machine gun. Punishable by fine and/or imprisonment. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|---------------|-----------------|----------------------|
| 292 | 1931 | Illinois | 1931 Ill. Laws 452-53, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, §§ 1-2 | Prohibited selling, loaning, or giving away, purchasing, possessing, carrying, or transporting any machine gun. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 293 | 1931 | Illinois | 1931 Ill. Laws 454, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, § 7 | Prohibited being armed with a machine gun while committing arson, assault, burglary, kidnapping, larceny, rioting, or robbery. Punishable by imprisonment for 5 years to life. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| | | | | | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 294 | 1931 | Michigan | 1931 Mich. Pub. Acts 671, The Michigan Penal Code, ch. 37, § 236 | Prohibited the setting of any spring or trap gun. | Spring gun; Trap gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 295 | 1931 | New York | 1931 N.Y. Laws 1033, An Act to Amend the Penal Law in Relation to Carrying and Use of Glass Pistols, ch. 435, § 1 | Prohibited using an imitation pistol and carrying or possessing a black-jack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine gun, sawed off shot-gun, or ay other dangerous or deadly weapon. | Imitation pistol; Blackjack; Slungshot; Metal knuckles; Bludgeon; Dagger; Dirk; Dangerous knife; Razor; Stiletto; Machine gun; Sawed-off shot gun; Other dangerous or deadly weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>To the extent this law also forbids carrying of a type of handgun, such laws were frequently construed only to forbid *concealed* carriage, or to exempt handguns issued in the Army or Navy, as a method of avoiding a violation of the Second Amendment right. *See Bruen*, 142 S. Ct. at 2147 & n.21.<br><br>To the extent the law is broader and does forbid public carriage of a handgun for self-defense, it is inconsistent with the binding view of the Second Amendment the Supreme Court articulated in *Bruen*. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 296 | 1931 | North Dakota | 1931 N.D. Laws 305-06, An Act to Prohibit the Possession, Sale and Use of Machine Guns, Sub- Machine Guns, or Automatic Rifles and Defining the Same . . . , ch. 178, §§ 1-2 | Prohibited selling, giving, loaning, furnishing, or delivering a machine gun, submachine gun, automatic rifle, or bomb (without a license). Punishable by imprisonment up to 10 years and/or fine up to $3,000. | Machine gun; Submachine gun; Automatic rifle; Bomb | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id*. at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 297 | 1931 | South Carolina | 1931 S.C. Acts 78, An Act Declaring it unlawful for any person, firm, or corporation to place a loaded trap gun, spring gun, or any like devise in any building, or in any place, and providing punishment for | Prohibited the setting of any loaded trap gun or spring gun. Punishable by a fine of $100-500 or imprisonment of 30 days to 1 year. | Trap gun; Spring gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted the owning |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | the violation thereof: § 1 | | | | | or setting of trap guns, a particular variety of "dangerous and unusual weapon," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 298 | 1932 | District of Columbia | District of Columbia 1932: 1932, Public-No. 275-72D Congress, ch. 465 | Prohibited being armed with or having readily available any pistol or other firearm while committing a violent crime. In addition to being punished for the crime, will also be punished with imprisonment (various terms depending on the number of previous convictions). Additionally, Prohibited people convicted of violent crimes from owning or possessing a pistol. | Pistol; Deadly or dangerous weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | Prohibited carrying a concealed deadly or dangerous weapon. Regulates the sale and transfer of pistols. | | | | |
