George M. Lee (SBN 172982)
 gml@seilerepstein.com
**SEILER EPSTEIN LLP**
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511

John W. Dillon (SBN 296788)
 jdillon@dillonlawgp.com
**DILLON LAW GROUP APC**
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Phone: (760) 642-7150
Fax: (760) 642-7151

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, an individual, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ROB BONTA, in his official capacity as Attorney General of California, et al., <br><br> Defendants. | Case No. 3:19-cv-01537-BEN-JLB <br><br> **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs James Miller, et al. ("Plaintiffs") hereby submit the following and attached additional authority in support of their claims for relief: *Teter v. Lopez*, No. 20-15948, 2023 WL 5008203 (9th Cir. Aug. 7, 2023). A copy of the Ninth Circuit's published Slip Opinion ("Slip Op.") is attached hereto as **Exhibit A**.

1  Plaintiffs offer the Ninth Circuit's opinion in *Teter* as binding authority for the
2  following general propositions:

3  First, the Ninth Circuit held that the "historical research required under *Bruen*
4  involves issues of so-called 'legislative facts'—those 'which have relevance to legal
5  reasoning and the lawmaking process,' such as 'the formulation of a legal principle or
6  ruling by a judge or court'—rather than adjudicative facts, which 'are simply the facts
7  of the particular case.'" (Slip. Op. at 14 (citing Fed. R. Evid. 201, advis. comm. note
8  (1972 proposed rules))). Accordingly, the determination of the case did not turn on
9  adjudicative facts to apply the standard required by *Bruen*. *Id*.

10  Second, the Ninth Circuit noted that the State of Hawaii's historical analogues
11  were insufficient to carry its historical burden under *Bruen*, and that "[t]he vast
12  majority of the statutes cited by Hawaii did not ban the possession of knives; they
13  regulated only their carry. True, four of these statutes (by our count) banned the
14  possession of slung-shots, metal knuckles, and an undefined category of 'deadly
15  weapons.' […] But no statute cited by Hawaii categorically banned the possession of
16  any type of pocketknife." (Slip Op. at 24). This supports Plaintiffs' arguments in the
17  instant case that most of the "dangerous weapons" statutes offered by the State
18  pertained to the manner of carry (or other conduct), and not a ban on the possession of
19  such weapons themselves.

20  Dated: August 9, 2023

**SEILER EPSTEIN LLP**

/s/ George M. Lee
George M. Lee

**DILLON LAW GROUP APC**

/s/ John W. Dillon
John W. Dillon

Attorneys for Plaintiffs