No. 23-2979

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

JAMES MILLER, ET AL.,

*Plaintiffs-Appellees*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, ET AL.,

*Defendants-Appellants.*

_____

**On Appeal from the United States District Court
for the Southern District of California**
No. 3:19-cv-1537-BEN-JLB
The Honorable Roger T. Benitez, Judge

_____

**CIRCUIT RULE 27-3 CERTIFICATE
FOR EMERGENCY MOTION FOR A STAY PENDING APPEAL AND
FOR AN INTERIM ADMINISTRATIVE STAY**

**RELIEF REQUESTED BY OCTOBER 29, 2023**

_____

| | |
|---|---|
| ROB BONTA | R. MATTHEW WISE |
| *Attorney General of California* | *Supervising Deputy Attorney General* |
| MICHAEL J. MONGAN | ANNA FERRARI |
| *Solicitor General* | JOHN D. ECHEVERRIA |
| THOMAS S. PATTERSON | *Deputy Attorneys General* |
| *Senior Assistant Attorney General* | 455 Golden Gate Avenue, Suite 11000 |
| HELEN H. HONG | San Francisco, CA 94102-7004 |
| MICA L. MOORE | (415) 510-3479 |
| *Deputy Solicitors General* | John.Echeverria@doj.ca.gov |
| | *Attorneys for Defendants-Appellants Rob Bonta and Allison Mendoza, in their official capacities* |

October 23, 2023

# CIRCUIT RULE 27-3 CERTIFICATE

The undersigned counsel certifies the following information, as required by Ninth Circuit Rule 27-3(c).

**(1) Names, Telephone Numbers, E-Mail Addresses, and Office Addresses for the Attorneys for All Parties (9th Cir. R. 27-3(c)(i)):**

*Counsel for Defendants-Appellants:*
John D. Echeverria (john.echeverria@doj.ca.gov)
Helen H. Hong (helen.hong@doj.ca.gov)
Mica L. Moore (mica.moore@doj.ca.gov)
R. Matthew Wise (matthew.wise@doj.ca.gov)
Anna Ferrari (anna.ferrari@doj.ca.gov)
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone:  (415) 510-3479
Fax:  (415) 703-1234

*Counsel for Plaintiffs-Appellees:*
John W. Dillon (jdillon@dillonlawgp.com)
Dillon Law Group, APC
2647 Gateway Road, Suite 105 No. 255
Carlsbad, CA  92009
(760) 642-7150

George M. Lee (gml@seilerepstein.com)
Seiler Epstein LLP
275 Battery Street, Suite 1600
San Francisco, CA  94111
(415) 979-0500

Erik S. Jaffe (ejaffe@schaerr-jaffe.com)
Schaerr Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C.  20006
(202) 787-1060

1

**(2) Facts Showing the Existence and Nature of the Emergency (9th Cir. R. 27-3(c)(ii)):**

The district court declared restrictions on certain rifles, pistols, and shotguns defined as "assault weapons" under California's Assault Weapons Control Act (AWCA), codified at California Penal Code section 30515(a)(1)-(8), to be unconstitutional and permanently enjoined enforcement of those restrictions. The weapons addressed by those restrictions are generally semiautomatic firearms equipped with enumerated accessories, or configured in specified ways, to enhance their lethality or concealability. Because assault weapons are exceptionally deadly in rapid-fire situations, they are used disproportionately to commit mass shootings—resulting in substantially more deaths and injuries than when other weapons are used.

If the district court's order is allowed to take effect, assault weapons will be available for sale and possession in California for the first time in three decades. A stay is necessary to prevent a sudden influx of these long-prohibited weapons configurations into the State, which would pose an immediate threat to public and officer safety. The district court stayed its injunction for only ten days from the date of entry; that stay will expire on Sunday, October 29, 2023.

The Attorney General respectfully requests that the Court act on this motion as soon as possible and grant the request for a stay. If the Court cannot rule on the motion by October 29, 2023—when the district court's temporary stay will

expire—the Attorney General respectfully requests an administrative stay to preserve the status quo pending the resolution of this motion. If the Court denies the motion, the Attorney General requests a 14-day administrative stay from the date of the denial to allow time for appellants to consider whether to seek further relief, including from the en banc court or the United States Supreme Court.

**(3)  Why the Motion Could Not Have Been Filed Earlier (9th Cir. R. 27-3(c)(iii)):**

The district court issued its permanent injunction and 10-day stay on October 19, 2023. Appellants filed a Notice of Appeal later that day, and filed this emergency motion as soon as practicable, on October 23, 2023. The undersigned counsel notified the Court's Emergency Motions Department by telephone and email on October 23, 2023.

**(4)  When and How Counsel Were Notified and Served and Plaintiffs' Position on the Emergency Motion (9th Cir. R. 27-3(c)(iv)):**

On October 23, 2023, undersigned counsel conferred with plaintiffs' counsel by telephone to inform plaintiffs that appellants were planning to seek a stay pending appeal. Plaintiffs oppose this emergency motion. Service will be effected through the Court's CM/ECF system.

**(5)  The Requested Relief Was First Sought in the District Court (9th Cir. R. 27-3(c)(v)):**

The Attorney General repeatedly requested that the district court enter a stay pending appeal if it enjoined the challenged provisions of the AWCA in whole or

3

in part. *See, e.g.*, D. Ct. Dkt. 157 at 1 n.1; D. Ct. Dkt. 167 at 25 n.21; D. Ct. Dkt. 170 at 10 n.15. The district court granted a 10-day stay, which will expire on Sunday, October 29, 2023. D. Ct. Dkt. 175 at 78-79.

I declare under penalty of perjury that the foregoing is true.

Dated: October 23, 2023          Respectfully submitted,

ROB BONTA
*Attorney General of California*

s/ John D. Echeverria

JOHN D. ECHEVERRIA
*Deputy Attorney General*
*Attorney for Defendants-Appellants Rob Bonta and Allison Mendoza, in their official capacities*

4