| 299 | 1932 | Louisiana | 1932 La. Acts 337-38, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, and Providing a Penalty for a Violation Hereof . . . , §§ 1 2 | Prohibited selling, loaning, giving, purchasing, possession, carrying, or transporting a machine gun. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 300 | 1933 | California | 1933 Cal. Stat. 1169 | Prohibited a person, firm, or corporation from selling, possessing or transporting a machine gun. Punishable by imprisonment up to 3 years and/or fine up to $5,000. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 301 | 1933 | Florida | 1933 Fla. Laws 623, An Act to Prevent Throwing of Bombs and the Discharge of Machine Guns Upon, or Across Any Public Road in the State of Florida . . ., ch. 16111, § 1 | Prohibited throwing a bomb or shooting a machine gun across or along a street or highway, any public park or place where people assemble with the intent to do bodily harm. | Bomb; Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | Punishable by death. | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 302 | 1933 | Hawaii | 1933 Haw. Special Sess. Laws 117, An Act . . . Regulating The Sale, Transfer And Possession Of Certain Firearms, Tear Gas And Ammunition: § 2 | Prohibited a person, firm, or corporation from owning, possessing, selling, or transporting a machine gun, shell cartridge, or bomb containing or capable of emitting tear gas or other noxious gas. | Machine gun; Shell cartridge; Bomb | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 303 | 1933 | Kansas | 1933 Kan. Sess. Laws 76, An Act Relating to Machine Guns and Other Firearms Making the Transportation or Possession Thereof Unlawful in Certain Cases, Providing for Search, Seizure and Confiscation Thereof in Certain Cases, Relating to the Ownership and Registration of Certain Firearms, and Providing Penalties for the Violation of this Act, ch. 62, §§ 1 3 | Prohibited possession of a machine rifle, machine gun, or submachine gun. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 304 | 1933 | Minnesota | 1933 Minn. Laws 231-33, An Act Making It Unlawful to Use, Own, Possess, Sell, Control or Transport a | Prohibited owning, controlling, using, possessing, selling, or transporting a machine gun. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | "Machine Gun", as Hereinafter Defined, and Providing a Penalty for the Violation Thereof, ch. 190, §§ 1-3 | | | | | meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 305 | 1933 | New York | 1933 N.Y. Laws 1639, An Act to Amend the Penal Law, in Relation to the Sale, Possession and Use of Sub-Machine Guns, ch. 805, §§ 1, 3 | Prohibited selling, giving, disposing of, transporting, or possessing a machine gun or submachine gun to a person guilty of a felony. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 306 | 1933 | Ohio | 1933 Ohio Laws 189-90, Reg. Sess., An Act. . .Relative to the Sale and Possession of Machine Guns, § 1 | Prohibited owning, possessing, and transporting a machine gun, light machine gun, or submachine gun without a permit. Punishable by imprisonment of 1-10 years. | Machine gun; Light machine gun; Submachine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 307 | 1933 | Oregon | 1933 Or. Laws 489, An Act to Amend Sections 72-201, 72-202, 72-207, Oregon Code 1930, ch. 315, §§ 3-4 | Prohibited possession of a machine gun. Also Prohibited carrying a concealed machine gun, | Machine gun; Pistol; Revolver; Other firearm | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence presented by respondents and their *amici* does not provide insight into the |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | pistol, revolver, or other firearm. | | | | meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue prohibited concealed carriage of firearms but did not regulate open carriage. The California law at issue does not regulate carriage at all but instead forbids ordinary Americans from acquiring the banned arms. |
| 308 | 1933 | Oregon | 1933 Or. Laws 488, An Act to Amend Sections 72-201, 72-202, 72-207, Oregon Code 1930, § 2 | Prohibited a unnaturalized person and person convicted of a felony against another person or the government from owning or possessing a pistol, revolver, other firearm, or | Pistol; Revolver; Other firearm; Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| | | | | machine gun. Punishable by imprisonment for 1-5 years. | | | | this historical analogue targeted a certain class of people and denied them the right to acquire arms. The California law at issue prevents all ordinary Americans from acquiring the banned arms. |
| 309 | 1933 | South Dakota | 1933 S.D. Sess. Laws 245-47, An Act Relating to Machine Guns, and to Make Uniform the Law with Reference Thereto, ch. 206, §§ 1-8 | Prohibited possession of a machine gun during a violent crime. Punishable by imprisonment up to 15 years. Prohibited using a machine gun offensively or aggressively; punishable by imprisonment up to 15 years. Requires manufacturers to keep a register of machine guns and for owners to converted their machine guns to pistols to register the weapon. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 310 | 1933 | Texas | 1933 Tex. Gen. Laws 219- 20, 1st Called Sess., An Act Defining "Machine Gun" and "Person"; Making It an Offense to Possess or Use Machine Guns. . . , ch. 82, §§ 1-4, 6 | Prohibited possession of a machine gun; punishable by imprisonment up to 10 years. Prohibited selling, leasing, giving, bartering, exchanging, or trading a machine gun; punishable by imprisonment for 2 months to 10 years. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 311 | 1933 | Washington | 1933 Wash. Sess. Laws 335- 36, An Act Relating to Machine Guns, Regulating the Manufacture, Possession, Sale of Machine Guns and Parts, and Providing Penalty for the Violation Thereof, and | Prohibited manufacturing, owning, buying, selling, loaning, furnishing, transporting, or possessing a machine gun. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | Declaring an Emergency, ch. 64, §§ 1-5 | | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 312 | 1934 | New Jersey | 1934 N.J. Laws 394-95, A Further Supplement to an Act Entitled "An Act for the Punishment of Crimes," ch. 155, §§ 1-5 | Declares a person who possesses a machine gun or submachine gun a "gangster" and therefore, enemy of the state. Also declares a person who carries a deadly weapon without a permit a "gangster." If convicted a "gangster," punishable by fine up to $10,000 and/or imprisonment up to 20 years. | Machine gun; Submachine gun; Deadly weapon | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| 313 | 1934 | South Carolina | 1934 S.C. Acts 1288, An Act regulating the use and possession of Machine Guns: §§ 1 to 6 | Prohibited transporting, possessing, selling, renting, or giving a firearm or machine gun. Punishable by fine up to $1,000 and imprisonment with solitary confinement up to 20 years. | Firearm; Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |
| 314 | 1934 | Virginia | 1934 Va. Acts 137-39, An Act to define the term "machine gun"; to declare the use and possession of a machine gun for certain purposes a crime and to prescribe the punishment therefor, ch. 96, §§ 1-7 | Prohibited possession or use of a machine gun during a violent crime; punishable by death or imprisonment for a minimum of 20 years. Prohibited unlawful possession or use of a | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | machine gun for offensive or aggressive purposes; punishable by imprisonment for a minimum of 10 years. Requires manufacturers to keep a register of machine guns. | | | | unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 315 | 1931-1933 | Wisconsin | 1931-1933 Wis. Sess. Laws 245-47, An Act . . .Relating to Machine Guns and to Make Uniform the Law with Reference Thereto, ch. 76, § 1, pt. 164.01-164.06 | Prohibited using or possessing a machine gun during an attempted violent crime; punishable by imprisonment of minimum 20 years. Prohibited use of a machine gun for offensive or aggressive purposes; punishable by imprisonment of minimum 10 years. | Machine gun | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |

*Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB
**Plaintiffs' Response to Defendants' Survey of Relevant Statutes (1889 – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Repeal Status | Judicial Review | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with weapons, but did not ban their possession. |
| 316 | 1931-1933 | Wisconsin | 1931-1933 Wis. Sess. Laws 778, An Act . . . Relating to the Sale, Possession, Transportation and Use of Machine Guns and Other Weapons in Certain Cases, and Providing a Penalty, ch. 359, § 1 | Prohibited selling, possessing, using, or transporting a machine gun, automatic firearm, bomb, hand grenade, projectile, shell, or other container that can contain tear or other gas. Punishable by imprisonment for 1-3 years. | Machine gun; Automatic firearm; Bomb; Hand grenade; Projectile; Shell; Other container that can contain gas | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law targeted "dangerous and unusual weapons," the regulation of which did not impact the right to possess and use firearms "that are in common use at the time," *id.* at 2128 (quotations omitted). The firearms banned by California today are in common use, so this law has no application here. |